PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

Attorneys for Plaintiff
FINJAN, INC.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
   Jennifer A. Kash (Bar No. 203679)
   jenniferkash@quinnemanuel.com
   Sean Pak (Bar No. 219032)
   seanpak@quinnemanuel.com
   Iman Lordgooei (Bar No. 251320)
   imanlordgooei@quinnemanuel.com
   Howard Chen (Bar No. 265015)
   howardchen@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Defendants PROOFPOINT, INC.
and ARMORIZE TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 5:13-CV-05808-BLF<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:        May 7, 2014<br>Time:        2:30 p.m.<br>Location:   Ctrm. 3, 5th Floor<br><br>Date Filed:  December 16, 2013<br>Trial Date:      June 1, 2015 |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's April 17, 2014 Order Reassigning Case and the Court's April 21, 2014 Order Setting Case Management Conference (Dkt. No. 46), the parties to the above-titled action, Plaintiff Finjan, Inc. ("Finjan" or "Plaintiff") and Defendants Proofpoint, Inc. ("Proofpoint") and Armorize Technologies, Inc. ("Armorize") (collectively, "Defendants"), jointly submit this Case Management Statement and Proposed Order.[1]

## 1. Jurisdiction and Service

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  No issues exist regarding personal jurisdiction, venue or service.

## 2. Facts

Finjan filed its complaint in this action on December 16, 2013 (Dkt. No. 1).  On April 17, 2014, pursuant to Patent Local Rules 3-1 and 3-2, Finjan served its disclosure of asserted claims and infringement contentions and accompanying document production.  In its complaint and infringement contentions, Finjan alleges that Defendants directly infringe U.S. Patent Nos. 7,058,822 ("the '822 Patent"); 7,647,633 ("the '633 Patent"); 6,154,844 ("the '844 Patent"); 7,975,305 ("the '305 Patent"); 8,225,408 ("the '408 Patent"); 8,079,086 ("the '086 Patent"); 8,141,154 ("the '154 Patent"); and 7,613,918 ("the '918 Patent") (collectively "the Patents-in-Suit") by making, using, selling, offering for sale and/or importing technologies in connection with Proofpoint's Zero-Hour Threat Detection,

---

[1] The parties note that the Order Reassigning Case provides that the Case Management Statement should not exceed 10 pages.  However, given the nature of this case and prior judge assignment, the parties found that additional pages were necessary to explain the background of the case and to address the patent-related issues in this case, including patent-related scheduling issues and the additional requirements for case management statements set forth under Patent Local Rule 2-1.

1

Proofpoint's Malware Analysis Service, Proofpoint's Targeted Attack Protection, HackAlert and CodeSecure.  This includes without limitation the following accused instrumentalities:  Proofpoint Enterprise Protection, Proofpoint's Malvertising Protection, Proofpoint's SafeImpressions, Proofpoint Targeted Attack Protection, Proofpoint Essentials, Proofpoint Protection Server, Proofpoint Messaging Security Gateway, HackAlert Anti-Malware, CodeSecure Automated Static Source Code Analysis, SmartWAF Web Application Firewall, SafeImpressions and Malvertising Protection.  Finjan additionally alleges that Defendants induce infringement of the '822 Patent, the '633 Patent, the '844 Patent, the '305 Patent, the '408 Patent, the '086 Patent, and the '918 Patent by instructing, directing and/or requiring others to perform all or some of the steps of method claims of these patents.  Finjan also contends that Defendants willfully infringe the Patents-in-Suit.  Finjan contends it holds all rights, title, and interest in the Patents-in-Suit.  Finjan seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

Defendants filed their answer to Finjan's complaint on February 10, 2014 (Dkt. No. 27) pursuant to the parties' stipulated extension of time (Dkt. No. 21).  Defendants filed their first amended answer to Finjan's complaint on March 24, 2014 (Dkt. No. 37) pursuant to the Court's order granting the parties' stipulation (Dkt. No. 36).  Defendants deny direct infringement and inducement of infringement.  Defendants also assert affirmative defenses of failure to state a claim, non-infringement, invalidity, license/covenant not to sue, laches, limitation on damages and recovery, prosecution history estoppel, and 28 U.S.C. § 1498.  Defendants also assert counterclaims seeking declarations of noninfringement and invalidity of the Patents-in-Suit.  Defendants also seek a finding that this case is exceptional.

On March 3, 2014, Finjan filed a motion to strike Defendants' affirmative defenses of non-infringement, invalidity, laches, estoppel, no right to injunctive relief and reservation of affirmative

2

defenses (Dkt. No. 32). Finjan withdrew its motion to strike upon Defendants filing their first amended answer (Dkt. No. 38). Finjan filed its answer to Defendants' amended counterclaims on April 7, 2014 (Dkt. No. 44), denying noninfringement and invalidity and asserting an affirmative defense of failure to state a claim.

On April 3, 2014, an initial case management conference in this action was held before Judge Alsup. On April 3, 2014, Judge Alsup issued a Case Management Order And Reference To Magistrate Judge For Mediation/Settlement. (Dkt. No. 42). As part of that Case Management Order, Judge Alsup ordered various deadlines for the action, including deadlines for initial disclosures, joining parties and amending pleadings, fact discovery cutoff, expert reports, expert discovery cutoff and dispositive motions. Judge Alsup further ordered a final pretrial conference to take place on May 20, 2015 and a trial starting June 1, 2015. Judge Alsup also modified certain deadlines of the Patent Local Rules. In particular, Judge Alsup ordered that "[i]nstead of a stand-alone claim construction hearing, claim construction will now be done on summary judgment or at trial in setting the jury instructions." Therefore, Judge Alsup ordered that, while the parties should still follow Patent Local Rules 3 and 4-1 to 4-4, Patent Local Rules 4-5 and 4-6 "will give way to the normal summary judgment procedure . . . ." (Dkt. No. 42, ¶ 18).

Also, on April 17, 2014, this case was assigned to the Honorable Beth L. Freeman and on April 18, 2014, this case was referred to Magistrate Judge Lloyd for discovery issues.

### 3.    Legal Issues

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether Defendants infringe any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, 112);

3

- Whether Finjan's claims are barred, in whole or in part, by any defense raised by Defendants;

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Finjan is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of any or all of the Patents-in-Suit (35 U.S.C. § 283);

- Whether this case is exceptional (35 U.S.C. § 285).

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4.    Motions and/or Pending Matters

(a)    Pending Motions

There are no pending motions at this time.

(b)    Anticipated Motions

Finjan and Defendants anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

### 5.    Amendment of Pleadings, Addition of Parties, Etc.

Judge Alsup's Case Management Order sets May 28, 2014 as the deadline for "[l]eave to add any new parties or pleading amendments." (Dkt. No. 42, ¶ 2). The parties agree that they may move for leave to amend the pleadings upon a showing of good cause after this deadline has passed.

### 6.    Evidence Preservation

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party has implemented

4

a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

### 7.   Initial Disclosures

The parties exchanged initial disclosures pursuant to Rule 26(a) on March 26, 2014.  Finjan provided supplemental initial disclosures on April 15, 2014, providing additional information concerning damages.

### 8.   Discovery

The parties met and conferred pursuant to Rule 26(f) on March 12, 2014.  The parties served their first sets of requests for production of documents and interrogatories on March 12, 2014, and the parties served responses to these requests on April 14, 2014.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

> (a)    Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The parties exchanged initial disclosures pursuant to Rule 26(a) on March 26, 2014.  Finjan provided supplemental initial disclosures on April 15, 2014, providing additional information concerning damages.  The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the proposed schedule in Section 17 (Appendix A) below.

> (b)    Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including

5

all related, ancillary, and subsidiary factual and legal issues and matters.  The parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Section 17 (Appendix A) below.

        (c)    Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties discussed discovery of ESI during their Rule 26(f) conference and agree to file a Stipulated Order Regarding Discovery of ESI by May 9, 2014 to address discovery of ESI, including particular topics set forth in the Northern District of California's Guidelines for the Discovery of ESI and Checklist for Rule 26(f) Meet and Confer Regarding ESI, with competing proposals if necessary. The parties will continue to meet and confer in good faith to reach agreement on the terms of the stipulation and will advise the Court if they are unable to resolve any disputed issues.

With respect to production format, the parties agree that documents will be produced in single-page TIFF format with full-text extraction and Concordance load files.  If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file.  All text files should be produced as document level text files with a path to the text file included in the Concordance load file; extracted text/OCR should not be embedded in the load file itself.  To the extent a receiving party identifies documents for which data manipulation or other analysis may be necessary and that is not practicable or possible with the TIFF image format, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of such documents.  Additionally, in the event that production of a document in TIFF image file format would be impracticable, the producing party shall have the option of producing such document in native format.

Further agreement regarding discovery of ESI will be addressed in the parties' Stipulated Order Regarding Discovery of ESI.

(d)     Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and in the protective order and/or Stipulated Order Regarding Discovery of ESI to be entered in this action.

(e)     Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**Fact Discovery:**

Fact discovery (including requests for production of documents and things, interrogatories, requests for admission and fact depositions) shall be subject to the limitations set forth in the Federal Rules of Civil Procedure, as directed by Judge Alsup at the initial case management conference.  If a party requests discovery that exceeds any of these limitations, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court.  If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery based upon a showing of need.

**Expert Depositions:**

The parties agree that an expert witness may be deposed for up to 7 hours for each issue (e.g., infringement, invalidity) on which that expert has provided an opinion.  Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.  The parties agree to meet and confer in good faith

7

regarding whether additional deposition time is necessary to address the issues that remain in the case at the time set for expert depositions in this action.

   (f) <u>Protective Order</u>

   The parties will be producing confidential information requiring entry of a protective order in this action.  The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California model protective order for litigation involving patents. The parties agree to file a proposed stipulated protective order (with competing proposals, if necessary) by May 9, 2014.  Any confidential information produced prior to entry of a protective order will be subject to the Northern District of California model protective order for litigation involving patents (pursuant to Patent Local Rule 2-2).

   (g) <u>Discovery from Experts</u>

   The parties agree that the Federal Rules of Civil Procedure (e.g., Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case.

   (h) <u>Service</u>

   The parties agree that service via email constitutes personal service pursuant to Rule 5(b)(2)(E).  Documents served on a party shall be emailed to all attorneys of record for that party.

**9. Class Actions**

   Not applicable.

**10. Related Pending Cases**

   On July 8, 2013, Finjan filed a patent infringement complaint against FireEye, Inc. ("FireEye") in this district (Case No. 4:13-cv-03133-SBA), which Finjan amended on August 16, 2013.  Finjan alleges that FireEye infringes six of the eight patents asserted against Defendants in the instant lawsuit, specifically the '822 Patent, '633 Patent, '844 Patent, '408 Patent, '086 Patent and '305 Patent as well as one additional patent, specifically U.S. Patent No. 6,804,780 ("the '780 Patent").  This case is

8

pending before the Honorable Saundra B. Armstrong in the Oakland division with an Initial Case Management Conference set for May 15, 2014.

On August 28, 2013, Finjan filed a lawsuit against Blue Coat Systems, Inc. ("Blue Coat") in this district (Case No. 4:13-cv-03999), alleging that Blue Coat infringes three of the eight patents asserted against Defendants in the instant lawsuit, i.e., the '822 Patent, '633 Patent, and '844 Patent, along with three additional patents, i.e., the '780 Patent (also asserted against FireEye), U.S. Patent No. 6,965,968 ("the '968 Patent") and U.S. Patent No. 7,418,731 ("the '731 Patent").  Until April 17, 2014, this case was pending before the Honorable Edward M. Chen in the San Francisco division.  An Initial Case Management Conference was held in the Blue Coat action on January 2, 2014, and a claim construction hearing was set for August 4, 2014.  On April 17, the Blue Coat case was reassigned to the Honorable Beth L. Freeman.  A Case Management Conference before Judge Freeman is currently scheduled for May 29, 2014.

On September 23, 2013, Finjan filed a lawsuit against Websense, Inc. ("Websense") in this district (Case No. 4:13-cv-04398), alleging that Websense infringes four of the eight patents asserted against Defendants in the instant lawsuit, i.e., the '822 Patent, the '633 Patent, the '408 Patent, and the '154 Patent.  On March 24, 2014, Finjan filed a second lawsuit against Websense, alleging that Websense infringes U.S. Patent No. 8,677,494 (the "'494 Patent"), which issued on March 18, 2014. The '494 Patent is not asserted in the instant lawsuit.  Until April 17, 2014, the action against Websense was pending before the Honorable Jeffrey S. White in the San Francisco division.  An Initial Case Management Conference in the Websense action was held on February 14, 2014, and a schedule was set through the claim construction hearing.  Since that time, certain disputes between the parties were submitted to the special master assigned to the first Websense action, including whether to consolidate the first and second Websense actions and how the case schedule should be affected.

9

On April 24, 2014, the special master filed a report, recommending consolidation of the two Websense actions pursuant to a new schedule, including a proposed claim construction hearing date of November 4, 2014.  On April 17, the first Websense case was reassigned to the Honorable Beth L. Freeman.  A Case Management Conference before Judge Freeman is currently scheduled for May 29, 2014.  On April 25, 2014, Finjan filed an unopposed motion to relate the two Websense actions because they involve the same parties, counsel and accused products.  Finjan also filed a Notice of Pendency of Other Action or Proceeding in the second Websense action on April 25, 2014.

On September 25, 2013, Finjan filed a Notice of Pendency of Other Action or Proceeding in the FireEye, Blue Coat and Websense actions.  FireEye action, Dkt. No. 22.  On October 7, 2013, FireEye filed an Administrative Motion to Consider Whether the Cases Should Be Related (FireEye action, Dkt. No. 25), requesting that the Court relate the FireEye, Blue Coat and Websense actions.  On October 11, 2013, Finjan filed an opposition to FireEye's motion (FireEye action, Dkt. No. 35) and Websense and Blue Coat submitted statements in support of FireEye's motion (FireEye action, Dkt. Nos. 33-34).  On October 30, 3013, the Court issued a notice that "[t]he court has reviewed the motion and determined that no cases are related and no reassignments shall occur."  FireEye action, Dkt. No. 40.

On January 3, 2014, Finjan filed a Notice of Pendency of Other Action or Proceeding in the instant action regarding the FireEye, Blue Coat and Websense actions.  Dkt. No. 20.  On March 24, 2014, defendants filed a motion to relate in the FireEye Action, seeking to relate the FireEye and the instant action (Dkt. No. 56 in the FireEye Action), which Finjan opposed (Dkt. No. 59 in the FireEye Action).  On April 15, 2014, the Court issued a notice that "[t]he court has reviewed the motion and determined that no cases are related and no reassignments shall occur."  Dkt. No. 62 in the FireEye Action.

SECOND JOINT CASE MANAGEMENT                    Case No.: 13-CV-05808-BLF
STATEMENT & [PROPOSED] ORDER

On March 14, 2014, Finjan filed a complaint against Sophos, Inc. ("Sophos") in this district (Case No. 5:14-cv-01197), which Finjan amended on April 8, 2014, alleging that Sophos infringes three of the eight patents asserted against Defendants in the instant lawsuit, i.e., the '918 Patent, the '154 Patent and the '844 Patent, as well as five additional patents, i.e., the '780 Patent (also asserted against FireEye and Blue Coat), the '494 Patent (also asserted against Websense), U.S. Patent No. 7,757,289 ("the '289 Patent"), U.S. Patent No. 7,613,926 ("the '926 Patent") and U.S. Patent No. 8,566,580 ("the '580 Patent").  The action against Sophos is currently assigned to the Honorable William H. Orrick in the San Francisco division with a Case Management Conference scheduled for June 24, 2014.  On April 8, 2014, Finjan filed a Notice of Pendency of Other Action or Proceeding in the Sophos action regarding the FireEye, Blue Coat, Websense and instant actions.

**11.    Relief**

Finjan seeks entry of judgment finding that Defendants infringe the Patents-in-Suit, both directly and indirectly, and that the Patents-in-Suit are valid.  Finjan also seeks injunctive relief and monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty.  Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief available under applicable law.

Defendants seek an entry of judgment finding that they do not infringe, directly or indirectly whether literally or under the doctrine of equivalents, any asserted claims of the Patents-in-Suit, a finding that the asserted claims of the Patents-in-Suit are invalid, dismissal of all Finjan's claims in their entirety with prejudice, a finding that this is an exceptional case and an award of Defendants' costs and reasonable attorneys' fees, and an award of any such further and other relief as the Court may deem appropriate and just under the circumstances.

11

### 12.   Settlement and ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure.  The parties also met and conferred to select one of the available ADR processes for this case and agreed to an early settlement conference with a magistrate judge designated by the Court.  On April 3, 2014, pursuant to Judge Alsup's Case Management Order, this action was referred to Magistrate Judge Nathanael Cousins for mediation/settlement.  Dkt. No. 42, ¶20.  The mediation/settlement conference with Magistrate Judge Nathanael Cousins has been set for July 8, 2014.  Dkt. No. 43.

### 13.   Consent to Magistrate Judge

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14.   Other references

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.   Narrowing of Issues

Discovery has just begun, but subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts as well as limit the number of asserted claims and prior art references at issue in the case.

### 16.   Expedited Schedule

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

17.     **Scheduling**

The parties' respective scheduling proposals are set forth in the chart attached hereto as Appendix A.

Finjan's Proposal

Plaintiff proposes that the schedule ordered by Judge Alsup in the Case Management Order (Dkt. No. 42) remain in effect, with the exception that there should be no deviation from the Patent Local Rules.  Thus, while not in Judge Alsup's Case Management Order, the parties have agreed to dates for claim construction briefing and a claim construction hearing pursuant to Patent Local Rules 4-5 and 4-6.  However, aside from this, Finjan proposes that all deadlines in Judge Alsup's schedule remain intact, while Defendants propose significantly delaying all dates after claim construction.  In fact, Defendants propose a trial date of October 26, 2015, <u>five months later</u> than the June 1, 2015 trial date that Judge Alsup ordered.

Contrary to defendants' suggestion, adding claim construction briefing and a claim construction hearing to Judge Alsup's schedule does not justify postponing the rest of the schedule, especially not by five months as Defendants propose.  Even with the addition of the claim construction briefing and hearing, there is still sufficient time to complete fact discovery under Judge Alsup's schedule.  Indeed, the fact discovery deadline under Judge Alsup's schedule is three months from the date of the parties' proposed claim construction hearing, over 10 months from when fact discovery commenced in March 2014 and over one year from the date that this case was filed in December 2013.  Moreover, having a claim construction order in place will likely facilitate and expedite the expert discovery and summary judgment portions of the schedule.  For example, expert reports can be provided with the knowledge of the court-ordered claim construction and without the need to provide opinions in the alternative that depend on how claims are ultimately construed.  Also, there will likely be fewer issues to address during the summary judgment phase of the litigation, because claim

13

construction issues will have already been addressed.  Thus, there is no need to delay any of these deadlines.

Also, contrary to Defendants' note regarding coordinating portions of the schedule in this case with schedules in other lawsuits brought by Finjan, coordination would not be beneficial and may instead result in inefficiencies.  In fact, as noted above, Defendants' motion to relate this case to the FireEye action in an attempt to coordinate schedules was already denied.  As explained in further detail in Finjan's opposition to Defendants' motion to relate (Dkt. No. 59 in the FireEye action), Defendants and the defendants in the other lawsuits are completely unrelated (and are in fact competitors), the accused products are completely different in this action and there are differences in the patents asserted in this action compared to those asserted in the other actions.   Thus, distinct infringement and claim construction issues will be raised in this action, such that coordination will not be helpful and may unnecessarily confuse issues that should remain distinct.

<u>Defendants' Proposal</u>

Defendants have agreed to the dates set by Judge Alsup where possible, but propose extending several of those dates in view of the parties' proposal to add claim construction briefing and a claim construction hearing to the schedule.  The introduction of claim construction briefing and a claim construction hearing raises additional tasks and deadlines not contemplated under the schedule set by Judge Alsup, thus requiring an extension of certain dates currently set under that schedule.  Accordingly, as set forth in Appendix A, Defendants propose extending the dates for events subsequent to claim construction (e.g., fact and expert discovery deadlines) to accommodate the additional time necessary for claim construction proceedings and issuance of a corresponding claim

SECOND JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Case No.: 13-CV-05808-BLF

1  construction order by the Court.[2]  Additionally, Defendants respectfully submit that reply expert

2  reports are unnecessary in this action and have proposed removing them from the schedule.

3        Finjan proposes that the Court maintain the dates set forth in Judge Alsup's schedule, despite

4  that Judge Alsup specifically contemplated there be no separate claim construction briefing, hearing,

5  or order under his schedule.  Finjan's proposal is simply unworkable and does not provide the parties

6  enough time to properly consider the court-ordered claim constructions and whether any aspects of the

7  case may be narrowed in view thereof.  Defendants' proposal extends the close of fact discovery by

8  only two weeks in order to provide slightly more time after the Court's claim construction order for

9  the parties to complete fact discovery.  Additionally, Defendants propose extending the opening expert

10 report date, which is currently set on the same day as the close of fact discovery, to give experts time

11 to consider information discovered on or around the close of fact discovery (e.g., information that may

12 be produced in response to the Court's claim constructions) and thus reduce the need for supplemental

13 expert reports.  Defendants' other proposed extensions are reasonable and no party would be

14 prejudiced thereby.

15

16        **18.    Trial**

17        The parties have requested trial by jury and expect that the trial will require approximately 10

18 court days.

19

20        **19.    Disclosure of Non-party Interested Entities or Persons.**

21        The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local

22 Rule 3-16.  Dkt. No. 3 (Finjan's certification); Dkt. No. 28 (Defendants' certification).

23

24 ───────────────────────

25 [2]  For the same reasons previously set forth in Defendants' proposal to align the schedule in this action with other co-pending actions brought by Finjan (*see* Dkt. No. 40 at 18-20), Defendants believe there are efficiencies to be had from coordination of the schedule in this and the other co-pending Finjan actions.  Despite that the disparate schedules currently in place in the Finjan actions makes coordination difficult, Defendants suggest that some coordination of discovery and/or claim construction proceedings may still be possible and beneficial to the Court and the parties.

26

27

28

15

SECOND JOINT CASE MANAGEMENT                    Case No.: 13-CV-05808-BLF
STATEMENT & [PROPOSED] ORDER

Finjan confirms that it is a wholly owned subsidiary of Finjan Holdings, Inc., and that no other entities have a financial interest in the subject matter in controversy or Finjan, or a non-financial interest in that subject matter or Finjan that could be substantially affected by the outcome of this proceeding.

Defendants confirm that no other entities have a financial interest in the subject matter in controversy or Defendants, or a non-financial interest in that subject matter or Defendants that could be substantially affected by the outcome of this proceeding.

**20. Other Matters**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

**(1) Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The parties do not propose any modifications to the obligations or deadlines set forth in the Patent Local Rules, other than to adjust the claim construction hearing to a date that the Court appears to have available and on which the Court typically holds civil motion hearings. See Section 17, Appendix A.

**(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court**

The parties' respective proposed schedules (Section 17, Appendix A) address the timing of claim construction discovery. At this time, the parties do not anticipate a need to limit the scope of claim construction discovery.

**(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

Plaintiff anticipates requesting at least 4 hours for the claim construction hearing. Defendants respectfully request that the Court set aside one full court day for the hearing, given the large number

16

1   of patents currently at issue.  The parties agree that each side will be allocated half of the total time

2   permitted for the hearing.  The parties agree that the presentation of argument at the hearing should be

3   in the manner and order that the Court prefers to address the issues, particularly given the nature of the

4   Patents-in-Suit, the technology involved and the number and nature of claim terms that remain in

5   dispute at the time of the hearing.  The parties may request that the Court hear live testimony at the

6   hearing.

7   **(4)    How the parties intend to educate the court on the technology at issue**

8           The parties propose providing the Court with a tutorial regarding the technology at issue prior

9

10  to the claim construction hearing.

11   DATED:  May 1, 2014                          Respectfully submitted,

12
                                        By:  */s/ Paul Andre*_____
13                                            Paul Andre (State Bar. No. 196585)
                                             Lisa Kobialka (State Bar No. 191404)
14                                            James Hannah (State Bar No. 237978)
                                             KRAMER LEVIN NAFTALIS & FRANKEL LLP
15                                            990 Marsh Road
                                             Menlo Park, CA  94025
16                                            Telephone: (650) 752-1700
                                             Facsimile: (650) 752-1800
17                                            pandre@kramerlevin.com
                                             lkobialka@kramerlevin.com
18                                            jhannah@kramerlevin.com

19
                                             Attorneys for Plaintiff
20                                            FINJAN, INC.

21
     DATED:  May 1, 2014                          Respectfully submitted,
22
                                        By:  */s/ Iman Lordgooei*_____
23                                            Jennifer A. Kash (Bar No. 203679)
                                             Sean Pak (Bar No. 219032)
24                                            Iman Lordgooei (Bar No. 251320)
                                             Howard Chen (Bar No. 265015)
25                                            QUINN EMANUEL URQUHART &
                                             SULLIVAL LLP
26                                            50 California Street, 22nd Floor
27

28                                                   17

---

SECOND JOINT CASE MANAGEMENT                          Case No.: 13-CV-05808-BLF
STATEMENT & [PROPOSED] ORDER

San Francisco, California  94111-4788
Telephone:      (415) 875 6600
Facsimile:       (415) 875 6700
jenniferkash@quinnemanuel.com
seanpak@quinnemanuel.com
imanlordgooei@quinnemanuel.com
howardchen@quinnemanuel.com

Attorneys for Defendants
PROOFPOINT, INC. AND ARMORIZE
TECHNOLOGIES, INC.

## **ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By:  */s/ Paul Andre*
                    Paul Andre

18

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

approved as the Case Management Order for this case and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

                                         HON. BETH L. FREEMAN
                                         UNITED STATES DISTRICT JUDGE

19

**Appendix A:**
**Proposed Case Schedule**

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline | Defendants' Proposed Date/Deadline |
|---|---|---|---|
| ESI Stipulation | | May 9, 2014 | |
| Stipulated Protective Order | | May 9, 2014 | |
| Disclosure of Asserted Claims and Infringement Contentions;  Document Production Accompanying Disclosure | Pat. L.R. 3-1, 3-2<br><br>Not later than 14 days after the Initial Case Management Conference | April 17, 2014 | |
| Last day to join parties or amend the pleadings | | May 28, 2014 | |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | Pat. L.R. 3-3, 3-4<br><br>Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | June 2, 2014 | |
| Exchange of Proposed Terms for Construction | Pat. L.R. 4-1<br><br>Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | June 16, 2014 | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Pat. L.R. 4-2<br><br>Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | July 7, 2014 | |
| Joint Claim Construction and Prehearing Statement. | Pat. L.R. 4-3<br><br>Not later than 60 days after service of the "Invalidity Contentions" | August 1, 2014 | |

i

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline | Defendants' Proposed Date/Deadline |
|---|---|---|---|
| Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | Pat. L.R. 4-4<br><br>Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | September 2, 2014 | |
| Claim Construction Briefs – opening brief | Pat. L.R. 4-5(a)<br><br>Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | September 15, 2014 | |
| Claim Construction Briefs – responsive brief | Pat. L.R. 4-5(b)<br><br>Not later than 14 days after service of an opening brief | September 29, 2014 | |
| Claim Construction Briefs – reply brief | Pat. L.R. 4-5(c)<br><br>Not later than 7 days after service of a responsive brief | October 6, 2014 | |
| Claim Construction Hearing (including technology tutorial). | Pat. L.R. 4-6<br><br>Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c) | October 30, 2014 (subject to the convenience of the Court's calendar) | |
| Close of fact discovery | Judge Alsup's Case Management Order, Dkt. No. 42 | January 30, 2015 | February 13, 2015 |
| Opening expert reports | Judge Alsup's Case Management Order, Dkt. No. 42 | January 30, 2015 | March 6, 2015 |
| Rebuttal expert reports | Judge Alsup's Case Management Order, Dkt. No. 42 | February 13, 2015 | April 6, 2015 |

ii

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline | Defendants' Proposed Date/Deadline |
|---|---|---|---|
| Reply expert reports | Judge Alsup's Case Management Order, Dkt. No. 42 | February 20, 2015 | Defendants propose that no Reply Expert Reports be exchanged by the parties. |
| Close of expert discovery | Judge Alsup's Case Management Order, Dkt. No. 42 | March 6, 2015 | May 6, 2015 |
| Opening summary judgment briefs | Judge Alsup's Case Management Order, Dkt. No. 42 | March 5, 2015 | June 5, 2015 |
| Responsive summary judgment briefs | Judge Alsup's Case Management Order, Dkt. No. 42 | March 19, 2015 | June 19, 2015 |
| Reply summary judgment briefs | Judge Alsup's Case Management Order, Dkt. No. 42 | March 26, 2015 | June 26, 2015 |
| Summary judgment hearings | Judge Alsup's Case Management Order, Dkt. No. 42 | April 9, 2015 (subject to the convenience of the Court's calendar) | July 16, 2015 (subject to the convenience of the Court's calendar) |
| Final Pretrial Conference | Judge Alsup's Case Management Order, Dkt. No. 42 | May 20, 2015 (subject to the convenience of the Court's calendar) | September 24, 2015 (subject to the convenience of the Court's calendar) |
| Trial | Judge Alsup's Case Management Order, Dkt. No. 42 | June 1, 2015 (subject to the convenience of the Court's calendar) | October 26, 2015 (subject to the convenience of the Court's calendar) |

iii