UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FINJAN, INC.,

          Plaintiff,

     v.

PROOFPOINT, INC., et al.,

          Defendants.

Case No.  13-cv-05808-BLF

**ORDER DENYING DEFENDANTS'
MOTION TO STAY**

Before the Court is Defendants' Motion to Stay the Case, pending the completion of the United States Patent and Trademark Office's reexamination of claims in two of the patents-in-suit in this action, the '633 and '822 Patents. (ECF 63) Plaintiff opposes the stay. (ECF 66)

District courts have the inherent power to stay litigation pending reexamination proceedings, *see, e.g.*, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988), but a court is "under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexamination." *Largan Precision Co. v. Fujifilm Corp.*, 2011 WL 794983, at *2 (N.D. Cal. Mar. 1, 2011). In considering whether to stay an action, a court looks at three factors: (1) whether a stay would simplify issues for trial; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice the non-moving party. *See, e.g.*, *In re Cygnus Telecommunication's Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

On August 21, 2014, the Court heard oral argument on Defendants' Motion. At oral argument, counsel for Plaintiff indicated that Plaintiff was considering withdrawing its assertion of all claims subject to reexamination. On August 25, 2014, Plaintiff filed with this Court a Notice that is was withdrawing, without prejudice, its assertion of all claims subject to reexamination in the '633 and '822 patents. (ECF 74) At present, due to Plaintiff's withdrawal of claims, no patent

United States District Court
Northern District of California

United States District Court
Northern District of California

1   claims asserted in this action are subject to reexamination.

2        On August 26, 2014, Defendants filed with the Court a Notice stating that they believed

3   Plaintiff's Notice "does not eliminate all the issues in this case that stand to be simplified by the

4   PTO's reexamination." (Defs.' Notice, ECF 75 at 2)[1] Defendants argue that several claims that

5   remain asserted "are directed to the same limitations and subject matter as related claims under

6   reexamination." (*Id.*) Defendants thus reaffirmed their request to stay the litigation pending the

7   reexamination of the '633 and '822 Patents.

8        The Court finds that a stay in this action, where none of the current claims asserted are

9   subject to reexamination, would be imprudent. It seems unlikely to the Court that now, when *none*

10  of the claims at issue in this litigation are subject to reexamination, a stay lasting the duration of

11  reexamination would simplify issues for trial or meaningfully assist the Court in resolving this

12  dispute. Even before Plaintiff withdrew its assertion of the claims subject to reexamination, more

13  than ninety percent of the claims at issue in this litigation were not subject to reexamination. The

14  Court declines to issue a stay simply because some of the claims of the '633 and '822 Patents

15  currently in reexamination are directed to subject matter or limitations presently at issue in this

16  case. To do so would unnecessarily delay this litigation and unduly prejudice the interests of

17  Plaintiff.

18       As such, the Court DENIES Defendants' Motion to Stay the Case.

19

20       **IT IS SO ORDERED.**

21  Dated: September 3, 2014

22

23  BETH LABSON FREEMAN
    United States District Judge

24

25

26  ─────────────────────
    [1] Plaintiff has filed an Objection to Defendants' Notice, arguing that "[a]t no time did [the] Court
    authorize Defendants' (sic) to submit supplemental briefing on its motion to stay this case" (ECF
27  76 at 1), and asks the Court to strike Defendants' Notice. The Court DENIES this request, as
    Defendants' Notice is merely a continuation of arguments made during oral argument on the
    Motion to Stay. The Court considers Defendants' arguments, but ultimately finds them
28  unpersuasive, for the reasons set forth in this Order.