1   PAUL J. ANDRE (State Bar No. 196585)
    pandre@kramerlevin.com
2   LISA KOBIALKA (State Bar No. 191404)
    lkobialka@kramerlevin.com
3   JAMES HANNAH (State Bar No. 237978)
    jhannah@kramerlevin.com
4   KRAMER LEVIN NAFTALIS & FRANKEL LLP
    990 Marsh Road
5   Menlo Park, CA 94025
    Telephone: (650) 752-1700
6   Facsimile: (650) 752-1800

7   *Attorneys for Plaintiff*
8   FINJAN, INC.

9

              **IN THE UNITED STATES DISTRICT COURT**
10
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11
                      **SAN JOSE DIVISION**
12

13

14  FINJAN, INC.,                          Case No.: 5:13-CV-05808-BLF

15              Plaintiff,                 **FINJAN'S NOTICE OF MOTION AND
                                           MOTION FOR LEAVE TO AMEND OR**
16         v.                              **SUPPLEMENT THE COMPLAINT**

17  PROOFPOINT, INC. AND ARMORIZE          **Date:      November 13, 2014**
    TECHNOLOGIES, INC.                     **Time:      9:00 AM**
18                                         **Place:     Courtroom 3, 5th Floor**
              Defendants.                  **Before:    Hon. Judge Beth L. Freeman**
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────────
FINJAN'S MOTION FOR LEAVE TO                    CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ................................................................................................... 2

II.     STATEMENT OF FACTS ...................................................................................... 3

        A.      Defendants Have Been On Notice Of The Certificate Of Correction Since Early 2014 ........................................................................................................... 4

        B.      On August 8, 2014, Finjan Received Guidance That Amendment May Be Proper to Apply the Certificate of Correction to Post-Issuance Infringement ............................ 5

        C.      Finjan Sought Amendment Shortly After the August 8, 2014 Guidance ........................ 6

III.    LEGAL STANDARD ............................................................................................. 8

        A.      Leave to Amend a Complaint Should Be Freely Granted Where Good Cause is Shown. ........................................................................................................... 8

        B.      Supplementation of a Complaint Should Be Permitted to Introduce Subsequent Causes of Action. ................................................................................................ 9

IV.     ARGUMENT ........................................................................................................ 10

        A.      Finjan Should Be Granted Leave to Amend Its Complaint. ...................................... 10

                1.      Finjan Has Good Cause to Amend Its Complaint and Has Diligently Sought Amendment. ................................................................................. 10

                        a.      Finjan Appropriately Sought Amendment Shortly After the August 8, 2014 Guidance ................................................................. 10

                        b.      Finjan Diligently Pursued Its Request for Amendment with Defendants Before Raising the Issue with the Court ............................ 12

                2.      Defendants Cannot Demonstrate Prejudice, Bad Faith, Delay or Futility. .......... 13

                        a.      Defendants Will Not Be Prejudiced by the Amendment. ...................... 13

                        b.      Finjan Has Acted in Good Faith in Seeking the Amendment. ............... 15

                        c.      The Amendment Will Not Cause Any Delay to the Schedule or Proceedings. .................................................................................. 16

                        d.      The Amendment is Not Futile. .......................................................... 17

        B.      In the Alternative, Finjan Should Be Allowed to Supplement Its Complaint. ............... 18

V.      CONCLUSION .................................................................................................... 18

FINJAN'S MOTION FOR LEAVE TO                          CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Brother Records, Inc. v. Jardine*,
  318 F.3d 900 (9th Cir. 2003) ........................................................................................ 16

*C.F. ex. rel. Farnan v. Capistrano Unified Sch. Dist.*,
  654 F.3d 975 (9th Cir. 2011) .......................................................................................... 8

*Cabrera v. City of Huntington Park*,
  159 F.3d 374 (9th Cir. 1998) .......................................................................................... 9

*Caswell v. Calderon*,
  363 F.3d 832 (9th Cir. 2004) ........................................................................................ 16

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*,
  649 F.3d 1143 (9th Cir. 2011) ........................................................................................ 9

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ........................................................................................ 8

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) ................................................................................. 8, 9, 14

*E.I. Du Pont De Nemours & Co. v. MacDermid Printing Solutions, L.L.C*
  525 F.3d 1353, 1362 (Fed. Cir. 2008) .......................................................................... 10

*Eminence Capital, LLC. v. Aspeon. Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ........................................................................................ 9

*Finjan, Inc. v. Websense, Inc.*,
  Case No. 13-CV-04398-BLF (N.D. Cal.) ............................................................... *passim*

*Foman v. Davis*,
  371 U.S. 178 (1962) ......................................................................................................... 9

*H-W Tech., L.C. v. Overstock.com, Inc.*,
  758 F.3d 1329 (Fed. Cir. July 11, 2014) ............................................................... *passim*

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1991) .......................................................................................... 8

*Keith v. Volpe*,
  858 F.2d 467 (9th Cir. 1988) ........................................................................................ 10

ii

*Kuschner v. Nationwide Credit, Inc.*,
   256 F.R.D. 684 (E.D. Cal. 2009) ........................................................................ 8

*Lamoureux v. AnazaoHealth Corp.*,
   669 F. Supp. 2d 227 (D. Conn. 2009) ........................................................ 15, 18

*Masonite Corp v. Craftmaster Mfg., Inc.*,
   Case No. 09 CV 2131, 2011 WL 1642518 (N.D. Ill. Apr. 29, 2011) .................. 15, 18

*Pfizer, Inc. v. Teva Pharm. U.S.A., Inc.*,
   882 F.Supp.2d 643 (D. Del. 2012) ........................................................ 11

*Planned Parenthood of S. Az. v. Neely*,
   130 F.3d 400 (9th Cir. 1997) ........................................................ 10

*Poling v. Morgan*,
   829 F.2d 882 (9th Cir. 1987) ........................................................ 9

*Quintec Films, Corp. v. Pinnacle Films, Inc.*,
   Case No. 4:06-cv-78., 2009 WL 3065044 (E.D. Tenn. Sept.18, 2009) .................. 15, 18

*Saul v. United States*,
   928 F.2d 829 (9th Cir. 1991) ........................................................ 17

*Senza-Gel Corp. v. Seiffhart*,
   803 F.2d 661 (Fed. Cir. 1986) ........................................................ 9

*Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*,
   708 F.3d 1109 (9th Cir. 2013) ........................................................ 9

*Southwest Software, Inc. v. Harlequin, Inc.*,
   226 F.3d 1280 (Fed. Cir. 2000) ........................................................ 10

*Thornton v. McClatchy Newspapers, Inc.*,
   261 F.3d 789 (9th Cir. 2001) ........................................................ 15

*United States v. Dang*,
   488 F.3d 1135 (9th Cir. 2007) ........................................................ 17

*United States v. Webb*,
   655 F.2d 977 (9th Cir. 1981) ........................................................ 8

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*,
   668 F.2d 1014 (9th Cir. 1982) ........................................................ 10

*Worlds, Inc. v. Activision Blizzard, Inc.*,
   Civil Action No. 12-10576-DJC, 2014 WL 972135 (D. Mass. March 13, 2014) .......... 10

iii

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ........................................................................... 13

**Federal Statutes**

35 U.S.C. § 255 ...................................................................................................... 4

**Federal Rules**

Federal Rule of Civil Procedure 11 .................................................................... 14

Federal Rule of Civil Procedure 15 ............................................................ *passim*

Federal Rule of Civil Procedure 16 ...................................................................... 1

FINJAN'S MOTION FOR LEAVE TO                    CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 13, 2014, at 9:00 a.m., or as soon thereafter as counsel may be heard in the above-titled court, located at 280 South 1st Street in San Jose, California, Plaintiff Finjan, Inc. ("Finjan") shall, and hereby does, move for leave to amend or, or in the alternative supplement, its complaint against Defendants Proofpoint, Inc. and Armorize Technologies, Inc. (collectively, "Defendants") under Rules 15 and 16 of the Federal Rules of Civil Procedure, in order to add the certificate of correction for U.S. Patent No. 8,141,154 ("the '154 Patent"). This motion is based on the following Memorandum of Points and Authorities, the accompanying Declaration of James Hannah, the pleadings and records on file in this action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Finjan respectfully requests leave to file a First Amended/Supplemental Complaint ("Amended/Supplemental Complaint") (attached hereto as Exhibit A) to add a certificate of correction for the '154 Patent, which is currently asserted against Defendants.

FINJAN'S MOTION FOR LEAVE TO
AMEND OR SUPPLEMENT THE COMPLAINT

CASE NO.13-CV-05808-BLF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Finjan seeks leave to amend or supplement its complaint in this action to reflect a certificate of correction clarifying the priority date for the '154 Patent, which the Patent Office issued after this litigation commenced.[1]  Finjan makes this request pursuant to guidance provided by a Special Master assigned to another action involving the '154 Patent (*Finjan, Inc. v. Websense, Inc.,* Case No. 13-CV-04398-BLF (N.D. Cal.) (the "Websense action")), during a hearing on August 8, 2014 regarding the certificate of correction.  During that hearing, the Special Master indicated that amending the complaint with the certificate of correction would ensure that the certificate of correction applies to infringing conduct occurring after its issuance.  The Special Master based this guidance on a Federal Circuit decision recently entered in July 2014, *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329 (Fed. Cir. July 11, 2014) months after the certificate of correction issued and well over a month after the deadline for amending pleadings without leave of Court had passed in the instant action.

However, the legal authority on this issue remains unclear, even in light of the *H-W Technology* decision.  Thus, Finjan maintains the position that amendment is not necessary to apply the certificate of correction to post-issuance infringing conduct.  Despite this position, and even though the Special Master's recommendations in the Websense action do not apply in the instant case, Finjan seeks amendment in the instant case in an abundance of caution based on the Special Master's guidance, in order to foreclose any future dispute regarding the applicability of the certificate of correction in this action.  Upon making the determination to seek amendment in this action shortly after the August 8 hearing in the Websense action, Finjan diligently pursued amendment, first by seeking Defendants'

---

[1]Finjan also intends to amend paragraphs 1 and 3 of the Complaint to update the business addresses for Finjan and defendant Armorize, Inc.  Finjan understands the amendment to the addresses is not in dispute and should have no effect on this litigation.

FINJAN'S MOTION FOR LEAVE TO                          CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

1    stipulation to the amendment and attempting to negotiate with Defendants, and then by requesting a

2    hearing date from the Court and preparing this motion immediately after Defendants refused to

3    stipulate.

4         Defendants can show no prejudice in allowing Finjan to amend or supplement the complaint.

5    Finjan seeks only to add the '154 Patent's certificate of correction—not any additional claims against

6    Defendants, not any additional parties to the action, and not any other alteration to the complaint that

7    may require additional discovery or delay the proceedings.  In fact, Defendants have been well aware

8    of the certificate of correction since at least as early as March 2014, when Finjan produced the

9    certificate of correction to Defendants.  Also, Finjan identified the pertinent content of the certificate of

10   correction to Defendants, the priority date of the '154 Patent, in Finjan's infringement contentions on

11   April 17, 2014.  Moreover, trial is set for January 11, 2016, and Defendants themselves have

12   repeatedly argued that this case is in its early stages as part of their attempts to delay the case and avoid

13   discovery.  Thus, based on the current stage of this action, Finjan's proposed amendment would not

14   
15   have any effect on the schedule.

16   
17        In view of the foregoing, as discussed further below, Finjan respectfully seeks leave to amend

18   or supplement its complaint to reflect the certificate of correction for the '154 Patent.

19   **II.    STATEMENT OF FACTS**

20        On December 16, 2013, Finjan filed its complaint in this action based on Defendants'

21   infringement of certain Finjan patents, including the '154 Patent.[2]  Dkt. No. 1.  Trial has been

22   scheduled to begin January 11, 2016, and the claim construction hearing has been set for May 8, 2015.

23   Dkt. No. 60; Declaration of James Hannah in Support of Finjan's Motion for Leave to Amend or

24   Supplement the Complaint ("Hannah Decl."), ¶ 3.  While the close of fact discovery has not been set

25   
26   
27   [2]The Finjan patents asserted against Defendants in this action also include U.S. Patent Nos.: 6,154,844; 7,058,822; 7,613,918; 7,647,633; 7,975,305; 8,079,086; and 8,225,408.

28   

FINJAN'S MOTION FOR LEAVE TO                          CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

yet, it appears that this date will be in mid-2015 based on the parties' current negotiations regarding the case schedule.

**A.      Defendants Have Been On Notice Of The Certificate Of Correction Since Early 2014**

On February 25, 2014, the United States Patent and Trademark Office ("PTO") issued a certificate of correction[3] for the '154 Patent, which clarified that the priority date[4] for the '154 Patent is December 12, 2005.  Hannah Decl., Ex. B.  This priority date claim was included in the September 30, 2010 publication of the '154 Patent's application, but was unintentionally omitted from the final issued patent.  Hannah Decl., ¶ 5.  On March 26, 2014, as part of its document production to Defendants in this action, Finjan produced the '154 Patent's certificate of correction.  Hannah Decl., Ex. B.  The certificate of correction is also part of the publicly available file history for the '154 Patent, easily accessible through the PTO website.

On April 17, 2014, Finjan disclosed the December 12, 2005 priority date for the '154 Patent to Defendants in its infringement contentions.  Hannah Decl., ¶ 7.  In their June 9, 2014 invalidity contentions, Defendants explicitly acknowledged Finjan's assertion of the December 12, 2005 priority date for the '154 Patent.  Hannah Decl., Ex. C ("Finjan contends in its Infringement Contentions that the priority date for each of the asserted claims of the '154 patent is December 12, 2005.").  Thus, Defendants have been on notice of the certificate of correction since at least as early as March 2014,

---

[3] The PTO may issue a certificate of correction to correct an applicant's mistake.  35 U.S.C. § 255 ("Whenever a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office, appears in a patent and a showing has been made that such mistake occurred in good faith, the Director may, upon payment of the required fee, issue a certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require re-examination. Such patent, together with the certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form.").

[4] A patent may claim priority to an earlier filed application if certain conditions are met.  The priority date defines what materials can be considered prior art to the invention for the purposes of attempting to invalidate the patent.

and have further received notice of Finjan's priority claim based on the certificate of correction as part of Finjan's infringement contentions served in April 2014.

**B.     On August 8, 2014, Finjan Received Guidance That Amendment May Be Proper to Apply the Certificate of Correction to Post-Issuance Infringement**

Finjan has also asserted the '154 Patent in the Websense action.  In that action, Websense requested that the Special Master assigned to the action consider whether Finjan may benefit from the certificate of correction for the '154 Patent.  Hannah Decl., Ex. D.  On August 8, 2014, a hearing was conducted before the Special Master, during which he provided guidance regarding proceeding with the '154 Patent and its certificate of correction.  Hannah Decl., Ex. E.  Specifically, the Special Master found that the certificate of correction for the '154 Patent does not apply to causes of action that arose prior to its issuance date on February 25, 2014.[5]  *See* Hannah Decl., Ex. E (Transcript of August 8, 2014 hearing), at 125:16-25.  However, the Special Master found that because each act of infringement gives rise to a separate cause of action, and because Finjan accuses Websense of ongoing infringement of the '154 Patent, the certificate of correction could apply to Websense's alleged acts of infringement occurring after February 25, 2014.  *See id.; see also id.* at 138:15-19 ("…the HW court to me makes very clear that whatever happens to this, for want of a better word, compromised patent has no bearing upon the ability of the corrected patent to go forward and carry whatever banner it can carry."), 137:3-8.

The Special Master further specified that in order to address acts of infringement occurring after February 25, 2014, "[Finjan's] options are to dismiss without prejudice, if that's possible, the '154 and file a new claim based upon the corrected '154 patent, or seek a motion to amend from Judge

---

[5] To be clear, the Special Master found that Finjan was entitled to assert in the Websense action the priority date set forth in the certificate of correction for the '154 Patent, but simply may not rely on the certificate of correction itself to support its priority date contentions for causes of action arising before February 25, 2014.

FINJAN'S MOTION FOR LEAVE TO                                    CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

Freeman and move forward accordingly." *Id.* at 130:24-131:3.  In making his recommendations, the Special Master relied on the Federal Circuit case *H-W Tech., L.C. v. Overstock.com, Inc.*, which was only recently decided on July 11, 2014.  758 F.3d 1329 (Fed. Cir. July 11, 2014).  Specifically, the Special Master noted: "[It] seems to me that you have the option of either filing an amendment -- seeking an amendment in this case based upon the corrected patent, which is presumably a valid patent -- and that's the way I read the case we've been talking about, the HW Technology case."  Hannah Decl., Ex. E, at 128:15-19.  Based on this guidance from the Special Master, Finjan sought leave in the Websense action to amend or supplement its complaint to reflect the '154 Patent's certificate of correction.  Websense action, Dkt. No. 98.[6]

### C.    Finjan Sought Amendment Shortly After the August 8, 2014 Guidance

While realizing that the Special Master's findings were confined to the Websense action, Finjan determined that in an abundance of caution, it would seek an amendment to reflect the '154 Patent's certificate of correction in the instant action as well.  As such, on August 25, 2014, Finjan asked Defendants to stipulate to Finjan filing an amended complaint, in order to add the certificate of correction for the '154 Patent to the exhibit for the '154 Patent attached to Finjan's complaint.  Hannah Decl., ¶ 11.  After receiving no response for over a week, on September 3, 2014, Finjan followed up with Defendants and requested a response by September 5, 2014.  Late on September 4, 2014, counsel for Defendants responded, requesting a copy of Finjan's amended complaint and "the basis" for the amendment so that they "could better consider" Finjan's request.  Finjan promptly provided this information the following morning on September 5, 2014 and again requested a response by that day.  Hannah Decl., Ex. F.  After still receiving no response over the course of the next few days, on September 11, 2014, Finjan again requested Defendants' response to Finjan's proposal to amend the

---

[6] The Websense action has since been dismissed.  Dkt. No. 107.

FINJAN'S MOTION FOR LEAVE TO                              CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

complaint, noting that it had been nearly three weeks since Finjan first made the request.  Hannah Decl., Ex. F.  On September 12, 2014, counsel for Defendants informed Finjan without explanation that Defendants did not agree to Finjan's proposed amendment.  Hannah Decl., Ex. F.  That same day, Finjan requested a hearing date from the Court for Finjan's anticipated motion to amend the complaint.  Hannah Decl., ¶ 12.  The Court informed Finjan that January 22, 2015 was the next available hearing date, and Finjan immediately reserved this date.  *Id.*  Finjan was later able to reserve an earlier hearing date for November 13, 2014.  *Id.*

Nonetheless, in a continuing effort to understand the reasons for Defendants' objections and resolve the issue without burdening the court, Finjan requested that the parties discuss the issue during a meet and confer session on September 17, 2014 (which Finjan had originally requested for September 15, 2014, but for which Defendants were not available).  Hannah Decl., ¶ 13.  During the meet and confer session, Defendants claimed that the basis for their objection to Finjan's proposed amendment was that Defendants believed that a certificate of correction does not apply in a litigation that commenced before the certificate issued.  Hannah Decl., ¶ 14.  Finjan informed Defendants that this position was directly contrary to the law, and that various cases apply the certificate of correction to post-issuance conduct in a lawsuit that has already commenced.  Hannah Decl., ¶ 15.  Defendants did not appear to be familiar with this case law and requested that Finjan send them exemplary cases.  That same day, Finjan sent Defendants exemplary cases and requested that Defendants let Finjan know whether they would agree to withdraw their objections.  Hannah Decl., ¶ 16.  On September 17, 2014, Defendants responded that they were maintaining their objections.  Hannah Decl., Ex. F.  Accordingly, Finjan immediately prepared the instant motion, which it filed shortly thereafter.

III.    **LEGAL STANDARD**

     A.    **Leave to Amend a Complaint Should Be Freely Granted Where Good Cause is Shown.**

     Where the deadline for amending pleadings set by a scheduling order has passed, a request for leave to amend a complaint must first be evaluated under the "good cause" standard of Federal Rule of Civil Procedure 16.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1991); *see also Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000).  In determining whether good cause exists, courts primarily consider the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609; *see also Kuschner v. Nationwide Credit, Inc.,* 256 F.R.D. 684, 687 (E.D. Cal. 2009) ("Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.").  The Ninth Circuit has also credited a district court's decision to allow amendments to a scheduling order when the amendments "created no meaningful case management issues" and "[n]o additional discovery was necessary and no delay ensued." *C.F. ex. rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir. 2011) (citations omitted).

     Once good cause is shown, the court then considers the factors germane to Federal Rule of Civil Procedure 15 in deciding whether to grant leave to amend.  *See Johnson*, 975 F.2d at 607-09. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be granted "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a) is designed "to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  In addition,

FINJAN'S MOTION FOR LEAVE TO                    CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

the 9th Circuit has an established policy favoring amendments to complaints, finding that amendments should be granted with "extreme liberality." *Eminence Capital, LLC. v. Aspeon. Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In fact, the denial of a motion for leave to amend "must be 'strictly' reviewed in light of the strong policy permitting amendment." *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). A party opposing an amendment bears the burden of showing why the amendment should not be granted. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs*, 833 F.2d at 187.

Leave to amend should especially be granted where the nonmoving party is unable to show strong evidence that the amendment would cause prejudice, is sought in bad faith, creates undue delay, is futile, or there was repeated failure to cure deficiencies by amendments previously allowed. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1153 (9th Cir. 2011). Of these "*Foman* factors," prejudice is the most important. *Eminence Capital*, 316 F.3d at 1052; *see also DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice.").

### B.   Supplementation of a Complaint Should Be Permitted to Introduce Subsequent Causes of Action.

Alternatively, pursuant to Federal Rule of Civil Procedure 15(d), the court may "on just terms" permit a party to supplement its complaint in order to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the

9

addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Az. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations and quotations omitted). Supplemental claims should be allowed where they will "promote the economical and speedy disposition of a controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

## IV.   ARGUMENT

### A.   Finjan Should Be Granted Leave to Amend Its Complaint.

#### 1.   Finjan Has Good Cause to Amend Its Complaint and Has Diligently Sought Amendment.

##### a.   *Finjan Appropriately Sought Amendment Shortly After the August 8, 2014 Guidance*

Finjan has diligently sought to amend the complaint in order to add the '154 Patent's certificate of correction. Before the August 8, 2014 hearing, there was no indication that an amendment may be necessary. To the contrary, Finjan's position has consistently been that there is no need to file an amended complaint in order for the certificate of correction to apply to Defendants' ongoing infringement in this action. Finjan's position is based in part on Federal Circuit precedent holding that certificates of correction that issue during a litigation are applicable to cases involving ongoing infringement, because "each act of infringement gives rise to a separate cause of action." *Southwest Software, Inc. v. Harlequin, Inc.*, 226 F.3d 1280, 1297 (Fed. Cir. 2000) ("we point out that, for any cause of action arising after April 1, 1997, the date the certificate of correction issued, the certificate will be treated as part of the original patent."). Finjan's position is further based on cases such as *Worlds, Inc. v. Activision Blizzard, Inc.*, Civil Action No. 12-10576-DJC, 2014 WL 972135, at *9 n.10 (D. Mass. March 13, 2014) *citing E.I. Du Pont De Nemours & Co. v. MacDermid Printing Solutions, L.L.C.*, 525 F.3d 1353, 1362 (Fed. Cir. 2008), finding that "[i]ndeed, nothing about the Court's order

10

prevents Worlds from asserting infringement from the date of the certificate going forward." *See also*

*Pfizer, Inc. v. Teva Pharm. U.S.A., Inc.,* 882 F.Supp.2d 643, 699 (D. Del. 2012).

In accordance with these cases, the Special Master in the Websense action found that, because

Finjan accused Websense of ongoing infringement of the '154 Patent, the certificate of correction

could apply to Websense's alleged acts of infringement occurring after February 25, 2014.  Hannah

Decl., Ex. E, at 125:16-25.  However, the Special Master also found that Finjan should take action to

ensure that the certificate of correction applies to infringing acts occurring after February 25, 2014, and

that amendment of the complaint would be an appropriate means to do so.  *See* Hannah Decl., Ex. E, at

130:24-131:3 ("[Y]our options are to dismiss without prejudice, if that's possible, the '154 and file a

new claim based upon the corrected '154 patent, or seek a motion to amend from Judge Freeman and

move forward accordingly.").

Significantly, in making this finding, the Special Master relied on the decision in *H-W*

*Technology, L.C. v. Overstock.com*, *Inc*., which only recently issued on July 11, 2014.  758 F.3d 1329

(Fed. Cir. July 11, 2014).  For instance, the Special Master stated:  "[S]eems to me that you have the

option of either filing an amendment -- seeking an amendment in this case based upon the corrected

patent, which is presumably a valid patent -- and that's the way I read the case we've been talking

about, the HW Technology case.").  Hannah Decl., Ex. E, at 128:15-19.  Indeed, the *H-W Technology*

case was mentioned no less than 25 times during the August 8, 2014 hearing because Websense and

the Special Master relied so heavily on it.  Thus, the decision relied upon by the Special Master in

finding that amendment would be appropriate, *H-W Technology*, was not entered until months after the

certificate of correction issued and well over a month after the date to amend the pleadings without

leave had passed in the instant action.

FINJAN'S MOTION FOR LEAVE TO                          CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

As such, until the Special Master's August 8, 2014 recommendations based on the recent July 2014 *H-W Technology* case, Finjan had no reason to seek amendment in this action based on its understanding that amendment is not required under the case law.  Even the recent *H-W Technology* decision does not explicitly require an amendment for the certificate of correction to apply to post-issuance infringement.  Rather, the *H-W Technology* case tangentially mentions that the plaintiff had not sought to amend its complaint to reflect the certificate of correction.  758 F.3d at 1334.  Thus, the case law still does not clearly require an amendment in this situation.  The Special Master in the Websense action, a seasoned patent litigator, himself noted that this is a confusing and "murky" issue.  Hannah Decl., Ex. E, at 80:20-22, 83:16.  Accordingly, while Finjan maintains the position that amendment is not necessary to apply the certificate of correction to post-issuance conduct, Finjan seeks amendment—i.e., the mechanical act of adding the certificate of correction as an exhibit to the complaint—in order to ensure the record is clear and to avoid any future dispute regarding the applicability of the certificate of correction.

### b.    *Finjan Diligently Pursued Its Request for Amendment with Defendants Before Raising the Issue with the Court*

Shortly after the Special Master provided his August 8, 2014 guidance, Finjan determined that it would be prudent to seek amendment in the instant action.  Finjan thereafter immediately approached Defendants to gain a stipulation to amend the complaint to add the '154 Patent's certificate of correction, in an effort to avoid motion practice and save judicial resources.  *See* Hannah Decl., Ex. F. Yet after stalling for three weeks despite Finjan's repeated requests for a response, on September 12, 2014, Defendants finally informed Finjan that they would not stipulate to the filing of an amended complaint.  However, Defendants still failed to provide any explanation for their refusal to stipulate. Hannah Decl., Ex. F.  That very same day, Finjan requested a hearing date from the Court for Finjan's anticipated motion to amend.

FINJAN'S MOTION FOR LEAVE TO                                   CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

To avoid burdening the Court, Finjan continued its efforts to reach resolution with Defendants and understand the basis for their objection, particularly because the hearing was not scheduled to occur for another four months (i.e., January 22, 2015).  However, further discussion with Defendants the following week was not fruitful, and Defendants maintained their objection to the amendment. Immediately after Defendants' ultimate refusal to agree to the amendment on September 17, 2014, Finjan began preparing the instant motion and filed it soon thereafter.

Therefore, as soon as Finjan determined that amendment may be necessary in this action based on the Special Master's August 8, 2014 guidance in the Websense action, Finjan diligently sought to amend its complaint in this action.  As such, there is ample good cause for allowing Finjan's proposed amendment.

### 2.      Defendants Cannot Demonstrate Prejudice, Bad Faith, Delay or Futility.

Finjan should be granted leave to amend the complaint under Federal Rule of Civil Procedure 15 because Defendants cannot show that the amendment would cause prejudice to Defendants, is sought in bad faith, creates undue delay, is futile, or that there was repeated failure to cure deficiencies by amendments previously allowed.  These considerations are addressed in turn below.

### a.      Defendants Will Not Be Prejudiced by the Amendment.

Defendants will suffer no prejudice by allowing Finjan to amend the complaint in order to add the certificate of correction for the '154 Patent.  Prejudice can result, for example, where the parties are facing a discovery deadline or trial and the amendment would undermine those upcoming deadlines. *See Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Finjan does not seek to add any new parties or assert any new claims.  Defendants have been on notice of the certificate of correction and priority date for the '154 Patent since at least as early as March 2014, when Finjan produced the certificate of correction to Defendants.  Defendants were

FINJAN'S MOTION FOR LEAVE TO                              CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

also notified of Finjan's priority date contention consistent with the certificate of correction in Finjan's April 17, 2014 infringement contentions.  In its invalidity contentions, Defendants explicitly acknowledged that Finjan is asserting the same priority date that is found in the certificate of correction.  The certificate of correction is also part of the publicly available file history for the '154 Patent, which Defendants would have had to review in order to satisfy their Rule 11 obligations in asserting invalidity of the '154 Patent.  Based on all of this notice, there is no need for additional discovery based on the amendment.  The amendment will essentially be ministerial in nature, to clarify that the certificate of correction applies to Defendants' infringement following February 25, 2014.

Moreover, courts have consistently held that there is no prejudice when a party seeks to amend the complaint in the early stages of litigation.  *See DCD Programs*, 833 F.2d at 187-88 (finding abuse of discretion to deny leave to file fourth amended complaint when the "case is still at the discovery stage").  The Court has set the claim construction hearing for the middle of 2015, and trial for early 2016.  Indeed, Defendants themselves have repeatedly argued that this case is in the early stages of litigation.  For example, at the August 21, 2014 hearing regarding Defendants' motion to stay, Defendants argued that "…the issue here is that the entirety of the scope of this case is brand new." More recently, in response to issues Finjan raised regarding the absence of discovery from Defendants so far in this litigation, Defendants responded on September 17, 2014:  "The proposed scheduling order currently states that fact discovery will not close until May 29, 2015 at the earliest and July 1, 2015 at the latest. In light of these dates, Defendants are of the position that Finjan's complaints [that Defendants have failed to provide discovery] are premature."  Hannah Decl., Ex. G.  Thus Defendants cannot now argue that the amendment would cause any prejudice based on the schedule.

Accordingly, Defendants cannot show any prejudice that would result from Finjan's amended complaint under Federal Rule of Civil Procedure 15.

FINJAN'S MOTION FOR LEAVE TO                    CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

**b.      *Finjan Has Acted in Good Faith in Seeking the Amendment.***

Defendants also cannot show any bad faith on Finjan's part.  The Ninth Circuit has explained that bad faith can be a party's "history of dilatory tactics," proposed amendments with "doubtful value," or a party's ulterior motive (e.g., adding "causes of action on which discovery had not been undertaken" in the face of a pending motion for summary judgment or merely "seeking to prolong the litigation by adding new but baseless legal theories").  *Thornton v. McClatchy Newspapers, In*c., 261 F.3d 789, 799 (9th Cir. 2001).

None of these types of actions are present here.  Rather, Finjan has acted expeditiously to seek amendment, as explained above.  Also, Finjan has brought this motion so the case may move forward on the merits rather than on technicalities.  Finjan is not seeking a baseless amendment; rather Finjan's request for leave is specifically based on the Special Master's guidance in the Websense action that amendment would be appropriate in this situation.  In addition, while not explicitly *requiring* an amendment, certain cases from other districts have found that amending or supplementing of the complaint with the certificate of correction is an *appropriate means* of applying a certificate of correction to acts of infringement that occur after the certificate of correction issues.  *See, e.g., H-W Tech.*, 758 F.3d at 1334; *see also Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236-37 (D. Conn. 2009) (allowing an amended complaint to include a certificate of correction and acts of infringement arising after the certificate of correction had issued); *Masonite Corp v. Craftmaster Mfg., Inc.*, Case No. 09 CV 2131, 2011 WL 1642518, at *2-6 (N.D. Ill. Apr. 29, 2011) (granting a motion to supplement the complaint to include the certificate of correction); *Quintec Films, Corp. v. Pinnacle Films, Inc.*, Case No. 4:06-cv-78., 2009 WL 3065044, at *1 (E.D. Tenn. Sept.18, 2009) (allowing a plaintiff to amend the complaint twice to include two different certificates of correction that issued during the lawsuit).

FINJAN'S MOTION FOR LEAVE TO                              CASE NO.13-CV-05808-BLF
AMEND OR SUPPLEMENT THE COMPLAINT

Indeed, Finjan would have preferred that Defendants stipulate to Finjan's amendment, rather than cause the parties to expend judicial resources and engage in unnecessary motion practice.  If anything, Defendants have acted in bad faith by opposing Finjan's amendment to the complaint.  Defendants stalled for three weeks in responding to Finjan's request to amend, only to refuse to agree to the amendment without any explanation when finally responding.  When pressed later for the basis of their objections to the amendment, Defendants provided reasons directly contrary to the law, incorrectly claiming that a certificate of correction cannot apply in a litigation that commenced before the certificate issued.  Defendants' baseless objections to the amendment will only serve to waste Court resources and potentially force Finjan to waste additional resources if Finjan is compelled to file an additional litigation instead of amending its complaint.

Thus, the interests of justice would be served by allowing the amendment.  Finjan has demonstrated good faith in seeking this amendment, in contrast to Defendants' questionable motives and delay tactics.

### c. *The Amendment Will Not Cause Any Delay to the Schedule or Proceedings.*

There will be no delay to this case as a result of the amendment, let alone undue delay.  "Undue delay" encompasses two inquiries, first being whether the proposed amendments would cause an undue delay in the proceedings.  *See e.g.*, *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 910-11 (9th Cir. 2003).  The second inquiry is whether the party seeking leave to amend unduly delayed in seeking amendment.  *See e.g.*, *Caswell v. Calderon*, 363 F.3d 832, 839-40 (9th Cir. 2004).

With respect to the first inquiry, Finjan's proposed amendment to add the certificate of correction to the '154 Patent will not delay any of the proceedings.  Finjan is not adding new claims, new parties, or new patents to the complaint.  Defendants have been on notice of the certificate of correction and the '154 Patent priority date since March 2014 at the very latest.  Defendants have

FINJAN'S MOTION FOR LEAVE TO
AMEND OR SUPPLEMENT THE COMPLAINT

CASE NO.13-CV-05808-BLF

1    repeatedly argued that this case is in the early stages.  The Court would not have to change any of the

2    case schedule by allowing this amendment.  Additionally, judicial economy favors a finding of good

3    cause, since Finjan may have to file yet another complaint against Defendants if this motion to amend

4    is denied.  *See United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (affirming an amendment

5    on a complaint based on "[t]he rights of the parties, the ends of justice, and judicial economy.").  This

6    was another option suggested by the Special Master in the Websense action (*i.e.*, an option would be

7    "…to dismiss without prejudice, if that's possible, the '154 and file a new claim based upon the

8    corrected '154 patent…").  Hannah Decl., Ex. E, at 130:24-131:2.  With respect to the second inquiry,

9    as explained above, Finjan did not delay in seeking to amend the complaint, but rather diligently

10   pursued this request.  Finjan proposed its amendment to Defendants shortly after the Special Master's

11   guidance on how to proceed with the '154 Patent's certificate of correction.  Finjan then brought this

12   motion promptly after its attempts to resolve the issue with Defendants failed.

13          As such, the amendment will not cause any undue delay, and Finjan has not delayed in seeking

14   the amendment.

15

16                          **d.      The Amendment is Not Futile.**

17          The proposed amendment to the complaint is not futile.  A court may deny leave to amend if

18   the proposed amendment is futile or subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th

19   Cir. 1991) (finding a proposed amendment futile because the state law claims asserted were preempted

20   by the Federal Civil Service Reform Act of 1978).  Here, the amendment should be permitted to ensure

21   the record is clear, to avoid any potential disputes regarding the applicability of the certificate of

22   correction and to allow this case to move forward on the merits, instead of allowing Defendants to

23   argue technicalities.  Finjan requests this amendment pursuant to the Special Master's guidance in the

24   Websense action that Finjan should seek leave to amend the complaint.  Certain cases support that

25

26

27

28                                              17

amendment or supplementation of the complaint is an appropriate means to apply the certificate of correction to post-issuance infringement. *See, e.g., H-W Tech*., 758 F.3d at 1334; *see also Lamoureux*, 669 F. Supp. 2d at 236-37; *Masonite Corp.*, 2011 WL 1642518, at *1; *Quintec Films*, 2009 WL 3065044, at *1. Accordingly, Finjan's request for an amendment has merit and is not futile.

Thus, because there is good cause, Finjan has diligently sought amendment, and there is no evidence of prejudice, undue delay, bad faith or futility, Finjan should be granted leave to amend its complaint to add the certificate of correction for the '154 Patent.

### B.   In the Alternative, Finjan Should Be Allowed to Supplement Its Complaint.

Similarly, under Rule 15(d), the Court may allow Finjan to supplement its complaint for any transaction, occurrence or event that happened after the date of the pleading, unless there are reasons for denying leave such as undue delay, bad faith, prejudice, or futility of the amendment. *See Masonite*, 2011 WL 1642518, at *1. Similar to *Masonite*, here Finjan seeks relief for infringing acts occurring after the certificate of correction issued. As discussed above, Defendants cannot show there was undue delay, bad faith, prejudice, or futility. Further, as discussed in *Masonite*, judicial economy favors the granting of leave to supplement, otherwise, Finjan would have the right to file a new suit against Defendants for the same patent, same claims, and same accused products. Therefore, Finjan should be granted leave to supplement its complaint to apply the certificate of correction to causes of action arising after its issuance.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Finjan respectfully requests leave to amend, or in the alternative to supplement, its Complaint, and further requests that its First Amended/Supplemented Complaint submitted herewith be deemed filed as of the date of the Order granting this motion.

FINJAN'S MOTION FOR LEAVE TO
AMEND OR SUPPLEMENT THE COMPLAINT

CASE NO.13-CV-05808-BLF

Respectfully submitted,

Dated:  September 26, 2014          By:  */s/ James Hannah*
                                        Paul J. Andre (State Bar No. 196585)
                                        Lisa Kobialka (State Bar No. 191404)
                                        James Hannah (State Bar No. 237978)
                                        Benu Wells *(pro hac vice)*
                                        KRAMER LEVIN NAFTALIS
                                        & FRANKEL LLP
                                        990 Marsh Road
                                        Menlo Park, CA 94025
                                        Telephone: (650) 752-1700
                                        Facsimile: (650) 752-1800
                                        pandre@kramerlevin.com
                                        lkobialka@kramerlevin.com
                                        jhannah@kramerlevin.com
                                        bwells@kramerlevin.com

                                        *Attorneys for Plaintiff*
                                        FINJAN, INC.

19