PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC. <br><br> Defendants. | Case No.: 5:13-cv-05808-BLF <br><br> **DECLARATION OF JAMES HANNAH IN SUPPORT OF PLAINTIFF FINJAN, INC.'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT** <br><br> Date: November 13, 2014 <br> Time: 9:00 a.m. <br> Place: Courtroom 3, 5th Floor <br> Before: Hon. Judge Beth L. Freeman |

I, James Hannah, declare and state as follows:

1. I am a partner with the law firm Kramer Levin Naftalis & Frankel LLP, counsel for Plaintiff Finjan, Inc. ("Finjan"). I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts. I make this declaration in support of Finjan's Motion for Leave to Amend or Supplement the Complaint (the "Motion").

2. On December 16, 2013, Finjan filed its complaint in this action. A true and correct copy of the Amended Complaint Finjan seeks leave to file with this Motion is attached hereto as Exhibit A.

3. Trial has been scheduled to begin on January 11, 2016, and the claim construction hearing has been set for May 8, 2015. *See* Dkt. No. 60 (Case Management Order) in this action.

4. On February 25, 2014, the United States Patent and Trademark Office ("PTO") issued the certificate of correction for U.S. Patent No. 8,141,154 (the "'154 Patent"). A true and correct copy of the certificate of correction as produced in this action is attached hereto as Exhibit B.

5. The December 12, 2005 priority date claim was included in the September 30, 2010 publication of the '154 Patent application, but was unintentionally omitted from the final issued patent.

6. On March 26, 2014, as part of its document production to Defendants Proofpoint, Inc. and Armorize Technologies, Inc. (the "Defendants") in this action, Finjan produced the '154 Patent's certificate of correction. *See* Exhibit B attached hereto.

7. On April 17, 2014, Finjan disclosed the December 12, 2005 priority date for the '154 Patent to Defendants in its infringement contentions.

8. On June 9, 2014, as part of their invalidity contentions, Defendants explicitly acknowledged Finjan's assertion of the December 12, 2005 priority date for the '154 Patent. A true and correct copy of Defendants' invalidity contentions is attached hereto as Exhibit C.

1

HANNAH DECL. IN SUPPORT OF FINJAN'S MOTION FOR   CASE NO. 13-CV-05808-BLF
LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

9. Finjan also asserted the '154 Patent in the recently settled action, *Finjan, Inc. v. Websense, Inc.,* Case No. 5:13-cv-04398-BLF (the "Websense action"). In the Websense action, Websense requested that the Special Master assigned to the case consider whether Finjan may benefit from the certificate of correction for the '154 Patent. A true and correct copy of the Order, Stipulation and Recommendation Re: Finjan, Inc.'s Motion to Strike Prior Art References and Compel Discovery, Dkt. No. 102, is attached hereto as Exhibit D.

10. On August 8, 2014, a hearing on this issue was conducted before the Special Master in the Websense action. A true and correct copy of the transcript of the hearing is attached hereto as Exhibit E.

11. On August 25, 2014, Finjan asked Defendants to stipulate to Finjan's filing an amended complaint, in order to add the certificate of correction for the '154 Patent to the exhibit for the '154 Patent attached to Finjan's complaint. True and correct copies of the emails exchanged by the parties between August 25, 2014 and September 17, 2014 regarding Finjan's request to amend the complaint are attached hereto as Exhibit F.

12. On September 12, 2014, Finjan requested a hearing date from the Court for Finjan's anticipated motion to amend or supplement the complaint. The Court informed Finjan that January 22, 2015 was the next available hearing date, and Finjan immediately reserved the date. Finjan was later able to reserve an earlier hearing date of November 13, 2014.

13. Finjan thereafter requested that the parties discuss the issue during a meet and confer session on September 17, 2014 (which Finjan had originally requested for September 15, 2014, but for which date Defendants were unavailable).

2

HANNAH DECL. IN SUPPORT OF FINJAN'S MOTION FOR  CASE NO. 13-CV-05808-BLF
LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

14. During the meet and confer session on September 17, 2014, Defendants claimed that the basis for their objection to Finjan's proposed amendment was that Defendants believed a certificate of correction does not apply in a litigation that commenced before the certificate issued.

15. Finjan informed Defendants during the meet and confer session that this position was directly contrary to the law, and that various cases apply the certificate of correction to post-issuance conduct in a lawsuit that has already commenced.

16. Defendants did not appear to be familiar with this case law and requested that Finjan send them exemplary cases. Finjan sent Defendants exemplary cases and asked Defendants to let Finjan know whether they would agree to withdraw their objections. See Exhibit F attached hereto.

17. A true and correct copy of a letter dated September 17, 2014 from Defendants' counsel, Tiffany Nichols, to Finjan counsel, Benu Wells, is attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the State of California and the United States of America that each of the foregoing statements is true and correct.

Executed on September 26, 2014 in Menlo Park, California.

*/s/ James Hannah*
James Hannah

3

HANNAH DECL. IN SUPPORT OF FINJAN'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT         CASE NO. 13-CV-05808-BLF