QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jennifer A. Kash (Bar No. 203679)
(jenniferkash@quinnemanuel.com)
Sean Pak (Bar No. 219032)
(seanpak@quinnemanuel.com)
Iman Lordgooei (Bar No. 251320)
(imanlordgooei@quinnemanuel.com)
Tiffany Nichols (Bar No. 289621)
(tiffanynichols@quinnemanuel.com)
Howard Chen (Bar No. 265015)
(howardchen@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Defendants PROOFPOINT, INC.
and ARMORIZE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC.,<br><br>            Defendants. | Case No. 5:13-CV-05808-BLF<br><br>**PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC.'S OPPOSITION TO FINJAN, INC.'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT**<br><br>Date:    November 13, 2014<br>Time:    9:00 a.m.<br>Dep.:    Courtroom 3, 5th Floor<br>Judge:   Hon. Beth L. Freeman |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED .............................................................. 2

III. STATEMENT OF FACTS .............................................................................................. 2

    A. The Present Action ............................................................................................. 2

    B. The Websense Litigation .................................................................................... 4

IV. LEGAL STANDARD ..................................................................................................... 5

V. ARGUMENT .................................................................................................................. 6

    A. Finjan Has Shown No Good Cause for its Amendment ..................................... 6

        1. Finjan's Proposed Amendment is Ineffective. ........................................ 6

        2. Finjan Unjustifiably Seeks Court Assistance with a Problem That Was Foreseeable and Entirely of Its Own Making. ............................... 9

            a. Finjan *Was* Able to Comply with the Court's Deadline for Amending Pleadings, but Allowed It to Pass. ................................ 10

            b. Finjan Could Have Informed the Court of the Pending Certificate of Correction So the Court Could Craft an Appropriate Schedule, but Finjan Chose Not To. ........................... 11

        3. The Equities Weigh Against Amendment Because Finjan Strategically Concealed the Certificate of Correction from Defendants ............................................................................................. 12

    B. Finjan's Inexcusable Delay in Seeking Leave to Amend Precludes Amendment Under Rule 15 ............................................................................... 13

    C. Finjan's Request for Leave to Supplement Its Complaint Mischaracterizes the Relief It Seeks. ............................................................................................ 14

    D. The Recommendations of a Special Master in a Different Lawsuit Has No Applicability to the Present Case. .................................................................... 14

    E. Defendants Will Suffer Undue Prejudice If Finjan's Motion for Leave to Amend the Complaint Is Granted ....................................................................... 15

VI. CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Acri v. Int'l Ass'n of Machinists and Aerospace Workers*,
    781 F.2d 1393 (9th Cir. 1986) .......................................................................................... 12

*Alltrade Tools, LLC v. Olympia Group, Inc.*,
    No. SACV 03-0458-JVS (Mcx), 2003 U.S. Dist. LEXIS 26248 (C.D. Cal. Oct. 8,
    2003) .................................................................................................................................. 7

*Dreith v. Nu Image, Inc.*,
    648 F.3d 779 (9th Cir. 2011) ....................................................................................... 5, 11

*E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions LLC*,
    525 F.3d 1353 (Fed. Cir. 2008) ......................................................................................... 8

*Finjan, Inc. v. Websense, Inc.*,
    Case No. 13-cv-04398 (N.D. Cal. filed Sept. 23, 2013) ................................................ 2, 4

*Foman v. Davis*,
    371 U.S. 178 (1962) .......................................................................................................... 6

*H-W Tech., L.C. v. Overstock.com, Inc.*,
    2014 WL 3377128 (Fed. Cir. July 11, 2014) ............................................................ 6, 8, 14

*Intel Corp. v. Altima Comm., Inc.*,
    275 F. Supp.2d 1236 (E.D. Cal. 2003) .............................................................................. 7

*Jackson v. Laureate, Inc.*,
    186 F.R.D. 605 (E.D. Cal. 1999) ........................................................................... 10, 11, 12

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ......................................................................................... 5, 9

*Lamoureux v. AnazaoHealth Corp.*,
    669 F. Supp. 2d 227 (D. Conn. 2009) ............................................................................ 8, 9

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ............................................................................................. 6

*LG Elecs., Inc. v. Quanta Computer Inc.*,
    566 F. Supp. 2d 910 (W.D. Wis. 2008) .................................................................. 7, 13, 14

*Life Technologies Corp. v. Ebioscience, Inc.*,
    No. 10cv2127-IEG (NLS), 2012 WL 3628624 (S.D. Cal. Aug. 21, 2012) ....................... 12

*Masonite Corp. v. Craftmaster Mfg., Inc.*,
    No. 09 CV 2131, 2011 WL 1642518 (N.D. Ill. Apr. 29, 2011) ...................................... 8, 9

*Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*,
   Nos. 11-cv-2861-SC, 10-cv-5591-SC, 2012 WL 6095089 (N.D. Cal. Dec. 7, 2012) ........ 13

*Nat'l Prods., Inc. v. Palmetto W. Trading Co., LLC*,
   No. C05-345JLR, 2006 WL 1207895 (W.D. Wash. May 4, 2006) ................................... 7

*NavCom Tech., Inc. v. Oki Elec. Indus. Co., Ltd.*, No.
   5:12-cv-04175-EJD, 2014 WL 991102 (N.D. Cal. Mar. 11, 2014) ............................... 5, 10

*Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*,
   2006 WL 3491010 (N.D. Cal. 2006)................................................................................ 7

*Quantum Corp. v. Storage Tech., Corp.*,
   2004 WL 56770123 (N.D. Cal. 2004).............................................................................. 7

*Server Tech., Inc. v. American Power Conversation Corp.*,
   2012 WL 4511240 (D. Nev. 2012) .................................................................................. 7

*Southwest Software, Inc. v. Harlequin Inc.*,
   226 F.3d 1280 (Fed. Cir. 2000)............................................................................. 6, 7, 8, 13

*Tessera, Inc. v. Sony Corp.*,
   No. 5:11-cv-04399 EJD, 2013 WL 97794 (N.D. Cal. Jan. 7, 2013) ..................................... 5

*Townsel v. Cnty. of Contra Costa*,
   820 F.2d 319 (9th Cir. 1987)........................................................................................... 8

*TV Interactive Data Corp. v. Sony Corp.*,
   No. 10-0475 PJH, 2012 WL 3791414 (N.D. Cal. Aug. 31, 2012) ............................... 10, 11

*Use Techno Corp. v. Kenko USA, Inc.*,
   No. C-06-02754 EDL, 2007 WL 2349274 (N.D. Cal. Aug. 14, 2007)............................... 5

*Worlds, Inc. v. Activision Blizzard, Inc.*, Civil Action
   No. 12-10576-DJC, 2014 WL 972135 (D. Mass. Mar. 13, 2014) ................................... 8, 9


**STATUTES**

35 U.S.C. § 255 ................................................................................................................ 10

Fed. R. Civ. P. 15 .............................................................................................................. 13

Fed. R. Civ. P. 15(d).......................................................................................................... 14

Fed. R. Civ. P. 16 ........................................................................................... 5, 10, 11, 12

Fed. R. Civ. P. 16(b)........................................................................................................... 5

Fed. R. Civ. P. 16(b)(4)....................................................................................................... 5

Fed. R. Civ. P. 37(b)(2)(C)................................................................................................. 5

## I. INTRODUCTION

Finjan's motion to amend its complaint to include a corrected copy of its asserted U.S. Patent No. 8,141,154 ("'154 Patent") should be denied.  Finjan's delinquent request contravenes clear Federal Circuit precedent barring application of a certificate of correction to previously existing litigation absent leave of Court.  Moreover, Finjan has no excuse for its lack of diligence in bringing its motion, which seeks relief that would prejudice Proofpoint, Inc. and Armorize Technologies, Inc. (collectively "Defendants"), as it comes after months of delay and after Defendants served their invalidity contentions under the Patent Local Rules.  Finjan's motion is based on a certificate of correction issued February 25, 2014 that purports to correct the '154 patent's claim to an earlier priority date.  The certificate of correction, however, came after Finjan had already instituted the present action and thus has no effect in the present litigation.  Nevertheless, despite that the correction issued three months *before* the May 28, 2014 deadline to amend pleadings, Finjan made no attempt to amend its complaint to assert the corrected patent.  Indeed, it was not until *seven months* after the certificate of correction issued that Finjan finally elected to take action.

Finjan attempts to justify its delay by arguing that a July 2014 Federal Circuit opinion provided the first clue that Finjan needed to amend its complaint to assert its corrected patent.  Finjan misstates the law.  The Federal Circuit held over 14 years ago, in 2000, that a "certificate of correction is only effective for causes of action arising after it was issued."  Since then, courts in this District have relied on this authority to hold that a certificate of correction is ineffective as to a patent already asserted in pre-existing litigation.  The recent Federal Circuit case Finjan relies on simply reiterates this decade-old precedent, and is therefore nothing more than a reaffirmation of a long-standing rule and provides no justification for its delay.

Finjan's lack of diligence has caused Defendants to expend substantial resources and suffer undue prejudice, notably with respect to their investigation of prior art and preparation of invalidity contentions based the priority date of the '154 patent that is and should be in force in this litigation.  Indeed, any claim by Finjan that there would be no prejudice to Defendants or that this case is in its early stages is belied by Finjan's vigorous claims to the contrary in opposing Defendants' motion to stay.  To grant Finjan leave to amend its complaint at this stage of the litigation would condone, if not

encourage, Finjan's lack of diligence at the expense of Defendants' ability to defend themselves against Finjan's claims. Finjan's failure to timely act is further compounded by its failure to disclose its intent to rely on the certificate of correction in this case through two case management conferences and in response to Defendants' discovery requests. Finjan's request to only now seek leave to amend or supplement its complaint after the deadline for such amendments has long since passed should therefore be denied.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The issue presented by Finjan's motion is whether Finjan should be granted leave to amend its complaint, notwithstanding that (1) Finjan knew about all the pertinent facts giving rise to its motion no later than February 25, 2014, when the U.S. Patent and Trademark Office ("USPTO") issued a certificate of correction for the '154 patent (Kash Decl. ¶ 4); (2) Finjan waited another seven months, until September 26, 2014, to file its motion to amend—inexplicably, this was an additional month after Finjan had already filed a nearly identical motion in a separate lawsuit (*see Finjan, Inc. v. Websense, Inc.*, Case No. 5:13-cv-04398-BLF, Dkt. No. 98 (Aug. 29, 2014)); (3) consideration of a certification of correction during a pending litigation is not permissible in the Northern District of California; (4) Defendants would be unduly prejudiced by Finjan's introduction of a certificate of correction changing the purported priority date of the '154 patent by nearly five years at this stage of the litigation; and (5) the guidance from the Special Master in *Finjan, Inc. v. Websense, Inc.* has no bearing on the present case.

## III.   STATEMENT OF FACTS

### A.   The Present Action

On September 15, 2013, Finjan requested a certificate of correction from the USPTO to correct purportedly missing priority information for the '154 Patent. (Kash Decl. ¶ 5.) Rather than wait for the certificate of correction to properly issue before filing suit on the '154 Patent, Finjan filed this lawsuit against Defendants on December 16, 2013. (Dkt. No. 1.) The copy of the '154 patent filed with the Complaint did not contain the certificate of correction, nor could it have. (Kash Decl. ¶ 6.) Rather, on February 25, 2014, the USPTO issued the certificate of correction for the '154 patent. (Kash Decl. ¶ 4.)

On April 3, 2014, the parties attended a case management conference in this action before Judge Alsup. (Dkt. No. 41.)  At no point during the parties' Fed. R. Civ. P. 26(f) conference, preparation and filing of the parties' joint case management statement, or participation in the April case management conference did Finjan ever indicate that it intended to amend its complaint or that it would attempt to assert its corrected '154 Patent in the instant action.  Indeed, during the initial April case management conference before Judge Alsup, Finjan failed to disclose that its petition for a certificate of correction of the '154 Patent had recently issued.  (Kash Decl. ¶ 7.)  Judge Alsup subsequently issued a civil minute order setting May 28, 2014 as the deadline for the parties to amend their pleadings.  (Dkt. No. 42.)

On April 14, 2014, Finjan responded to an interrogatory asking for identification of the reduction to practice dates for each of the asserted claims.  In its response, Finjan alleged that the '154 Patent was allegedly reduced to practice "no later than December 12, 2005[,]" but failed to identify any basis for this date or to mention the certificate of correction.  (Kash Decl. ¶¶ 8, 9; Exs. A, B.)

Finjan served its Infringement Contentions and Document Production Accompanying Disclosure under Patent Local Rules 3-1 and 3-2 on April 17, 2014.  The file history of the '154 patent contained the certificate of correction, but was not mentioned in Finjan's cover pleading.

On June 9, 2014, Defendants served their invalidity contentions based on the priority date of the '154 patent in force in the present litigation, absent the certificate of correction that issued after Finjan instituted this action.  In the invalidity contentions, Defendants stated that Finjan had not established that the asserted claims of the '154 patent are entitled to a priority date earlier than the June 14, 2010 filing date of the '154 Patent.  (Kash Decl. ¶ 10.)

After this action was reassigned from Judge Alsup to this Court, the parties again drafted and filed a joint case management statement and attended a second case management conference on June 12, 2014. (Dkt. Nos. 58, 59.)  Throughout this process, Finjan again failed to mention the certificate of correction for the '154 patent or its intent to seek leave to file an amended complaint.  (Kash Decl. ¶ 11; Dkt. Nos. 58, 59.)  It was not until more than two months later, on August 25, 2014, that Finjan indicated for the first time its intent to amend its complaint to include the certificate of correction of the '154 patent.  (Kash Decl. ¶ 13, Ex. D.)  Finjan's request thus came over nine months after it

instituted this action, over six months after its certificate of correction issued, and nearly three months after the deadline to amend its complaint had passed.

On September 12, 2014, after exchanging a number of emails on the subject, counsel for Defendants informed Finjan that they would not consent to Finjan's attempt to amend its complaint. The parties met and conferred on September 17, 2014 and reached an impasse, because Finjan's attempt to introduce a belated certificate of correction in the instant action is contrary to Federal Circuit and Northern District of California precedent. (Kash Decl. ¶ 13, Ex. D.)

### B. The Websense Litigation

As this Court is aware, a separate litigation involving the '154 patent was pending between Finjan and Websense, Inc. ("the Websense Litigation"; *Finjan Inc. v. Websense, Inc.*, Case No. 13-cv-04398 (N.D. Cal. filed Sept. 23, 2013)), which has since settled. The facts of the Websense Litigation are similar, and Finjan sought leave to amend its complaint in that case as well—a motion that was still pending when the Websense Litigation settled and was dismissed by this Court. (Websense Litigation, Dkt. No. 107.) On January 17, 2014, Websense served an interrogatory seeking the bases for Finjan's patent priority claims, which should have prompted Finjan to disclose the certificate of correction. (Websense Litigation, Dkt. No. 101. at 2.) However, Finjan's February 21, 2014 response failed to mention the then-pending certificate of correction. (*Id.*) Finjan also failed to disclose the then-pending petition for certificate of correction during its initial case management conference with Websense on February 14, 2014 before Judge White. (*Id.*)

Based on these facts, Finjan was alerted of the issue at least as early as January 17, 2014 in the Websense Litigation, but failed to notify Defendants in the present action until August 25, 2014, over seven months from Websense's interrogatory addressing the priority date of the '154 patent. In viewing the two timelines, Finjan was fully aware of the certificate of correction in the Websense Litigation which was well ahead of the schedule in the present action. At no time did Finjan notify the court of the defendants in either case of the petition for certificate of correction or the issuance of the certificate of correction until after the deadline for amendment in both cases.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 16 governs amendment of pleadings once the deadline for amending pleadings in a court's pretrial scheduling order has passed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992); *see also*, *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) ("[Rule 16] authorizes a district court to enter a scheduling order that limits joinder of parties and amendment of the pleadings . . . Violations of a scheduling order may result in sanctions, including dismissal under [Fed. R. Civ. P] 37(b)(2)(C)"). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Good cause requires a showing that the scheduling order deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotations omitted). Thus, to establish good cause, the movant must show that it (1) diligently assisted the court in recommending and creating a workable scheduling order, (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, and (3) was diligent in seeking an amendment once it reasonably knew that it could not comply with the scheduling order. *NavCom Tech., Inc. v. Oki Elec. Indus. Co., Ltd.*, No. 5:12-cv-04175-EJD, 2014 WL 991102, at *1 (N.D. Cal. Mar. 11, 2014). Because diligence is a necessary element to obtain relief from a scheduling order deadline, "[i]f [the movant] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Furthermore, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Only if the movant satisfies its burden under Rule 16(b) do courts consider the permissibility of amendment under Rule 15. *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 2349274, at *1 (N.D. Cal. Aug. 14, 2007) ("If good cause is shown pursuant to Rule 16, then the party seeking amendment must also demonstrate that leave to amend is proper under Rule 15."); *Tessera, Inc. v. Sony Corp.*, No. 5:11-cv-04399 EJD, 2013 WL 97794, at *1 (N.D. Cal. Jan. 7, 2013) (holding that courts examine the Rule 15 factors "[i]f, and only if, the requisite good cause is shown" under Rule 16(b)). Furthermore, despite a policy generally favoring amendment under Rule 15, courts retain

discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## V.  ARGUMENT

### A.  Finjan Has Shown No Good Cause for its Amendment.

Finjan has no good cause to amend the scheduling order because (1) case law from the Federal Circuit and the Northern District of California make clear that a correction to a patent during pending litigation is not effective in that litigation, (2) Finjan knew about the certificate of correction long before the deadline to amend passed, and (3) Finjan failed to disclose its intent to rely on its corrected patent or intent to use the certificate of correction to support an earlier priority date for the asserted claims in the '154 patent.

#### 1.  Finjan's Proposed Amendment is Ineffective.

Perhaps recognizing that a nine-month delay between the filing of the complaint and the filing of its motion for leave to amend is incompatible with a finding of diligence, Finjan contends that it could not have known that it needed to amend its complaint until the Federal Circuit issued its opinion in *H-W Technology* in July 2014.  (Mot. at 9-10.)  This argument is belied by the fact that *H-W Technology* is just the latest case in a long line of precedent that makes clear corrected patents have no effect in pending litigation filed before the correction issued.  Courts in other districts have indicated that a patentee may seek to amend its complaint to assert the corrected patent, but even those courts have required a showing of diligence that Finjan has not met.

The Federal Circuit first explained, more than a decade ago, that a certificate of correction has no retroactive effect and, therefore, no effect in pending litigation. *Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1295 (Fed. Cir. 2000).  In *Southwest Software*, the Federal Circuit held that, "for causes arising before its issuance, the certificate of correction is not effective." *Id.*  This standard did not change between *Southwest Software* in 2000, and *H-W Technology* in 2014. *See H-W Tech., L.C. v. Overstock.com, Inc.*, Nos. 2014–1054, 2014–1055, 2014 WL 3377128, at *4 (Fed. Cir.

1  July 11, 2014). In fact, in the intervening decade, the Northern District of California has consistently
2  applied the law to prohibit a certificate of correction from being applied to a case that was instituted
3  before the issuance of the certificate. *See, e.g., Nova Measuring Instruments, Ltd. v. Nanometrics,*
4  *Inc.*, No. C 05–0986 MMC, 2006 WL 3491010, at *3, n. 11 (N.D. Cal. Dec. 1, 2006) (holding that the
5  Federal Circuit *Southwest* decision bars a certificate of correction from being applicable in a lawsuit
6  that has already been filed); *Quantum Corp. v. Storage Tech., Corp.*, No. C 03–01588 WHA, 2004
7  WL 5677013, at *5 (N.D. Cal. Feb. 17, 2004) (same). Further, other District Courts in the Ninth
8  Circuit have also followed the same policy as the Northern District of California with respect to
9  certificates of correction. *See, e.g., Intel Corp. v. Altima Comm., Inc.*, 275 F. Supp.2d 1236, 1254-55
10 (E.D. Cal. 2003) (interpreting *Southwest* as barring certificates of correction as being ineffective in
11 lawsuits already filed); *Quantum Corp. v. Storage Technology Corp.*, 2004 WL 5677013, at *1
12 (same). Accordingly, Finjan's attempt to assert its corrected '154 Patent in this action should be
13 rejected outright in view of this authority.
14        Even assuming Finjan is allowed to amend its complaint to assert the corrected patent, as some
15 courts in other districts have allowed, Finjan's request should still be denied because it did not
16 diligently pursue its amendment, a requirement that even those courts have required. For example, the
17 District Court of Nevada has held that any delay in amending the complaint to include a certificate of
18 correction bars a plaintiff from including the certificate of correction in a pending ligation. *See Server*
19 *Tech., Inc. v. American Power Conversation Corp.*, No. 3:06–CV–00698–LRH–VPC, 2012 WL
20 4511240 (D. Nev. Sep. 28, 2012); *see also Alltrade Tools, LLC v. Olympia Group, Inc.*, No. SACV
21 03-0458-JVS (MCX), 2003 U.S. Dist. LEXIS 26248, at *10 (C.D. Cal. Oct. 8, 2003) (addressing a
22 motion to amend pleadings to add claims requesting "prospective relief for patent infringement from .
23 . . the [issuance] date of the Certificate of Correction"); *Nat'l Prods., Inc. v. Palmetto W. Trading Co.,*
24 *LLC*, No. C 05-345JLR, 2006 WL 1207895, at *9 (W.D. Wash. May 4, 2006) (directing parties to
25 seek leave to amend "if the parties wish to amend their allegations of infringement or invalidity based
26 on the recently filed [Certificate of] Correction"); *LG Elecs., Inc. v. Quanta Computer Inc.*, 566 F.
27 Supp. 2d 910, 912 (W.D. Wis. 2008) ("[A]ny certificate of correction [] received from the patent
28 office would not be effective for the purpose of enforcement unless [plaintiff] filed a new lawsuit or

amended its complaint."); *Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236 (D. Conn. 2009) (same); *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 CV 2131, 2011 WL 1642518, at *4 (N.D. Ill. Apr. 29, 2011) (same).

Ultimately, the overwhelming precedent of the courts underscores that Finjan knew or should have known that amendment of its complaint in this action may be required to even attempt to introduce the corrected '154 Patent. Finjan's contention that *H-W Technologies* effected a sea change in the law governing certificates of correction is simply incorrect, and ignorance of the law provides no excuse to a lack of diligence. *See, e.g.*, *Townsel v. Cnty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) ("We do not agree that . . . ignorance of [the law] constitutes good cause . . . .").

Moreover, the cases cited by Finjan for support of its position are actually to the contrary. In *Southwest Software*, the Federal Circuit did not need to address the procedural requirements for asserting new causes of action because "Southwest's cause of action . . . arose before the certificate of correction was issued" and ongoing infringement was not alleged. 226 F.3d at 1297. Similarly, Finjan's reliance on *E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions LLC*, 525 F.3d 1353, 1362 (Fed. Cir. 2008) is misplaced because the certificate of correction in that case issued nearly a year ***before*** commencement of the litigation.

Finjan's claim that it relied on the statement in *Worlds, Inc. v. Activision Blizzard, Inc.*, Civil Action No. 12-10576-DJC, 2014 WL 972135, at *9 n.10 (D. Mass. Mar. 13, 2014) that "nothing about the Court's order prevents [plaintiff] from asserting infringement from the date of the certificate going forward," is not credible. That court was simply reiterating the well-settled principle that certificates of correction are not retroactive; it was not discussing the procedural requirements to assert a corrected patent. In fact, the court went on to order "the parties to meet and confer to discuss whether the appropriate course of action is for the Court to dismiss the instant action (without preventing Worlds from ***commencing a new action alleging infringement from the date of the certificates going forward***), or merely confine this decision to infringement allegedly occurring from the dates the patents issued through the lives of the Patents–In–Suit." *Id*. (emphasis added). Even *Worlds* confirms that either amendment or initiation of a new lawsuit is required to assert a corrected patent. Indeed, by

asserting that it relied on *Worlds*, Finjan tacitly admits its knowledge of the law, further confirming its lack of diligence. (*Id.*)

Finally, Finjan's cherry-picked cases from the District of Massachusetts and the Northern District of Illinois are unpersuasive given the great weight of authority against them in the Federal Circuit and the Northern District of California. The present action is distinguishable from the cases cherry-picked by Finjan. For example, prior to the filing of the Motion for Leave to Amend, the *Lamoureux* plaintiff filed a supplemental complaint to include actions ***arising after*** the issuance of the certificate of correction. (F.Supp.2d 227, 236 (D.Conn. 2009).) Therefore, the court found that the certificate of correction could ***only*** be considered for the counts added through supplementing the complaint. (*Id.*) Similarly, *Masonite Corp. v. Craftmaster Manuf. Inc.*, also relied on by Finjan, required plaintiffs to supplement their complaint to include counts of infringement ***arising after*** the issance of the certificate of correction. (2011 WL 1642518, at *4.) Finjan has not supplemented their complaint to include specific counts of infringement ***arising after*** the issuance of their certificate of correction for the '154 patent and is barred from doing so because the deadline for amendment has long passed.

In light of the abundant authority that amendment is a necessary procedural step to assert a corrected patent, there is no excuse for Finjan's failure to timely amend here. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

### 2. Finjan Unjustifiably Seeks Court Assistance with a Problem That Was Foreseeable and Entirely of Its Own Making.

There is no good cause for Finjan's proposed amendment because Finjan solely and exclusively created the problem it now faces. Before it filed this action, Finjan recognized that the '154 patent had a defective priority claim that rendered the patent invalid in light of an earlier-filed, alleged parent patent application that had been published. Finjan therefore filed a petition seeking a certificate of correction on September 19, 2013, to claim priority to the alleged parent application, thereby purporting to eliminate it as potentially invalidating prior art. (Kash Decl. ¶ 5.) Finjan nevertheless filed its complaint asserting the '154 Patent in this action on December 16, 2013, before

the requested certificate of correction had issued. This is despite that the Patent Act clearly states that certificates of correction are not effective until granted and are not retroactive. *See* 35 U.S.C. § 255 ("Such patent, together with the certificate, shall have the same effect and operation in law on the trial of actions ***for causes thereafter arising*** as if the same had been originally issued in such corrected form." (emphasis added)). In other words, Finjan created the predicament it now finds itself in, and its need to file an amended complaint was foreseeable on the day it filed its certificate of correction.

### a. Finjan *Was* Able to Comply with the Court's Deadline for Amending Pleadings, but Allowed It to Pass.

The USPTO issued the certificate of correction of the '154 Patent on February 25, 2014 (Kash Decl. ¶ 4.), more than three months before the May 28, 2014 deadline to amend pleadings in this action. (Dkt. No. 42.) Yet Finjan took no action to amend its complaint to assert infringement of the corrected '154 patent and, instead, allowed the deadline to amend pleadings to pass. This fact alone should foreclose Finjan's attempt to show diligence.

In *TV Interactive Data Corp. v. Sony Corp.*, No. 10-0475 PJH, 2012 WL 3791414, at *4 (N.D. Cal. Aug. 31, 2012), the court found "that [plaintiff's] failure to establish reasonable diligence alone warrants denial of the motion [to amend]." 2012 WL 3791414, at *4. Although the plaintiff in that case argued that the defendant had been aware for several months of the substance of plaintiff's amendment and that any delay was minor because expert discovery was ongoing and trial was several months away, the court emphasized that "[plaintiff's] papers make clear that [plaintiff had] been aware of the [facts underlying the proposed amendment] for some time. Moreover, not only was [plaintiff] not diligent with regard to seeking leave to amend when it first knew about [these facts], it was not diligent in seeking leave to amend after the court imposed the deadline for amending pleadings." *Id.* at *3-4; *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (to support a finding of diligence, the movant must show "that [its] noncompliance with a Rule 16 deadline occurred . . . notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference"); *NavCom Tech.*, 2014 WL 991102, at *1 (movant must show that it "was

diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order").

Finjan's delay is even worse than in *TV Interactive*. Finjan made no attempt to amend its complaint to assert the corrected '154 patent between the issuance of the certificate on February 25, 2014 and the expiration of the deadline to amend on May 28, 2014. Instead, Finjan waited over *seven months* after the issuance of the certificate of correction and four months after the deadline to amend pleadings before seeking leave to amend its complaint. In that time, the parties have conducted discovery and exchanged infringement and invalidity contentions. There is simply no excuse for Finjan's delay.

### b. Finjan Could Have Informed the Court of the Pending Certificate of Correction So the Court Could Craft an Appropriate Schedule, but Finjan Chose Not To.

Finjan also failed to alert the Court to the fact that it was seeking to correct the '154 patent—a correction that Finjan should have recognized could conceivably require amendment of its complaint—before the Court issued its Scheduling Order. Indeed, the Court held case management conferences on April 3, 2014 and June 12, 2014, but Finjan made no mention of its petition to correct the '154 patent at either conference, nor did Finjan mention its instant motion to amend as being a contemplated motion in any of the case management statements filed with the Court. (Kash Decl. ¶¶ 7, 11.) During these case management conferences, Finjan was fully aware of the certificate of correction due to the Websense Litigation, which was ahead of the schedule of the present action by several months. Finjan therefore failed to discharge its "duty to assist the court in fashioning a Rule 16 order that would accommodate circumstances [it] now presents." *Jackson*, 186 F.R.D. at 608 ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments in their status reports . . . ."); *see also*, *Dreith* 648 F.3d at 787 (9th Cir. 2011) (stating that "Rule 16 authorizes a district court to enter a scheduling order that limits . . . amendment of the pleadings."). Finjan's failure to raise this issue at the case management conference when the schedule could have been adjusted to accommodate the amendment it now proposes is the antithesis of diligence. *Id.* ("If Plaintiff was aware of those circumstances when [it] submitted [its] status report and yet said nothing

about them, then such an omission would not be compatible with a finding of diligence."); *see also Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments . . . are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

The facts here are similar to those in *Life Technologies Corp. v. Ebioscience, Inc.*, No. 10cv2127-IEG (NLS), 2012 WL 3628624 (S.D. Cal. Aug. 21, 2012). There, the court denied plaintiff's motion to amend its complaint to add patents that were pending when the action commenced. *Id*. at *2-3. The court found a lack of diligence because the plaintiff made no attempt to alert the court of the patents, did not allude to any anticipated amendment when the scheduling order deadline was entered, and made no attempt to alert the court when the patents did in fact issue. *Id.* at *2. Similarly here, Finjan did not alert the Court of the impending issuance of the certificate of correction, did not mention there there might be the need to amend its complaint, and never informed the Court once the certificate of correction ultimately issued. *See Jackson*, 186 F.R.D. at 608 ("[A] party who fails to assist the Rule 16 scheduling judge in fashioning workable programmatic procedures must bear the reasonably foreseeable consequences for [its] failure to do so.").

Not only did Finjan fail to inform Judge Alsup of the certificate of correction at the April 3 case management conference, Finjan also failed to inform this Court of the certificate of correction at the June 12, 2014 case management conference. Finjan made no effort to exercise diligence in amending its complaint. That is, Finjan took no action despite numerous opportunities to raise this issue in a timely manner.

### 3. The Equities Weigh Against Amendment Because Finjan Strategically Concealed the Certificate of Correction from Defendants.

Finjan's lack of diligence in seeking leave to amend is compounded by its decision not to disclose to the Court or Defendants that it intended to assert the corrected version of the '154 patent in this litigation. In addition, Finjan failed to include mention of the certificate of correction in its initial response to Defendant's interrogatory concerning reduction to practice. (*See* Kash Decl. ¶ 9, Ex. B.) Specifically, Finjan alleged that the invention was reduced to practice on December 12, 2005, but provided no evidence to support this proposition. (*Id.*) Moreover, Finjan withheld information about

1  its reliance on the certificate of correction to support a patent priority date five years earlier than its
2  application filing date until after Defendants served its invalidity contentions. Finjan's concealment
3  of highly-relevant information about its priority claims is another reason to deny leave to amend.

4  Finjan's failure to disclose its intent to rely on the certificate of correction in discovery
5  suggests that Finjan's otherwise inexplicable delay in seeking leave to amend was a purely tactical
6  decision. And because its delay in seeking leave to amend its complaint resulted from a deliberate
7  choice, Finjan has no room to complain now that the deadline to amend pleadings has passed and is
8  stuck with the uncorrected '154 patent.

### B. Finjan's Inexcusable Delay in Seeking Leave to Amend Precludes Amendment Under Rule 15.

The Court need not even reach the Rule 15 analysis because Finjan was not diligent in seeking relief from the Scheduling Order. *See Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, Nos. 11-cv-2861-SC, 10-cv-5591-SC, 2012 WL 6095089, at *3 (N.D. Cal. Dec. 7, 2012) (holding that the court "need not engage in the Rule 15 analysis, because it determines that Plaintiff has fallen short of showing good cause by waiting too long to file the instant motion"). Nevertheless, even under the Rule 15 analysis, Finjan's delay precludes leave to amend.

In *LG Electronics*, the court denied the plaintiff's motion to supplement its complaint to assert causes of action based on certificates of correction issuing after commencement of the litigation. In doing so, the court focused heavily on the plaintiff's inexcusable delay in seeking to supplement:

> Plaintiff says that it sought to supplement its complaint as soon as it could, but it would be charitable to call such a representation disingenuous. First, plaintiff knew when it filed this lawsuit that [the patent claims] contained errors that made them unenforceable without a correction. It also knew that any certificate of correction it received from the patent office would not be effective for the purpose of enforcement unless it filed a new lawsuit or amended its complaint. Despite this knowledge, plaintiff pressed ahead with its claims for infringement of [the patent claims] without waiting to receive an answer from the patent office before filing suit.

566 F. Supp. 2d at 912 (citing *Southwest Software*, 226 F.3d at 1294) (internal citations omitted). Accordingly, even if the Court reaches the Rule 15 analysis—which it need not do because Finjan failed to show good cause to amend—Finjan's request should still be denied.

**C.    Finjan's Request for Leave to Supplement Its Complaint Mischaracterizes the Relief It Seeks.**

Even if Finjan is granted leave to supplement its complaint to add the corrected '154 Patent, such supplementation is, nevertheless, an improper means to assert the corrected '154 patent. The purpose of supplementation is limited to setting out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The corrected '154 patent is not a transaction, occurrence, or event; rather it is a patent that is materially different than the one Finjan initially asserted, and can only be brought into this case via amendment. *See H-W Tech.*, 2014 WL 3377128, at *4 ("[I]t appears that [plaintiff] never even sought to amend the complaint to reflect the correction of claim 9."). Finjan's attempt to supplement its complaint is therefore improper.

In any event, the analysis to determine if supplementation is permissible is the same analysis that is used for amendment. As discussed above, Finjan's inexcusable nine-month delay between filing the complaint and the motion for leave to amend precludes amendment, and therefore precludes supplementation as well. *See LG Elecs.*, 566 F. Supp. 2d at 912 (supplementation of complaint denied largely due to plaintiff's delay in seeking leave to supplement).

**D.    The Recommendations of a Special Master in a Different Lawsuit Has No Applicability to the Present Case.**

The Order of the Special Master ("the Special Master's Order") and associated proceedings in the Websense litigation is not applicable in the present action because (1) the Special Master's Order—by its very terms—is limited to the particular facts, circumstances, and parties of the Websense litigation;[1] and (2) Finjan adopts inconsistent positions concerning the similarities of co-

---

[1] The Order, which specifically addresses whether Websense was allowed to amend its invalidity contentions, states: "This Stipulated Order . . . reflects the specific facts and circumstances of this case. Notably, the circumstances surrounding ***this stipulation and recommendations are unique to the circumstances present in this case***, and neither Party takes any position regarding whether the procedures set forth below would be appropriate in any other case."

pending actions, which only serves Finjan's litigation strategy.[2] Furthermore, the Websense litigation settled and the Court never resolved the issue on the question of whether Finjan should be allowed leave to amend—an issue Websense contested. Thus, the Websense Special Master's guidance should not be given any weight in the present action.

### E. Defendants Will Suffer Undue Prejudice If Finjan's Motion for Leave to Amend the Complaint Is Granted.

If for no other reason, Finjan's attempt to introduce the corrected '154 Patent in the instant action should be denied due to the resulting undue prejudice that would be suffered by Defendants. For example, Defendants conducted invalidity searches and presented their invalidity contentions all based on the 2010 filing date of the '154 Patent, and not the purported corrected 2005 priority date introduced in Finjan's certificate of correction. Accordingly, if Finjan's newly asserted priority date for the '154 Patent is given effect in the current litigation, then numerous prior art references obtained by Defendants would no longer qualify as prior art, severely hindering Defendants' ability to present a complete invalidity defense against the '154 Patent. Defendants should not be punished for serving invalidity contentions based on the version of the '154 Patent in effect in this litigation, particularly in view of Finjan's failure to diligently disclose the certificate of correction or seek a motion to amend its complaint, as described above. Indeed, during the proceedings on Defendants' Motion to Stay (Kash Decl. ¶ 12; Ex. C.), Finjan argued vigorously that a swift resolution of the present action was required because the litigation had progressed too far, but now in filing the present motion, Finjan is attempting to restart much of the case.

Should the Court allow Finjan to introduce the corrected '154 Patent in this action, Defendants respectfully request that they be allowed sufficient time to supplement their invalidity contentions in order to address the new priority date for the corrected '154 Patent.

---

[2] For example, in order to avoid a stay, Finjan distinguished the case against Proofpoint and Armorize from the *FireEye* action. (*See* Dkt. No. 66 at 5-9.)

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Finjan's motion for leave to amend or supplement its complaint.

DATED: October 10, 2014

Respectfully submitted,
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Jennifer A. Kash*
Jennifer A. Kash
Attorneys for Defendants PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC.