1   PAUL J. ANDRE (State Bar No. 196585)
    pandre@kramerlevin.com
2   LISA KOBIALKA (State Bar No. 191404)
    lkobialka@kramerlevin.com
3   JAMES HANNAH (State Bar No. 237978)
    jhannah@kramerlevin.com
4   KRAMER LEVIN NAFTALIS & FRANKEL LLP
    990 Marsh Road
5   Menlo Park, CA  94025
    Telephone: (650) 752-1700
6   Facsimile: (650) 752-1800

7   *Attorneys for Plaintiff*
8   FINJAN, INC.

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14
    FINJAN, INC.,                        Case No.: 13-cv-05808-BLF
15
                   Plaintiff,            **PLAINTIFF FINJAN, INC.'S REPLY IN
16                                       SUPPORT OF ITS MOTION FOR LEAVE
            v.                           TO AMEND OR SUPPLEMENT THE
17                                       COMPLAINT**
    PROOFPOINT, INC. AND ARMORIZE
18  TECHNOLOGIES, INC.,
                                         Date:      November 13, 2014
19                 Defendant.           Time:      9:00 a.m.
                                         Place:     Courtroom 3, 5th Floor
20                                       Before:    Honorable Judge Beth L. Freeman

21

22

23

24

25

26

27

28

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION      CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A. Finjan Has Diligently Sought and Shown Good Cause for Amendment ......................... 2

        1. The Certificate Of Correction Applies In This Action Regardless Of Amendment ....................................................................................................... 2

        2. Finjan Seeks Amendment Based on the August 8, 2014 Hearing with the Special Master in the Websense Action ................................................................. 4

        3. Finjan Diligently Filed This Motion After The August 8, 2014 Hearing ............ 8

        4. Finjan Provided Ample Notice to Defendants of the Certificate of Correction .................................................................................................... 12

    B. Defendants Fail to Make Any Showing of Prejudice, Delay of Schedule, Bad Faith or Futility ........................................................................................................ 13

    C. A Supplemental Complaint is a Proper Method of Including a Certificate of Correction. ......................................................................................................... 15

III. CONCLUSION ....................................................................................................... 15

i

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION    CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alltrade Tools, LLC v. Olympia Group, Inc.*,
    No. SACV 03-0458-JVS, 2003 U.S. Dist. LEXIS 26248 (C.D. Cal. Oct. 8, 2003) .......................... 7

*E. I. DuPont de Nemours & Co. v. MacDermid Printing Solutions, L.L.C.*,
    525 F.3d 1353 (Fed. Cir. 2008).................................................................... 3, 5, 6

*Eminence Capital, LLC. v. Aspeon. Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ........................................................................ 2

*C.F. ex. rel. Farnan v. Capistrano Unified Sch. Dist.*,
    654 F.3d 975 (9th Cir. 2011) ........................................................................ 15

*Finjan, Inc. v. Sophos, Inc.*,
    Case No. 14-CV-01197-WHO (N.D. Cal. August 19, 2014), ECF Dkt. No. 44 ............................ 10

*Finjan, Inc. v. Symantec Corp.*,
    Case No. 14-CV-02998-RS (N.D. Cal. Sept. 11, 2014), ECF Dkt. No. 30 .................................. 10

*Finjan, Inc. v. Websense, Inc.*,
    Case No. 13-CV-04398-BLF (N.D. Cal.) ............................................................. *passim*

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................... 13

*H-W Technology, L.C. v. Overstock.com, Inc.*,
    758 F.3d 1329 (Fed. Cir. July 11, 2014)............................................................ *passim*

*Intel Corp. v. Altima Commc'ns, Inc.*,
    275 F. Supp.2d 1236 (E.D. Cal. 2003)............................................................... 6, 7

*Jackson v. Laureate, Inc.*,
    186 F.R.D. 605 (E.D. Cal. 1999) .............................................................. 10, 11, 12

*Lamoureux v. AnazaoHealth Corp.*,
    669 F.Supp.2d 227 (D. Conn. 2009).............................................................. 4, 7, 15

*LG Elecs., Inc. v. Quanta Comp. Inc.*,
    566 F. Supp. 2d 910 (W.D. Wis. 2008) ........................................................ 7, 11, 15

*Life Techs. Corp. v. Ebioscience, Inc.*,
    No. 10cv2127-IEG (NLS), 2012 WL 3628624 (S.D. Cal. Aug. 21, 2012) ............................ 11, 12

ii

*Masonite Corp. v. Craftmaster Mfg., Inc.*,
No. 09 CV 2131, 2011 WL 1642518 (N.D. Ill. Apr. 29, 2011)................................4, 7, 15

*Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*,
Nos. 11-cv-2861-SC, 10-cv-5591-SC, 2012 WL 6095089 (N.D. Cal. Dec. 7, 2012).......... 10, 11, 12

*Nat'l Prods., Inc. v. Palmetto W. Trading Co., LLC*,
No. C05-345JLR, 2006 WL 1207895 (W.D. Wash. May 4, 2006)..................................... 7

*NavCom Tech., Inc. v. Oki Elec. Indus. Co., Ltd.*,
No. 5:12-cv-04175-EJD, 2014 WL 991102 (N.D. Cal. Mar. 11, 2014) .............................. 10, 11, 12

*Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*,
No. C 05-0986 MMC, 2006 U.S. Dist. LEXIS 90736 (N.D. Cal. Dec. 1, 2006) .............................. 6

*Pfizer, Inc. v. Teva Pharm. U.S.A., Inc.*,
882 F.Supp.2d 643 (D. Del. 2012)............................................................................3, 6

*Quantum Corp. v. Storage Tech, Corp.*,
No. C 03-01588 WHA (N.D. Cal. Feb. 17, 2004), ECF Dkt. No. 99 .............................6, 7

*Rohm Co., Ltd. v. Nichia Corp.*,
No. Civ. A. 00-6379, 2003 WL 22844207 (E.D. Pa. Nov. 26, 2003)............................. 7

*Server Tech., Inc. v. American Power Conversion Corp.*,
No. 3:06-CV-00698-LRH-VPC, 2012 WL 4511240 (D. Nev. Sept. 28, 2012) .............................. 7

*Sonoma Cnty. Assoc. of Retired Employees v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013) ............................................................................ 13

*Southwest Software, Inc. v. Harlequin, Inc.*,
226 F.3d 1280 (Fed. Cir. 2000)......................................................................3, 5, 6

*TV Interactive Data Corp. v. Sony Corp.*,
No. 10-0475 PJH, 2012 WL 3791414 (N.D. Cal. Aug. 31, 2012).............................. 10, 11

*Worlds, Inc. v. Activision Blizzard, Inc.*,
Civil Action No. 12-10576-DJC, 2014 WL 972135 (D. Mass. March 13, 2014) .......................... 5, 7

**Federal Statutes**

35 U.S.C. § 255..........................................................................................................3

I.    **INTRODUCTION**

Finjan has good cause to amend its Complaint to reflect the certificate of correction clarifying the priority date for U.S. Patent No. 8,141,154 ( the "'154 Patent").  Defendants' primary basis for objecting to Finjan's amendment, that Finjan was supposedly not diligent in seeking the amendment, completely fails.  Finjan's consistent position has been that amendment is not necessary in light of the existing case law.  This position is evidently reasonable considering Defendants themselves have identified no controlling authority that finds that amendment is required.  Therefore, Finjan had <u>no reason</u> to seek to amend the Complaint until the August 8, 2014 hearing before the Special Master in the *Finjan, Inc. v. Websense, Inc.*, Case No. 13-CV-04398-BLF (N.D. Cal.) (the "Websense action")) regarding the '154 Patent.

During that hearing, the Special Master provided his opinion that amendment would be appropriate to ensure the certificate of correction applies to infringing conduct that occurred after its issuance.  Contrary to Defendants' characterizations, the new Federal Circuit case that he explicitly relied on in providing this opinion, *H-W Technology, L.C. v. Overstock.com*, *Inc.*, 758 F.3d 1329 (Fed. Cir. July 11, 2014), is the first Federal Circuit case to mention the issue of <u>amending</u> a complaint to add a certificate of correction.  Yet even in view of the *H-W Technology* decision, it is still not clear that amendment is necessary—indeed, the Special Master in the Websense action, a seasoned patent litigator, repeatedly acknowledged this was a "confusing" and "murky" issue of law.  Still, Finjan decided to seek amendment of its Complaint in this action out of an abundance of caution in case Defendants would dispute the applicability of the certificate of correction without an amendment due to the Special Master's opinion in the Websense case.  Incredibly, not only have Defendants chosen to dispute this, but they also take the untenable position that a certificate of correction can never apply in a lawsuit that has already commenced.  This position is completely contrary to unequivocal Federal Circuit precedent (and indeed, even Websense did not take this position when the parties briefed the issue to the Court).

Moreover, Defendants cannot credibly argue that Finjan was not diligent in amending its

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION      CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

complaint after the hearing with the Special Master in the Websense action.  Defendants do not dispute that, shortly after the hearing, Finjan requested that Defendants agree to the amendment and repeatedly followed up with Defendants.  Yet Defendants stalled for <u>three weeks</u> until they finally responded that they refused to agree to the amendment, without any explanation.  Finjan requested a hearing date <u>that same day</u>, and filed this motion shortly thereafter.

Defendants' arguments regarding prejudice also fail.  Finjan provided Defendants with the <u>certificate of correction itself</u>, as well as Finjan's priority claim based on the certificate of correction, long before Defendants' invalidity contentions were due.  Tellingly, the majority of the prior art cited by Defendants in their invalidity contentions actually rely on the correct priority date of the '154 Patent, not the incorrect date as Defendants disingenuously claim.  Defendants' cries of prejudice also ring hollow in view of their consistent position that this case is in the early stages, which Defendants have repeatedly used in attempts to delay the case and stall discovery.  Thus, Defendants have shown no impact on the case or prejudice to Defendants with Finjan's mechanical amendment of adding a certificate of correction as an exhibit to its Complaint.

Because Finjan was diligent and there is no prejudice to Defendants, amendment should be granted with extreme liberality.  *See Eminence Capital, LLC. v. Aspeon. Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Therefore, as explained further below, Finjan's motion for leave to amend should be granted.

## II.   <u>ARGUMENT</u>

### A.   **Finjan Has Diligently Sought and Shown Good Cause for Amendment.**

#### 1.   **The Certificate Of Correction Applies In This Action Regardless Of Amendment**

Based on controlling authority, Finjan's consistent position has been that the '154 Patent's certificate of correction applies to Defendants' infringing conduct occurring after the issuance of the certificate, even without amendment of the Complaint.  In contrast, Defendants take the untenable position that a certificate of correction "has no effect in pending litigation filed before the correction issued."  Dkt. No. 81, Opp. at 6.  As shown below, this position is completely contrary to clear Federal

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

Circuit precedent.

Certificates of correction to correct applicant error are governed by 35 U.S.C. § 255, which provides that when a certificate of correction issues for a patent, "[s]uch patent, together with the certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form."   Based on this statutory language, the Federal Circuit has held that a certificate of correction "is only effective for <u>causes of action</u> arising after it issued."   *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1334(Fed. Cir. July 11, 2014) (emphasis added) (quoting *Southwest Software, Inc. v. Harlequin, Inc.*, 226 F.3d 1280, 1294-95 (Fed. Cir. 2000)).  As the Federal Circuit has further noted, "each act of infringement gives rise <u>to a separate cause of action</u>," and thus a certificate of correction may apply to infringing conduct that occurs after issuance of the certificate of correction.  *E.I. DuPont de Nemours & Co. v. MacDermid Printing Solutions*, L.L.C., 525 F.3d 1353, 1363 (Fed. Cir. 2008) (emphasis added) (citations omitted).  In this manner, a certificate of correction that issues during a pending litigation may be used in that litigation.  *Id.* ("[Defendant's] argu[ment] that even if the certificate of correction is valid, it has no effect in this case because it was issued 'after the cause of action arose'… is based on a misreading of [the law].").

For instance, in *Southwest Software*, the Federal Circuit found that certificates of correction that issue during a litigation are applicable to cases involving ongoing infringement where each act of infringement gives rise to a separate cause of action. 226 F.3d 1280, 1297 (Fed. Cir. 2000) ("We point out that, for any cause of action arising after April 1, 1997, the date the certificate of correction issued, the certificate will be treated as part of the original patent.").  *See also, H-W Tech.*, 758 F.3d at 1344 (Fed. Cir. July 11, 2014) (certificate of correction applies if the suit involves continuing causes of action); *Pfizer Inc. v. Teva Pharm. U.S.A., Inc.*, 882 F.Supp.2d 643, 699 (D. Del. 2012) ("relevant case law has instructed that, for the purposes of determining whether a certificate of correction applies, the date on which the infringing conduct will occur, rather than the date a complaint is filed, dictates.") (citations omitted).

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION       CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

Indeed, the Special Master in the Websense action agreed that the certificate of correction can apply to post-issuance infringement in a pending litigation.  *See* Dkt. No. 80-1 (Declaration of James Hannah in Support of Finjan's Motion for Leave to Amend or Supplement the Complaint ("Hannah Decl.")); Dkt. No. 80-15, Hannah Decl., Ex. E (August 8, 2014 Transcript of Proceedings Before Special Master Alexander L. Brainerd ("Tr. of Proceedings")) at 128:15-19.  Even Websense agreed that the certificate of correction could apply to post-issuance infringement in a pending litigation, and only took issue with whether amendment is necessary.[1]  Defendants themselves cite authority completely inconsistent with this position in which courts apply certificates of correction in lawsuits commenced after their issuance.  *See e.g., Lamoureux v. AnazaoHealth Corp.*, 669 F.Supp.2d 227, 235-36 (D. Conn. 2009); *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 CV 2131, 2011 WL 1642518,*3-4 (N.D. Ill. Apr. 29, 2011).  In view of this overwhelming authority, Defendants cannot reasonably maintain that a certificate of correction cannot apply to this action.

### 2.     Finjan Seeks Amendment Based on the August 8, 2014 Hearing with the Special Master in the Websense Action

Despite Finjan's understanding that amendment is not necessary for the certificate of correction to apply in this action (and that no controlling authority requires it), the August 8, 2014 hearing before the Special Master prompted Finjan to seek amendment.  At that hearing, the Special Master provided his opinion that amendment may be necessary in order to apply the '154 Patent's certificate of correction to infringing conduct in this action occurring after issuance of the certificate.  The Special Master explicitly based his conclusion on the Federal Circuit's July 2014 *H-W Technology* case, stating:

> [S]eems to me that you have the option of either filing an amendment – seeking an amendment in this case based upon the corrected patent, which is presumably a valid patent – and that's the way I read the case we've been talking about, the *HW Technology* case.

---

[1] Notably, while Defendants copy wholesale large portions of Websense's opposition to Finjan's motion for leave to amend in the Websense action, Defendants have added this baseless argument that even Websense never made in its opposition (i.e., that a certificate of correction cannot apply in a lawsuit commenced before its issuance).

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

Dkt. No. 80-15, Hannah Decl., Ex. E (Tr. of Proceedings) at 128:15-19.  Thus, Defendants' opposition argument that Finjan supposedly failed earlier in the litigation (i.e., before the August 8, 2014 hearing) to seek or notify the Court about the amendment, is simply a red herring, because Finjan believed, and still does believe, that amendment is not necessary.  Despite this belief, Finjan has sought to amend its Complaint in view of the Special Master's opinion out of an abundance of caution to resolve any potential dispute as soon as possible.

The case law fully supports Finjan's position that it is not necessary to amend a complaint to add a certificate of correction clarifying a priority claim in an ongoing litigation.  The primary Federal Circuit precedent before *H-W Technology* included *Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280 (Fed. Cir. 2000) and *E. I. DuPont de Nemours & Co. v. MacDermid Printing Solutions, L.L.C.*, 525 F.3d 1353 (Fed. Cir. 2008), which Finjan has appropriately relied upon.  Defendants do not (and cannot) show that these Federal Circuit decisions required an amendment for a post-complaint certificate of correction to apply in an ongoing action.  Rather, the *Southwest Software* court stated that "for any cause of action arising after April 1, 1997, the date the certificate of correction issued, the certificate <u>will be treated as part of the original patent</u>."  *Southwest Software*, 226 F.3d 1280 at 1297 (emphasis added).  As such, *Southwest Software* supports Finjan's position that the certificate of correction applies to the '154 Patent automatically, and that amendment of the Complaint is not necessary.

In *DuPont*, the Federal Circuit provided additional insight by holding that a certificate of correction is effective for prospective causes of action.  Defendants, however, mischaracterize *DuPont*, arguing that the case is not relevant because the certificate of correction issued before the commencement of litigation.  Dkt. No. 81, Opp. at 8.  The ruling in *DuPont* was not based on that fact, but rather on the fact that the *alleged infringement* was prospective.  *See DuPont*, 525 F.3d at 1362 ("In contrast here, only MacDermid's future conduct (i.e., prospective infringement occurring after the issuance of the certificate of correction) is at issue for the purposes of the preliminary injunction motion."); *see also Worlds, Inc. v. Activision Blizzard, Inc.*, Civil Action No. 12-10576-DJC, 2014 WL

972135, at *9 n.10 (D. Mass. March 13, 2014); *Pfizer, Inc. v. Teva Pharm. U.S.A., Inc.*, 882 F.Supp.2d 643, 699 (D. Del. 2012).  Similarly, Finjan accuses future conduct alleging that Defendants' infringement of the '154 Patent is continuous and ongoing.  Dkt. No. 1, Complaint at 33-34.  Thus, Finjan properly relied on the Federal Circuit precedent in *Southwest Software* and *DuPont* to conclude that the '154 Patent's certificate of correction applies to Defendants' post-issuance infringement without having to amend the complaint.

Contrary to Defendants' claims, Finjan is not arguing that the H-W Technology provided "the first clue" that amendment may be necessary.  In fact, even the *H-W Technology* decision does not explicitly require an amendment for the certificate of correction to apply to post-issuance infringement.  Rather, the *H-W Technology* case tangentially mentions that the plaintiff had not sought to amend the complaint to reflect the certificate of correction.  758 F.3d at 1334.  Thus, Finjan has never claimed that *H-W Technology* effected a "sea change" as Defendants claim; rather Finjan was prompted to file this motion based on the Special Master's *interpretation* of *H-W Technology*.

Tellingly, Defendants can cite to no controlling authority requiring amendment of the Complaint for the certificate of correction to apply.  Most of the cases that Defendants cite "in the intervening decade" between *Southwest Software* and *H-W Technology* do not even address the issue of requiring an amendment for a certificate of correction to apply to post-issuance infringement.  In *Nova Measuring Instruments, Ltd. v. Nanometrics, Inc.*, No. C 05-0986 MMC, 2006 U.S. Dist. LEXIS 90736 (N.D. Cal. Dec. 1, 2006), *Quantum Corp. v. Storage Tech, Corp.*, No. C 03-01588 WHA, (N.D. Cal. Feb. 17, 2004), ECF Dkt. No. 99 [2], and *Intel Corp. v. Altima Commc'ns, Inc.*, 275 F. Supp.2d 1236 (E.D. Cal. 2003), all of which lack the benefit of *DuPont*, the plaintiff sought retroactive judicial correction for a claim term.  None of these cases address the issue of amending the complaint as the proper mechanics for including a certificate of correction.  *Nova*, 2006 U.S. Dist. LEXIS 90736, at

---

[2] Declaration of James Hannah in Support of Finjan's Reply in Support of Its Motion for Leave to Amend or Supplement the Complaint ("Hannah Reply Decl."), Ex. A (Docket Version).  The docket version appears to be slightly different from the version available from Westlaw as 2004 WL 5677013.

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION      CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

1    *10; *Quantum*, Hannah Reply Decl., Ex. A at 9 (however noting that "Of course, for the period of time

2    after the certificate of correction, the problem is fixed."); *Intel*, 275 F. Supp.2d at 1254-55.

3         The *Alltrade Tools, LLC v. Olympia Group, Inc.*, No. SACV 03-0458-JVS, 2003 U.S. Dist.

4    LEXIS 26248 (C.D. Cal. Oct. 8, 2003) case involved a defendant seeking to add new theories of

5    infringement, including prospective damages, and also did not address the need for amending the

6    complaint.  *Id*. at *10.  In *Lamoureux*, the court did not explicitly require an amended complaint, but

7    simply noted that it had already granted leave to amend the complaint to include the certificate of

8    correction for causes of action arising afterwards.  669 F.Supp.2d at 235-36.  Further, despite

9    Defendants' argument to the contrary, the court in *Worlds* did not address or require the plaintiff to file

10   an amended complaint to include the corrected patent.[3]

11        The issue of whether a certificate of correction applies to post-issuance conduct in an ongoing

12   action is not a common issue that regularly arises in patent cases.  As can be seen from the case law,

13   this issue has not yielded well-known or black letter law; to the contrary, the law remains unclear.

14   Indeed, Defendants have the law wrong (arguing that a certificate of correction can never apply in a

15   lawsuit commencing before the certificate issued).  The Special Master in the Websense action, who is

16

17   _____

18   [3] While the court in *LG Elecs., Inc. v. Quanta Comp. Inc.,* 566 F. Supp. 2d 910 (W.D. Wis. 2008) did
     address the need for the plaintiff to amend the complaint or file a new lawsuit, the motion was denied
19   due to delay and prejudice, elements not present in this case.  *Id*. at 913.  Similarly, the court in *Server
     Tech., Inc. v. American Power Conversion Corp.*, No. 3:06-CV-00698-LRH-VPC, 2012 WL 4511240
20   (D. Nev. Sept. 28, 2012) rejected a motion to amend the complaint to include changes to claim
     limitations that was filed *four years* into litigation and *after* a motion for summary judgment.  The
21   court in *Nat'l Prods., Inc. v. Palmetto W. Trading Co., LLC*, No. C05-345JLR, 2006 WL 1207895
     (W.D. Wash. May 4, 2006) implies the parties should amend their complaint and answers by warning
22   that post-certificate of correction claim construction may not be the same as pre-certificate of
     correction claim construction.  In *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 CV 2131, 2011
23   WL 1642518 (N.D. Ill. Apr. 29, 2011), the court did require and granted the plaintiff's motion to
     supplement the complaint to include the certificate of correction months after the issuance of the
24   correction and the deadline to amend pleadings.  The court in *Masonite* rejected the reasoning in *Rohm
     Co., Ltd. v. Nichia Corp.,* No. Civ. A. 00-6379, 2003 WL 22844207 (E.D. Pa. Nov. 26, 2003).  *Id*. at
25   *3-4.  While *LG Elecs., Nat'l Prods.,* and *Masonite* either directly or indirectly address amending the
26   complaint to include the certificate of correction, none of those decisions are controlling law in the
     Northern District.
27

28                                               7
     _____

very well-versed in patent litigation[4], noted on multiple occasions that this was a confusing and difficult issue. *See, e.g.*, Dkt. No. 80-15, Hannah Decl., Ex. E (Tr. of Proceedings) at 80:20-22 ("…I have to confess, I've spent a lot of time with this, and I find it to be confusing and somewhat – I won't say groundbreaking, but unique."); *see also* 83:16 (noting that while it is clear that a certificate of correction cannot sustain a cause of action arising before its issuance, "[t]he consequences from that are somewhat murky…"). At the time of issuance, Finjan understood that its certificate of correction applied to post-issuance conduct in this litigation regardless of amendment based on Federal Circuit law, and still maintains this position. The case law demonstrates that Finjan's position that amendment is not necessary is supported and justifiable. While realizing that the Special Master's findings are confined to the Websense action, in light of the Special Master's guidance, it would nonetheless be appropriate and prudent to allow the mechanical act of adding the certificate of correction as an exhibit to the Complaint in order to avoid any future dispute between the parties.[5]

### 3.    Finjan Diligently Filed This Motion After The August 8, 2014 Hearing

Finjan diligently sought to amend its Complaint in this action once advised by the Special Master to do so in the Websense action on August 8. Defendants' argument that Finjan "inexplicably" waited a month after filing a nearly identical motion in the Websense action is incredibly disingenuous, since this extra month was <u>due to Defendants' own bad faith delay</u>. As noted in Finjan's opening brief, Finjan requested that Defendants agree to a stipulation allowing Finjan to amend its Complaint on

---

[4] According to the Special Master's profile on the JAMS website, "prior to joining JAMS as a full-time neutral, [he] spent the last 20 years of his 42-year trial practice litigating and trying primarily intellectual property cases. A fellow in the American College of Trial Lawyers, he litigated well over 30 patent cases and tried 10 of those cases to verdict." http://www.jamsadr.com/brainerd/Intellectual_Property.

[5] Defendants' argument that Finjan's amendment should add "specific counts of infringement arising after the issuance of their certificate of correction" is meritless and would serve no useful purpose in this case. Finjan has already clearly alleged in its Complaint that Defendants' infringement of the patents-in-suit is continuous and ongoing. By law, the certificate of correction applies only to acts of infringement occurring after its issuance. *See H-W Technology*, 758 F.3d at 1334. Therefore, in the event amendment is even necessary, adding the certificate of correction itself to clarify that it is now part of the '154 Patent is more than sufficient to apply the certificate to Defendants' ongoing conduct.

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

August 25, 2014, nearly one week *before* Finjan filed its motion to amend in the Websense case.  Dkt. No. 80-15, Hannah Decl., Ex. F (Emails exchanged by the parties between August 25, 2014 and September 17, 2014; *see* August 25, 2014 email from Finjan's counsel Benu Wells).  Defendants ignored Finjan's request.  Finjan followed up with Defendants and requested a response by September 5, 2014.  *Id.* (September 3, 2014 email from Finjan's counsel).  Late on September 4, 2014, counsel for Defendants responded by requesting a copy of Finjan's amended complaint (which Finjan had already explained simply added the certificate of correction to the '154 Patent exhibit) and "the basis" for the amendment so that they could "better consider" Finjan's request.  *Id.* (September 4, 2014 email from Defendants' counsel).  Finjan promptly provided this information the following morning on September 5, 2014 and again requested a response by that day.  *Id.* (September 5, 2014 email from Finjan's counsel Benu Wells).  Defendants again ignored Finjan's request.  After Finjan again contacted Defendants on September 11, 2014 requesting their response, Defendants responded the next day that they refused to agree to the amendment without any explanation.  *Id.* (September 12, 2014 email from Defendants' counsel).

Thus, Finjan was forced to wait for three weeks from when it proposed the amendment to Defendants, until Defendants finally responded with a refusal that lacked any explanation.  The very same day that Defendants provided their refusal, Finjan requested a hearing date from the Court.  *See* Dkt. No. 80-1, Hannah Decl. at ¶ 12.  Because the hearing was originally not scheduled until January 2015, Finjan continued to try to work with Defendants to resolve the issue, particularly upon realizing that Defendants' position was based on a completely incorrect interpretation of the law regarding whether certificates of correction could apply to lawsuits commenced prior to issuance.  When Defendants provided their ultimate refusal to agree to the amendment on September 17, Finjan diligently prepared this motion and filed it about a week later.  As such, Defendants' argument that Finjan was not diligent is baseless.

Furthermore, Defendants' repeated assertions that Finjan waited "seven months" before seeking amendment is a red herring and conveniently ignores the facts that Finjan has made plain—

Finjan had no reason to believe amendment was necessary until the Special Master in the Websense action, after much admitted confusion regarding the issue, found that the *H-W Technology* decision may require amendment. Defendants' bald allegations that Finjan somehow made a "tactical decision" to "conceal" the certificate of correction and not seek amendment before the Special Master's opinion are patently false and defy logic. Dkt. No. 81, Opp. at 13. Finjan would have no rational motive for intentionally hiding a certificate of correction for one of the patents-in-suit that only bolsters Finjan's priority claims in this lawsuit. Further, Finjan would have no reason to delay the very simple, ministerial act of adding the certificate of correction to its Complaint. Waiting to seek amendment would not provide Finjan with any "tactical" advantage, particularly since Finjan had already provided Defendants with notice of this certificate of correction in various other ways, including by providing Defendants with the certificate of correction, as well as Finjan's contentions based on the certificate of correction, shortly after the certificate issued.

To the contrary, as soon as there was any indication that the law could be interpreted as potentially requiring amendment, Finjan immediately began taking steps to amend its complaints in both this action and the Websense action. Defendants' implication that Finjan has a litigation strategy of purposefully waiting to add the certificate of correction is further belied by Finjan's conduct in two other litigations, in which Finjan also sought to amend its Complaint to add the certificate of correction shortly after the August 8, 2014 hearing and <u>before</u> the deadlines to amend in those cases had passed or invalidity contentions were due. *See Finjan, Inc. v. Sophos, Inc.*, Case No. 14-CV-01197-WHO (N.D. Cal. August 19, 2014), ECF Dkt. No. 44; *Finjan, Inc. v. Symantec Corp.*, Case No. 14-CV-02998-RS (N.D. Cal. Sept. 11, 2014), ECF Dkt. No. 30.

Finjan's conduct is clearly distinguishable from the conduct in *TV Interactive Data Corp. v. Sony Corp.*, No. 10-0475 PJH, 2012 WL 3791414 (N.D. Cal. Aug. 31, 2012), *Jackson v. Laureate, Inc.*, 186 F.R.D. 605 (E.D. Cal. 1999); *NavCom Tech., Inc. v. Oki Elec. Indus. Co., Ltd.*, No. 5:12-cv-04175-EJD, 2014 WL 991102 (N.D. Cal. Mar. 11, 2014); *Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, Nos. 11-cv-2861-SC, 10-cv-5591-SC, 2012 WL 6095089 (N.D. Cal. Dec. 7, 2012), and

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

1    *Life Techs. Corp. v. Ebioscience, Inc.*, No. 10cv2127-IEG (NLS), 2012 WL 3628624 (S.D. Cal. Aug.

2    21, 2012), on which Defendants rely.  As an initial matter, none of these cases involve a similar

3    situation to the instant case, where there was no legal authority requiring amendment.  *See, e.g.*, *TV*

4    *Interactive Data Corp.,* 2012 WL 3791414, at *2 (where defendant sought to add the defense of

5    inequitable conduct, which requires amending the answer); *Jackson*, 186 F.R.D. at 608 (where plaintiff

6    sought leave to add new claims of liability and damages, which requires amending the complaint);

7    *NavCom Tech*, 2014 WL 991102, at *3-4 (same); *Mitsui O.S.K. Lines*, 2012 WL 6095089, at *3

8    (same); *Life Techs. Corp.*, 2012 WL 3628624, at *2-3 (where plaintiff sought leave to *add patents*,

9    which requires amending the complaint).

10       Also, these cases, along with *LG Elecs.* involve potential prejudice and delay that do not exist

11   here.  Significantly, in *LG Elecs.*, the *claims themselves* changed as a result of the certificate or

12   correction, and the plaintiff waited until three days before the deadline for filing dispositive motions,

13   after all of the work of claim construction and expert discovery was done based on the uncorrected

14   claims, before seeking leave to amend.  566 F. Supp. 2d, at 913.  Unlike *LG Elecs.* Finjan is seeking to

15   amend its complaint to reflect a certificate of correction for a priority date that Defendants were

16   already well aware of before any significant activity in this case, including long before their invalidity

17   contentions were due.  Finjan also seeks this amendment well before the end of fact discovery and

18   before any depositions have taken place or any substantive production of documents from Defendants.

19   Indeed, Defendants have recently argued that they do not have to produce discovery in response to

20   Finjan's outstanding discovery requests because the end of fact discovery is not until next May at the

21   earliest.  Dkt. No. 80-15, Hannah Decl., Ex. G (September 17, 2014 letter from Defendants' counsel

22   Tiffany Nichols to Finjan counsel Benu Wells).  Finjan also stands in stark contrast to the movant in

23   *TV Interactive Data Corp.*, where the court rejected a motion to amend the answer because the movant

24   was not diligent in seeking to amend until right before summary judgment hearings.  *TV Interactive*

25   *Data Corp.*, 2012 WL 3791414, at *4.

26       Defendants' reliance on *Jackson* is misplaced because the plaintiff in that case failed to argue

27

28
                                                    11
PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

good cause or show diligence. *Jackson*, 186 F.R.D. at 608-9. Here, Finjan has demonstrated good cause and diligence. In *NavCom Tech*, the plaintiff sought to add new causes of action after the end of discovery. *NavCom Tech*, 2014 WL 991102, at *4. As noted above, the end of fact discovery is several months away and Defendants have failed to engage in discovery. *See* Hannah Reply Decl., Ex. B (October 15, 2014 letter from Finjan's counsel). Defendants' reliance on *Mitsui O.S.K. Lines* is similarly misplaced because in that case, the plaintiff sought to amend the complaint near the end of discovery and discovery-related motions. Additionally, the plaintiff sought to add a new claim of liability not suggested by the prior complaint. *Mitsui O.S.K. Lines*, 2012 WL 6095089, at *3. In *Life Techs. Corp.*, the plaintiff sought to add three new patents to the complaint nearly two years after filing the lawsuit. *Life Techs. Corp.*, 2012 WL 3628624, at *1. Here, Finjan is seeking to amend the Complaint to add a single page to an exhibit to the Complaint indicating a certificate of correction has been granted, which Defendants have known for months.[6]

Therefore, Finjan's conduct is clearly distinguishable from the cases where lack of diligence was found. Finjan has been diligent in seeking this amendment since receiving guidance from the Special Master that amendment may be appropriate.

### 4. Finjan Provided Ample Notice to Defendants of the Certificate of Correction

Contrary to Defendants' claims, Finjan has ensured that Defendants were well aware of the certificate of correction and Finjan's corresponding priority date claim from the outset. In fact, on March 26, 2014, Finjan produced to Defendants the certificate of correction. Dkt. No. 80-15, Hannah Decl., Ex. B (Certificate of Correction). Finjan also identified the pertinent content of the certificate of correction to Defendants (i.e., the priority date of the '154 Patent) in Finjan's infringement contentions on April 17, 2014, just a month and half after the certificate of correction issued and well before Defendants filed their invalidity contentions. Dkt. No. 80-1, Hannah Decl. at ¶ 7. Defendants

---

[6] Finjan also intends to amend paragraphs 1 and 3 of the Complaint to update the business addresses for Finjan and defendant Armorize, Inc. Finjan understands the amendment to the addresses is not in dispute and should have no effect on this litigation.

explicitly acknowledged and challenged Finjan's priority date claim in their invalidity contentions, which further demonstrated Defendants' knowledge of Finjan's claim.  Dkt. No. 80-15, Hannah Decl., Ex. C (Defendants' Invalidity Contentions Pursuant to Patent Local Rule 3-3("Invalidity Contentions")) at 96.  In any event, the certificate of correction is publicly available, and Defendants were <u>required</u> to review the file history for the '154 Patent to comply with their Rule 11 obligations in challenging the '154 Patent in its invalidity contentions.

Moreover, Defendants admit in their opposition that on April 14, 2014, Finjan provided its interrogatory response to identify its priority date claim based on the certificate of correction, a month and half after the certificate issued, and two months prior to Defendants' service of their invalidity contentions.  Dkt. No. 81, Opp. at 3.  Finjan provided this supplement even though Defendants' interrogatory requested information concerning conception and reduction to practice, not priority dates, and thus Finjan was not required to identify the certificate of correction in response to this interrogatory.

In light of this record, Finjan provided abundant notice to Defendants regarding the certificate of correction.

## B.  Defendants Fail to Make Any Showing of Prejudice, Delay of Schedule, Bad Faith or Futility

Defendants fail to show the existence of any of the factors under Rule 15 that may weigh against amendment, including prejudice, delay of schedule, bad faith or futility.  Leave to amend should be granted freely particularly where these "*Foman*" factors are not present.  *See Sonoma Cnty. Assoc. of Retired Employees v. Sonoma Cnty.,* 708 F.3d 1109 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

While acknowledging this legal standard in its opposition (Dkt. No. 81, Opp. at 6), Defendants fail to address any of these factors except prejudice.  However, Defendants' claims of prejudice ring hollow.  Defendants argue on one hand that they conducted their prior art search for the '154 Patent based on a 2010 filing date, while acknowledging they have been well aware of Finjan's 2005 priority claim reflected in the certificate of correction.  Tellingly, the majority of the prior art cited by

Defendants against the '154 Patent are actually before the corrected 2005 priority date, completely undermining Defendants' claim that it did not consider the 2005 priority date in conducting its prior art searches.  Dkt. No. 80-15, Hannah Decl., Ex. C (Defendants' Invalidity Contentions) at 99-100 (Table G.1), 102-104 (Table G.2), and 104-106 (Table G.3).

Thus, amendment of the Complaint would not result in any additional discovery in this action. Rather, the amendment would simply act as a mechanical procedural device to make the record clear that the certificate of correction applies to Defendants' post-issuance infringement.  Defendants' argument that this amendment would require the parties to "restart much of the case" is a gross mischaracterization.  In contrast, amendment would have virtually no effect on the case or discovery, since no new patents or accused products have been added, the amendment only affects one of eight asserted patents, no additional discovery is needed, and Defendant's invalidity contentions already address the priority date reflected in the certificate of correction.

Based on the lack of need for additional discovery, Defendants cannot claim any delay or modification of the schedule that would result from the amendment.  Defendants also do not deny that allowing amendment would actually enhance judicial economy, because it would avoid the alternative option suggested by the Special Master—filing a new lawsuit to assert the '154 Patent with the certificate of correction.  Moreover, because Defendants have argued that this case is in the early stages in seeking their stay, Defendants cannot now claim that the timing of Finjan's requested amendment would cause any prejudice.  Dkt. No. 63, Defendants' Motion for Stay at 2. ("And, though the parties have exchanged preliminary infringement and invalidity contentions and initial sets of interrogatories and document requests, the parties are still negotiating protective and e-discovery orders and have yet to make significant strides in discovery. This case is truly in its infancy.").  Since that filing three and half months ago, Defendants have produced a total of 185 internal documents.[7]

---

[7] According to Defendants, these documents were available for inspection at their counsel's offices on June 9, 2014.  Hannah Reply Decl., ¶4.  Despite Finjan's objections that Defendants should have produced these documents, Finjan inspected these documents at Quinn Emanuel's offices in San Francisco.  Even after the inspection, it took Defendants another month to produce these documents.

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

Defendants have refused to produce any new documents because the end of fact discovery is seven to nine months away.  Dkt. No. 80-15, Hannah Decl., Ex. G (September 17, 2014 letter from Defendants' counsel). Thus, based on the lack of prejudice and delay to the proceedings, Finjan's amendment should be allowed.  *See, e.g., C.F. ex. rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (citations omitted) (allowing amendments to scheduling order where the amendments "created no meaningful case management issues" and "[n]o additional discovery was necessary and no delay ensued.").

Because Defendants make no showing of prejudice, delay of proceedings, bad faith or futility, Finjan should be permitted to amend its Complaint to reflect the certificate of correction.

### C.    A Supplemental Complaint is a Proper Method of Including a Certificate of Correction.

Contrary to Defendants' claims, the case law is clear that supplementing the Complaint is a proper means to assert the certificate of correction for the '154 Patent.  *See e.g., Lamoureux*, 669 F. Supp. 2d at 237 n.12 ("Technically, Plaintiffs' motion should have been entitled a motion to supplement under Rule 15(d), Fed. R. Civ. P., rather than a motion for leave to amend, since it sought to include causes of action accruing since the filing of the original complaint."); *see also Masonite*, 2011 WL 1642518, at *5 ("Situations like this fall within the explicit terms of Rule 15(d).").  Just as with amending its Complaint, Finjan has shown good cause for supplementing its Complaint, and Defendants have shown no undue delay, bad faith, prejudice, or futility, as explained above.  *Cf. LG Elecs.* (showing undue delay).

### III.    CONCLUSION

For the foregoing reasons, Finjan respectfully submits that its Motion for Leave to Amend or Supplement Its Complaint should be granted, and that the First Amended/Supplemented Complaint submitted in its moving papers should be deemed filed in the instant action.

///

///

///

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION      CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT

Respectfully submitted,

Dated:  October 17, 2014

By: /s/ James Hannah
Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Benu Wells (pro hac vice)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
bwells@kramerlevin.com

Attorneys for Plaintiff
FINJAN, INC.

16

PLAINTIFF FINJAN'S REPLY IN SUPPORT OF ITS MOTION     CASE NO. 5:13-CV-05808-BLF
FOR LEAVE TO AMEND OR SUPPLEMENT THE COMPLAINT