UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br>     Plaintiff, <br> v. <br> PROOFPOINT, INC., et al., <br>     Defendants. | Case No. 13-cv-05808-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** <br><br> [Re: ECF 80] |

Before the Court is Plaintiff's Motion for Leave to Amend or Supplement the Complaint, which Defendants oppose. Plaintiff seeks leave in order to add a certificate of correction for U.S. Patent No. 8,141,154 ("the '154 Patent"). Having reviewed the submissions and argument of the parties, the Court GRANTS Plaintiff's Motion, and permits it to file a supplemental complaint to add the certificate of correction.

**I.   BACKGROUND**

Plaintiff filed suit on December 16, 2013, asserting claims that included infringement of the '154 Patent. On February 25, 2014, the United States Patent and Trademark Office ("USPTO") issued a certificate of correction on the '154 Patent which clarified that the priority date of the '154 Patent is December 12, 2005. This priority date was included in the September 30, 2010 publication of the '154 Patent's application, but was omitted, unintentionally, from the final issued '154 Patent.

According to the scheduling order entered in this case, the final day to amend the pleadings was May 28, 2014. *See* ECF 42. After an unsuccessful attempt to convince Defendants to stipulate to Plaintiff's amendment, Plaintiff filed the instant motion on September 29, 2014. Following briefing, the Court heard oral argument on November 13, 2014.

## II. LEGAL STANDARD

When the deadline for amending pleadings set by a court's scheduling order has passed, a request for leave to amend must first be evaluated under the "good cause" standard of Federal Rule of Civil Produce 16, which is primarily concerned with the diligence of the party seeking amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1991); *see also Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) ("If the moving party was not diligent, the inquiry should end.").

If a party shows compliance with Rule 16, the Court then must consider the permissibility of amendment under Rule 15. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (noting that the Ninth Circuit permits amendment under Rule 15 with "extreme liberality"). A district court may consider four factors when determining whether to grant leave to amend under Rule 15: (1) bad faith on behalf of the moving party, (2) whether amendment would cause undue delay, (3) prejudice to the opposing party, and (4) futility. *Id.*, *see also Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999) (noting that undue delay on its own does not justify denying leave to amend under Rule 15). Rule 15(d) permits a party to supplement its complaint in order to include "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible.").

## III. DISCUSSION

Certificates of correction can be obtained through the USPTO in order to fix small typographical or clerical errors in issued patents. *See* 35 U.S.C. §§ 254-255. These errors are frequently the byproduct of inadvertent mistake by the applicant or PTO. A certificate of correction is "only effective for causes of action arising after it was issued." *Sw. Software, Inc. v. Harlequin, Inc.*, 226 F.3d 1280, 1294-95 (Fed. Cir. 2000).

Plaintiff contends that it does not need to file an amended or supplemental complaint in order for the certificate of correction to apply to Defendants' *ongoing* infringement in this action. *See, e.g.*, Mot. to Amend at 10. However, Plaintiff states that it brought its Motion to Amend after

receiving guidance from the Special Master in another action involving the '154 Patent, *Finjan, Inc. v. Websense, Inc.*, Case No. 13-cv-04398-BLF (N.D. Cal. 2013), who indicated that amending the complaint would be appropriate in order to ensure that the certificate of correction would apply to infringing acts occurring after the date the certificate was issued, February 25, 2014. *See* Mot. to Amend at 11 (citing Hannah Decl. Exh. E at 130-31). In making this recommendation, the Special Master relied on a recent Federal Circuit decision, *H-W Technology, L.C. v. Overstock.com, Inc.*, 758 F.3d 1329 (Fed. Cir. 2014). *See* Hannah Decl. Exh. E at 128 ("[Y]ou have the option of either filing an amendment – seeking an amendment in this case based upon the corrected patent, which is presumably a valid patent – and that's the way I read the case we've been talking about, the HW Technology case.").

In *H-W Technology*, the Federal Circuit briefly contemplates whether or not a party needs to seek leave to amend to add a certificate of correction to ongoing litigation. *See* 758 F.3d 1329, 1334 ("Indeed, it appears that H-W never even sought to amend the complaint to reflect the correction of claim 9. Thus, the district court was correct not to consider the certificate of correction when determining whether H-W could assert claim 9."). The Federal Circuit, however, made no holding requiring a party to seek amendment to inject a certificate of correction into ongoing litigation, as neither party in *H-W Technology* argued that the suit involved causes of action that arose after the certificate of correction issued. *Id.*

This Court does not read *H-W Technology* to be a sea change that requires a party to seek leave to amend to add a certificate of correction where there are claims of ongoing infringement, but does agree with Plaintiff that there is no reason to deny leave to file a supplemental complaint to add the '154 Patent's certificate of correction to this action. Many courts have found that amending or supplementing the complaint to add a certificate of correction is appropriate in order to apply the certificate of correction to infringing acts that occur after the date the certificate issues. *See, e.g.*, *Lamoureux v. AmazaoHealth Corp.*, 669 F. Supp. 2d 227, 236-37 (D. Conn. 2009); *LG Elecs., Inc. v. Quanta Computer, Inc.*, 566 F. Supp. 2d 910, 912 ("[Plaintiff] also knew that any certificate of correction it received from the patent office would not be effective for the purpose of enforcement unless it filed a new lawsuit or amended its complaint."); *Natural Prods.,*

*Inc. v. Palmetto W. Trading Co., LLC*, 2006 WL 1207895, at *9 (W.D. Wash. May 4, 2006) ("[I]f the parties wish to amend their allegations of infringement or invalidity based on the recently filed Correction, the court directs the parties to consult the court's original scheduling order."); *Alltrade Tools, LLC v. Olympia Grp., Inc.*, 2003 U.S. Dist. LEXIS 26248, at *10 (C.D. Cal. Oct. 8, 2003); *Quintec Films, Corp. v. Pinnacle Films, Inc.*, 2009 WL 3065044, at *1 (E.D. Tenn. Sept. 18, 2009) (twice permitting amendment because two certificates of correction issued during the lawsuit).

Though Defendants point to several cases within this district in which courts have declined to permit amendment to add a certificate of correction that issues during the litigation, the posture of this case strongly favors permitting amendment. At oral argument, both parties agreed that were the Court to deny amendment nothing would preclude Plaintiff from filing a new action for infringement that occurred after February 25, 2014, then seeking relation of that action to this case—relation that would be automatic under this district's local rules. Moreover, it seems likely that Plaintiff would request consolidation of these cases. From a case management perspective, granting Plaintiff's motion would prevent the delay that would be caused by those new filings.

Further, Plaintiff has made the requisite showings under Rules 16 and 15(d). Plaintiff sought leave to amend the Complaint soon after receiving the Special Master's guidance in the *Websense* action. As such, Plaintiff has shown "good cause" and the necessary diligence under Rule 16. Plaintiff's filing of a supplemental pleading will not cause undue delay in this litigation or prejudice to the Defendants. *Cf. SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472, 473-74 (N.D. Cal. 2008) (permitting amendment to add a new patent to the complaint following the parties serving preliminary infringement and invalidity contentions, and finding that such amendment would not cause undue prejudice). This case is in its early stages and, as discussed above, granting Plaintiff's motion to amend likely prevents delay that would occur were Plaintiff to file a new action and seek relation (and thereafter consolidation) of that action with this case. As such, Plaintiff has made the necessary showing under Rule 15(d) to be permitted to supplement the complaint.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Plaintiff may file a supplemental complaint in this action to add the certificate of correction for the '154 Patent. Plaintiff must file this supplemental complaint no later than November 21, 2014.

**IT IS SO ORDERED.**

Dated: November 14, 2014.

_____
BETH LABSON FREEMAN
United States District Judge