UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br>     Plaintiff, <br> v. <br> PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC., <br>     Defendants. | Case No.  5:13-cv-05808 BLF (HRL) <br><br> **ORDER RE PLAINTIFF'S DISCOVERY DISPUTE REPORT** <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SEAL** <br><br> [Re: Dkt. Nos. 86, 87] |

Plaintiff has filed a unilateral discovery dispute report, claiming that defendants' document production and interrogatory responses are insufficient and that defendants have, on the whole, failed to meaningfully participate in discovery.  Relatedly, plaintiff moves to seal defendants' discovery responses because defendants designated them "Confidential."  In a separately filed opposition, defendants contend that plaintiff's discovery report is improper and that plaintiff failed to comply with the undersigned's Standing Order re Civil Discovery Disputes---primarily, by failing to engage in the required in-person meet-and-confer session between lead counsel.

Essentially, the parties disagree whether defendants unreasonably ignored plaintiff's several requests for a meet-and-confer session.  With respect to plaintiff's first two requests for meet/confer, the court does not find that defendants' unreasonably ignored them.[1]

---

[1] The first request appears to have been made in response to defendants' request for a meet-and-confer, rather than as the final precursor to the filing of a Discovery Dispute Joint Report.  As for

As for the third request (made via an October 15, 2014 letter from plaintiff to defendants), it evidently was plaintiff's final effort to informally resolve the matter without court intervention. Plaintiff asked defendants to confirm by October 17 that they would supplement their document production and interrogatory responses no later than October 31. If defendants refused to so confirm, then plaintiff proposed an in-person meet/confer on Friday, October 24, 10:00 a.m. in Burlingame or at a date and time the following week when lead defense counsel might be available for an in-person meeting. (See Dkt. 91-1, Kash Decl., Ex. C at 3-4). There is no indication that defendants responded to that letter until after plaintiff filed the instant unilateral discovery report on the evening of October 24. They complain that plaintiff did not give them sufficient opportunity to meet-and-confer and that plaintiff should have contacted them to confirm whether or not they intended to actually respond to the October 15 letter. Pointing out that fact discovery will remain open for a number of months, defendants argue that plaintiff's unilateral deadlines were completely arbitrary and that plaintiff is trying to (artificially) accelerate discovery.

Defendants' complaints notwithstanding, the discovery requests in question were served some seven or eight months ago, and plaintiff understandably would like to move forward with discovery. The record presented indicates that plaintiff's October 15 letter came on the heels of considerable written correspondence between the parties, spanning a period of several months, about the discovery in question. The ball was in defendants' court at that point. Assuming they were unwilling to supplement their discovery responses by October 31, they should have either promptly confirmed their availability for an in-person meet-and-confer session on plaintiff's proposed date of October 24 or provided an alternate date the week of October 27 when defendants' lead counsel could be available (as requested by plaintiff). And, plaintiff's October 15 letter did put defendants on notice that plaintiff would construe radio silence as a refusal to meet-

---

the second request, it was conditioned on defendants' refusal to supplement their discovery responses by September 19. (Dkt. 91-1, Kash Decl. ¶ 5, Ex. B). Defendants supplemented by plaintiff's deadline (albeit, the parties continue to dispute whether the supplemental production really addresses plaintiff's concerns).

2

and-confer any further.

At the same time, however, before filing its unilateral report on the evening of October 24, it may have behooved plaintiff to confirm that defendants were unwilling to participate in the requisite in-person meet-and-confer, or to cooperate in the preparation of a joint discovery report---particularly when plaintiff indicated that it was willing to meet-and-confer in person either on October 24 or the following week.  And, while this court agrees that discovery efforts should not be delayed on the grounds that the cutoff date is months away---nothing about this dispute was particularly time-sensitive.

Accordingly, plaintiff's unilateral discovery report will be terminated.  Instead, lead counsel for the parties shall make themselves available for an in-person meet-and-confer session to be held between now and December 12, 2014---and for as many additional in-person meet-and-confer session(s) as may be necessary before the parties conclude that court intervention is required to resolve the dispute over the sufficiency of defendants' discovery responses.[2]

Plaintiff's motion to seal defendant's discovery responses is denied.  Those responses do not appear to contain any sensitive or confidential information whatsoever---and, indeed, defendants have not submitted declarations supporting the sealing of those documents. Defendants are reminded that mass, indiscriminate, or routinized designations are prohibited. (Dkt. 69, Stipulated Protective Order ¶ 5.1; Dkt. 96 Stipulated Amended Protective Order, ¶ 5.1).

SO ORDERED.

Dated:   November 19, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] In their separately filed opposition, defendants claim that their discovery efforts are being hampered because, in their view, plaintiff's infringement contentions are insufficient.  The court directs the parties to work together in good faith to resolve such issues between themselves. Nevertheless, should motion practice be necessary, the parties are advised that such matters are not subject to this court's Standing Order re Civil Discovery Disputes and are instead entertained as regularly noticed motions in accordance with Civil L.R. 7.

3

5:13-cv-05808-BLF Notice has been electronically mailed to:

Benu C. Wells   bwells@kramerlevin.com

Howard Y Chen   howardchen@quinnemanuel.com, calendar@quinnemanuel.com, danaruiz@quinnemanuel.com

Iman Lordgooei   imanlordgooei@quinnemanuel.com, kathleencorey@quinnemanuel.com, lorenaalfaro@quinnemanuel.com

James R. Hannah   jhannah@kramerlevin.com, svdocketing@kramerlevin.com

Jennifer A. Kash   jenniferkash@quinnemanuel.com, terririvers@quinnemanuel.com

Lisa Kobialka   lkobialka@kramerlevin.com, svdocketing@kramerlevin.com

Paul J. Andre   pandre@kramerlevin.com, svdocketing@kramerlevin.com

Sean Sang-Chul Pak   seanpak@quinnemanuel.com, susanneglobig@quinnemanuel.com

Tiffany Nichols   tiffanynichols@quinnemanuel.com, lorenaalfaro@quinnemanuel.com

4