UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No. 13-cv-05808-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Dkt. No. 109] |

In this patent infringement suit, Plaintiff Finjan, Inc. seeks an order compelling Defendants Proofpoint, Inc., and Armorize Technologies, Inc. (collectively, Defendants) to produce "all relevant documents responsive to Finjan's RFP Nos. 1–11, 26–30, and 35," and to "supplement their responses to Interrogatories Nos. 2, 6, and 8." Dkt. No. 109, at 5. Plaintiff also seeks an order prohibiting Defendants from "using any claimed deficiencies with Finjan's infringement contentions as a basis to withhold discovery." *Id*. Defendants maintain that they cannot produce the requested discovery because Finjan's infringement contentions fail to define the scope of the case. *Id*. at 6. Accordingly, Defendants ask the court to defer Finjan's request to compel discovery until Finjan has supplemented its response to Defendants' Interrogatory No. 1, which seeks the bases for Finjan's infringement contentions. *Id*.; *see also id*. at 8.

1     Finjan filed this suit on December 16, 2013, asserting infringement by Defendants of eight
2 Finjan patents. Discovery commenced on March 12, 2014, and the parties exchanged their
3 respective first sets of Interrogatories, and Finjan served its first set of Document Requests for
4 Production (RFPs). The parties served their responses on April 14, 2014. Three days later, on April
5 17, 2014, Finjan served its Infringement Contentions. Finjan served a second set of Interrogatories
6 on June 18, 2014, to which Defendants responded on September 4, 2014. On September 26, 2014,
7 Finjan served a second set of RFPs to Defendants, and Defendants have agreed to produce
8 documents from this set by January 15, 2015. The parties met and conferred on November 24, 2014
9 to attempt to resolve their discovery dispute, the failure of which resulted in this Discovery Dispute
10 Joint Report (DDJR) No. 1.

11     Finjan contends that Defendants' responses to Interrogatories 2, 6, and 8 are deficient, and
12 that the internal technical documents produced by Defendants in response to Finjan's first set of
13 RFPs are insufficient. Defendants argue that Finjan's request for an order compelling Defendants to
14 produce further discovery is improper because Finjan's inadequate infringement contentions and
15 failure to respond to Defendants' interrogatory seeking the basis for their infringement claims leave
16 Defendants without notice of what is at issue in this case. The matter is deemed suitable for
17 determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective
18 arguments, the court finds as follows.

19     Finjan argues that Defendants have largely failed to engage in discovery since it opened nine
20 months ago. In Finjan's view, Defendants have produced "hardly any internal responsive
21 documents" and have provided "little to no substantive response to interrogatories." Dkt. No. 109, at
22 1. Finjan says it is prejudiced by Defendants' failure to produce "a large volume of information
23 relevant to this action." *Id*. Defendants respond that the problem is not Defendants' failure to engage
24 in discovery, but rather Finjan's inadequate infringement contentions that fail to properly define the
25 scope of this case for discovery. According to Defendants, Finjan's failure to provide infringement
26 contentions in compliance with Patent L.R. 3-1 has left them guessing as to what is at issue in this
27 litigation. Defendants sought the basis for Finjan's infringement theories in Defendants'
28

Interrogatory No. 1, and assert that Finjan's response was as unhelpful as were Finjan's infringement contentions.

Federal Rule of Civil Procedure 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries." *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

But under Fed. R. Civ. P. 26(b)(2)(C), a court must limit the frequency or extent of discovery if it determines that: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit."

Finjan claims that in response to its RFPs, Defendants have produced only 271 internal technical documents, most of which relate to Armorize products only. In Finjan's view, this is insufficient. Finjan also notes that it has produced nearly nine times as many documents as have the Defendants. For their part, Defendants state they have also produced internal "wiki" documentation for the accused Proofpoint products, which amounted to approximately 3370 pages. Defendants have also apparently made available for inspection since June 9, 2014 the source code for all accused products.

Although Defendants have apparently produced more documentation than Finjan acknowledges, Defendants neither dispute the relevance of the documents Finjan requests nor do they explain how "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Defendants argue that Finjan's infringement contentions fail to comply with Patent L.R. 3-1 and do not properly define the scope of case for discovery. But Defendants have not yet moved to compel amendment of Finjan's infringement contentions. If

**United States District Court**
**For the Northern District of California**

Finjan's contentions are truly so inadequate that Defendants cannot work out what documents are responsive to Finjan's RFPs, they may move to compel further Patent L.R. 3-1 disclosures.

The court concludes that Defendants' complaints regarding Finjan's infringement contentions do not justify their withholding discovery of relevant information. However, Defendants need not provide further discovery in response to all of Finjan's RFPs, as the court is persuaded that Defendants have already adequately responded to several. These include: (1) RFPs Nos. 5 and 6 seeking prior art, documents responsive to which Defendants produced in connection with their invalidity contentions; (2) RFP No. 7, seeking secondary indicia of non-obviousness, which would be in Finjan's possession; (3) RFP No.8 seeking documents relating to advice of counsel, as it appears Defendants have not yet relied upon any such documents to defend against a claim of willfulness, and which are privileged until such time as Defendants do so; (4) RFP 10 seeking source code because this has apparently been available to Finjan since June 9, 2014; and (5) RFP 1–4 insofar as they seeks documents not in Defendants' possession, such as documents relating to Finjan or its patents, design-around, and non-infringing alternatives. Accordingly, subject to the above limitations, Defendants shall produce all relevant documents responsive to Finjan's RFP Nos. 1–4, 9, 26–30, and 35 no later than January 26, 2015.

Finjan also argues that Defendants' responses to Finjan's Interrogatories Nos. 6 and 8 have been "grossly deficient."[1] Dkt. No. 109, at 4. Interrogatory No. 6 requests that Defendants "[d]escribe in detail the complete legal and factual bases for Your contention that You do not infringe the asserted patents and provide a chart that identifies on an element-by-element basis, how each asserted patent claim is allegedly not found within each of the Accused Instrumentalities and not practiced by You, and identify all documents that support Your contention." Dkt. No. 109, Ex. 3 at 3–4. Defendants' response included a general denial that they infringe the asserted patents and explained that: (1) Finjan's infringement contentions are insufficient for them to reasonably identify the accused structures and/or instrumentalities; and (2) Defendants could not provide further detail until such time as Finjan amended its infringement contentions. Defendants did, however,

---

[1] Also insufficient, according to Finjan, is Defendants' response to Finjan's Interrogatory No. 2 seeking information relating to product version numbers for the accused instrumentalities. However, Defendants have agreed to supplement their response to this interrogatory by January 15, 2014.
ORDER RE DISCOVERY DISPUTE
Case No. 13-CV-05808-BLF (HRL)
EDB

- 4 -

incorporate by reference their invalidity contentions and related documents. Defendants now argue that further response is premature as claim construction has yet to take place, and improper in light of Finjan's failure to provide sufficient infringement contentions.

Interrogatory No. 8 seeks the bases for Defendants' affirmative defenses. Finjan admits that Defendants' response is sufficient as to laches and prior license, but asserts that Defendants have otherwise failed to adequately respond. Defendants respond by again arguing that Finjan's infringement contentions are deficient.

The court is unpersuaded that Defendants have fulfilled their discovery obligations in responding to Interrogatories Nos. 6 and 8. As discussed above, Defendants may move to compel amendment of Finjan's infringement contentions should they wish to do so. Moreover, Defendants provide no authority for the proposition that a defendant need not clarify its noninfringement position prior to claim construction. Accordingly, Defendants shall supplement their responses to Finjan's Interrogatories Nos. 6 and 8[2] no later than January 26, 2015.

Lastly, the court notes that Patent L.R. 3-1 requires "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § [112(f)], the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." The Patent Local Rules are designed "[to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*, Case No. 11-04100, 2012 WL 1253178, at *2 (N.D. Cal. Apr. 13, 2012) (internal quotation marks and citation omitted). "To satisfy Rule 3–1, a plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products . . . reverse engineering or its equivalent are required." *Id.* at *1 (internal quotation marks and citation omitted).

"[A]ll courts agree that the degree of specificity under Local Rule 3–1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of

---

[2] Because the court agrees with Defendants that further supplementation of their response regarding prosecution history estoppel is premature at this time and better addressed during claim construction, Defendants need not further respond to Interrogatory No. 8 in this regard.

ORDER RE DISCOVERY DISPUTE
Case No. 13-CV-05808-BLF (HRL)
EDB
- 5 -

proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F.Supp.2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys.*, Inc., 208 F.3d 981, 986 (Fed. Cir. 2000)). While the patent rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim." *DCG Sys. v. Checkpoint Techs., LLC*, 2012 WL 1309161 *2 (N.D. Cal. Apr.16, 2012); *see also Shared Memory Graphics*, 812 F.Supp.2d at 1025 (stating that patent holder "must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction").

Rule 3–1 is intended to "take[] the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Bender v. Maxim Integrated Prods., Inc.*, Case No. 09-01152, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010). Although Defendants have not moved to compel amendment of Finjan's infringement contentions, they served Interrogatory No. 1 seeking that for each accused instrumentality Finjan "provide a chart identifying specifically where each element of each asserted claim is found within each accused instrumentality." Dkt. No. 109, Ex. 4 at 7. As Finjan cites its infringement contentions in response to Defendant's Interrogatory No. 1, to the extent that Finjan's infringement contentions do not "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim," Finjan's Interrogatory response is inadequate. Accordingly, Finjan must supplement its response to Defendants' Interrogatory No. 1 to disclose "what in each accused instrumentality it contends practices each and every limitation of each asserted claim," and to provide a comparison of each accused product to the asserted patents on a claim by claim, element by element basis.

In summary, Finjan shall supplement its response to Defendants' Interrogatory No. 1 by January 15, 2015.[3] Defendants shall supplement their responses to Finjan's Interrogatories 6 and 8 and produce all relevant documents in their possession responsive to Finjan's RFP Nos. 1–4, 9, 26–30, and 35 by January 26, 2015. All other relief requested is denied.

---

[3] As Defendants acknowledge in the DDJR, relief on Finjan's infringement contentions is not a discovery dispute for determination through a Joint Discovery Dispute Report. Defendants are free to seek such relief in a separate motion to compel.

ORDER RE DISCOVERY DISPUTE
Case No. 13-CV-05808-BLF (HRL)
EDB
- 6 -

Dated: January 5, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge