PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

BENU WELLS (admitted *pro hac vice*)
bwells@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., | Case No.: 5:13-cv-05808-HSG |
| Plaintiff, | **FINJAN'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE INFRINGEMENT CONTENTIONS** |
| v. | |
| PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC., | Date: TBD (Original Date: March 26, 2015)<br>Time: TBD<br>Dep.: Courtroom 15, 18th Floor |
| Defendants. | Judge: Hon. Haywood S. Gilliam, Jr. |

## TABLE OF CONTENTS

Page

I.   STATEMENT OF THE ISSUES TO BE DECIDED....................................................1

II.   INTRODUCTION .........................................................................................................1

III.  STATEMENT OF FACTS ...........................................................................................2

     A.   Finjan Provided Ample Notice of its Infringement Contentions .......................3

     B.   Defendants Engage in Delay and Evasive Discovery Tactics ............................5

     C.   Defendants Inexplicably Wait Ten Months to File This Motion .......................7

IV.  ARGUMENT .................................................................................................................9

     A.   Finjan's Infringement Contentions Provide Ample Notice of Its Infringement
           Theories in Compliance with Patent Local Rule 3-1 ........................................9

          1.   Finjan Has Provided Proper Notice For Each Accused Product In
                 Compliance With Patent L.R. 3-1 .......................................................10

               (a)   Separate Claim Charts For Each Accused Product Are Not
                       Required. .................................................................................10

               (b)   Finjan Did Not Fail to Address Any Accused Products.........................12

               (c)   Defendants' Argument that Finjan Failed to Identify Unnamed
                       Products is a Red Herring.......................................................13

          2.   Finjan Has Properly Set Forth Its Contentions And Support For All
                 Elements Of All Asserted Claims. .......................................................15

               (a)   Finjan Did Not Fail to Identify an Infringement Theory for Any
                       Claim Limitation. ...................................................................15

                (b)   Finjan's Reliance on Publicly Available Information to Support Its
                       Infringement Contentions is Entirely Appropriate. ...............16

          3.   Defendants Rule 11 Arguments are Meritless and Procedurally Improper. .......18

          4.   Judge Lloyd Did Not Address the Adequacy of Finjan's Infringement
                 Contentions. .........................................................................................19

          5.   Finjan's Contentions Regarding Indirect Infringement, Willfulness And
                 The Doctrine Of Equivalents Satisfy Local Patent Rule 3-1. .............20

B.    In the Alternative, Finjan Should Be Permitted to Amend Its Infringement Contentions Without a Stay of Discovery. ....................................................... 22

    1.    Defendants' Motion to Strike Finjan's Infringement Contentions Should be Treated as a Motion to Compel Amendment. .................................................. 23

    2.    Finjan Demonstrated Good Cause to Amend its Infringement Contentions Pursuant to Patent L.R. 3-6............................................................ 23

    3.    If Finjan is Permitted to Amend its Infringement Contentions, a Stay of Discovery Pending Such Amendment is Unwarranted...................................... 25

V.    CONCLUSION................................................................................................................ 25

FINJAN'S OPPOSITION TO DEFENDANTS'    Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*3Com Corp. v. D-Link Sys., Inc.*,
   No. C 03-2177 VRW, 2007 WL 949599 (N.D. Cal. Mar. 27, 2007) ............................ 14, 15, 24, 25

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ............................ 14, 22, 25

*ASUS Comp. Int'l v. Round Rock Rsch., LLC*,
   No. 12-cv-02099-JST, 2013 WL 5545276 (N.D. Cal. Oct. 8, 2013)........................................ 11, 12

*Bender v. Advanced Micro Devices, Inc.*,
   No. C-09-1149 MMC (EMC), 2010 WL 363341 (N.D. Cal. Feb. 1, 2010) .................................... 22

*Blue Spike, LLC v. Adobe Sys. Inc.*,
   Case No. 14-cv-01647-YGR (JSC), 2015 WL 335842 (N.D. Cal. Jan. 26, 2015) .................... 18, 23

*Creagri, Inc. v. Pinnacle Inc.*,
   No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012)........................... 11, 16

*DCG Sys. v. Checkpoint Techs., LLC*,
   No. C 11-03792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012) ............................................ 24

*Fortinet, Inc. v. Palo Alto Networks, Inc.*,
   No. C-09-00036 RMW, 2010 WL 4608250 (N.D. Cal. Nov. 5, 2010) .......................................... 24

*FusionArc, Inc. v. Solidus Networks, Inc.*,
   No. C 06-06760 (RMW) (RS), 2007 WL 1052900 (N.D. Cal. April 5, 2007)......................... 18, 23

*Netlist, Inc. v. Smart Storage Sys., Inc.*,
   No. 13-cv-05889-YGR, 2014 WL 1320325 (N.D. Cal. Apr. 1, 2014) ................................ 16, 17, 18

*Network Caching Tech., LLC v. Novell, Inc.*,
   No. C-01-2079 VRW, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002).................................. 10, 19

*Network Caching Tech. Corp. v. Novell, Inc.*,
   No. C-01-2079 VRW, 2003 WL 21699799 (N.D. Cal. Mar. 21, 2003) ............................. 10, 18, 23

*ProconGPS, Inc. v. Skypatrol, LLC*,
   No. C 11-3975 SI, 2013 WL 1788049 (N.D. Cal. Apr. 26, 2013).......................................... 23, 24

*Renesas Tech. Corp. v. Nanya Tech Corp.*,
   No. C03-05709JFHRL, 2004 WL 2600466 (N.D. Cal. Nov. 10, 2004)....................... 10, 11, 16, 17

iii

*Seiko Epson Corp. v. Coretronic Corp*,
    No. C 06-06946 MHP, 2008 WL 2563383 (N.D. Cal. June 23, 2008) ............................................ 14

*Shared Memory Graphics LLC v. Apple, Inc.*,
    812 F. Supp. 2d 1022 (N.D. Cal. 2010) ..................................................................... 18, 23

*Theranos, Inc. v. Fuisz Pharma LLC*,
    No. 11-CV-05236-YGR, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012)........................................ 18

*Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*,
    No. C09-05897 RS (HRL), 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) .................................. 14, 25

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
    No. C-10-05525 SBA (EDL), 2013 WL 2182328, at *2 (N.D. Cal. May 20, 2013)....................... 24

**Other Authorities**

Patent Local Rule 3-1 ......................................................................................................... *passim*

Patent Local Rule 3-2 ............................................................................................................. 2

Patent Local Rule 3-4 ............................................................................................................. 5

Patent Local Rule 3-6 .................................................................................................. 14, 22, 23

Plaintiff Finjan, Inc. ("Finjan") submits this brief in opposition to the motion by Defendants Proofpoint, Inc. and Armorize Technologies, Inc. (together, "Defendants") to strike Finjan's infringement contentions (Dkt. No. 118).

## I.     STATEMENT OF THE ISSUES TO BE DECIDED

1)     Whether Finjan's infringement contentions, which Finjan served over ten months ago and that put Defendants on notice of Finjan's theory of infringement, satisfy the requirements of Patent Local Rule 3-1.

2)     In the event that the Court determines that Finjan's infringement contentions are inadequate:

   a)     Whether Finjan should be permitted to amend its infringement contentions, as Defendants requested as an alternative form of relief; and

   b)     Whether a stay of discovery pending Finjan's amendment is warranted given that Finjan will not be adding new products or infringement theories, but providing supplemental information regarding the currently accused products and theories.

## II.     INTRODUCTION

Finjan provided Defendants ample notice of its infringement contentions, despite Defendants' failure to effectively engage in discovery and provide information concerning the accused products throughout this action.  Thus, Defendants' motion to strike these contentions and stay the case has no merit.  Rather, this motion is another baseless attempt by Defendants to forestall discovery and the progression of this matter, after this Court has rejected Defendants' repeated previous attempts to stay the case.  Tellingly, Defendants have had Finjan's infringement contentions since April 17, 2014—yet Defendants inexplicably delayed in bringing this motion for nearly **ten months**.  During this time, Finjan's position has been unwavering that its infringement contentions are more than sufficient and fully comply with the Patent Local Rules, yet Defendants have continued to sit on this issue until now.

Indeed, Finjan has provided over 1050 pages of claim charts specifying precisely how each of the accused instrumentalities meet each limitation of the asserted claims.  Yet Defendants raise

1

meritless claims of "deficiencies," which mischaracterize Finjan's infringement contentions and are replete with factual errors regarding both the content of Finjan's contentions and the procedural history surrounding the contentions.  To illustrate, Defendants misrepresent to the Court that they do not understand whether Finjan is asserting infringement of the accused products individually or collectively.  However, when Defendants first raised this exact concern in June 2014, Finjan promptly responded, explaining that its infringement contentions make clear that Finjan accuses each product of infringement, and again, explicitly identifying each accused product.  Thus, Defendants are fully aware of what Finjan accuses of infringement.  As another example, Defendants claim that Finjan has somehow disregarded Judge Lloyd's order by not amending its infringement contentions, but Judge Lloyd in no way ever assessed the adequacy of Finjan's infringement contentions.  Instead, Judge Lloyd ordered Defendants supplement their interrogatory responses and produce *all* technical documents for each of the accused products (as well as *all* documents that Defendants intend to rely upon at trial) on January 26, 2015.  Dkt. No. 115 at 6.

By consistently mischaracterizing the facts, the true purpose of Defendants' motion to strike is apparent—to impede discovery, delay the progress of this action and create non-substantive make-work for Finjan.  Given the clear notice provided by Finjan's infringement contentions, the severe measure of striking the contentions would be manifestly unjust and unwarranted.  At most, Finjan should be permitted leave to amend its contentions.  However, in no event would a stay be appropriate, as Defendants are fully aware of Finjan's infringement theories based on the detail provided in Finjan's existing infringement contentions.  For these reasons, as explained further below, Defendants' motion should be denied.

## III.   STATEMENT OF FACTS

Ten months ago, Finjan served infringement contentions that fully satisfied the requirements of the Patent Local Rules, providing Defendants with ample notice of Finjan's claims.  Yet Defendants proceeded to manufacture purported deficiencies with Finjan's infringement contentions, which they first raised with Finjan eight months ago.  Over the course of the months that followed, rather than responding to Finjan's repeated explanations regarding the sufficiency of its contentions, Defendants

FINJAN'S OPPOSITION TO DEFENDANTS'                    Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

used their complaints about Finjan's infringement contentions as a basis to consistently withhold discovery concerning the accused products.  Defendants engaged in this delay tactic until they were finally compelled to produce documents, only then opting to file this motion requesting a stay ten months later.  Defendants' bad faith dilatory tactics should not be rewarded with further delay.  Rather, as further explained below, Defendants' motion to strike and/or stay the case should be denied.

### A.  Finjan Provided Ample Notice of its Infringement Contentions

Finjan filed this action on December 16, 2013 for Defendants' infringement of eight Finjan patents.  On April 17, 2014, Finjan provided Defendants with its infringement contentions pursuant to Patent Local Rule 3-1.  Contrary to the assertions in Defendants' Motion, Finjan's infringement contentions set forth in detail how each of the accused products satisfies each of the asserted claim limitations.  Finjan structured its infringement contentions in a logical, manageable manner while ensuring compliance with Patent Local Rule 3-1.  First, Finjan identified each patent and claim it alleged each Defendant infringed, whether directly or indirectly.  *See* Declaration of Sam Stake in Support of Defendants' Mot. To Strike ("Stake Decl."), Ex. M at 2 (Finjan's Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure Pursuant to Patent Local Rules 3-1 and 3-2 ("Finjan's Infringement Contentions")).  Next, Finjan specifically identified each product of each Defendant that infringed each individual claim of the asserted patents.  For example, with respect to the asserted claims of the '822 Patent, Finjan identified the following products as infringing:

> **Proofpoint Products**: Proofpoint Enterprise Protection, Proofpoint's Malvertising Protection, Proofpoint's SafeImpressions, Proofpoint's Targeted Attack Protection, Proofpoint Essentials (including the packages of Beginner, Business, and Professional), Proofpoint Protection Server, and Proofpoint Messaging Security Gateway.
>
> **Armorize Products**:  HackAlert Anti- Malware, CodeSecure Automated Static Source Code Analysis, SmartWAF Web Application Firewall, SafeImpressions and Malvertising Protection.

Stake Decl., Ex. A, Appendix A at 1; *id.,* Ex. F, Appendix F at 1.  Finjan provided these contentions for each of the patents it asserted, specifically identifying the asserted claims and which products it alleged infringe those claims.  *Id.*, Exs. A-M.

3

Next, Finjan provided two separate claim charts for each patent.  For example, with respect to the '822 Patent, Finjan provided one claim chart that identified each accused Proofpoint Product (Stake Decl., Ex. A, Appendix A), and another claim chart that identified each accused Armorize Product (Stake Decl., Ex, F, Appendix F).

After identifying the accused products on each claim chart, Finjan set forth each claim element for the particular patent in one column, and in the next column specifically described how each accused product satisfied that limitation.  With respect to the "Proofpoint Products," Finjan grouped the accused products based on the fact that each product within the group utilized the same infringing technology, specifically "the Zero-Hour Threat Detection and Malware Analysis Service," and mapped the accused products to each claim element based on their shared infringing elements.  Stake Decl., Ex. A, Appendix A at 1.  With respect to the "Armorize Products," Finjan separately identified how each accused product satisfied each claim element.

Taking, for example, Claim 1a. of the '822 Patent, which requires "a processor-based method," Finjan specifically identified how the "Armorize Products" satisfy this limitation by explaining that each of these products operates on a computer:

| Claim 1 | |
|---|---|
| 1a. A processor-based method, comprising: | Armorize Products meet the recited claim language because they perform a processor-based method.<br><br>By the way of example, and not limitation, Armorize Products meet the recited claim language because Armorize Products such as HackAlert Anti-Malware, CodeSecure Automated Static Source Code Analysis, SmartWAF Web Application Firewall, Malvertising Protection operate on a computer. |

Stake Decl., Ex. F, Appendix F, Claim 1a.  Thereafter, Finjan provided the support for its contentions based on publicly available information, including the information that Finjan reviewed during its pre-suit investigation.  *Id.*  Finjan repeated this exercise for each and every asserted claim under all of the patents it asserted.  *Id.*

Since April 2014, in order to provide Defendants with further notice regarding the asserted claims, Finjan agreed to narrow the asserted claims in this action from 120 to 40 claims, a 66%

4

reduction.  Finjan provided Defendants with this reduction on December 19, 2014.  Thus, Defendants' repeated claims that this is a "sprawling" lawsuit involving "over 120 claims" is misrepresentative and vastly overstated.  In view of Finjan's robust infringement contentions, Defendants have had ample notice of Finjan's infringement contentions, aided even further by Finjan's subsequent reduction of asserted claims.

**B.     Defendants Engage in Delay and Evasive Discovery Tactics**

Despite the notice that Defendants have been provided throughout this lawsuit of Finjan's claims in this action, for nearly a year, Defendants have avoided providing technical discovery concerning the accused products.  Discovery in this action commenced on March 12, 2014 (i.e., about one month before Finjan served its infringement contentions), when Finjan served its first sets of requests for production and interrogatories.  These included various requests concerning the technical aspects of the accused products.  *See* Discovery Dispute Joint Report No. 1, Dkt. No. 109, Exs. 1-3.  Also, on June 9, 2014, Defendants' document production pursuant to Patent Local Rule 3-4 regarding the operation of the accused products was due.  Despite Defendants' obligation to provide discovery pursuant to Finjan's discovery requests and the Patent Local Rules, Defendants largely failed to engage in discovery in 2014.  During this time, as part of their strategy of delay, Defendants also sought to stay the case on June 30, 2014 based on pending *ex parte* reexaminations of certain claims of two of the patents-in-suit.  The Court denied the request for stay on September 3, 2014 (Dkt No. 77).  Incredibly, by December 2014, in the approximately nine months that had passed since Finjan propounded its discovery requests, Defendants had only produced 271 internal technical documents, almost entirely related to Armorize only and not Proofpoint, 69 of which were single page images, and several of which were duplicative, and had failed to provide substantive responses to key interrogatories.  Dkt. No. 109 at 2.

Finjan persistently pursued the missing substantive technical discovery to no avail.[1]  For example, Finjan served additional targeted document requests and made more specific requests by

---

[1] Defendants also attempted to delay discovery by failing to engage in creating a joint stipulated ESI Order, prompting Finjan to file an administrative motion for an ESI Order.  Dkt. No. 83.  Defendants

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

correspondence.  *See* Discovery Dispute Joint Report No. 1, Dkt. No. 109 at 2; *see also id.*, Exs. 1-3.

Finjan also repeatedly tried for over three months, from July through October, 2014, to schedule a

meet and confer session with Defendants pursuant to the requirement in Judge Lloyd's standing order

before filing a motion to compel.  *See* Dkt. No. 86.  When Defendants repeatedly ignored these

requests, Finjan was forced to file a discovery report on its own, rather than jointly as Judge Lloyd

requires.  *Id.*  Finally, pursuant to a directive by Judge Lloyd that the parties meet and confer in-person

(Dkt. No. 103), Defendants agreed to an in-person meet and confer on November 24, 2014, during

which, as expected, Defendants continued to evade Finjan's requests.  Defendants' main basis for

withholding discovery was their disingenuous claim that they did not understand Finjan's infringement

contentions or which products Finjan accused of infringement.

The parties filed a Joint Discovery Report addressing these issues on December 8, 2014.  Dkt.

No. 109.  In the Joint Discovery Report, Defendants made their second unsuccessful attempt to stay

this action, claiming that they were not required to provide discovery until Finjan amended its

infringement contentions.  *Id.* at 7-8.  In his January 5, 2015 Order, Judge Lloyd rejected Defendants'

argument and compelled them to provide the discovery Finjan sought by January 26, 2015:  "The

Court concludes that Defendants' complaints regarding Finjan's infringement contentions do not

justify their withholding discovery of relevant information."  Order Re Discovery Dispute Joint Report

No. 1, Dkt. No. 115 at 4.  Judge Lloyd also found that Defendants had not properly challenged the

adequacy of Finjan's infringement contentions through a motion.  *Id.*

While Defendants produced additional documents for the accused products by January 26,

2015 pursuant to the Court's order, after nearly a year of discovery, Defendants' production is still

inadequate, lacking key damages and technical documents.  In its efforts to obtain discovery

concerning the accused products through any available avenue, Finjan has also diligently pursued

depositions of Defendants' representatives pursuant to Rule 30(b)(6) regarding the technical aspects of

the accused products.  This includes topics concerning "conception, design, structure, research,

---

blatantly ignored for months Finjan's attempts to enter an ESI Order.  *Id.* at 1-2.  After the motion, the
parties were able to agree to an ESI Order similar to the one Finjan had proposed several months prior.

6

1   development, operation, features, testing and functionality" of accused products and key information

2   regarding the source code that Defendants provided for inspection.  However, notwithstanding that

3   Finjan served its notice on October 31, 2014, Defendants continue to forestall these depositions.  In

4   fact, Defendants have only recently proposed dates for some, not all, of the topics.

5       **C.      Defendants Inexplicably Waited Ten Months to File This Motion**

6           Defendants have undertaken the same pattern of delay with respect to Finjan's infringement

7   contentions.  While Finjan served these contentions on April 17, 2014, Defendants did not file the

8   instant motion for nearly ten months.  Rather than filing this motion sooner, Defendants have elected to

9   pursue a course of conduct wherein they raise meritless objections to Finjan's infringement contentions

10  and then in turn rely upon these unfounded objections to refuse to engage in meaningful discovery.

11          Indeed, Defendants have raised nothing but factually incorrect and/or amorphous complaints

12  regarding Finjan's infringement contentions since their first purported "deficiency letter."  On June 9,

13  2014, Defendants sent Finjan a letter identifying four alleged deficiencies in Finjan's infringement

14  contentions (including the same alleged issues raised in their Motion).  Stake Decl., Ex. N.  Defendants

15  further claimed a lack of understanding of what products are accused of infringement, despite the clear

16  identification in Finjan's infringement contentions.  *Id.,* Exs. A-N.  Finjan promptly responded to

17  Defendants by e-mail dated June 25, 2014, and correspondence dated July 10, 2014.  *See* Declaration

18  of Benu Wells in Support of Finjan's Opposition to Defendants' Motion to Strike Infringement

19  Contentions ("Wells Decl."), ¶ 2, Ex. A; *see also* Stake Decl., Ex. P.  Therein, Finjan explicitly

20  addressed each purported deficiency identified by Defendants by explaining how Finjan's infringement

21  contentions in fact comply with the Patent Local Rules.  *Id.*  In addition, in response to Defendants'

22  feigned lack of understanding of what products are accused of infringement, Finjan again listed each

23  product of Defendants accused of infringement in both Finjan's June 25 and July 10 correspondence to

24  Defendants.  Finjan also explained that certain products identified in its infringement contentions

25  appeared to have alternate names.  For instance, Finjan explained that Proofpoint Protection Server and

26  Messaging Security Gateway are the same product or part of Proofpoint Enterprise Protection, which is

27  identified throughout Finjan's claim charts.  *Id.*

28

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

1    In their moving papers, Defendants suggest that they followed-up with Finjan on numerous

2    occasions to "provid[e] Finjan with an opportunity to amend its infringement contentions."  *See* Defs.

3    Mot. Strike Infringement Contentions, Dkt. No. 118 ("Defs. Br.") at 5.  However, in reality, each of

4    Defendants' subsequent communications merely reiterates the issues raised in Defendants' initial

5    letter, fails to acknowledge Finjan's responsive correspondence, and does not explain why Finjan's

6    clarification of issues was insufficient to satisfy Defendants' concerns.  Stake Decl., Exs. Q-S, U, V,

7    and W.  Thus, this is not a situation in which Finjan is "refusing" to amend its infringement

8    contentions.  In fact, the opposite is true.  Finjan promptly responded to each and every purported

9    "deficiency" identified by Defendants, and explained why amendment is not appropriate.  *See, e.g., id.*,

10   Ex. T (correspondence from Finjan to Defendants again identifying the products accused of

11   infringement, explaining that Finjan's "prior letters and emails address all the issues . . . raise[d]" in

12   Defendants' subsequent correspondence regarding the infringement contentions and that "Defendants

13   have not responded to [Finjan's] explanations.").  Thus, while Defendants have attempted to create a

14   record of alleging deficiencies during the course of the last ten months, in reality, they never addressed

15   any of Finjan's explanations and never actively attempted to resolve the issue.

16       The only plausible explanation for Defendants' delay in bringing this motion is that Defendants

17   used manufactured deficiencies in Finjan's infringement contentions as an excuse to avoid providing

18   technical discovery for as long as they were able to do so.  Then, when Judge Lloyd ordered that this

19   withholding of discovery by Defendants was improper (i.e., concluding that "Defendants' complaints

20   regarding Finjan's infringement contentions do not justify their withholding discovery of relevant

21   information"), Defendants filed the instant motion, still over a month later.  Dkt. No. 115 at 4.

22   Defendants delayed in filing this Motion despite being fully aware that they needed to raise this issue

23   by formal motion, which they failed to do for months until now.  *See, e.g.,* Dkt. No. 109 at 8, n.4.

24   ("Defendants are mindful of Judge Lloyd's guidance that relief on Finjan's infringement contentions is

25   not a discovery dispute for determination through a Joint Discovery Dispute Report.  (Dkt. No. 103 at

26   3, n.2 [Judge Lloyd's November 19, 2014 Order]").  In fact, Judge Lloyd himself noted Defendants'

27   failure to move regarding Finjan's infringement contentions in concluding that Defendants should be

28

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

compelled to provide technical discovery:  "If Finjan's contentions are truly so inadequate that Defendants cannot work out what documents are responsive to Finjan's RFP's they may move to compel further Patent L.R. 3-1 disclosures."  Dkt. No. 115 at 3-4.

Moreover, contrary to Defendants claims, Judge Lloyd never evaluated the adequacy of Finjan's infringement contentions, indeed explicitly stating that he would not do so:  "As Defendants acknowledge…relief on Finjan's infringement contentions is not a discovery dispute for determination through a Joint Discovery Dispute Report."  *Id.* at 6, n.3.  Rather, Judge Lloyd simply stated that "to the extent" that Finjan's infringement contentions do not include the information that Defendants request in response to Interrogatory No. 1, Finjan should supplement its response.  Since Finjan's infringement contentions contained this information, Finjan properly supplemented with its infringement contentions (which had not been served at the time that Finjan first responded to Interrogatory No. 1).

Thus, there is no support from Judge Lloyd or any other source that Finjan's infringement contentions are deficient.  As explained in the following sections, each of the purported "deficiencies" raised by Defendants lacks merit.  Finjan conducted a robust pre-suit investigation and set forth its infringement theories in painstaking detail in its infringement contentions and claim charts.  In light of Defendants failure to move on the issue until now despite the parties being at a standstill as of June 2014, it is apparent that Defendants' accusations are merely a disingenuous attempt to manufacture issues and stall providing discovery.  As a result, Defendants' motion to strike Finjan's infringement contentions should be denied.

## IV.    ARGUMENT

### A.    Finjan's Infringement Contentions Provide Ample Notice of Its Infringement Theories in Compliance with Patent Local Rule 3-1

Defendants improperly attempt to hold Finjan to the standard of proving infringement through its infringement contentions, questioning the sufficiency of the support Finjan provided and arguing that it cannot understand Finjan's infringement theories solely because Finjan grouped certain categories of products that infringe in a similar manner together.  Proving infringement, however, is

FINJAN'S OPPOSITION TO DEFENDANTS'                              Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

not the purpose of infringement contentions.  Rather, infringement contentions serve the purpose of providing notice of the accusing party's theories of infringement.  *See Renesas Tech. Corp. v. Nanya Tech Corp.*, No. C03-05709JFHRL, 2004 WL 2600466, at *4 (N.D. Cal. Nov. 10, 2004).

"'Patent L.R. 3-1 does not require [plaintiff] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions,' nor does it require a plaintiff to provide support for its contentions."  *Id.* at *4 (quoting *Network Caching Tech. Corp. v. Novell, Inc.*, No. C-01-2079 VRW, 2003 WL 21699799, at *4 (N.D. Cal. Mar. 21, 2003) ("*Network Caching II*")).  Rather, an accusing party must only "set forth 'particular theories of infringement with sufficient specificity to provide defendants with notice of infringement' beyond the claim language itself."  *Id.* (quoting *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2002 WL 32126128, at *3-4 (N.D. Cal. Aug. 13, 2002)("*Network Caching I*")).  Infringement contentions are not meant to require a party to prove its case of infringement or provide a forum for litigation of substantive issues.  *Id.*  Rather, they are designed to streamline the discovery process by "tak[ing] the place of a series of interrogatories that defendants would likely have propounded."  *Id.* at *2 (quoting *Network Caching I*, 2002 WL 32126128, at *3-4).

Finjan's infringement theories are laid out in precise detail in its infringement contentions, supported by the publicly available information Finjan located in its pre-suit investigation.  As demonstrated in the following sections, the purported "deficiencies" identified by Defendants are, in fact, not deficiencies at all.  Rather, they are an attempt to hold Finjan to the incorrect standard of proving infringement prior to receiving discovery, which Defendants in turn have stalled in providing since discovery commenced nearly a year ago.

### 1.   Finjan Has Provided Proper Notice For Each Accused Product In Compliance With Patent L.R. 3-1

#### (a)   Separate Claim Charts For Each Accused Product Are Not Required.

Defendants incorrectly argue that Finjan's infringement contentions are inadequate because Finjan did not provide a separate claim chart for each accused product.  This is incorrect as a matter of law.  Patent L.R. 3-1(c) requires a "chart identifying specifically where each element of each asserted

claim is found within the each Accused Instrumentality," and does <u>not</u> require a separate chart for each individual product. *Renesas Tech.*, 2004 WL 2600466, at *2. Indeed, in *Renesas*, the District Court for the Northern District of California held that a party's claim charts, which grouped 160 products into four groups, were sufficient. *Id.* Thus, it was entirely appropriate for Finjan to group products together and to support its contentions with the public information available to it.

Defendants try to obfuscate the actual structure of Finjan's infringement contentions by latching on to the fact that Finjan grouped its products as "Proofpoint Products" or "Armorize Products." Defendants use this to incorrectly allege that Finjan did not map a single accused product to each and every claim limitation. As an initial matter, for the "Armorize Product" group, Finjan separately mapped each individual product within the group, so Defendants' arguments do not even apply to these products. With respect to the "Proofpoint Product" group, this grouping is based on the fact that the accused products within this group contains the same infringing technology. As such, Finjan identified products that share an infringing functionality, and mapped that infringing functionality to each of the asserted claim elements. This is entirely proper. *See Creagri, Inc. v. Pinnacle Inc.*, No. 11-cv-06635-LHK-PSG, 2012 WL 5389775, * 3 (N.D. Cal. Nov. 2, 2012).

In *Creagri*, the plaintiff did not provide infringement contentions for each individual product it accused. *Id.* Rather, plaintiff alleged that each product within a group contained a common chemical compound, and further alleged that such common chemical compound was the infringing element of each of the accused products. *Id.* The District Court for the Northern District of California held that such a grouping satisfied Patent L.R. 3-1 because defendant had "sufficient notice" of plaintiff's infringement theory for each product. *Id.*; *see also ASUS Comp. Int'l v. Round Rock Rsch., LLC*, No. 12-cv-02099-JST, 2013 WL 5545276, at *3 (N.D. Cal. Oct. 8, 2013) ("Courts have previously held that the representative method of disclosing infringement contentions is appropriate, provided the infringement contentions provide reasonable notice of the patent owner's theories of infringement.").

Here, Finjan grouped its accused "Proofpoint Products" in precisely the same manner. Each of the "Proofpoint Products" utilize the Zero-Hour Threat Detection and Malware Analysis Service solutions, which Finjan contends is the infringing aspect of the "Proofpoint Products." Thereafter,

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

Finjan mapped the accused products to each claim limitation, and supplied specific information as to how each individual product within the group satisfies each limitation based on the public information that was available to Finjan.  Thus, Finjan's contentions provide Defendants with the requisite notice of its infringement theories.  *Id.*

Tellingly, Defendants do not dispute that Finjan's grouping of the "Proofpoint Products" is accurate.  Indeed, Defendants have provided a response to a Finjan interrogatory confirming which of the "Proofpoint Products" utilize the infringing Zero-Hour Threat Detection and/or Malware Analysis Service solutions.   Dkt. No. 87-6, Ex. 3 at 8-9 (Defs. Resp. to Finjan Interrogatory No. 9).  In light of Defendants' recognition that the grouped products contain the same infringing functionality, their claim that Finjan's infringement contentions fail to provide notice of its infringement theories ring hollow.  *See ASUS Comp.*, 2013 WL 5545276, at *2-3 (finding defendants failed to establish why grouping of products that infringe in same way failed to give notice of plaintiff's theories of infringement).

### (b)      Finjan Did Not Fail to Address Any Accused Products.

Perhaps the best evidence of the baseless nature of Defendants' motion is their argument that Finjan's infringement contentions fail to address certain accused products.  Defendants identified five products that Finjan purportedly failed to address:  Proofpoint Protection Server, Proofpoint Messaging Security Gateway, Proofpoint Enterprise Protection, Armorize Malvertizing Protection and Proofpoint Essentials.  Yet as Defendants are well aware, Defendants' products have changed names multiple times in the past few years, so the publicly available materials sometimes refers to one product while it exists as some other product.

For instance, and further illustrating that similarities exist among the products identified in the "Proofpoint Products" group, three of the products identified by Defendants are actually different names for the same product—a fact that Finjan explained to Defendants ***over seven months ago***.  Stake Decl., Ex. P at 1.  Specifically, Defendants assert that Finjan failed to address Proofpoint Protection Server and Proofpoint Messaging Security Gateway.  Defs. Br. at 9.  However, on July 10, 2014, Finjan explained in a letter to Defendants that these products are alternate names for the Proofpoint

Enterprise Protection product, which Finjan identified throughout its charts.  Stake Decl., Ex. P.

Further, Proofpoint Enterprise Protection and Proofpoint Essentials are similar except Enterprise

Protection is for large business and Essentials is for medium and small businesses.  Defendants'

attempt to present all of these products as distinct solutions that have been inadequately addressed by

Finjan is a factual distortion.  In fact, *Defendants* are in the unique position to know when their own

product is referred to by multiple names, not Finjan.  Still, Finjan provided notice that these were

different names for the same product seven months ago.  Defendants have also failed to provide key

discovery that would describe the overlap among the products, such as internal documents describing

the functionality of Proofpoint Messaging Security Gateway, despite Judge Lloyd's order to compel.

Moreover, Finjan told Defendants over seven months ago that Armorize SafeImpressions "is

sometimes referred to as Proofpoint SafeImpressions and Proofpoint Malvertising Protection Service."

*Id*.  Evidence of the multiple names for SafeImpressions is still on Defendants' website.  For example

regarding Armorize Malvertising Protection, if one were to click the link "Malvertising Protection"

under the "HackAlert Suite" banner on armorize.com, one would see the "Proofpoint Malvertising

Protection" logo at the web address http://armorize.com/index.php?link_id=SafeImpression, and

additional images with the "Armorize SafeImpressions" logo.  Thus, there are multiple names

(Armorize HackAlert, Armorize SafeImpressions, Proofpoint SafeImpressions and Proofpoint

Malvertising Protection) associated with one product (Armorize Malvertising Protection).  Wells Decl.,

¶ 3, Ex. B; *see also* Dkt. No. 104 (Amended Complaint, Ex. N).

Defendants have never disputed that the accused products have the multiple names described

above.  Thus, Finjan's infringement contentions properly cover all of the accused products.

### (c)   Defendants' Argument that Finjan Failed to Identify Unnamed Products is a Red Herring.

Defendants attempt to distract the Court with the non-issue that Finjan asserted infringement

against other unnamed products that use the infringing functionality of Defendants' Zero-Hour Threat

Detection or Malware Analysis Service—products that Finjan did allege infringe.  Defs. Br. at 19.

However, to date, Finjan has not sought to add any additional accused technologies into this action

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

1    other than those it explicitly identified in its infringement contentions.  Defendants' attempt to

2    proactively prevent Finjan from *ever* seeking to amend its contentions to add information is improper.

3            Indeed, Court's routinely permit parties to amend their infringement contentions to add

4    previously unnamed products that have the same accused functionality as the named products.  *See*

5    *Apple, Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *3 (N.D. Cal. Nov.

6    15, 2012) (permitting parties to add additional accused devices that have the same infringing

7    functionality as original product because contentions would not significantly change); *see also*

8    *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263,

9    at *3 (N.D. Cal. Feb. 18, 2011) (permitting amendment with new infringement theory concerning

10   originally named products based on new information acquired during discovery); *3Com Corp. v. D-*

11   *Link Sys., Inc.*, No. C 03-2177 VRW, 2007 WL 949599 at *7 (N.D. Cal. Mar. 27, 2007) ("It is to be

12   expected that a patent holder may find other product designations that infringe as discovery

13   progresses.").  If Finjan learns through discovery that there are other products that utilize Defendants'

14   Zero-Hour Threat Detection or Malware Analysis Service (such as unreleased products or products

15   that do not contain publicly available information sufficient to establish that they use this infringing

16   functionality) and there is not sufficient notice provided in Finjan's infringement contentions regarding

17   the technology included these additional products, Finjan is entitled to seek leave from the Court to

18   amend its infringement contentions to add these products.

19           For instance, in *Seiko Epson Corp. v. Coretronic Corp.*, the district court permitted plaintiff to

20   amend its infringement contentions to add twenty-four new products that it learned of through

21   defendant's responses to its interrogatories.  No. C 06-06946 MHP, 2008 WL 2563383, at *2 (N.D.

22   Cal. June 23, 2008).  The district court determined that the addition of these new products, which had

23   the same configuration as the originally named products, satisfied Patent L.R. 3-6's standard for

24   amendment because plaintiff learned of the products through discovery:

25                   [Plaintiff's] use of discovery to expand its infringement contentions does
                     not change the court's analysis.  Indeed, discovery is often used to garner
26                   information not available to the proponent in order to thereafter expand
                     the scope of litigation.  **This expansion is legitimate where it comes**
27                   **within the metes and bounds of the patent claims already in issue.**

28

                                            14

*Id.* at *3 (emphasis added).  Similarly, in *3Com Corp*, the district court held: "Absence of a product's name or number is not a covenant not to sue for infringement.  This is especially true if a defendant is put on notice by the naming of several products within a line of products possessing similar functionality."  2007 WL 949599, at *8.

Defendants cannot preemptively foreclose Finjan's right to seek amendment of its infringement contentions through the instant motion to strike—effectively limiting the scope of this matter prior to providing Finjan with the information that would confirm whether there are, in fact, any such additional products.  This is particularly inappropriate in light of Defendants' failure to provide meaningful discovery concerning the accused products during the past year since discovery commenced.  In any event, Finjan is not even seeking to add new accused technology now, and thus this supposed ground for striking should not be considered.

> **2.     Finjan Has Properly Set Forth Its Contentions And Support For All Elements Of All Asserted Claims.**
>
> **(a)     <u>Finjan Did Not Fail to Identify an Infringement Theory for Any Claim Limitation.</u>**

Contrary to Defendants' claims, Finjan has provided more than sufficient information explaining its contentions for how each claim element is infringed by the accused products.  In their motion, Defendants consistently attempt to misrepresent Finjan's infringement contentions by only setting forth snippets of the contentions for a particular element without the surrounding context.  In doing so, Defendants intentionally omit and fail to address various additional language in Finjan's contentions demonstrating how the particular claim element has been satisfied.

For example, Defendants assert that Finjan failed to adequately address the "an appropriate computer account from among the plurality of computer accounts" requirement of claim 1c of the '918 Patent.  Defs. Br. at 12-13.  Defendants include a screen shot of the first three paragraphs of Finjan's infringement contentions for that element, suggesting that Finjan merely parroted its claim language and provided a string cite to links on the Armorize website.  *Id.*  In truth, however, Finjan provided *three pages* of contentions in support of this claim limitation, including specific reference to the manner in which individual Armorize products infringe.  Stake Decl., Ex. L at 8-11.

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

Defendants similarly misrepresent that Finjan provided only a "high level" discussion of features present in the Armorize products with respect to claim 1a of the '154 Patent.  Defs. Br. at 14. Again, Defendants omit from their brief the ***five pages*** of contentions that Finjan provided in support of this claim limitation, which describe how the accused products function to satisfy the claim requirements. Stake Decl., Ex. K at 1-6.  Defendants raise various hypothetical questions that ignore the substance of Finjan's contentions, and that fails to explain *why* Finjan's contentions fail to put Defendants on notice of its infringement theories—which is all that is required under Patent L.R. 3-1. Finjan is not required to prove infringement through its contentions, and Defendants' series of hypotheticals do not demonstrate insufficient notice.  Thus, there is no merit to Defendants' claim that they are not on notice regarding how each element is met by each accused product.

**(b)**    **Finjan's Reliance on Publicly Available Information to Support Its Infringement Contentions is Entirely Appropriate.**

Defendants' complaints regarding (i) the type of support Finjan provided, namely marketing materials that Finjan obtained in its pre-suit investigation (Defs. Br. at 11); and (ii) the fact that Finjan referred to certain supporting documents with respect to multiple claim limitations (*id.* at 12-18), miss the point and overstate the requirements of Patent L.R. 3-1.

Infringement contentions are concerned with notice, not proof.  *See Renesas*, 2004 WL 2600466, at *4.  Indeed, infringement contentions need not provide any support for a party's claims, as they are "merely designed to streamline the discovery process."  *Id.* at *5.  Finjan is required to identify how the accused products infringe with as much specificity as possible ***with the information currently available to it.*** *Creagri*, 2012 WL 5389775, at *3.  It is not obligated at the infringement contention stage to supply evidence to prove, or even merely to support, its infringement theory.

Defendants fail to provide any legitimate reasons why the publicly available information Finjan referred to (namely "Proofpoint's marketing materials and websites" (Defs. Br. at 11)), which is specific to each of the accused products and demonstrates how the infringing components operate, does not support the reasonableness of Finjan's contentions.  *See Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-05889-YGR, 2014 WL 1320325, at *3 (N.D. Cal. Apr. 1, 2014) (holding that public

statements and photographs found in the public domain are sufficient evidence underlying a party's infringement contentions).  The degree of specificity required under Patent L-R 3-1 "depends on the information readily available to the patentee."  *Id.*  Defendants' insistence that Finjan establish the sufficiency of the evidence underlying its contentions "imposes a requirement of proof that is absent from Rule 3-1."  *Id.* (permitting party to support contentions with assertion that "discovery will likely show" because detailed product information was not reasonably available to patentee).  Finjan provided Defendants with the information that supported its claims that was reasonably available to it.

Defendants misrepresent that Finjan simply "parroted" its claim language and relied on boilerplate examples without disclosing how the accused instrumentality satisfies each claim element.  Defs. Br. at 14-19.  However, the very examples cited by Defendants belie this argument.  For example, Defendants provide a chart identifying three claim limitations for which Finjan provided, ***as one supporting example***, a link to the same publicly available document.  *Id.* at 17-18.  However, Finjan's contentions provide approximately *five* pages and between *twelve and sixteen* supporting citations for each of these claim limitations.  Stake Decl., Ex. B at 26-30 (containing approximately 5 pages of contentions citing 16 references in support of Claim 8d. of the '633 Patent); Ex. C at 10-14 (containing approximately 5 pages and approximately 12 references in support of Claim 1c. of the '844 Patent); Ex. D at 9-13 (containing approximately 5 pages and 14 references in support of Claim 1c. of the '305 Patent).

Defendants cull out a single supporting reference of the 12-16 provided for each of these limitations, but fail to explain why this reference cannot support more than one claim.  Nor do Defendant explain why the use of the same document for more than one claim results in their being unable to determine Finjan's theory of infringement.  Thus, Defendants' suggestion that Finjan merely recited the claim language is demonstrably incorrect.

Finjan's obligation is to provide notice such that the discovery process is as streamlined as possible.  *See Renesas*, 2004 WL 2600466, at *5.  Finjan has done so.  Thus, Defendants' arguments regarding the sufficiency of Finjan's proof are not a proper basis to challenge the sufficiency of Finjan's infringement contentions.

### 3.    Defendants Rule 11 Arguments are Meritless and Procedurally Improper.

Defendants even go so far as to argue that because Finjan relied on publicly available information, and referred to the same documents in support of multiple claim limitations, that Finjan's pre-suit investigation was inadequate pursuant to Fed. R. Civ. P. 11.  This argument is devoid of merit.

As a primary matter, Rule 11 is not a basis to strike infringement contentions or to require a party to amend its contentions.  *See FusionArc, Inc. v. Solidus Networks, Inc.*, No. C 06-06760 (RMW) (RS), 2007 WL 1052900, at *1, *2 (N.D. Cal. April 5, 2007) (citing *Network Caching II*, 2003 WL 21699799, at *7).  Under Ninth Circuit precedent, courts should not blend the requirements of Patent L.R. 3-1 and Rule 11.  *Netlist*, 2014 WL 1320325, at *4.  Rather, the sufficiency of a pre-suit investigation "is an issue to be presented, if at all, to the presiding judge at the appropriate stage of the proceedings."  *FusionArc*, 2007 WL 1052900, at *1.  Therefore, Defendants' request to strike Finjan's infringement contentions based on Rule 11 should be rejected outright.

Nevertheless, Finjan conducted a diligent pre-suit investigation based on the publicly available information regarding the accused products that easily satisfied Rule 11's standard.  Rule 11 requires only that a party raise a "reasonable inference that all accused products infringe."  *See Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (citation omitted).  Contrary to Defendants' arguments, and as set forth in the preceding sections, Finjan neither mimicked its claim language nor referenced marketing materials that did not refer to the accused products.  Defs. Br. at 18-19.

Thus, Finjan's infringement contentions are nothing like those in the cases Defendants cite for the proposition that Finjan failed to perform an adequate pre-suit investigation under Rule 11.  *Id.*  Rather, each of those cases involved factual circumstances in which the deficient nature of a party's infringement contentions was extreme and incurable.  *See Blue Spike, LLC v. Adobe Sys. Inc.*, Case No. 14-cv-01647-YGR (JSC), 2015 WL 335842, at *6 (N.D. Cal. Jan. 26, 2015) (recognizing that publicly available documents are sufficient support; however, the document did not specify what document was being described); *see also Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-CV-05236-YGR, 2012 WL 6000798, at *5 (N.D. Cal. Nov. 30, 2012) (striking contentions that do not address

each claim limitation and "consist of nothing more than a conclusion based "on information and belief"); *Network Caching I*, 2002 WL 32126128, at *6 (striking contentions that provide no information beyond claim language itself, but permitting amendment).  As such, these cases are inapposite to the Court's evaluation of Finjan's infringement contentions.

In stark contrast to these cases, Finjan specifically explained how each of the accused products satisfies each claim element, and provided over 1050 pages of claim charts providing further support, explanation and detail.  Thus, Finjan's easily satisfied the requisite Rule 11 standard.

### 4.    Judge Lloyd Did Not Address the Adequacy of Finjan's Infringement Contentions.

Defendants supply this Court with a tortured misreading of Judge Lloyd's Order regarding Finjan's motion to compel discovery.  *See* Order Re Discovery Dispute Joint Report No. 1, Dkt. No. 115.  Contrary to Defendants' assertion, Judge Lloyd did <u>not</u> address the adequacy of Finjan's infringement contentions.  Rather, he compelled Defendants to provide the discovery Finjan sought, stating that Defendants' claim that Finjan's infringement contentions were insufficient was not a valid basis for withholding discovery.  *Id.* at 4 ("The Court concludes that Defendants' complaints regarding Finjan's infringement contentions do not justify their withholding discovery of relevant information.").  In fact, Judge Lloyd ordered Defendants produce *all* documents that Defendants intend to rely upon at trial, including *all* technical document for the accused products, due to Defendants' dilatory litigation conduct.

While Judge Lloyd also ordered Finjan to supplement its response to Defendants' Interrogatory No. 1, which sought Finjan's infringement theories (specifically "a chart identifying specifically where each element of each asserted claim is found within each instrumentality"), Judge Lloyd only ordered this "to the extent" that Finjan's infringement contentions do not include the information requested by Interrogatory No. 1.  *Id.* at 5-6.  Finjan's initial response to Defendants' Interrogatory No. 1 cited to its infringement contentions, ***which had not yet been served yet***.  Stake Decl., Ex. AA.  Thus, Judge Lloyd did not make *any* finding as to the adequacy of Finjan's infringement contentions because, at the time of his opinion, Finjan's response to Interrogatory No. 1 had not yet incorporated its claim charts.

1   Indeed, Judge Lloyd specifically declined to rule on the sufficiency of Finjan's infringement

2   contentions:  "As Defendants acknowledge… relief on Finjan's infringement contentions is not a

3   discovery dispute for determination through a Joint Discovery Dispute Report."  Dkt. No. 115 at 6, n.3.

4   Finjan supplemented its response, and included claim charts, <u>after</u> Judge Lloyd issued his Order.  Stake

5   Decl., Ex. BB.  As such, Judge Lloyd's decision made <u>no</u> findings, suggestions, or implications as to

6   the adequacy of Finjan's infringement contentions.

### 5.   Finjan's Contentions Regarding Indirect Infringement, Willfulness And The Doctrine Of Equivalents Satisfy Local Patent Rule 3-1.

9            Contrary to Defendants' assertion, Finjan's infringement contentions do far more than merely

10  recite the elements of indirect infringement and willfulness with boilerplate language.  For example,

11  with respect to Finjan's indirect infringement allegations, Finjan's infringement contentions

12  painstakingly walk through each claim element and provided allegations regarding how each

13  Defendant satisfied each element.  Stake Decl., Ex. M (Infringement Contentions at Section G).  In

14  addition, Finjan cites to various specific documentation, by bates number, provided to third parties

15  demonstrating how Defendants instructed, directed and/or required third parties to use the accused

16  products in an infringing manner.  *Id.*  Finjan repeats this process for each of the asserted claims.  *Id.*

17  Indeed, Finjan provided extensive allegations and specific examples of Defendants' indirect

18  infringement, along with supporting exhibits, in Finjan's complaint in this action.  Dkt. Nos. 1 and 104.

19  Thus, Defendants have had ample notice of Finjan's indirect infringement allegations for well over a

20  year.

21            For willfulness, Finjan sets forth in its contentions that at all times when Defendants have been

22  aware of the asserted patents, Defendants undertook no efforts to design their products/services around

23  the asserted patents to avoid infringement despite Defendants' knowledge and understanding that their

24  products/services infringe these patents.  Stake Decl., Ex. M at Section L.  As such, Defendants have

25  proceeded with the infringing conduct with knowledge of the asserted patents.  *Id.*  Moreover,

26  Defendants proceeded in the face of an unjustifiably high risk that they were infringing valid and

FINJAN'S OPPOSITION TO DEFENDANTS'                     Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

1  enforceable claims of the asserted patents  because the asserted patents are presumed valid and cover

2  the core technologies in the Accused Instrumentalities.  *Id.*

3        Finjan further alleged that  Defendants cannot formulate a credible defense to infringement

4  based on breadth of the asserted claims.  *Id.*  Because Defendants are very familiar with the features

5  and operation of the Accused Instrumentalities of the patents-in-suit and Defendants' other

6  products/services, Defendants are aware that each and every element of each Asserted Claim is present

7  in the Accused Instrumentalities of the patents-in-suit and Defendants' other products/services.  *Id.*

8  Given the facts and circumstances available prior to and during Defendants' infringing actions, a

9  reasonable person in Defendants' position would have appreciated a high likelihood that acting in

10  Defendants' manner would infringe the asserted patents.  *Id.*  Furthermore, Defendants have known or

11  should have known that their actions constitute an unjustifiably high risk of infringing the asserted

12  patents, which are valid and enforceable, based on the disclosures of the asserted patents.  *Id.*

13        With respect to the doctrine of equivalents, Finjan not only pled the doctrine in its infringement

14  contentions, but raised the doctrine with respect to every claim element in its claim charts.

15  Specifically, Finjan plead in its infringement contentions:

16
17
18
> Finjan asserted that the Accused Instrumentalities and/or other of Defendants' products/services literally meet each Asserted Claim.  At present, Finjan knows of no elements of the Asserted Claims where the doctrine of equivalents would change the infringement analysis set forth in the attached infringement claim charts.

19
20
21
22
23
24
> Regardless, Finjan also contends that the Accused Instrumentalities and/or other of Defendants' products/services meet each of the Asserted Claims under the doctrine of equivalents.  Specifically, to the extent a claim element is not met literally, it is met under the doctrine of equivalents because the corresponding feature(s) of the Accused Instrumentalities and/or other of Defendants' products/services, performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claim element.  To the extent that any differences are alleged to exist between any element of the Asserted Claims and the corresponding feature(s) of Defendants' Accused Instrumentalities or other products and/or services, such differences are insubstantial.

25
26
27
> Should Defendants contend that any element or limitation of the Asserted Claims is absent in an Accused Instrumentality and/or Defendants' products/services, Finjan reserves the right to demonstrate that the allegedly missing element or limitation is present in the Accused Instrumentality and/or Defendants' products/services under the doctrine of

28

FINJAN'S OPPOSITION TO DEFENDANTS'                          Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

equivalents.  Finjan further reserves the right to rely upon the opinions of one or more experts in support of its infringement contentions in accordance with the Court's scheduling order.

(*Id.* at Section I).

However, due to the early stage of the litigation, the lack of discovery to date (including discovery concerning Defendants' products and services, Defendants' actions related to its products and services, Defendants' actions related to and awareness of the patents-in-suit, and Defendants' defenses in this case), and the absence of a claim construction order, Finjan noted that it's disclosures were necessarily limited and preliminary in nature.  *Id.*  Finjan reserved the right to amend, modify, supplement, or narrow these contentions pursuant to Patent Local Rule 3-6, including providing additional bases for willful infringement, as it obtains additional information over the course of discovery and in light of the Court's claim construction order.  *Id.*

As such, Defendants have long been on notice of Finjan's intent to pursue these causes of action, and the parties are currently engaging in the fact discovery that would allow Finjan to provide additional factual support for its allegations.  There is no basis to strike Finjan's contentions when Defendants received sufficient notice, and are in possession of the factual information that would ultimately be used to support Finjan's claims.  Indeed, it would be particularly unfair to strike Finjan's contentions given Defendants' failure to produce fundamental information about the accused products until almost one year into the fact discovery period.  To the extent additional information has or will become available and it is determined that Defendants do not have sufficient notice, Finjan is willing to supplement its contentions regarding indirect infringement and willful infringement, and the doctrine of equivalents.  *See Apple*, 2012 WL 5632618, at *4 (permitting party to amend claim charts to add more detail as to induced infringement claim).

**B.    In the Alternative, Finjan Should Be Permitted to Amend Its Infringement Contentions Without a Stay of Discovery.**

Striking infringement contentions is a "draconian" measure that courts are loathe to impose, particularly when amendment is available.  *Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149 MMC (EMC), 2010 WL 363341, at *2 (N.D. Cal. Feb. 1, 2010).  Here, Finjan has not yet amended its contentions and discovery remains open until July 2015.  Therefore, Finjan should be permitted an

FINJAN'S OPPOSITION TO DEFENDANTS'                              Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

opportunity to provide supplemental information in order to correct any deficiencies identified by the Court.[2]

### 1. Defendants' Motion to Strike Finjan's Infringement Contentions Should be Treated as a Motion to Compel Amendment.

Courts in this District treat a motion to strike preliminary infringement contentions as a motion to compel the plaintiff to amend its contentions to provide additional information, where appropriate. *FusionArc*, 2007 WL 1052900, at * 2 (citing *Network Caching II*, 2003 WL 21699799, at *7). Pursuant to this precedent, if the Court determines that Finjan's current infringement contentions are inadequate, it should deem Defendants' motion to strike to be a motion to compel Finjan to amend its contentions to provide any lacking information.

Permitting amendment is appropriate because Finjan would not add additional technologies or claims to its contentions, or expand the scope of its infringement theories.  Rather, Finjan's amendments would provide additional information regarding its existing claims and contentions, which is the precise information Defendants take issue with in their motion to strike.  *ProconGPS, Inc. v. Skypatrol, LLC*, No. C 11-3975 SI, 2013 WL 1788049, at *2 (N.D. Cal. Apr. 26, 2013) (permitting plaintiff to amend infringement contentions with infringement charts because plaintiff was not adding new theories and its claim charts were consistent with its original contentions).

### 2. Finjan Demonstrated Good Cause to Amend its Infringement Contentions Pursuant to Patent L.R. 3-6.

Patent L.R. 3-6 allows a party to amend its infringement contentions upon a showing of good cause, which requires a demonstration that the party seeking to amend acted diligently and there would be no prejudice to opposing party.  In evaluating whether a party is entitled to amend its preliminary

---

[2] The case law cited by Defendants does not provide support for its argument that Finjan's infringement contentions should be struck.  Defs. Br. at 7.  Rather, these cases highlighted that courts first provide plaintiff with an opportunity to cure any deficiencies prior to imposing such an extreme sanction.  For example, in *Shared Memory Graphics, LLC v. Apple, Inc.*, the district court struck plaintiff's infringement contentions after plaintiff amended **on two prior occasions**, and failed to comply with a prior court order permitting plaintiff to amend and directing plaintiff to provide specific information.  No. C-10-02475 MMC (JSC), 2011 WL 3878388, at *8 (N.D. Cal. Sept. 2, 2011); *see also Blue Spike*, 2015 WL 335842, at *6 (permitting plaintiff to submit second amended infringement contentions).

infringement contentions, "[j]udges in this district have recognized that the Patent Local Rules are not a straightjacket into which litigants are locked from the moment their contentions are served.'" *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012).  Rather, "good cause is a clearly flexible standard." *3Com Corp*, 2007 WL 949599, at *7 ("It is to be expected that a patent holder may find other product designations that infringe as discovery progresses.").

Finjan's request to amend its infringement contentions satisfies both elements of the good cause analysis, i.e., diligence and lack of prejudice.  First, Finjan diligently pursued information from Defendants that would further support its infringement contentions.  Indeed, in addition to the written correspondence and numerous telephonic and in-person meet and confers Finjan engaged in with Defendants pursuing its discovery requests, Finjan filed a motion to compel Defendants to provide discovery.  *See* Discovery Dispute Joint Report No. 1, Dkt. No. 109.  Defendants stalled in producing discovery concerning the accused products throughout this litigation, primarily on the supposed basis that Finjan's infringement contentions are deficient—a basis explicitly rejected by Judge Lloyd in granting Finjan's motion to compel.  *See* Dkt No. 115.  Thus, Defendants have at last produced additional discovery pursuant to Judge Lloyd's order on January 5, 2015, though this production remains insufficient.  As Defendants hopefully continue to provide the missing discovery concerning the accused products, Finjan will be in a position to provide additional information supporting its claims—and should be permitted to do so to the extent necessary.  *See Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C-10-05525 SBA (EDL), 2013 WL 2182328, at *2 (N.D. Cal. May 20, 2013) (finding plaintiff was diligent in seeking amendment cased on the recent production of additional information by defendant); *see also ProconGPS*, 2013 WL 1788049, at *1 (finding good cause where amendment is based on  discovery recently produced by defendant); *Fortinet, Inc. v. Palo Alto Networks, Inc.*, No. C-09-00036 RMW, 2010 WL 4608250, at *1 (N.D. Cal. Nov. 5, 2010) (finding good cause to amend based on defendant's production of nonpublic information regarding accused instrumentality).

Second, amendment of Finjan's infringement contentions would not prejudice Defendants.  Indeed, Defendants themselves requested that this Court compel Finjan to amend its infringement

contentions as an alternative form of relief in their motion to strike.  Defs. Br. at 22-24.  Furthermore, no prejudice would result because Finjan is not seeking to add new technologies or claims. *Vasudevan*, 2011 WL 940263, at *3 (no prejudice where amendment would only affect a small number of elements and discovery has not been completed); *3Com Corp.*, 2007 WL 949599, at *7 (no prejudice in adding new product where "the additional accused products appear to be substantially similar to the original accused products").  Moreover, Defendants cannot claim any prejudice based on the stage of the proceeding, since Defendants could have filed this Motion months ago but instead chose to delay until now.  In any event, discovery in this matter remains open for an additional five months, which allows sufficient time for any amendment subject to this Motion.  *See Apple*, 2012 WL 5632618, at *6 (finding no prejudice where "ample time left on pretrial clock").

### 3. If Finjan is Permitted to Amend its Infringement Contentions, a Stay of Discovery Pending Such Amendment is Unwarranted.

Finally, if Finjan is permitted to amend its infringement contentions, a stay of discovery pending such amendment is unwarranted.  Defendants are well aware of Finjan's infringement theories, the substance of which would not change if Finjan is permitted to amend its infringement contentions to provide additional support.  An amendment in response to this Motion would not entail adding any additional technologies, claims or infringement theories—but only supplementing Finjan's existing contentions with further detail and support obtained from the discovery received to date. Thus, delaying the progression of this action would not advance the purposes of a stay, which is to crystalize a plaintiff's infringement theories before requiring a defendant to produce information. Here, Defendants have had ample notice of Finjan's infringement theories and the accused products, and indeed, Judge Lloyd ruled that Defendants' supposed issues with Finjan's infringement contentions did not provide a basis for Defendants to withhold any discovery.

### V. CONCLUSION

For the reasons set forth above, Finjan's infringement contentions satisfy the requirements of Local Patent Rule 3-1 and, as a result, Defendants' motion to strike should be denied.

FINJAN'S OPPOSITION TO DEFENDANTS'                                Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS

Respectfully submitted,

Dated:  February 19, 2015          By:  */s/ James Hannah*
                                        Paul J. Andre (State Bar No. 196585)
                                        Lisa Kobialka (State Bar No. 191404)
                                        James Hannah (State Bar No. 237978)
                                        Benu Wells *(pro hac vice)*
                                        KRAMER LEVIN NAFTALIS
                                        & FRANKEL LLP
                                        990 Marsh Road
                                        Menlo Park, CA 94025
                                        Telephone: (650) 752-1700
                                        Facsimile: (650) 752-1800
                                        pandre@kramerlevin.com
                                        lkobialka@kramerlevin.com
                                        jhannah@kramerlevin.com

                                        BENU WELLS (admitted *pro hac vice*)
                                        KRAMER LEVIN NAFTALIS &
                                        FRANKEL LLP
                                        1177 Avenue of the Americas
                                        New York, NY 10036
                                        Telephone: (212) 715-9100
                                        Facsimile: (212) 715-8000
                                        bwells@kramerlevin.com

                                        *Attorneys for Plaintiff*
                                        FINJAN, INC.

FINJAN'S OPPOSITION TO DEFENDANTS'                    Case No.: 5:13-cv-05808-HSG
MOTION TO STRIKE INFRINGEMENT CONTENTIONS