UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PROOFPOINT, INC., et al.,<br><br>        Defendants. | Case No.  13-cv-05808-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION AND SETTING CASE SCHEDULE**<br><br>Re: Dkt. No. 119 |

On February 6, 2015, Defendants Proofpoint, Inc. and Armorize Technologies, Inc. filed an Administrative Motion requesting this Court: (1) construe an unspecified number of claim terms beyond the ten-term maximum specified in this District's Patent Local Rules; (2) permit the parties ten additional pages in their respective opening and responsive briefs to construe additional claim terms; and (3) permit Defendants to file a 15-page surreply.  *See* Dkt. No. 119.

Defendants' Administrative Motion is **DENIED**.  Neither party nor judicial resources will be conserved by construing terms that may never be at issue in this case.  *See* Dkt. No. 119 at 4 ("At this stage, however, neither the Court nor Proofpoint can predict which claims Finjan might ultimately elect.").  Moreover, Defendants have not attempted to explain which of its "over 80" proposed terms should be construed, why those constructions are or could be necessary to the resolution of this case, or their likelihood of remaining necessary after Finjan's asserted claims are whittled-down to 24.  Broad and conclusory generalizations that "the parties and the Court would benefit from early resolution of their disputes" or that the construction of additional claim terms "will positively impact the litigation" are not sufficient to demonstrate good cause.  *See* Dkt. No. 119 at 1, 3.  Should construction of additional terms prove necessary after Finjan has elected its final asserted claims, the Court will provide the parties a supplemental briefing schedule to

address those constructions.[1]

Nor have Defendants demonstrated good cause to depart from the default schedule for claim construction briefing set by Patent Local Rule 4-5.  A surreply is not provided by that Rule.  Defendants have offered no argument as to why claim construction in this particular case merits alteration of the schedule contained in Rule 4-5.  Accordingly, the Court sets the following schedule for this case:

| Event | Deadline |
|---|---|
| Opening Claim Construction Brief | May 1, 2015 |
| Opposition Claim Construction Brief | May 15, 2015 |
| Reply Claim Construction Brief | May 22, 2015 |
| Claim Construction Tutorial | June 2, 2015 (10:00-11:30 am) |
| Claim Construction Hearing | June 24, 2015 (10:00 am - 1:00 pm) |
| Comply with P.L.R. 3-7 | 50 days after claims construction order |
| Close of Fact Discovery | September 2, 2015 |
| Final Election of Asserted Claims | September 9, 2015 |
| Final Election of Asserted Prior Art | September 16, 2015 |
| Opening Expert Reports | September 23, 2015 |
| Rebuttal Expert Reports | October 14, 2015 |
| Close of Expert Discovery | October 28, 2015 |
| Last Day to File Dispositive Motions | November 11, 2015 |
| Opposition to Dispositive Motions | November 25, 2015 |
| Reply to Dispositive Motions | December 2, 2015 |
| Dispositive Motion Hearing Date | December 17, 2015 |
| Final Pretrial Conference | February 23, 2016 |
| Trial | March 7, 2016 |

The Court will consider alterations to this schedule only upon a showing of good cause.

**IT IS SO ORDERED.**

Dated:  April 2, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Because the Court denies Defendants' request to brief additional terms, there is no need for the parties to submit additional pages in their respective opening and responsive briefs.

2