1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Jennifer A. Kash (Bar No. 203679)
2    (jenniferkash@quinnemanuel.com)
     Sean Pak (Bar No. 219032)
3    (seanpak@quinnemanuel.com)
     Iman Lordgooei (Bar No. 251320)
4    (imanlordgooei@quinnemanuel.com)
     Sam Stake (Bar No. 257916)
5    (samstake@quinnemanuel.com)
   50 California Street, 22nd Floor
6  San Francisco, California  94111-4788
   Telephone:    (415) 875-6600
7  Facsimile:    (415) 875-6700

8  Attorneys for Defendants PROOFPOINT, INC.
   and ARMORIZE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., | Case No. 3:13-CV-05808-HSG |
| Plaintiff, | **ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC.'S RENEWED MOTION TO STRIKE FINJAN, INC.'S INFRINGEMENT CONTENTIONS AND EXHIBITS IN SUPPORT THEREOF** |
| vs. | |
| PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC., | |
| Defendants. | |

## I. INTRODUCTION

Pursuant to this District's Civil Local Rules 7-11 and 79-5, Defendants Proofpoint, Inc. and Armorize Technologies, Inc. (collectively "Defendants") hereby bring this administrative motion for an order to seal portions of Proofpoint's Renewed Motion to Strike Finjan, Inc.'s ("Finjan") Infringement Contentions ("Renewed Motion to Strike") and certain exhibits filed in support thereof. There are compelling reasons to file the following documents containing highly confidential Proofpoint information and source code under seal:

| Document |
| --- |
| Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit A-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit A-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit A-3 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit A-4 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit B-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit B-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit B-3 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit B-4 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit B-5 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit C-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit D-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement |

| | |
|---|---|
| Contentions | |
| Exhibit D-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit D-3 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit D-4 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit D-5 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit E-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit E-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit E-3 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit E-4 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit E-5 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit F-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit F-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit G-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit G-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit H-1 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit H-2 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions | |
| Exhibit H-3 to Defendants' Renewed Motion to | |

| |
|---|
| Strike Finjan's Supplemental Infringement Contentions |
| Exhibit H-4 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit H-5 to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |
| Exhibit I to Defendants' Renewed Motion to Strike Finjan's Supplemental Infringement Contentions |

Proofpoint contacted Finjan to determine whether it would oppose filing this document under seal. At the time of filing, Finjan had not responded to Proofpoint's inquiry.

## II.  ARGUMENT

Proofpoint's Renewed Motion to Strike contains highly confidential source code and description of Proofpoint's products. Declaration of Sam Stake ("Stake Decl.") ¶¶ 4-5. Proofpoint seeks to seal Finjan's Supplemental Infringement Contentions (Exhibits A-1 – I of the Stake Declaration) and portions of Proofpoint's Renewed Motion to Strike that cite to these contentions, as these documents disclose Proofpoint's source code directories and confidential information regarding the operation of Proofpoint products. *Id.* Source code is confidential information warranting sealing. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11–CV–01846–LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (finding a compelling reason to seal source code and noting "[c]onfidential source code clearly meets the definition of a trade secret"). Although Finjan's citations are to high-level source code directories, the organization of this source code (as well as directory names) could indicate to Proofpoint's competitors how its proprietary products and features operate.

If this confidential information were disclosed, significant competitive harm could result for Proofpoint. Stake Decl. ¶ 6. Competitors could use such information to re-create or re-produce certain features of Proofpoint's products. *Id.* These products are proprietary to Proofpoint. *Id.* Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing[.]" *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). The competitive harm that could result from disclosure of

1  Proofpoint's confidential information (both source code directories and describing the operation of
2  its products) warrants sealing the Supplemental Infringement Contentions and Proofpoint's source
3  code directories.

### III. CONCLUSION

Both good cause and compelling reasons exist to file under seal Proofpoint's confidential information containing source code directories and confidential documents describing the operation of its products. Thus, for the foregoing reasons, Proofpoint respectfully requests that the Court grant its Administrative Motion to Seal.

DATED: May 18, 2015

Respectfully submitted,
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Jennifer A. Kash*
Jennifer A. Kash
Sean Pak
Iman Lordgooei
Sam Stake

Attorneys for Defendants PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC.