1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Jennifer A. Kash (Bar No. 203679)
2  (jenniferkash@quinnemanuel.com)
   Sean Pak (Bar No. 219032)
3  (seanpak@quinnemanuel.com)
   Iman Lordgooei (Bar No. 251320)
4  (imanlordgooei@quinnemanuel.com)
   Sam Stake (Bar No. 257916)
5  (samstake@quinnemanuel.com)
   50 California Street, 22nd Floor
6  San Francisco, California  94111-4788
   Telephone:    (415) 875-6600
7  Facsimile:    (415) 875-6700

8  Attorneys for Defendants PROOFPOINT, INC.
   and ARMORIZE TECHNOLOGIES, INC.

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  FINJAN, INC.,                          Case No. 3:13-CV-05808-HSG

14          Plaintiff,                     **PROOFPOINT, INC. AND ARMORIZE
                                           TECHNOLOGIES, INC.'S NOTICE OF
15      vs.                                MOTION AND RENEWED MOTION TO
                                           STRIKE FINJAN, INC.'S
16  PROOFPOINT, INC. AND ARMORIZE          INFRINGEMENT CONTENTIONS**
    TECHNOLOGIES, INC.,
17                                         **Date:    July 9, 2015**
            Defendants.                    **Time:    2:00 p.m.**
18                                         **Dep.:    Courtroom 15, 18th Floor**
                                           **Judge:   Hon. Haywood S. Gilliam**
19
                                           **PUBLIC REDACTED VERSION**
20

21

22

23

24

25

26

27

28

                                                   Case No. 3:13-CV-05808-HSG
    DEFENDANTS' RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION ................................................................................................................ 1

STATEMENT OF RELIEF SOUGHT ....................................................................................... 1

STATEMENT OF THE ISSUES ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

I.      INTRODUCTION ............................................................................................................ 2

II.     STATEMENT OF FACTS ............................................................................................... 3

      A.      Finjan Serves Deficient Infringement Contentions ............................................... 3

      B.      Finjan Fails To Supplement Its Infringement Contentions or Interrogatory Responses With Source Code .................................................................................. 3

      C.      Finjan Acknowledges to the Court That the Patents Require Citation to Specific Source Code ............................................................................................. 4

      D.      The Court Orders Specific Infringement Contentions ........................................... 4

      E.      Finjan Fails to Comply with the Court's Order ..................................................... 5

III.    LEGAL STANDARD ....................................................................................................... 6

IV.     ARGUMENT .................................................................................................................... 7

      A.      Finjan's Citations to Broad Source Code Directories Fail To Disclose Its Infringement Theories on an Element-By-Element Basis ....................................... 7

      B.      Finjan Cannot Excuse Its Failure To Review Proofpoint's Source Code ............. 13

      C.      The Court Should Strike Finjan's Reliance on Source Code Evidence ................. 14

V.      CONCLUSION ............................................................................................................... 15

DEFENDANTS' RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Ameranth Inc. v. Pizza Hut, Inc.*,
   No. 12cv729 JLS (NLS), 2013 WL 3894880 (S.D. Cal. Jul. 26, 2013)...............................5, 11

*Apple Inc. v. Samsung Elecs. Co.*,
   2013 WL 3246094...................................................................................................................12

*Bender v. Advanced Micro Devices, Inc.*,
   No. C-09-1149 MMC (EMC), 2010 WL 363341 (N.D. Cal. Feb. 1, 2010) ...........................5, 7

*Big Baboon Corp. v. Dell, Inc.*,
   723 F. Supp. 2d 1224 (C.D. Cal. 2010) ....................................................................................5

*Blue Spike, LLC v. Adobe Sys., Inc.*,
   No. 14-cv-01647-YGR (JSC), 2015 WL 335842 (N.D. Cal. Jan. 26, 2015) ..............................6

*Diagnostic Sys. Corp. v. Symantec Corp., No. SACV 06-1211 DOC (ANx)*,
   2009 WL 1607717 (C.D. Cal. Jun. 5 2009) .............................................................................12

*Digital Reg of Texas, LLC v. Adobe Systems Incorporated, No. CV 12-01971-CW (KAW)*,
   Dkt. No. 405 (N.D. Cal. Jul. 3, 2013) .......................................................................................7

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
   No. 12–cv–04967 WHA (NC), 2013 WL 1878912 (N.D. Cal. May 3, 2013) ..........................11

*Genentech, Inc. v. The Trs. Of the U. of Pa., No. C 10-2037-LHK (PSG)*,
   Dkt. No. 63 (N.D. Cal. Dec. 13, 2010).......................................................................................7

*InterTrust Techs. Corp. v. Microsoft Corp., No. C 01-1640 SBA*,
   2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) .....................................................................5, 11

*Michael S. Sutton Ltd. v. Nokia Corp.*,
   No. 6:07CV203, 2009 WL 9051240 (E.D. Tex. Feb. 13, 2007) .................................................6

*Network Caching Tech., LLC v. Novell, Inc.*,
   No. C-01-2079-VRW, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ...............................5, 11

*REC Software USA, Inc. v. Bamboo Solutions Corp.*,
   No. C11-0554JLR, 2012 WL 3545056 (W.D. Wash. Aug. 16, 2012).........................................5

*Shared Memory Graphics LLC v. Apple, Inc.*,
   812 F. Supp. 2d 1022 (N.D. Cal. 2010) .....................................................................................6

*Shared Memory Graphics LLC v. Apple Inc. ("Shared Memory Graphics II")*,
   No. C-10-02475 MMC (JSC), 2011 WL 3878388 (N.D. Cal. Sept. 2, 2011) ..................6, 7, 13

*Sun Microsystems, Inc. v. Network Appliance, Inc.*,
   No. C-07-05488 EDL, 2009 WL 508448, (N.D. Cal. Feb. 27, 2009)........................................12

*Theranos, Inc. v. Fuisz Pharma LLC,*
   No. 11-cv-05236-YGR, 2012 U.S. Dist. LEXIS 172160 (N.D. Cal. Nov. 30, 2012)................7

*Townshend Intellectual Property, L.L.C. v. Broadcom Corp.,*
   Case No. 06-cv-05118, 2007 WL 1994158 (N.D. Cal. 2007)....................................................12

*Vasudevan Software Inc. v. IBM Corp.,*
   No. C09-05897 RS (HRL) 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ......................6, 7, 8, 12

## **Statutes and Rules**

Patent L.R. 3-1(c) ...................................................................................................................4, 5, 11

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on July 9, 2015 at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Proofpoint, Inc. and Armorize Technologies, Inc. (collectively, "Proofpoint" or "Defendants") will and hereby do move the Court for an Order striking the citations to Proofpoint's source code directories from the amended infringement contentions served by Plaintiff Finjan, Inc. ("Finjan").  This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Sam Stake, filed herewith, the pleadings and papers on file herein, and any evidence and argument presented to the Court at the hearing.

## STATEMENT OF RELIEF SOUGHT

Proofpoint seeks an Order from the Court striking the source code citations from the amended infringement contentions served by Plaintiff Finjan, Inc. ("Finjan") with prejudice, such that Finjan is precluded from relying on source code evidence in support of its patent infringement allegations.

## STATEMENT OF THE ISSUES

1.      Whether Finjan's citations to high-level source code directories in its amended infringement contentions fail to meet the standards of specificity required by the Patent Local Rules and the Court's Order, and should therefore be stricken with prejudice, such that Finjan is precluded from relying on Defendants' source code in support of its allegations of patent infringement.

2.      Whether, in the alternative, Finjan should be precluded from relying on more detailed citations to Defendants' source code in support of its patent infringement allegations.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

Despite this Court's order compelling disclosure of infringement contentions, Finjan has once again completely failed to provide infringement contentions that comply with the Northern District of California's Patent Local Rules.  Finjan initially served infringement contentions over one year ago asserting infringement of over 120 claims across eight patents.  As this Court held, those contentions were wholly inadequate, improperly mixed unrelated products, failed to even discuss many of the allegedly accused products, and relied on generic citations to evidence untethered from the claim limitations.  On April 2, 2015, the Court granted Defendants' motion to strike Finjan's contentions in large part, finding that Finjan failed to provide a cognizable theory of infringement for any of the asserted claims against any of the accused products.

Finjan has now served amended infringement contentions that dangle clues as to its infringement theories, but still fail to put Defendants on notice of what actual components of the accused instrumentalities are alleged to meet each asserted claim limitation.  In particular, Finjan relies on wholesale citations to dozens of high-level source code directories for nearly every limitation of every asserted claim, failing to provide even one pinpoint citation to the code or any files or functions in the code that allegedly practice any of the asserted claim limitations.  Finjan has had access to Proofpoint's source code since June 2014, and it was obligated to provide its theories as to how this code meets each claim limitation.  Yet Finjan failed to even inspect the code at any time between the Court's hearing and the time Finjan served its infringement contentions.  As a result, Finjan's contentions do not comply with this Court's order.

Finjan's continued failure to put Defendants on notice of its infringement theories—despite having access to source code for nearly one year—can only mean that Finjan is continuing to hide the ball in this case in contravention of the Court order, or that it simply has no infringement theories to move forward with.  Accordingly, Proofpoint brings this Renewed Motion to Strike.  Proofpoint asks the Court to strike Finjan's generic citations to source code directories in their entirety or, alternatively, to preclude Finjan from relying on more detailed source code citations to support its allegations of infringement.

## II.      STATEMENT OF FACTS

### A.      Finjan Serves Deficient Infringement Contentions

Finjan served its initial infringement contentions on April 17, 2014.  As the Court later held (*see* Dkt. No. 138), these contentions fell short of Patent Local Rule 3-1's requirements.  Proofpoint notified Finjan of these deficiencies repeatedly, describing in detail why Finjan's infringement contentions did not meet the  requirements set forth by this District's Patent Local Rules.  *See* Dkt. No. 118 at 5 (detailing Proofpoint's correspondence with Finjan on the deficiencies in its contentions). Finjan, however, refused to take remedial measures.  *See id.*

On June 9, 2014, Proofpoint made available a laptop with the relevant source code for the accused products to Finjan for inspection.  Declaration of Sam Stake ("Stake Decl.") ¶ 34, Ex. J. Finjan waited over three months before inspecting the source code for the first time in October 2014. *Id.* ¶ 35, Ex. K.  Between its initial inspections of source code in October and Finjan's service of its amended infringement contentions in April 2015, Finjan never returned to review the code.  *Id.*

### B.      Finjan Fails To Supplement Its Infringement Contentions or Interrogatory Responses With Source Code

Despite having source code available to it for months, and despite numerous specific requests from Proofpoint to disclose its theories of infringement, Finjan refused to supplement its infringement contentions.    Finjan  also  failed  to  supplement  interrogatory  responses  requesting  this  exact information.  Proofpoint put the issue before Magistrate Judge Lloyd as a motion to compel Finjan's response to Proofpoint's interrogatory seeking infringement contentions.  *See* Dkt. No. 115 at 1.  The Magistrate ordered Finjan to "supplement its response to Defendants' Interrogatory No. 1 to disclose 'what in each accused instrumentality it contends practices each and every limitation of each asserted claim,' and to provide a comparison of each accused product to the asserted patents on a claim by claim, element by element basis."  *Id.* at 6.

Contrary to that Order, Finjan provided Proofpoint with a supplemental interrogatory response providing no new information. Dkt. No. 118 at 6.  Finjan instead copied and pasted its same deficient infringement contentions that had been found lacking.  *Id.*  Finjan's repeated failure to disclose its theory of infringement led Proofpoint to file a motion to strike Finjan's infringement contentions.

**C.      Finjan Acknowledges to the Court That the Patents Require Citation to Specific Source Code**

On March 19, 2015, the Court held a hearing on Proofpoint's motion to strike.  The Court noted that "[t]he Local Rule is clear that the contention needs to identify within each accused instrumentality where the infringing limitation appears.  And in looking at the – looking at the contentions, it does appear that there is sort of a very generalized use of screen shots and recitation of language for each."  Stake Decl. ¶ 36, Ex. L at 3:2-4.  Finjan responded that it initially did not provide more specific infringement contentions because it did not have access to the source code, "[a]nd a lot of these patents really go to – they're directed at what **specific rules, routines, source code, elements** that may be occurring in the back end."  *Id.* at 4:2-4 (emphasis added). Finjan explained, however, that "once we have a chance to really get into all the other technical information, we can provide more." *Id.* at 4:12-14.

**D.      The Court Orders Specific Infringement Contentions**

Despite Finjan's representations and these statements by the Court, Finjan made no attempt following the hearing to investigate the source code that Proofpoint had first made available for inspection nine months earlier.  On April 2, 2015, the Court issued a 21 page opinion explaining in detail the deficiencies in Finjan's contentions, and detailing the steps Finjan needed to take in order to provide compliant contentions.  The Court recognized that a "core argument" in Proofpoint's motion to strike was Finjan's failure to include "sufficient detail to provide notice of its theory of infringement," explaining, "'At the Patent Local Rule 3-1 Disclosure stage, a plaintiff must put forth information so specific that either reverse engineering or its equivalent is required.'"  Dkt. 138 at 10 (quoting *InterTrust Tech. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 WL 23120174, at *3 (N.D. Cal. Dec. 1, 2003).  The Court found that Finjan's contentions did not comply with the Local Rules and, "troublingly, the little explanation Finjan does provide is framed in high-level generalities that do not specifically relate to the claim elements identified in each Claim."  Dkt. No. 138 at 11 (citing Pat. L.R. 3-1(c)).  The Court noted, "In order to satisfy Patent Local Rule 3-1(c) . . . Finjan was required to identify what structure, act, or material in each of the Armorize Products infringes each claim element."  *Id.* at 11.  The Court

specifically took note of "Finjan's concessions at the March 19, 2015 hearing that it could have taken steps to further clarify its infringement contentions," and ordered Finjan to provide amended infringement contentions within 21 days. *Id.* at 16, 20.  The Court further permitted Proofpoint to renew its motion to strike within 21 days of service of those contentions if Finjan failed to remedy the deficiencies. *Id.* at 20.

### E.      Finjan Fails to Comply with the Court's Order

Following the issuance of the Court's order, Finjan made no further effort to review Proofpoint's source code.  On April 23, 2015, Finjan served amended contentions that failed to identify specific source code, rules, routines, or back-end elements within Proofpoint's products that allegedly meet the asserted claim limitations.  Instead, Finjan simply listed, for every asserted claim limitation, several dozen source code directories with no further explanation of how they support its infringement theories.  Below is a single, reduced-size example of such a citation that spans three pages of Finjan's contentions for a single claim element.

Stake Decl. ¶ 6, Ex. A-3 at 21-23.  Finjan fails to explain where each claim limitation is found within this laundry list of directories.  *Id.*  For example, for claim element 1b of the '844 Patent ("receiving by an inspector a Downloadable"), Finjan cites over two pages of high-level source code directories allegedly meeting this limitation, yet Finjan only states: "Based on Finjan's

1   *limited review* of the Defendants' source code, Finjan has determined that the source code located

2   at the following directories and subdirectories support infringement of this element[.]"  *Id*. at 5-8

3   (emphasis added).  Finjan repeats exactly this contention for *all* of the asserted claim limitations,

4   without identifying any specific portions of code (e.g., by function name, file name, line numbers,

5   etc.) that are allegedly responsible for practicing the asserted claim limitation.

6          After service of its amended contentions, Finjan again made no attempt to review

7   Proofpoint's source code.  Only today, seven months after its previous inspection, and the last day

8   that Proofpoint could renew its motion to strike,[1] Finjan returned to inspect the source code.

9   **III.     LEGAL STANDARD**

10         "The overriding principle of the Patent Local Rules is that they are designed to make the

11  parties more efficient, to streamline the litigation process, and to articulate with specificity the claims

12  and theory of a plaintiff's infringement claims."  *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C

13  01-1640 SBA, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003).  Patent L.R. 3-1 is intended "to

14  require the party claiming infringement to crystallize its theories of the case early in the litigation and

15  to adhere to those theories once disclosed."  *Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149

16  MMC (EMC), 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010).  In order to accomplish this goal,

17  Rule 3-1 requires infringement contentions that state "specifically where each limitation of each

18  asserted claim is found within each Accused Instrumentality[.]"  Patent L.R. 3-1(c).

19         A plaintiff is not initially required to provide source code citations in its infringement

20  contentions before the plaintiff has had an opportunity to examine the code.  *See Network Caching*

21  *Tech., LLC v. Novell, Inc.*, No. C–01–2079–VRW, 2002 WL 32126128, at *7 (N.D. Cal. Aug. 13,

22  2002).  However, "[w]here the Accused Instrumentality includes computer software based upon

23  source code made available to the patentee, patentees must provide 'pinpoint citations' to the code

24  identifying the location of each limitation."  *Genentech, Inc. v. The Trs. of the Univ. of Pa.*, Case No.

25  C 10-2037-LHK (PSG), 2010 U.S. Dist. LEXIS 142450, at *7 (N.D. Cal. Dec. 13, 2010) (citing *Big*

26  _____

27       [1]  Pursuant to the Court's Order and Fed. R. Civ. P. 6(d), Proofpoint's deadline to renew its
     motion is today.

28

*Baboon Corp. v. Dell, Inc.*, 723 F.Supp. 2d 1224, 1228 (C.D. Cal. 2010)); *see Vasudevan Software Inc. v. IBM Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011). "[T]he authority is clear that a plaintiff should provide citations once a plaintiff has had a sufficient opportunity to review the source code, at least with respect to contentions that are or may be based upon it." *Vasudevan Software*, 2011 WL 940263, at *7. Numerous courts in other districts interpreting similar local rules are in agreement. *REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11–0554JLR, 2012 WL 3545056 at *3 (W.D. Wash. Aug. 16, 2012); *see Ameranth Inc. v. Pizza Hut, Inc.*, No. 12cv729 JLS (NLS), 2013 WL 3894880, at *8-*9 (S.D. Cal. Jul. 26, 2013); *Michael S. Sutton Ltd. v. Nokia Corp.*, No. 6:07CV203, 2009 WL 9051240, at *2 (E.D. Tex. Feb. 13, 2009).

Where a plaintiff's contentions are facially inadequate in failing to disclose a plaintiff's theory of infringement, courts routinely strike the contentions. *See Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-cv-05236-YGR, 2012 WL 6000798, at *6-*7 (N.D. Cal. Nov. 30, 2012) (striking contentions and requiring plaintiff to file a motion for leave to amend in order to serve revised contentions). This is particularly true where plaintiff is provided repeated opportunities to amend its contentions, yet fails to do so. *Shared Memory Graphics LLC v. Apple Inc. ("Shared Memory Graphics II")*, No. C-10-02475 MMC (JSC), 2011 WL 3878388, at *8 (N.D. Cal. Sept. 2, 2011) (striking plaintiff's second amended infringement contentions without leave to amend); *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-cv-01647-YGR (JSC), 2015 WL 335842, at *6-*8 (N.D. Cal. Jan. 26, 2015) (striking doctrine of equivalents, indirect infringement, and willful infringement contentions given plaintiff's "failure to take any action," despite defendants "having raised this defect in informal communications, a discovery letter to the Court, and a formally noticed motion").

## IV.    ARGUMENT

### A.    Finjan's Citations to Broad Source Code Directories Fail To Disclose Its Infringement Theories on an Element-By-Element Basis

Finjan's reliance on source code directories in support of its infringement contentions is inadequate to disclose Finjan's theories of infringement for any claim limitation of any asserted patent. Indeed, Finjan's repeated citations to high-level source code directories are precisely the type of disclosures that the Court has previously rejected. In its prior order, the Court expressed

DEFENDANTS' RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS

concern that Finjan's contentions were "framed in high-level generalities that do not specifically relate to the claim elements identified in each Claim." Dkt. No. 138 at 11. The Court explained that under existing case law, the patentee "must map *specific* elements of Defendants' alleged infringing products onto Plaintiff's claim construction." *Id.* (emphasis added) (quoting *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F.Supp.2d 1022, 1025 (N.D. Cal. 2010). The Court further noted that "plaintiff bears the burden of providing infringement contentions that *specify* the location of every claim element within the accused products." *Id.* (emphasis added) (quoting *Bender v. Maxim Integrated Prods*., No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010)). Indeed, citing these same concerns, courts in this District have routinely required patentees to provide "pinpoint citations" to source code. *Genentech*, 2010 U.S. Dist. LEXIS 142450, at *7; *Vasudevan Software* 2011 WL 940263, at *7; *see Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 3361241, at *4 (N.D. Cal. Jul. 3, 2013) (compelling amendments to infringement contentions because patentee had access to source code for approximately eight months, and therefore, "at this juncture, should be able to amend its ICs to clearly articulate how each of [Defendant's] particular products infringe on Plaintiff's respective patents").

Contrary to this Court's prior Order and the black letter law in this District, Finjan's amended contentions fail to even identify specific source code *files* that allegedly infringe, let alone provide pinpoint citations to the specific functions or lines of code within those files that it alleges practice the claim limitations. Instead, Finjan relies exclusively on blanket string citations to multiple source code *directories*, "invit[ing] Defendants and the Court merely to *assume* the presence of [the asserted limitations]." *Shared Memory Graphics II*, 2011 WL 3878388, at *3, *6 (emphasis added) (striking deficient contentions). These deficient source code citations fail to give Proofpoint notice of Finjan's theories of infringement. For example, the '844 and '086 patents require a "Downloadable security profile." Finjan repeatedly describes this profile as simply "a profile in memory," but fails to identify what files, if any, are stored in memory by the accused products or the source code that corresponds to the generation and/or storage of any such profiles in memory. *See, e.g.*, Stake Decl. ¶ 4, Ex.A-1 at 5-16. Proofpoint is left with only Finjan's three-page list of source code directories to guess at what

Finjan might be pointing to as being the claimed Downloadable security profile. To give another example, the claims of the '822 and '633 patents require "mobile protection code." Finjan states, "The mobile protect [sic] code is instruction and other code sent to the virtual environments for monitoring the code." *See, e.g.*, Stake Decl. ¶ 8, Ex. B-1 at 12. Yet Finjan fails to identify what the alleged "instruction" or "other code" is that is allegedly "sent to the virtual environments," again leaving Proofpoint with nothing more than a laundry list of dozens of source code directories as alleged proof. *See id*. at 14-16.

Moreover, Finjan's failure to provide sufficiently specific source code citations is endemic throughout its contentions, as Finjan has cited no more than the laundry list of source code directories for every asserted claim element. Indeed, each of the asserted patents involves numerous claim elements that can only be shown by a citation to source code—a fact that Finjan itself admitted during the hearing on the previous motion to strike. Stake Decl. ¶ 36, Ex. L at 4:2-4. Yet Finjan knowingly served infringement contention that fail to provide a theory of infringement based on this source code, forcing Proofpoint to renew its motion to strike. The following table lists just some of the asserted claim terms in each patent that implicate source code:

| Patent | Asserted Claim Limitation |
|---|---|
| '844 (Appendix A) | "Downloadable security profile" |
| | "inspector" |
| | "linking by the inspector the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients" |
| | "memory storing a first rule set" |
| | "content inspection engine for using the first rule set to generate a first Downloadable security profile" |
| | "Downloadable interceptor for receiving a downloadable" |
| | "file reader coupled to the interceptor for determining whether the Downloadable includes a linked Downloadable security profile" |
| | "an engine coupled to the file reader for determining whether to trust the Downloadable security profile" |
| | "A computer-readable storage medium storing program code" |
| '822 (Appendix B) | "information monitor for receiving downloadable-information" |
| | "content inspection engine . . . for determining whether the downloadable-information includes executable code" |
| | "mobile protection code" |

| Patent | Asserted Claim Limitation |
|---|---|
| | "packaging engine . . . for causing mobile protection code ("MPC") to be communicated to at least one information-destination" |
| | "downloadable-information analyzers for analyzing the downloadable-information" |
| | "detection indicator indicating whether a downloadable-information characteristic corresponds with an executable code characteristic" |
| | "inspection controller . . . for determining whether the indicators indicate that the downloadable-information includes executable code" |
| | "MPC generator for providing the MPC" |
| | "linking engine . . . for forming sandbox package" |
| | "transfer engine for causing the sandbox package to be communicated to the at least one information destination" |
| | "forming a sandboxed package" |
| | "causing the sandboxed package to be delivered to the downloadable-information destination" |
| '918 (Appendix C) | "scanning CODE-A to derive a profile thereof" |
| | "determining, based on the derived profile of CODE-A, an appropriate computer account from among the plurality of computer accounts" |
| | "information about the determined computer account name" |
| | "executable wrapper code" |
| | "forwarding CODE-C to the client computer for processing" |
| | "computer-readable storage medium storing program code" |
| '633 (Appendix D) | "mobile protection code" |
| | "information monitor for receiving downloadable-information" |
| | "content inspection engine . . . for determining, by the computer, whether the downloadable-information includes executable code" |
| | "protection agent engine . . . for causing mobile protection code to be communicated . . . if the downloadable-information is determined to include executable code" |
| | "parser for parsing the downloadable information" |
| | "content analyzer . . . for determining whether one or more downloadable-information elements of the downloadable information correspond with executable code elements" |
| | "distinct software modules comprise an information re-communicator and a mobile code executor" |
| | "receiving . . . downloadable-information including executable code" |
| | "causing mobile protection code to be executed by the mobile code executor at a downloadable information destination" |
| | "one or more operations of the executable code at the destination, if attempted, will be processed by the mobile protection code" |
| '305 (Appendix E) | "receiving . . . incoming content from the Internet on its destination to |

DEFENDANTS' RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS

| Patent | Asserted Claim Limitation |
|---|---|
| | an Internet application" |
| | "a database of parser and analyzer rules" |
| | "patterns of types of tokens" |
| | "tokens comprising a punctuation type, an identifier type and a function type" |
| | "rule-based content scanner . . . for scanning incoming content . . . to recognize the presence of potential computer exploits therewithin" |
| | "network traffic probe . . . for selectively diverting incoming content from its intended destination to said rule-based content scanner" |
| | "rule update manager . . . for updating said database of parser and analyzer rules periodically" |
| '086 (Appendix F) | "security profile data" |
| | "representation of the Downloadable security profile data" |
| | "appending a representation of the Downloadable security profile data to the Downloadable" |
| | "appended Downloadable" |
| | "database manager for retrieving security profile data for the incoming Downloadable from a database of Downloadable security profiles indexed according to Downloadable IDs" |
| '154 (Appendix G) | "invoking a second function with the input, only if a security computer indicates that such invocation is safe" |
| | "transmitting the input to the security computer for inspection, when the first function is invoked" |
| | "receiving an indicator from the security computer when it is safe to invoke the second function with the input" |
| | "suspends processing of the content after said transmitter transmits the input to the security computer" |
| | "calling a second function with a modified input variable" |
| | "the modified input variable is obtained by modifying the input variable if the security computer determines that calling a function with the input variable may not be safe" |
| '408 (Appendix H) | "multi-lingual language detector . . . for determining any specific one of a plurality of programming languages in which the incoming stream is written" |
| | "scanner instantiator . . . for instantiating a scanner for the specific programming language" |
| | "rules accessor for accessing parser rules and analyzer rules for the specific programming language" |
| | "parser rules and analyzer rules" |
| | "define certain patterns in terms of tokens" |
| | "lexical constructs for the specific programming language" |
| | "tokenizer, for identifying individual tokens within the incoming |

| Patent | Asserted Claim Limitation |
|--------|---------------------------|
|  | stream" |
|  | "parser, for dynamically building . . . a parse tree . . . in accordance with the parser rules" |
|  | "analyzer, for dynamically detecting . . . combinations of nodes in the parse tree which are indicators of potential exploits, based on the analyzer rules" |
|  | "a parse tree whose nodes represent tokens and rules vis-à-vis the specific programming language" |

Specific citation to source code is vital to a clear articulation of Finjan's infringement theories for at least each of these terms, and Finjan's failure to do so violates Patent Local Rule 3-1. *Vasudevan Software*, 2011 WL 940263, at *8 (compelling pinpoint citations to source code); *see Ameranth*, 2013 WL 3894880, at *8-*9 (compelling disclosure of source code that meets five asserted claim limitations).

Ultimately, Finjan's citations to high-level source code directories gives the appearance of complying with the Court's order and the Local Rules without actually providing any discernible theories of infringement.  In doing so, Finjan attempts to maintain complete discretion to later decide what source code within each of the accused instrumentalities meets each limitation.[2]  This is impermissible, as courts have recognized that allowing a patentee to add source code citations later could result in infringement theories that "differ *substantially*" from its infringement contentions.  *Townshend Intellectual Prop., L.L.C. v. Broadcom Corp.*, Case No. 06-cv-05118 JF (RS), 2007 WL 1994158, at *3 (N.D. Cal. 2007) (emphasis original) (rejecting patentee's attempts to delay providing specific citations to allegedly infringing source code); *cf. Network Caching Tech., LLC*, 2002 WL 32126128, at *5 (emphasis added) (requiring under the Local Rules that a "plaintiff compare an accused product to its patents on a claim by claim, element by element basis ... *reverse engineering or its equivalent* are required").  Here, Finjan has had full access to Proofpoint's source code for nearly a year, yet has still failed to present its theory of infringement

---

[2]    Finjan tellingly delayed its inspection of Proofpoint's source code until today, May 18, 2015, the last day that Proofpoint could renew its motion to strike.  Finjan has thus made clear its intent, despite its representations to the Court to the contrary, to use broad source code citations in its infringement contentions as a mere placeholder.

1   with specificity.  While this requires some effort by a patentee, "[t]he purpose of Patent Local

2   Rule 3-1, however, is in fact to be nit picky, to require a plaintiff to crystallize its theory of the

3   case and patent claims." *InterTrust Tech. Corp.*, 2003 WL 23120174, at *3.  Finjan instead has

4   made no effort to inspect Proofpoint's source code, even in the five weeks between the hearing on

5   Proofpoint's motion to strike and Finjan's service of amended infringement contentions.

6        Finjan fails to provide the source code citations necessary to identify "specifically where

7   each limitation of each asserted claim is found within each Accused Instrumentality[.]"  Patent

8   L.R. 3-1(c).  As a result, Finjan's contentions fall far well short of crystallizing its theory of

9   infringement.

10       **B.      Finjan Cannot Excuse Its Failure To Review Proofpoint's Source Code**

11       This is not a situation where Finjan's preparation of infringement contentions has been

12  "restricted by defendants' sole possession of the information plaintiffs need." *France Telecom,*

13  *S.A. v. Marvell Semiconductor, Inc.,* No. 12–cv–04967 WHA (NC), 2013 WL 1878912, at*4

14  (N.D. Cal. May 3, 2013) (quoting another source).  Proofpoint has made its source code available

15  to Finjan for nearly a year, yet Finjan admits in its amended infringement contentions that it has

16  only performed "limited review the . . . of source code." *See* Stake Decl. ¶ 6, Ex. A-3 at 5.  In

17  particular, over the eleven months before serving its amended contentions, Finjan only inspected

18  the code a total of 4 days, all in October 2014.  Stake Decl. ¶ 35, Ex. K.  Thus, Proofpoint's source

19  code remained unexamined despite two Court orders compelling disclosure of Finjan's

20  infringement theories. *See id.*  Finjan only returned to inspect the source code today, three weeks

21  after serving amended infringement contentions.  Such dilatory behavior is indefensible. *See Sun*

22  *Microsystems, Inc. v. Network Appliance, Inc.*, No. C-07-05488 EDL, 2009 WL 508448, at *1-*2

23  (N.D. Cal. Feb. 27, 2009) (denying amendments to infringement contentions when patentee had

24  access to source code for approximately nine months); *Apple Inc. v. Samsung Elecs. Co.*, No. 12–

25  CV–0630–LHK (PSG), 2013 WL 3246094, at *12 (N.D. Cal. June 26, 2013) (permitting source

26  code amendments for code obtained within the last four months, but no earlier).  "The bottom line

27  is that, after a plaintiff-patentee has had a reasonable opportunity to review the source code for the

28  defendant's accused software product, the patentee's time for trolling the proverbial waters for a

1   theory of infringement comes to an end[.]"  *Diagnostic Sys. Corp. v. Symantec Corp.*, No. SACV

2   06-1211 DOC (ANx), 2009 WL 1607717, at *5 (C.D. Cal. Jun. 5 2009).

3        Finjan has been given more than enough time to identify the specific source code it alleges

4   infringes the asserted patents, and its failure to do so is inexcusable.

5        **C.      The Court Should Strike Finjan's Reliance on Source Code Evidence**

6        Throughout this case, Finjan has been given numerous opportunities to supplement its

7   infringement contentions, including multiple invitations to do so in correspondence from Proofpoint

8   (*See* Dkt. No. 118 at 5), in response to Proofpoint's interrogatory (*See* Dkt. No. 115), and when

9   ordered to do so by this Court (Dkt. No. 138).  Finjan admitted in open court that an adequate

10  disclosure of infringement theories for its patents would require citation to Proofpoint's source code.

11  Stake Decl. ¶ 36, Ex. L at 4:2-4.  Yet, in the face of a court order compelling specific infringement

12  contentions, Finjan failed to cite to even a single file or function within the accused products. Finjan

13  instead cited to dozens of source code directories, with the clear intention to further shift its

14  infringement theories only after serving its contentions.  Proofpoint's ability to prepare a defense to

15  Finjan's claims of infringement has already been severely prejudiced by being repeatedly denied an

16  explanation of Finjan's allegations.  At this juncture, permitting Finjan any further amendment to its

17  infringement contentions would again reward Finjan for its continued delay and lack of diligence, and

18  vitiate the requirement that a plaintiff crystallize its theory of infringement at an early stage.

19       Accordingly, Proofpoint asks the Court to strike Finjan's citations to source code with

20  prejudice.  Such relief is appropriate where a patentee is afforded repeated opportunities to amend its

21  contentions, yet fails to do so.  *Shared Memory Graphics II*, 2011 WL 3878388, at *8 (striking

22  plaintiff's second amended infringement contentions for failing to disclose a "data distribution bus" as

23  required by the claims).   Here, despite the Court's order compelling adequate infringement

24  contentions, Finjan still fails to disclose a theory explaining how any of the accused source code

25  allegedly meets the asserted claims.  Finjan's failure warrants a preclusive sanction from this Court.

26  In the alternative, Finjan should not be permitted to provide any additional amendments to its

27  infringement contentions, and should be precluded from identifying specific source code citations

28

DEFENDANTS' RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS

1   within the source code directories that infringe.  Finjan cannot be granted carte blanche to provide

2   untimely disclosures of specific source code based solely on its identification of high-level directories.

3   **V.       CONCLUSION**

4         For the foregoing reasons, Proofpoint respectfully requests that the Court strike Finjan's

5   infringement contentions with respect to the citations to Proofpoint's source code with prejudice

6   or, in the alternative, preclude Finjan from relying on specific source code evidence to support its

7   allegations of patent infringement.

8

9   DATED: May 18, 2015         Respectfully submitted,
                                 QUINN EMANUEL URQUHART &

10                                   SULLIVAN, LLP

11                               By  */s/ Jennifer A. Kash*

12                                   Jennifer A. Kash
                                 Sean Pak

13                                   Iman Lordgooei
                                 Sam Stake

14

15                                   Attorneys for Defendants PROOFPOINT, INC.
                                 and ARMORIZE TECHNOLOGIES, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                 Case No. 3:13-CV-05808-HSG

DEFENDANTS' RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS