QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jennifer A. Kash (Bar No. 203679)
  jenniferkash@quinnemanuel.com
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
  Sam Stake (Bar No. 257916)
  samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Defendants PROOFPOINT, INC. and
ARMORIZE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>                 Plaintiff,<br><br>        vs.<br><br>PROOFPOINT,   INC.   AND   ARMORIZE<br>TECHNOLOGIES, INC.,<br><br>                 Defendants. | Case No. 3:13-CV-05808-HSG<br><br>**PROOFPOINT INC. AND ARMORIZE<br>TECHNOLOGIES, INC.'S OPPOSITION<br>TO FINJAN, INC.'S MOTION TO<br>STRIKE INVALIDITY THEORIES NOT<br>DISCLOSED IN DEFENDANTS'<br>PRELIMINARY ELECTION** |

## TABLE OF CONTENTS

**Page**

I.    STATEMENT OF FACTS ......................................................................................... 2

    A.    The Court Strikes Finjan's Inadequate Infringement Contentions ..................... 2

    B.    Finjan's Amended Infringement Contentions Provide "New or Different Interpretations" of the Asserted Claims ........................................................... 4

    C.    Finjan and the Court Agree To, and Proofpoint Timely Serves, Its Amended Invalidity Contentions and Election of Prior Art ............................................. 5

    D.    Finjan Fails to Move To Strike Proofpoint's Amended Prior Art Election ..................... 6

II.    LEGAL STANDARD ............................................................................................. 7

III.    ARGUMENT ........................................................................................................... 9

    A.    Finjan's Delay in Bringing this Motion Is Reason Alone To Deny It ............................. 9

    B.    Proofpoint's Amended Election Was Proper ................................................. 11

    C.    Proofpoint's Supplemental Invalidity Contentions Were Proper .................. 11

    D.    Proofpoint's Final Election Was Also Proper ............................................... 13

    E.    Finjan Has Suffered No Prejudice, Yet Seeks To Inflict Substantial Undue Prejudice on Proofpoint ............................................................................. 15

    F.    Exclusionary and Monetary Sanctions Are Inappropriate .............................. 17

CONCLUSION ........................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

### <u>Cases</u>

*Abbott Labs. v. Lupin, Ltd.*,
   No. 09-152-LPS, 2011 WL 1897322 (D. Del. May 19, 2011) ........................................................ 17

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
   No. C 06-3359 JF (RS), 2014 WL 660857 ................................................................... 11, 13

*Atkins v. County of Orange*,
   372 F. Supp. 2d 377 (S.D.N.Y. 2005) ......................................................................... 7, 10

*Avago Technologies Gen. IP PTE Ltd. v. Elan Microelecs. Corp.*,
   No. C04-05385 JW (HRL), 2007 WL 951818 (N.D. Cal. Mar. 28, 2007) .......................... 8

*Ayers v. City of Richmond*,
   895 F.2d 1267 (9th Cir. 1990) ................................................................................. 19

*Bair v. Cal. St. Dept. of Transp.*,
   867 F. Supp. 2d 1058 (N.D. Cal. Apr. 4, 2012) ......................................................... 18, 19

*Blair v. CBE Grp., Inc.*,
   No. 13cv134-MMA (WVG), 2015 WL 5086375 (S.D. Cal. Aug. 26, 2015) ...................... 8, 15

*Cornwell v. Electra Cent. Credit Union*,
   439 F.3d 1018 (9th Cir. 2006) ................................................................................. 18

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
   No. 12–2730 ADM/JJK, 2015 WL 875373 (D. Minn. Mar. 2, 2015) ...................... 8, 11, 12, 16

*DataQuill Ltd. v. Handspring, Inc.*,
   No. 01 C 4635, 2003 WL 25696445 (N.D. Ill. Dec. 19, 2003) ....................................... 17

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*,
   No. C 06-3359 JF (RS), 2008 WL 4786671 (N.D. Cal. Oct. 29, 2008) ......................... 11, 13

*Dukes v. Wal-Mart, Inc.*,
   222 F.R.D. 189 (N.D. Cal. 2004) ............................................................................. 9, 15

*Eli Lilly & Co. v. Teva Pharms. USA, Inc.*,
   619 F.3d 1329 (Fed. Cir. 2010) ............................................................................... 15

*Everlight Elecs. Co., Ltd. v. Nichia Corp.*,
   No. 12-cv-11758, 2014 WL 3925276 (E.D. Mich. Aug. 12, 2014) ................................. 7, 10

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
   No. C 03-1431 SBA, 2006 WL 1329997 (N.D. Cal. May 15, 2006) ............................... 7, 17

*Fujifilm Corp. v. Motorola Mobility LLC*,
   No. 12-cv-03587-WHO, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) ...................... 7, 8, 10, 15

*Harvey v. District of Columbia et al.*,
  949 F. Supp. 874 (D.D.C. 1996) .................................................................................. 7, 10

*High Point SARL v. Sprint Nextel Corp.*,
  No. 09-2269-CM, 2011 WL 4526770 (D. Kan. Sept. 28, 2011) ................................. 8, 14

*Inventio AG v. ThyssenKrupp Elevator Corp.*,
  No. 08-00874-RGA, 2014 WL 468897 (D. Del. Feb. 3, 2014) ......................................... 9

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ........................................................................................... 18

*Keithley v. The Homestore.com, Inc.*,
  553 F. Supp. 2d 1148 (N.D. Cal. 2008) ....................................................................... 8, 15

*MedImmune, LLC v. PDL BioPharma, Inc.*,
  No. C 08-5590 JF (HRL), 2010 WL 760443 (N.D. Cal. Jan. 7, 2011).............................. 8

*Mitsubishi Elec. Corp. v. Sceptre, Inc.*,
  Case No. 2:14-cv-04994-ODW-AJW, 2015 WL 5822574 (C.D. Cal. Oct. 1, 2015) ...................... 18

*Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*,
  No. C 10-01002 JW, 2011 WL 7295479 (N.D. Cal. April 7, 2011)................................... 7

*Singh v. Arrow Truck Sales, Inc.*,
  No. 05-cv-2564-GEB-KJM, 2006 WL 1867540 (E.D. Cal. July 6, 2006) ...................... 18

*U.S. v. Glaxo Grp. Ltd.*,
  410 U.S. 52 (1973).......................................................................................................... 17

*Wonderland Nurserygoods Co., Ltd. v. Thorley Industs., LLC*,
  No. 12-196, 2013 WL 2471801 (W.D. Pa. June 7, 2013) .................................. 15, 16, 17

*Wong v. Regents of Univ. of Cal.*,
  410 F.3d 1052 (9th Cir. 2005) ........................................................................................ 18

## **Local Rules**

Civil L.R. 7-8 ..................................................................................................................... 17

Patent L.R. 3-1(f) ............................................................................................................... 13

OPPOSITION TO MOTION TO STRIKE

Finjan's motion to strike much of Proofpoint's invalidity case should be denied as it is untimely, unjustified, and highly prejudicial.  In particular, Finjan seeks to strike Proofpoint's June 30, 2015 amended preliminary election of prior art, but ignores that Proofpoint made the amended election based on the amended invalidity contentions which this Court granted Proofpoint leave to serve.  When Finjan first threatened to move to strike this election on July 16, 2015, Proofpoint explained its proper basis for the amendments to Finjan.  Proofpoint assumed the issue resolved.  Yet on October 7, Finjan filed the instant motion seeking relief from the Court.  Three months have passed since Proofpoint's amended election, and discovery has closed.  Finjan waited to ask the Court to strike a significant portion of Proofpoint's invalidity case premised on the theory that Proofpoint's amended election was improper—an issue first raised months ago.  Finjan's unexplained and unreasonable delay, during which time Proofpoint relied on Finjan's inaction in preparing both its final election of prior art and opening expert report, is alone grounds to deny the motion.

Finjan's arguments also fail on the merits.  Proofpoint's amended election was the logical and necessary result of the Court's grant of leave for Proofpoint to amend its invalidity contentions.  If Proofpoint is denied an opportunity to amend its preliminary election based on its amended invalidity contentions, as Finjan advocates, the Court's Order granting leave to amend invalidity contentions would have been pointless.  Finjan also argues for the first time, without having met and conferred with Proofpoint on this ground, that Proofpoint's amended invalidity *contentions* were also improper.  Proofpoint's amended contentions, however, were served in response to Finjan's supplemental infringement contentions.[1]  The timing for filing amended contentions was triggered by Finjan's service of its new contentions (as set forth-within the procedures of Patent Local Rules) and were permissible as allowed by Court Order.  Dkt. No. 141.  In a final desperate attempt to eliminate invalidating art for these case,  Finjan argues that, even if the amended election is proper, Proofpoint's final election would still be improper.  Yet Proofpoint's final election did not depart from its amended

---

[1]   Proofpoint's renewed motion to strike Finjan's supplemental infringement contentions is currently pending before the court.  *See* Dkt. Nos. 149, 171.

election and, thus, Finjan has had ample notice of the anticipation and obviousness combinations that Proofpoint intends to proceed on at trial.

Finjan has not and cannot articulate any prejudice it will suffer if Proofpoint is allowed to maintain its current elections. The elections in question were served on June 30, 2015—over ten weeks before the close of fact discovery, and over four months from the current deadline for Finjan to serve its rebuttal expert report on validity. Finjan had ample notice and opportunity to conduct discovery on any of the references and invalidity contentions included in Proofpoint's amended election. Finjan cannot now allege that it was not provided with *sufficient* time to investigate Proofpoint's invalidity arguments, when it waited months to move to strike and conducted no discovery on any of the prior art disclosed in Proofpoint's amended election. Finjan fails to identify any of its infringement theories that might be altered by the election, nor has it identified any discovery (or other action) it would have conducted but for the changed election. In fact, Finjan has done nothing but state its disagreement with the timing of the election, but has no explanation for how it is or will be harmed based on the service of the amended and final elections. Instead of addressing the merits head on through its expert, dispositive motion practice, or by narrowing an expansive case, Finjan asks this Court to issue an extreme penalty where there is no foul. The greater prejudice would be if Proofpoint was not permitted to present a full and properly disclosed defense to the eight patents Finjan contends Proofpoint infringes. Proofpoint requests that the Court deny Finjan's motion.

## I.   STATEMENT OF FACTS

### A.   The Court Strikes Finjan's Inadequate Infringement Contentions

Finjan served its original infringement contentions on April 17, 2014. Those contentions were inadequate on multiple grounds and did "not contain sufficient detail to provide notice of its theory of infringement as required by Patent Local Rule 3-1." Dkt. No. 138 at 10. Nor did they "identify where each limitation of each asserted claim [was] found within each Accused Instrumentality." *Id.* at 10-16 (internal quotations omitted). Proofpoint served its invalidity contentions, based on the same, on June 9, 2014. *See* Declaration of Sam Stake ("Stake Decl."), Ex. A. The parties corresponded back and

forth regarding the deficiencies in Finjan's infringement contentions, including Finjan's failure to put Proofpoint on notice on the alleged scope of the asserted patents.  *See* Dkt. No. 118; *see also* Dkt. Nos. 118-16, 118-18–118-28 (Exs. N, P-Z).

On November 11, 2014, the Court entered an Order on, among other things, the narrowing of issues ("the Narrowing Order") as to election of asserted claims and prior art.[2]  Dkt. No. 98 at 3. Pursuant to the Court's Narrowing Order, Finjan was to serve a preliminary election of asserted claims on December 19, 2014; Proofpoint would then serve a preliminary election of prior art on January 16, 2015, identifying anticipatory and obviousness combinations "from the subset of references previously identified in its Invalidity Contentions[.]"  Dkt. No. 98 at 3.  The Court further explained that "an obviousness combination refers to a theory of invalidity and may contain additional references to support that theory."  *Id.* at n.2.  Finjan would then serve a final election of asserted claims; in response, Proofpoint was to serve a final election of prior art identifying "the references it will present at trial from the subset of references previously identified[.]"  *Id.*

On February 5, 2015, with the parties at an impasse regarding Finjan's deficient infringement contentions, Proofpoint was forced to move to strike.  Dkt. No. 118.  On April 2, the Court granted Proofpoint's motion and struck Finjan's infringement contentions.  Dkt. No. 138.  It ruled that Finjan's infringement contentions were deficient in many respects, including that they failed to identify how each accused product infringed each claim element in each asserted patent.  *Id.* at 10-16.  For example, "the same handful of screenshots and website addresses [were] copied and pasted into hundreds of cells, often with little or no explanation for what information contained in those sources relates to the relevant claim elements."  *Id.* at 10.  The Court granted Finjan leave, in part, to amend its infringement contentions by April 23, 2015.  *See id.* at 20-21.

---

[2]  This case was originally assigned to Honorable William Alsup, who set the first case schedule.  Dkt. No. 42.  The case was then reassigned to Honorable Beth Labson Freeman, who entered the original Scheduling Order adopting Finjan's narrowing proposal.  Dkt. No. 98.  After Defendants filed their motion to strike Finjan's infringement contentions (Dkt. No. 118), the case was reassigned to Your Honor (Dkt. at February 13, 2015).

On April 17, the parties filed a stipulation asking the Court to grant leave for Proofpoint to amend its invalidity contentions.  Dkt. No. 140.  The parties agreed there was "good cause for Defendants to supplement their invalidity contentions to the extent Finjan's amended infringement contentions provide new or different interpretation[s] of the asserted claims[.]"  *Id.* at 1.  The Court granted the parties' request.  Dkt. 141.  On April 23, Finjan served its amended infringement contentions.

### B. Finjan's Amended Infringement Contentions Provide "New or Different Interpretations" of the Asserted Claims

Finjan's supplemental infringement contentions, served on April 23, 2015, expanded Finjan's infringement theories, ballooning its infringement theories from 12 charts spanning 1083 pages to 29 charts spanning 1954 pages.  Stake Decl. ¶ 4.  Finjan significantly modified its infringement contentions for many of the asserted claims of the asserted patents.  To illustrate, for the '154 patent, Finjan's preliminary infringement contentions addressed the preamble, and first and second limitations of claim 1 in conclusory fashion, providing only a cursory description of the then-accused products.  *See* Stake Decl., Ex. B at 1-8.  Finjan did not attempt to provide any support at all for the following limitations:  "a content processor (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for invoking a second function with the input, only if a security computer indicates that such invocation is safe."  *See id.* at 1-6.  In contrast, in its supplemental infringement contentions, Finjan purported to identify examples of the claimed "first" and "second" functions and pointed to source code and internal, technical as well as public Proofpoint documents.  *See* Dkt. No. 144-27 (App. G-2) at 3-11.[3]

Finjan's infringement theories and allegations with respect to the '844 and '086 patents also expanded.  For instance, Finjan originally did not point to any evidence at all with respect to the

---

[3]   Defendants cite to the docket entries for its Administrative Motion to Seal Exhibits to its Renewed Motion to Strike Finjan's Supplemental infringement contentions to avoid duplicative and voluminous filings with the Court.   Should the Court desire, Defendants are willing to file under seal these documents as exhibits to the present Opposition.

following limitation in claim 1 of the '086 patent: "deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable."  ." Stake Decl., Ex. C at 4-8.  In its supplemental infringement contentions, for that limitation, Finjan pointed to, for the first time, Armorize Forensics Reporting Methodology reports, "malicious-behaviors" string, and other components of Proofpoint's products.  Dkt. No. 144-24 (App. F-1) at 8-13. Similarly, Finjan originally did not point to any evidence with respect to the following limitation in claim 1 of the '844 patent: "generating by the inspector a first Downloadable security profile that identifies suspicious code in the received Downloadable."  Stake Decl., Ex. D at 4-10.  In its supplemental infringement contentions for the '844 patent, as it did for the '086 patent, Finjan for the first time pointed to the Armorize Forensics Reporting Methodology reports, "malicious-behaviors" string, and other evidence.  Dkt. No. 144-7 (App. A-4) at 6-12.  This "different interpretation of the asserted claims" as to many of Finjan's asserted claims forced Proofpoint to reexamine its invalidity contentions and preliminary election of prior art.  *See* Dkt. No. 141 at 1.

## C.  Finjan and the Court Agree To, and Proofpoint Timely Serves, Its Amended Invalidity Contentions and Election of Prior Art

In response to Finjan's supplemental infringement contentions, Proofpoint provided its amended invalidity contentions on June 8, 2015.  Stake Decl., Ex. E.  Proofpoint's amended contentions made modifications responsive to the amended infringement contentions.  For example, Proofpoint identified art and combinations which tracked Finjan's new interpretation of claimed limitations in the '154 patent including, among others, "a content processor: (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for invoking a second function with the input, only if a security computer indicates that such invocation is safe."  *See, e.g.*, Stake Decl., Exs. F, G.  With respect to the '844 and '086 patents, Proofpoint identified limited new art and obviousness combinations in response to Finjan's new contentions relating to the claimed "downloadable security profile" and "security profile data."  Stake Decl., Ex. H.  Proofpoint made similar adjustments and enhancements to its invalidity contentions as to each asserted patent to address changes in Finjan's amended infringement contentions.  Finjan never

objected to Proofpoint's supplemental invalidity contentions as improper for adding or changing invalidity theories, but rather only in passing on other bases, and never moved for relief.

Following these amended invalidity contentions, Proofpoint promptly served an amended preliminary election of prior art ("amended election") on June 30 that was consistent with the Court's original Narrowing Order. Dkt. No. 98 at 3. This Order adopted Finjan's narrowing proposal prescribed that Proofpoint would serve an initial election of prior art that "shall identify from the subset of references previously identified in its Invalidity Contentions[.]" *Id.* Consistent with this language and the Court's Order, Proofpoint's amended election identified references from the subset identified in its amended invalidity contentions. Stake Decl., ¶ 13.

### D. Finjan Fails to Move To Strike Proofpoint's Amended Prior Art Election

On July 16, Finjan wrote to Proofpoint that the amended election was improper, and that it would move to strike it if it was not withdrawn. Dkt. No. 195-1, Ex. 5. Proofpoint replied on July 21, informing Finjan that its position was incorrect and citing the parties' stipulation granting Proofpoint leave to amend its contentions as well as the Court's Narrowing Order that contemplated an amended election from Proofpoint. Stake Decl., Ex. J. The parties met and conferred on the issue on July 28, and Proofpoint confirmed the meet and confer requirement was met for the issues raised in Finjan's July 16, 2015 letter, but Finjan did not move. *See* Stake Decl., Ex. K at 3. On August 10, Finjan repeated its argument in a letter to Proofpoint and threatened to move to strike. Dkt. No. 195-1, Ex. 6. No motion to strike was filed, and as such Proofpoint believed Finjan had chosen not to pursue its objection to Proofpoint's properly amended election.

Over one month later, on September 19, Finjan informed Proofpoint that it still intended, at some point, to move to strike any prior art in Proofpoint's final election not present in the January preliminary election. Dkt. No. 195-1, Ex. 8. Proofpoint again reiterated the same position it had maintained for two months. *Id.* Even after Proofpoint served its final election on September 23, Finjan did not move. On October 7, nearly three months after Finjan first expressed intent to strike Proofpoint's amended election, and the same day that Proofpoint's invalidity report was originally

due,[4] Finjan moved to strike invalidity positions first disclosed in Proofpoint's amended election on June 30.  Dkt. No. 195.

## II.  LEGAL STANDARD

Motions to strike are generally disfavored, because they are "often used as a delaying tactic." *Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*, No. C 10–01002 JW, 2011 WL 7295479, at *1 (N.D. Cal. April 7, 2011) (quoting another source) (discussing motions strike pursuant to Federal Rule of Civil Procedure 12(f)).  The moving party must be diligent in seeking to strike theories that it claims are unduly prejudicial.  *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12–cv–03587–WHO, 2015 WL 757575, at *29 (N.D. Cal. Feb. 20, 2015) (finding that, where plaintiff waited to strike combinations until expert discovery, granting the motion would be a "windfall" to plaintiff and "unfair" to defendant); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03–1431 SBA, 2006 WL 1329997, at *6-7 (N.D. Cal. May 15, 2006) (denying motion to strike late disclosed anticipation defense, given procedural posture of case, where moving party waited until the "very last possible moment" to move to strike); *see also Everlight Elecs. Co., Ltd. v. Nichia Corp.*, No. 12–cv–11758, 2014 WL 3925276, at *6-7 (E.D. Mich. Aug. 12, 2014) (denying motion to strike infringement theories where the moving party was put on notice of theories months before bringing its motion, which delay rendered the prejudice "disingenuous"); *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 397 (S.D.N.Y. 2005) (finding any prejudice was a result of the moving party waiting to move to preclude an expert); *Harvey v. District of Columbia et al.*, 949 F. Supp. 874, 877 (D.D.C. 1996) (refusing to strike expert testimony due to inadequate report, where the moving party waited until a month after the report was served, or the day before the discovery cut-off, to move).

---

[4]  Opening expert reports were originally due on October 7, and Finjan filed its motion the same day. Finjan agreed at 6:00 PM PT the day of the deadline for opening reports to a one week extension to October 14.

Courts demonstrate flexibility with respect to the disclosure of specific obviousness combinations. Specific combinations of prior art grouping different references are still properly disclosed, where proper reservations are made and the references themselves have been previously disclosed. *See Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. 12–2730 ADM/JJK, 2015 WL 875373, at *2 (D. Minn. Mar. 2, 2015) (refusing to strike "new" combinations in expert report, that grouped references differently from combinations previously disclosed, where defendant had previously charted all references in its "Prior Art Statements"). The same level of detail that may be needed to support an invalidity defense need not be provided prior to expert discovery, because "experts may be necessary to provide the specificity needed to identify the specific combinations of prior art that [the defendant] contends show obviousness." *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM, 2011 WL 4526770, at *6-9 (D. Kan. Sept. 28, 2011) (denying to compel defendant to identify "the specific combination of prior art references that it will assert render each claim obvious" where expert discovery had not yet occurred).

To that end, the disclosing party need not "provide the *specific* combination of references that it will assert render each claim obvious." *See id.* at *8 (citing *Avago Technologies Gen. IP PTE Ltd. v. Elan Microelecs. Corp.*, No. C04-05385 JW (HRL), 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007)) (emphasis original). Even invalidity contentions, under Rule 3-3(b), do not require disclosure "in exact detail every particular combination it intends to assert." *Fujifilm Corp.*, 2015 WL 757575, at *28,; *see also Avago*, 2007 WL 951818, at *4; *see also MedImmune, LLC v. PDL BioPharma, Inc.*, No. C 08–5590 JF (HRL), 2010 WL 760443, at *5-6 (N.D. Cal. Jan. 7, 2011); *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008).

Courts routinely deny motions to strike where the moving party has made no showing of prejudice. *See Blair v. CBE Grp., Inc.*, No. 13-cv-134–MMA (WVG), 2015 WL 5086375, at *4 (S.D.

Cal. Aug. 26, 2015) (denying motion to strike where defendant suffered no prejudice, even where the plaintiff could not show substantial justification for its untimeliness); *Inventio AG v. ThyssenKrupp Elevator Corp.*, No. 08–00874–RGA, 2014 WL 468897, at *4-5 (D. Del. Feb. 3, 2014) (denying motion to strike where moving party did not show it needed "any additional piece of evidence that it may have sought if it had known about the . . . theory earlier"); *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (burden to show prejudice is on the moving party).  Conclusory recitation of prejudice is insufficient for the moving party to meet its burden.  *See Inventio AG*, 2014 WL 468897, at *4-5 ("While the Defendant argues that it will be forced to defend against a . . . theory without being able to pursue its underlying factual basis, the Defendant fails to point the Court to any additional piece of evidence that it may have sought if it had known about the . . . theory earlier."); *Dukes*, 222 F.R.D. at 196, 199 (denying plaintiff's motions to strike because it did not assert actual prejudice).

## III.    ARGUMENT

Finjan's motion should be denied.  Finjan waited nearly three months, until after fact discovery had closed and expert discovery had begun, to move to strike invalidity theories in Proofpoint's amended election.  Given this delay, and that Proofpoint has already prepared and *served* its invalidity expert report in reliance on Finjan's inactivity, Finjan's motion should be denied.  Moreover, the Court's Narrowing Order and the parties' stipulation granting Proofpoint leave to amend their contentions both contemplate that Proofpoint could and should amend its preliminary election of prior art after serving amended invalidity contentions.  Further, Proofpoint's final election of prior art also complies with this Court's Narrowing Order regarding its obviousness combinations.  Finally, Finjan has not suffered any actual prejudice from Proofpoint's amended or final election, nor will it; instead, it is Proofpoint that would suffer undue prejudice should the Court grant Finjan's belated motion.

### A.    Finjan's Delay in Bringing this Motion Is Reason Alone To Deny It

Finjan's delay until expert discovery to bring this motion was unreasonable and appears motivated by gamesmanship.  Finjan first wrote to Proofpoint expressing that the amended election

was improper on July 16.  Dkt. No. 195-1, Ex. 5.  Proofpoint responded on July 21, and the parties met and conferred on the issue on July 28.  *See* Stake Decl., Ex. K at 1.  The parties corresponded back and forth from July through September, and Proofpoint's position has remained the same since its initial response in July.  Stake Decl., Exs. J, K; *see also* Mot. at 7 (Finjan "reminded Proofpoint on multiple occasions that it needed to seek leave.").  Finjan let fact discovery close on September 2.  Finjan then let expert discovery begin.  The parties engaged in substantial preparation of their opening reports.  Indeed, opening reports and namely Proofpoint's invalidity report were originally due on October 7, and Finjan waited until that day to file the instant motion.  Finjan delayed for three months, letting crucial deadlines pass and considerable preparation begin, only then filing this motion, and noticing a hearing date after the currently-ordered last day of expert discovery.[5]  *See* Dkt. No. 179 at 2.

Instead of lying in wait, Finjan should have sought relief months ago for any alleged improper disclosure of invalidity theories.  *See Fujifilm Corp.*, 2015 WL 757575, at *29; *Everlight Elecs.*, 2014 WL 3925276, at *6-7; *Atkins*, 372 F. Supp. 2d at 397; *Harvey*, 949 F. Supp. at 877.  In *Fujifilm*, the court refused to strike combinations in defendant's election and expert report.  It did so, in large part, because it found that if the plaintiff "suffer[ed] any confusion as to what particular obviousness combinations were being asserted, then the proper recourse would have been for [plaintiff] to compel [defendant] to amend its contentions, not for [plaintiff] to wait until expert discovery and then move to strike the expert report."  *Fujifilm Corp.*, 2015 WL 757575, at *29 (quoting another source).  Waiting until expert discovery to file its motion is exactly what Finjan has done here.

Nor does Finjan have any excuse for its unreasonable delay in bringing its motion.  Finjan expressed its intent to strike over six weeks before fact discovery closed, but waited until expert discovery to bring its motion, on which briefing will not be complete until expert discovery is already over.  Under these circumstances, striking the combinations would be a windfall to Finjan, and unfair to Proofpoint.  Finjan's delay alone is a basis to deny its motion.

---

[5]  The Parties agreed to a limited extension to the date of the hearing noticed by Finjan, November 12.

**B.    Proofpoint's Amended Election Was Proper**

Proofpoint's amendment to its preliminary election of prior art was a natural and expected consequence of the Court's Order granting Proofpoint the right to amend its invalidity contentions. Dkt. No. 141.  Without this opportunity to amend the election to comport with the amended invalidity contentions, those contentions would have had no purpose.  Further, the Narrowing Order permitted Proofpoint to make a preliminary election of prior art "from the subset of references previously identified in its Invalidity Contentions[.]"  Dkt. No. 98 at 3.  It is undisputed that this is what Proofpoint did, serving its amended election of art "from the subset of references previously identified" in its supplemental invalidity contentions.

In any event, it is Finjan's burden to show a discovery violation has even occurred, and it has not met its burden. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. C 06-3359 JF (RS), 2014 WL 660857, at *2; *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06-3359 JF (RS), 2008 WL 4786671, at *2-3 (N.D. Cal. Oct. 29, 2008).  Finjan has provided no logical explanation that Proofpoint would have needed to seek permission to amend its preliminary election, given that the Court had already granted Proofpoint leave to amend its contentions pursuant to the parties' own stipulation.[6]  It would have been an unnecessary burden on the Court's limited resources for Proofpoint to seek leave on this straightforward issue.  Finjan's argument that the amended election was improper is unavailing.

**C.    Proofpoint's Supplemental Invalidity Contentions Were Proper**

Finjan also argues for the first time in its motion—without having met and conferred with Proofpoint on the issue—that Proofpoint's supplemental invalidity *contentions* on June 8 exceeded the Court's broad leave to amend.  Mot. at 4-5.  As an initial matter, Finjan failed to meet and confer with Proofpoint on this issue, as required by Local Rule Civil L.R. 37-1(a), and its request for relief should be denied on this basis.  Finjan's request should also be denied on the merits, as it has failed to articulate any specific deficiencies in Proofpoint's amended invalidity contentions, despite bearing the burden on this issue.  S*ee Dane*, 2015 WL 875373, at *2 (finding plaintiff had the burden to show a

---

[6]  Proofpoint thus reserves its right to seek costs and fees incurred responding to this baseless motion.

"discovery violation has occurred[,]" where expert report potentially violated scheduling order by citing combinations not previously specifically identified).  Specifically, Finjan baldly asserts that there was no basis for amended invalidity contentions because Finjan's infringement contentions purportedly "did not assert any new patent claims or accuse different products of infringement, much less . . . new or different interpretation[s] of the asserted claims."  Mot. at 4.  Finjan provides no comparison whatsoever, however, between its original and amended infringement contentions.  The Court should therefore deny Finjan's request for relief as to the amended invalidity contentions for failing to make even a minimal showing.

Moreover, Finjan is incorrect that the amended invalidity contentions are improper, as its amended infringement contentions contained new and different interpretations of its claims.  As discussed in Section I(B) *supra,* as to multiple claim elements across each asserted patent, Finjan provided new purported evidence of infringement and new theories as to how several claim elements are met, including where it had provided ***none*** before.  Each of these changes moved the target for Proofpoint's assertion of prior art in support of its invalidity defense and counterclaims, and thus Proofpoint had to amend.  Indeed, the supplemental contentions were Finjan's attempt to finally put Proofpoint on notice of Finjan's infringement theories, as ordered by the Court, which struck the original infringement contentions because it found them to be deficient.  Finjan's argument now that its amended contentions did not differ in any meaningful way from its original contentions is either disingenuous or a tacit admission that it did not comply with the Court's order and that its amended contentions are, like their predecessor, deficient and should be stricken.

Accordingly, in light of Finjan's significantly expanded and modified infringement contentions, Proofpoint's supplemental invalidity contentions fell well within the Court's broad leave for Proofpoint to amend "to the extent Finjan's amended infringement contentions provide new or different interpretation[s] of the asserted claims," and Finjan's request for relief here should be denied. Dkt. 141 at 1.

### D.      Proofpoint's Final Election Was Also Proper

Finjan articulates no reason that Proofpoint's final election was improper, aside from asserting that Proofpoint should be limited to only its preliminary election from January.  Again, it is Finjan's burden to prove that Proofpoint's Final Election violated any scheduling or narrowing order, and it has not done so.  *See Apple, Inc.*, 2014 WL 660857, at *2; *Dong Ah Tire*, 2008 WL 4786671, at *2-3. Because Finjan has not met its burden, its motion should be denied.

Finjan claims in conclusory fashion that  there was no good cause supporting Proofpoint's amended or final elections, citing its own *Blue Coat* case.  In that case, however, Blue Coat made a preliminary election including references it had not charted, and thus failed to comply with the Court's scheduling order in the first instance.  *See* Dkt. No. 195-1 , Ex. 10 at 3:1-20.  Blue Coat then served a supplemental election three weeks *after* the deadline, replacing uncharted references with charted ones, and specifically admitted there was no new set of contentions or other new facts giving rise to its supplemental election.  *Id*. at 12:17-13:2; 16:15-21.  In contrast, Proofpoint properly served its amended and final elections only in response to Finjan's new and different infringement contentions, and in accordance with the Court's Narrowing Order.

Moreover, Proofpoint's final election was both proper and necessary due to Finjan's shifting positions during discovery.  On August 18, 2015, less than three weeks before the close of discovery, Finjan provided an updated response to Proofpoint's interrogatory numbers 5 and 10, changing the alleged conception, reduction to practice, and "priority" dates for the asserted patents.  Stake Decl., Ex. L.[7]  To illustrate, Finjan pushed back the alleged reduction to practice and priority dates for the '844 patent by a year from November 8, 1996 to December 22, 1997.  Finjan also pushed up the alleged conception date for the '086 patent from November 6, 1997 to November 8, 1996.  Thus, in preparing its final election, including in collaboration with its newly retained expert witness, Prof. Michael

---

[7]   Proofpoint reserves the right to, and intends to, seek relief from the Court to the extent Finjan's asserted priority dates deviate from its disclosure obligations under Patent Local Rule 3-1(f).  Patent L.R. 3-1(f) (requiring disclosure, along with its infringement contentions, of the priority dates to which each asserted claim is allegedly entitled).

Franz,[8] Proofpoint addressed the impact of these changes on its election of prior art.  Proofpoint used slightly different references for its precise obviousness combinations, based in part, on Finjan's changed position.  This adjustment is contemplated by the Narrowing Order.  *See* Dkt. No. 98 at 3 n.2.

The resulting modifications to Proofpoint's obviousness combinations in the final election drew *exclusively* from references already disclosed in Proofpoint's amended election.[9]  These modifications complied with this Court's Narrowing Order.  Proofpoint identified the references in its final election "from the subset of references previously identified" in its amended invalidity contentions and amended election.  Furthermore, this District routinely recognizes it is the role of experts, such as Proofpoint's expert Prof. Franz, to provide increased specificity regarding specific combinations of prior art in order to show obviousness.  *See High Point SARL*, 2011 WL 4526770, at *6-9 (denying motion to compel response to contention interrogatory asking for all bases for a party's invalidity defense, in so doing citing this District's local rules and cases to show there is no need for pre-expert discovery obviousness disclosures to go farther, where defendant stated the claim limitation "'is disclosed alone and/or in combination with' a general group of references").  Specifically, this District routinely permits defendants to disclose large groups of references, and then select specific combinations therefrom, even where the number of potential combinations within those groups are *magnitudes* beyond what Proofpoint has disclosed here.  *Keithley*, 553 F. Supp. 2d at 1150 (grouping prior art references resulting in even "billions" of possible combinations is permissible, where the

---

[8]   As previously communicated to the Court, Proofpoint's invalidity expert, Dr. Spafford, had to withdraw as Proofpoint's invalidity expert for serious health reasons.  His withdrawal was confirmed only a few weeks before opening reports were due, and Dr. Spafford had been Proofpoint's invalidity expert throughout the case, from service of the invalidity contentions through the technology tutorial and claim construction.  Proofpoint retained a replacement expert, Dr. Franz, shortly before its invalidity report was due.

[9]   In its final election, Proofpoint elected the Jensen reference as part of obviousness combinations for the '633 and '822 patents, including for its disclosure of mobile "protection wrappers."  Dkt. No. 195-1, Ex. 9.  Previously, Proofpoint had charted Jensen in its amended invalidity contentions for the '633 and '822 patents, and had disclosed Jensen as part of obviousness combinations for the '918 patent including for this same disclosure of mobile protection wrappers.  Thus, Proofpoint identified Jensen in its final election "from the subset of references previously identified" in its amended election.  *See* Dkt. 98 at 3.

theory of obviousness is the same for the different combinations within the group); *see also Fujifilm Corp.*, 2015 WL 757575, at *29 (same).[10]  Finjan's assertion that Proofpoint cannot select a subset of references from a larger combination, or from previously disclosed references, is therefore incorrect.  *See Keithley*, 553 F. Supp. 2d at 1150; *Fujifilm Corp.*, 2015 WL 757575, at *29.[11]  The final election has not violated the Court's Orders, nor has Finjan demonstrated how it would do so.

### E.     Finjan Has Suffered No Prejudice, Yet Seeks To Inflict Substantial Undue Prejudice on Proofpoint

Despite its conclusory assertions, Finjan has not been able to demonstrate any prejudice from Proofpoint's amended and final elections.  Finjan's failure to proffer evidence of prejudice is alone reason to deny Finjan's motion to strike.  *See Blair*, 2015 WL 5086375, at *4; *Wonderland Nurserygoods Co., Ltd. v. Thorley Industs., LLC,* No. 12–196, 2013 WL 2471801, at *3 (W.D. Pa. June 7, 2013) (citing *Eli Lilly & Co. v. Teva Pharms. USA, Inc.*, 619 F.3d 1329, 1345 (Fed. Cir. 2010)); *Dukes*, 222 F.R.D. at 196, 199.  Finjan had copies of all invalidity references and Proofpoint served invalidity charts for all invalidity references.  As discussed above in Section III(D), Finjan has had notice of the references in Proofpoint's final election since June, from both Proofpoint's amended election and supplemental contentions.  Accordingly, there is no prejudice.  *See Dane*, 2015 WL 875373, at *2 (refusing to strike new prior art combinations in defendant's invalidity report, where previous election stated it included "examples" of combinations, even where the amended scheduling order required defendant to identify each combination in that election, as long as plaintiff had some prior notice of possible combination); *see also Wonderland*, 2013 WL 2471801, at *3-4 (finding a lack

---

[10]    In *Fujifilm*, the defendant elected obviousness combinations that mirrored those in its amended contentions, but dropped one reference (Hollenberg) from those combinations.  *Fujifilm Corp*, 2015 WL 757575, at *29.  The court refused to strike the combinations in the defendant's election and expert report, finding it was reasonable to infer that the defendant intended to assert obviousness on the same basis, just without Hollenberg.  *Id.*  It was similarly reasonable for Finjan to infer that Proofpoint was simply asserting its obviousness combinations in its final election on the same bases as disclosed in its amended election and amended invalidity contentions.

[11]    Indeed, the Court's Narrowing Order even specifically explained that Proofpoint's individual obviousness combinations would support a general "theory of invalidity and may contain ***additional references*** to support that theory."  Dkt. 98 at 3 n.2.

of prejudice where every reference relied upon by defendant's expert was included in invalidity contentions, and plaintiff had the opportunity to fully depose that expert).

Finjan claims the prejudice here is the same as that in *Blue Coat*, where Blue Coat supplemented its preliminary election approximately three weeks before the close of fact discovery, for no reason but for its own mistake. *See* Dkt. No. 195-1, Ex. 10 at 11:24-25, 12:19-21. This case is substantially different. Proofpoint served its amended election in response to Finjan's amended contentions, which replaced contentions struck by the Court, more than two months before the close of fact discovery. Beyond Proofpoint's good cause, Finjan could have prevented any prejudice by taking and/or compelling the discovery it needed, which Finjan has notably failed to articulate. Unlike *Blue Coat*, Finjan had ample time to seek discovery on the invalidity positions in Proofpoint's amended election, but chose not to.

Finjan fails to articulate *any* specific prejudice that it suffered as a result of Proofpoint's amended and final elections. Finjan does not identify what discovery it needs and did not take based on Proofpoint's amended election. Finjan baldly asserts that its narrowed asserted claims in its final election was based on Proofpoint's preliminary election (Mot. at 8), but then fails to identify any claims that it would have asserted but did not given the amended election. Nor does Finjan identify any infringement theories impacted by Proofpoint's amended or final election. In sum, Finjan's general assertions of prejudice, without evidence or explanation, warrant denial of Finjan's request for relief.

On the other hand, there would be substantial undue prejudice to Proofpoint in striking its election of invalidity theories and inhibiting its ability to mount a complete defense to Finjan's expansive infringement allegations. The prejudice to Proofpoint is accentuated by the fact that Finjan elected to sit on its motion and lie in wait for nearly three months while fact discovery closed and Proofpoint worked on and eventually served its invalidity expert report. Finjan's attempt at gamesmanship is improper and should be denied.

### F.        Exclusionary and Monetary Sanctions Are Inappropriate

Finjan includes a blanket request for sanctions at the end of its brief, in the form of exclusion of Proofpoint's invalidity theories and monetary relief.  Mot. at 6-8.  Neither are warranted.  First, Finjan's request for sanctions does not comply with this District's Local Rules, which require "[a]ny motion for sanctions, regardless of the sources of authority invoked," to "be separately filed," and on that basis alone should be denied.  Civil L.R. 7-8.  In addition, "the extreme sanction" of excluding a defense is not justified where Finjan has had an ample opportunity to consider Proofpoint's invalidity theories, and Finjan's expert will soon respond to Proofpoint's invalidity expert.  *See Abbott Labs. v. Lupin, Ltd.*, No. 09-152-LPS, 2011 WL 1897322, at *5 (D. Del. May 19, 2011) (refusing to strike invalidity defenses disclosed in supplemental contentions served sixteen weeks after the close of fact discovery, where the plaintiff had time to respond to the opening expert report, and thus any prejudice was cured).  Even where it is within the Court's discretion to strike evidence, "[c]ourts favor the resolution of disputes on their merits."  *Id.*; *see also Fresenius Med. Care*, 2006 WL 1329997, at *7.  This is "particularly true with respect to the validity of patents."  *Abbott Labs*, 2011 WL 1897322, at *5 (citing *U.S. v. Glaxo Grp. Ltd.*, 410 U.S. 52, 69 (1973) ("[T]here is a public interest favoring the judicial testing of patent validity . . . .  For when a patent is invalid, the public parts with the monopoly grant for no return, the public has been imposed upon and the patent clause subverted.")).

    Excluding invalidity theories in Proofpoint's final election would indeed be an extreme sanction, "normally reserved for a 'showing of willful deception or 'flagrant disregard' of a court order[.]'"  *Wonderland*, 2013 WL 2471801, at *3 (quoting another source).  Because Finjan has failed to articulate any specific prejudice resulting from Proofpoint's elections of prior art, "the extreme sanction of exclusion is not warranted[.]"  *DataQuill Ltd. v. Handspring, Inc.*, No. 01 C 4635, 2003 WL 25696445, at *1 (N.D. Ill. Dec. 19, 2003) (denying motion to preclude testimony on new prior art references in invalidity expert report, where expert discovery was still open, plaintiff had full opportunity to interrogate invalidity expert's opinion in deposition, and the references were available for plaintiff to examine in preparation for that deposition).

Finjan's citations to case law do not support its request to exclude entire invalidity defenses elected in Proofpoint's amended and final elections, as they are distinct from this case.[12]  In *Johnson* (*see* Mot. at 7, 10), the plaintiff missed the cut-off date for joining a party.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).  In *Mitsubishi* (*see* Mot. at 6), the defendant served amended invalidity contentions after the court explicitly forbade any further amendment.  *Mitsubishi Elec. Corp. v. Sceptre, Inc.*, Case No. 2:14-cv-04994-ODW-AJW, 2015 WL 5822574, at *1-2 (C.D. Cal. Oct. 1, 2015).  And in *Wong* (*see* Mot. at 6), the plaintiff failed to disclose an expert witness by the deadline.  *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060-62 (9th Cir. 2005).  These cases present violations of a scheduling order that unfairly prejudiced the moving party.  Neither cases are similar to Proofpoint's amendment of its preliminary election, wherein Finjan already had notice of all references disclosed in the amended election, and where Finjan had ample time to conduct discovery thereafter.

Rather, sanctions are only available against a party "that has disobeyed a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Bair v. Cal. St. Dept. of Transp.*, 867 F. Supp. 2d 1058, 1068 (N.D. Cal. Apr. 4, 2012) (quoting another source).  Proofpoint complied with the Court's Order when it served its preliminary election on time.  It took "all reasonable steps within its power" to comply with the deadline, for Proofpoint could not have anticipated that or how Finjan's contentions would change over the course of the case.  When Finjan served its amended contentions, Proofpoint timely made its amended election.  Regardless, Finjan has not demonstrated by clear and convincing evidence that Proofpoint's amended and final elections "[were] not based on a good faith and reasonable interpretation of the order[s]."  *Id.*  Proofpoint has represented for months that its interpretation of the Court's Narrowing Order called for a preliminary

---

[12]   *See also, supra,* Sections III(D), III(E) (distinguishing *Blue Coat*).  The cases cited in Finjan's footnote 2 (Mot. at 7) are similarly distinguishable.  *See Singh v. Arrow Truck Sales, Inc.,* No. 05-cv-2564-GEB-KJM, 2006 WL 1867540, at *2 (E.D. Cal. July 6, 2006) (sanctioning a party for failing to file a joint status report on time); *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1026-27 (9th Cir. 2006) (refusing to reopen discovery for plaintiff to take discovery it chose not to).

election "based on a subset of references in its Invalidity Contentions," and a final election "from the subset of references previously identified[.]"  *See* Dkt. No. 98 at 3.  Proofpoint's elections were made on good faith and the only reasonable interpretation of the Narrowing Order.

Finjan's lone case to support monetary sanctions is also inapposite.  In *Ayers*, an attorney failed to attend a settlement conference, and the Court cited Rule 16(f) regarding failure to appear at a conference.  *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  Proofpoint's alleged violation here is much less egregious, especially given the lack of prejudice to the Court or to Finjan. Monetary sanctions are thus not appropriate either.

For these reasons, Finjan's motion for sanctions should be denied.

## CONCLUSION

For the foregoing reasons, Proofpoint respectfully requests the Court deny Finjan's Motion to Strike.

Respectfully submitted,

Dated:  October 21, 2015

By: */s/ Jennifer A. Kash*
Jennifer A. Kash (Bar No. 203679)
Sean Pak (Bar No. 219032)
Iman Lordgooei (Bar No. 251320)
Sam Stake (Bar No. 257916)
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone: (415) 875 6600
Facsimile: (415) 875 6700
jenniferkash@quinnemanuel.com
seanpak@quinnemanuel.com
imanlordgooei@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Defendants*
PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC.