United States District Court
Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11

12   FINJAN, INC.,                              Case No.  3:13-cv-05808-HSG (HRL)

          Plaintiff,
13                                             **ORDER RE DISCOVERY DISPUTE**
                                               **JOINT REPORT NO. 3**
     v.
14                                             Re: Dkt. No. 185

15   PROOFPOINT, INC. and ARMORIZE
     TECHNOLOGIES, INC.,

16          Defendants.

17          At issue in Discovery Dispute Joint Report (DDJR) No. 3:  (1) whether defendants should

18   be compelled to produce Wayne Huang for a second day of deposition; (2) whether defendants

19   should be compelled to produce witness(es) to testify about Topics 8 and 11-13 in plaintiff's third

20   Fed. R. Civ. P. 30(b)(6) deposition notice; and (3) whether defendants should be compelled to

21   serve supplemental responses to plaintiff's Interrogatories 14-15.  The matter is deemed suitable

22   for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties'

23   respective arguments, this court denies plaintiff's request for further discovery.

24          **A.      Huang's Deposition**

25          This court is told that Huang is a co-founder, Chief Executive Officer, and Chief

26   Technology Officer of defendant Armorize Technologies, as well as defendant Proofpoint, Inc.'s

27   Vice President of Engineering.  Defendants designated him to testify as a Fed. R. Civ. P. 30(b)(6)

28   witness about a number of technical topics noticed by plaintiff Finjan, Inc. (Finjan).

United States District Court
Northern District of California

1          Defendants say that Huang is a busy high-level executive based in Taiwan.  For that

2  reason, they told Finjan that he would be produced for only a single day of deposition, not to

3  exceed seven hours.  Finjan, however, reserved the right to depose him for more than one day,

4  given his role in defendants' business and the fact that he would be deposed both as an individual

5  and as a Fed. R. Civ. P. 30(b)(6) witness.

6          Huang was deposed here on August 11, 2015.  Defendants say that the examination

7  exceeded seven hours, but do not say precisely how long Huang was deposed.[1]

8          Finjan now argues that Huang must be produced for a second deposition.  The reason:

9  According to plaintiff, on August 5, 2015 (about a week before Huang's deposition), defendants

10  produced 120,000 pages of documents, including detailed technical documents and Huang's

11  emails.  Plaintiff says that, even after Huang was deposed, defendants continued to produce other

12  documents through mid-September,[2] and that defendants' August-September 2015 production

13  totaled about 700,000 pages of documents.  Technical documents, says Finjan, should have been

14  produced in January of this year (pursuant to this court's order re DDJR No. 1).  With respect to

15  the Huang emails, plaintiff said that its ESI (electronically stored information) requests were

16  narrowly tailored and complied with the court's ESI Order (Dkt.94).  Finjan further claims that it

17  requested the Huang emails in April 2015; that all ESI search terms were finalized in May 2015;

18  and that there is no reason why defendants could not have produced the emails much sooner than

19  they did.  Plaintiff asserts that defendants did not even begin processing emails for production

20  until June 2015 and that they initially searched the wrong databases.

21          According to defendants' version of events:   They made the source code for the accused

22  products available for inspection over a year ago, but Finjan inspected it only a few times prior to

23  August 2015.  Additionally, defendants claim that they also timely produced key internal technical

24  documents, including engineering wikis for accused products.  Then, in January 2015, defendants

25

26    _____

[1] This court assumes that if the examination went significantly over the seven-hour limit,
27  defendants would have said so.  (They have not.)

28  [2] The parties jointly requested, and obtained, an extension of the September 2 cutoff date to
complete certain discovery.

1    say that after a reasonable search, they produced several thousand pages of additional engineering

2    wiki pages and documents relating to their products and technology.

3            As for the Huang emails, defendants contend that plaintiff's ESI requests were overbroad

4    and included terms like "HackAlert," "Scan*," "Analyz*," and "Core*" that yielded over 60,000

5    hits.  Finjan then reportedly responded by modifying its proposed search terms.  Defendants say

6    that they continued to object that the terms were still too broad; nevertheless, on May 12, 2015

7    Finjan asked defendants to search for emails using those terms.  And, although they reserved the

8    right to seek costs pursuant to the ESI order, defendants acquiesced.  Defendants say that email

9    production began on June 26, 2015 and included over 110,000 documents and 925,000 pages of

10   custodial emails comprising full families of any email or attachment containing Finjan's search

11   terms.  They deny Finjan's assertion that they searched the wrong databases; rather, defendants

12   claim that they first ran the search terms using the native Gmail search tool, and then found more

13   responsive emails by using a document collection platform.  Additionally, defendants claim that

14   Finjan continued to narrow its ESI search terms for Huang as late as July 16.

15           Unless otherwise ordered by the court or stipulated by the parties, a deposition is

16   presumptively limited to one day of seven hours.  Fed. R. Civ. P. 30(d)(1).  Huang is entitled to

17   the presumptive seven-hour limit, even though he testified both individually and as a Fed. R. Civ.

18   P. 30(b)(6) witness; and, Finjan does not have "carte blanche to depose an individual for seven

19   hours as an individual and seven hours as a 30(b)(6) witness."  Miller v. Waseca Med. Ctr., 205

20   F.R.D. 537, 540 (D. Minn. 2002).  Determining whether a further examination of Huang is

21   warranted requires a specific factual inquiry.  Id.  "The court must allow additional time consistent

22   with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another

23   person, or any other circumstances impedes or delays the examination."  Fed. R. Civ. P. 30(d)(1).

24           Arguing that it did not have time to sufficiently review the 120,000 pages of documents

25   produced the week before Huang's deposition, and noting that defendants continued to produce

26   documents even after Huang was deposed, Finjan says Huang must now be produced for a second

27   day of deposition.  Finjan also points out that defendants' August-September 2015 production

28   includes detailed documents about certain source code components.  However, Finjan has not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    identified any documents without which it was prejudiced in preparing for or taking Huang's

2    deposition.  Moreover, the record indicates that Finjan had access to defendants' source code for

3    over a year, as well as technical documents and a large portion of Huang's emails to prepare for

4    his deposition.  There is no suggestion that Huang was unprepared to testify.  And, plaintiff has

5    not identified any matters about which it was unable to examine Huang due to the timing of

6    defendants' production.  Finjan has not made a sufficient showing justifying another examination

7    of Huang.  Its request for an order compelling defendants to produce him for a second deposition

8    is denied.

9               **B.      Plaintiff's Third Fed. R. Civ. P. 30(b)(6) Deposition Notice**

10                 Finjan requests an order compelling defendants to produce witness(es) to testify about

11   Topics 8 and 11-13 in plaintiff's third Fed. R. Civ. P. 30(b)(6) notice.  Topic 8 seeks testimony re

12   "[i]dentification of the technologies in each of the accused instrumentalities from the date of first

13   sale."  Topics 11-13 seek testimony about the "conception, design, operation, and development" of

14   certain source code components, and defendants say that those topics pertain to Proofpoint's

15   Targeted Attack Protection product that Huang developed with other Armorize engineers.  (DDJR

16   3, Ex. 3).

17                 Plaintiff's third Fed. R. Civ. P. 30(b)(6) deposition notice was served on August 18, 2015.

18   Finjan says that Topics 8 and 11-13 were not "specified" in its earlier deposition notices because

19   defendants did not timely provide discovery that would have allowed Finjan to identify these

20   topics sooner.  Reiterating that defendants produced hundreds of thousands of pages of documents

21   in the last month and a half of discovery, plaintiff says that defendants have no basis to complain

22   about the timing of the third Fed. R. Civ. P. 30(b)(6) deposition notice and should be ordered to

23   produce witness(es) to testify about these matters.

24                 Defendants argue that Topics 8 and 11-13 of plaintiff's third deposition notice are

25   duplicative of Topic 6 of plaintiff's second Fed. R. Civ. P. 30(b)(6) notice, for which Huang was

26   designated to testify.  Indeed, Topic 6 of plaintiff's second notice sought testimony about the

27   "conception, design, structure, research, development, operation, features, testing and functionality

28   of" Targeted Attack Protection, as well as "identification of the components or modules of source

1    code responsible for the use of" that product.  (DDJR 3, Ex. 2).  Plaintiff's request for an order

2    requiring defendants to produce witness(es) to testify about Topics 8 and 11-13 of plaintiff's third

3    Fed. R. Civ. P. 30(b)(6) deposition notice is denied.  Fed. R. Civ. P. 26(b)(2)(C).

4            **C.      Interrogatories 14 and 15**

5            Interrogatory 14 asks defendants to "[i]dentify the first date" that certain technologies

6    listed in the interrogatory "were used, included or implemented with each of the Accused

7    Instrumentalities."  (DDJR 3,  Ex. 4).  For each of the "Accused Instrumentalities" and

8    technologies defendants identify in response to that interrogatory, Interrogatory 15 asks defendants

9    to "identify the first date the Accused Instrumentality was sold or offered for sale with each

10   technology."  (Id.).

11           At issue are defendants' second supplemental responses served on September 17, 2015.

12   Finjan contends that those responses are deficient for several reasons.  First, Finjan says that

13   defendants only selectively address "certain versions" of products.  They apparently are referring

14   to defendants' response stating that the listed technologies were incorporated into "certain

15   versions" of the Targeted Attack Protection product.  (DDJR 3, Ex. 4 at 7).  Defendants say that

16   by referring to "certain versions," they simply meant to note at which point the product first

17   included the identified components.  Plaintiff's request for an order compelling a further

18   supplemental response is denied.

19           Next, Finjan argues that defendants do not address the Enterprise Protection and Essentials

20   accused products.  However, defendants' responses did address both of those products.  (DDJR 3,

21   Ex. 4 at 4-5 and 13).  Plaintiff's request for an order compelling a further supplemental response is

22   denied.

23           Finally, Finjan complains that defendants' responses do not say when the accused products

24   first "used" certain technologies.  As drafted, Interrogatory 14 asks defendants to identify the first

25   date that certain technologies were "used, included or implemented with" the accused products.

26   Defendants objected to the undefined terms "used," "included" and "implemented" as vague and

27   ambiguous.  Nonetheless, defendants answered the interrogatory based on what they say is their

28   understanding of what was being asked, and identified the dates that certain technologies were

United States District Court
Northern District of California

5

first "implemented" or "incorporated" in various products.  Plaintiff has not defined "used" or clearly articulated how "used" is substantially different than "implemented" and "incorporated" in defendants' responses.  Plaintiff's request for an order compelling a further supplemental response is denied.

SO ORDERED.

Dated:   October 26, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

6

3:13-cv-05808-HSG Notice has been electronically mailed to:

Benu C. Wells     bwells@kramerlevin.com

Cristina Lynn Martinez     cmartinez@kramerlevin.com

David Morad Elihu     davidelihu@quinnemanuel.com, marthaherrera@quinnemanuel.com

Grant Nicholas Margeson     grantmargeson@quinnemanuel.com

Hannah Yunkyung Lee     hlee@kramerlevin.com, svdocketing@kramerlevin.com

Iman Lordgooei     imanlordgooei@quinnemanuel.com, kathleencorey@quinnemanuel.com, lorenaalfaro@quinnemanuel.com

James R. Hannah     jhannah@kramerlevin.com, svdocketing@kramerlevin.com

Jennifer A. Kash     jenniferkash@quinnemanuel.com, terririvers@quinnemanuel.com

Lisa Kobialka     lkobialka@kramerlevin.com, svdocketing@kramerlevin.com

Paul J. Andre     pandre@kramerlevin.com, svdocketing@kramerlevin.com

Sam Stephen Stake     samstake@quinnemanuel.com, christinamunoz@quinnemanuel.com, laurenhillemann@quinnemanuel.com

Sean Sang-Chul Pak     seanpak@quinnemanuel.com, susanneglobig@quinnemanuel.com