UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No. 3:13-cv-05808-HSG (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 180 |

In Discovery Dispute Joint Report (DDJR) No. 2, plaintiff Finjan, Inc. (Finjan) moves for an order striking two witnesses---Robert F. Ross and Mark Kennedy---from defendants' Supplemental Initial Disclosures. Finjan seeks such an order as a discovery sanction for what, Finjan says, was defendants' improper and untimely disclosure of these two individuals. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court grants Finjan's request.

On June 10, 2014, defendants served their Invalidity Contentions. Among the references disclosed was U.S. Patent Application No. 2007/0113282, "Systems and Methods for Detecting and Disabling Malicious Script Code," Robert F. Ross, filed November 17, 2005 (Ross reference). Defendants note that in their Invalidity Contentions, the Ross reference was the first-listed prior art for one of the patents-in-suit, U.S. Patent No. 8,141,154 ('154 Patent). Finjan, on the other hand, points out that defendants' Invalidity Contentions comprised over 169 pages and 3

appendices containing between 94 and 205 references---of which the Ross reference was but one.

Pursuant to the court's scheduling order, on January 16, 2015 defendants served their preliminary election of prior art, again disclosing the Ross reference for the '154 Patent. Defendants point out that the Ross reference was only one of six anticipation references identified for that patent.

Meanwhile, defendants moved to strike plaintiff's infringement contentions. Judge Gilliam, who presides over this matter, granted that motion in part and denied it in part (with leave to amend as to some matters) on April 2, 2015. (Dkt. 138). Pursuant to the parties' stipulation, he subsequently entered an order permitting defendants to "supplement their invalidity contentions by June 8, 2015 to the extent that Finjan's Amended Infringement Contentions provide new or different interpretation of the asserted claims." (Dkt. 141).

On June 8, 2015, defendants served Supplemental Invalidity Contentions, which disclosed for the first time, "Script-Based Mobile Threats 9/2000 Mark Kennedy Virus Bulletin Conference" (Kennedy reference). According to Finjan, these Supplemental Invalidity Contentions consisted of 69 pages, 3 appendices, and 4 tables containing 103 to 231 different prior art references. This court is told that the Kennedy reference appeared as No. 198 in Appendix 2.

Later in June,[1] defendants served an Amended Preliminary Election of Asserted Prior Art. According to plaintiff, this document contained 80 references, including both the Ross and Kennedy references. Defendants note that the Ross and Kennedy references were two of only a few pertaining to the '154 Patent. Plaintiff, however, contends that the entire Amended Preliminary Election of Asserted Prior Art is improper because defendants were required to (but did not) obtain the court's leave to amend.

Then, on August 29, 2015, defendants served Supplemental Initial Disclosures---the catalyst for the instant discovery dispute---identifying Ross and Kennedy as potential witnesses with knowledge about prior art. (DDJR 2, Ex. 1). Noting that August 29 was a Saturday and that

---

[1] Plaintiff says that this document was served on June 30, 2015, while defendants claim that it was served on June 13, 2015. (See DDJR 2 at 2, 8). For purposes of resolving the instant discovery dispute, however, the discrepancy in those dates is immaterial.

the Supplemental Initial Disclosure was served at 8:25 p.m. that evening, and further pointing out that fact discovery was set to close only a few days later on September 2, 2015, plaintiff says that the disclosure of Ross and Kennedy as potential witnesses was made far too late in the litigation. And, as discussed, Finjan argues that the Kennedy reference is not properly in the case anyway because it was not disclosed in defendants' Preliminary Election of Prior Art.  Defendants contend that throughout this litigation (and other proceedings), plaintiff has had plenty of notice that Ross and Kennedy could be potential witnesses.  In any event, defendants argue that their August 29 Supplemental Initial Disclosure was substantially justified and harmless.

Parties are required to provide initial disclosures, including the names and contact information for each individual likely to have discoverable information (and the subjects of that information) that the disclosing party may use to support its claims or defenses.  Fed. R. Civ. P. 26(a).  Additionally, a party has an affirmative duty to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) ("Two express exceptions ameliorate the harshness of Rule 37(c)(1):  The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless.").  In addition to, or instead of, the sanction of exclusion, the court may impose any other appropriate sanction, including an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(c)(1)(C), 37(b)(2)(A)(ii).  Rule 37(c)(1) is a recognized broadening of the court's sanctioning power, and exclusion may be an appropriate remedy even where there is no showing of bad faith or willfulness.  Yeti By Molly, Ltd., 259 F.3d at 1106.  The party facing

sanctions bears the burden of proving harmlessness. Id. at 1107.

Defendants contend that plaintiff had sufficient notice---through defendants' various initial and supplemental invalidity contentions and preliminary and amended prior art disclosures---that Ross and Kennedy were potential witnesses with relevant information. As discussed above, supplemental initial disclosures are not required where the subject witnesses are otherwise disclosed during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A). Even so, the witnesses must be adequately disclosed. Here, the parties cite, analogously, to cases involving disclosure of witnesses during deposition. So, for example, "merely mentioning the individual's name at a deposition or in a discovery response may not be enough to put the other party on notice that the individual is being disclosed as a trial witness." Nuance Communications, Inc. v. Abbyy Software House, No. C08-02912 JSW (MEJ), 2012 WL 2838431 at *2 (N.D. Cal., July 10, 2012); see also Ollier v. Sweetwater Union High Sch. Dist., 267 F.R.D. 339, 343 (S.D. Cal. 2010) ("Certainly the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial."); Vieste, LLC v. Hill Redwood Dev., No. C09-04024 JSW (DMR), 2011 WL 2181200 at *2 (N.D. Cal., June 3, 2011) (striking witnesses from the defendants' supplemental disclosures where a deponent identified them as defendants' employees, but said that she did not know if they had any information relevant to the case). However, deposition testimony identifying individuals as witnesses with relevant information is sufficient to discharge the duty to supplement. See Vieste, LLC, 2011 WL 2181200 at *3.

Pointing out that "[t]he duty to supplement imposed by Fed. R. Civ. P. 26(e)(1) does not require an application of form over substance," Coleman v. Keebler, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998), defendants argue that their disclosure of Ross and Kennedy was far more extensive than just a passing reference at a deposition. However, at most, defendants' initial and supplemental invalidity contentions and preliminary and amended prior art disclosures identified references that defendants find important. They do not provide sufficient notice that Ross and

Kennedy might be called as witnesses.[2] The Ross and Kennedy references were only two of hundreds of references disclosed, and defendants do not convincingly explain how Finjan was to deduce from those disclosures that defendants would call Ross and Kennedy at trial.

Defendants assert that Ross and Kennedy are well known to plaintiff through separate proceedings concerning the '154 Patent. Specifically, this court is told that Symantec filed a petition with the U.S. Patent Trial and Appeal Board for *inter partes* review of the '154 Patent and that Symantec's petition identifies Ross and Kennedy as pertinent prior art. That is irrelevant. What matters here is whether defendants provided sufficient notice that they would call Ross and Kennedy as witnesses in *this* case. For the reasons discussed above, this court concludes that they have not.

Defendants nonetheless maintain that their Supplemental Initial Disclosures were timely because they were made before fact discovery closed. And, they contend that even if the disclosure was untimely, the failure to disclose Ross and Kennedy sooner is substantially justified and harmless. These arguments fail to convince. True, defendants' Supplemental Initial Disclosure was served before the fact discovery cutoff---but only just. Defendants have known about Ross for over a year, and they knew about Kennedy for at least several months prior to the close of discovery. The only explanation offered as to the last-minute disclosure is that defendants only learned Ross' whereabouts in July 2015. That is not substantial justification for the failure to disclose Ross as a witness, and that argument says nothing about why defendants delayed disclosing Kennedy as a witness.

Defendants' belated disclosure was not harmless either. They point out that, on September 10, Judge Gilliam granted the parties' joint request to extend the September 2 fact discovery deadline. And, although Finjan had already exhausted the presumptive 10-deposition limit,

---

[2] As discussed, plaintiff contends that defendants had no right to serve Amended Preliminary Election of Prior Art at all and that the Kennedy reference should have no part in this case. This court declines to comment on the propriety of that amended disclosure inasmuch as that appears to be an issue raised in Finjan's motion to strike currently pending before Judge Gilliam. In any event, this court need not decide that issue in order to resolve the present discovery matter. Even assuming (without deciding) that the amended prior art disclosure was proper, for the reasons discussed above this court concludes that it is not sufficient to put Finjan on notice that defendants intended to call Ross and Kennedy as trial witnesses.

defendants note that they offered to let Finjan depose both Ross and Kennedy on September 11, and again on September 15 and September 16, and that the offer remains open, but that plaintiff failed to respond.  The docket reflects that the September 2 fact discovery deadline was extended for the limited purpose of allowing the parties to complete certain discovery that was already underway---including defendants' document production and a raft of third-party discovery---prior to deadlines for expert disclosures, which would begin to run a few weeks later.  (Dkt. 179). Under these circumstances, it was not reasonable to expect plaintiff to divert time and resources to prepare for and take the depositions of Ross and Kennedy, who were disclosed at the eleventh hour.

Based on the foregoing, Finjan's request for an order striking Ross and Kennedy as witnesses from defendants' August 29, 2015 Supplemental Initial Disclosure is granted.  This ruling does not apply to the Ross *reference*, the disclosure of which Finjan does not challenge here.  As noted above, this court offers no opinion as to the propriety or not of defendants' disclosure of the Kennedy reference.

SO ORDERED.

Dated:   October 26, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

3:13-cv-05808-HSG Notice has been electronically mailed to:

Benu C. Wells     bwells@kramerlevin.com

Cristina Lynn Martinez     cmartinez@kramerlevin.com

David Morad Elihu     davidelihu@quinnemanuel.com, marthaherrera@quinnemanuel.com

Grant Nicholas Margeson     grantmargeson@quinnemanuel.com

Hannah Yunkyung Lee     hlee@kramerlevin.com, svdocketing@kramerlevin.com

Iman Lordgooei     imanlordgooei@quinnemanuel.com, kathleencorey@quinnemanuel.com, lorenaalfaro@quinnemanuel.com

James R. Hannah     jhannah@kramerlevin.com, svdocketing@kramerlevin.com

Jennifer A. Kash     jenniferkash@quinnemanuel.com, terririvers@quinnemanuel.com

Lisa Kobialka     lkobialka@kramerlevin.com, svdocketing@kramerlevin.com

Paul J. Andre     pandre@kramerlevin.com, svdocketing@kramerlevin.com

Sam Stephen Stake     samstake@quinnemanuel.com, christinamunoz@quinnemanuel.com, laurenhillemann@quinnemanuel.com

Sean Sang-Chul Pak     seanpak@quinnemanuel.com, susanneglobig@quinnemanuel.com