UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROOFPOINT, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 144, 146, 156 |

The parties filed three administrative motions to file under seal in conjunction with Defendants' renewed motion to strike the infringement contentions. Dkt. Nos. 144, 146, 156. No oppositions to the motions to seal were filed, and the time to do so has passed.

## I.  LEGAL STANDARD

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks

omitted).

Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*. The party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to non-dispositive motions are not subject to the strong presumption of access. See *Kamakana*, 447 F.3d at 1179-80. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of the Federal Rules of Civil Procedure Rule 26(c). *Id.* (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II. DISCUSSION

### A. Defendants' Administrative Motions to Seal its Renewed Motion to Strike Plaintiff's Infringement Contentions, its Reply to Plaintiff's Opposition, and All Exhibits Attached in Support

On May 18, 2015, Defendants filed an administrative motion to file under seal portions of its renewed motion to strike Plaintiff's supplemental infringement contentions and attached exhibits A-1-I. Dkt. No. 144. On June 8, 2015, Defendants filed an administrative motion to file under seal its reply in support of the renewed motion to strike. Dkt. No. 156. Defendants state that they seek to file these documents under seal because they "disclose Proofpoint's source code directories and confidential information regarding the operation of Proofpoint products." Dkt. No. 144 at 4. Defendants contend that "[c]ompetitors could use the confidential information to "re-create or re-produce certain features of Proofpoint's products." *Id.*

The requested portion to be sealed in Defendants' renewed motion is limited to a single

screenshot image of Plaintiff's infringement contentions listing the source code entries for one claim. Dkt. No. 144-2 at 5. Defendants seek to redact additional screenshots from Plaintiff's infringement contentions in its reply to the renewed motion; this request incorporates flowcharts, product names related to the flowcharts, and the amount of source code produced. Dkt. No. 156-3 at 5, 6, 10. Under the more lenient good cause standard, Defendants have met their burden as their request is narrowly tailored to the sealable information. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); Civil L.R. 79-5. Accordingly, the Court **GRANTS** Defendants' requests to file under seal the requested portions of its renewed motion (screenshot image on page 5) and reply brief (text and images at 5:1-10, 17-27; 6:3, 5-18, 21; 10:24 and n.2).

The Court, however, **DENIES** without prejudice Defendants' request to seal exhibits A-1-I in their entirety. Defendants' proposed redaction is not narrowly tailored to only the sealable information, as required by Civil Local Rule 79-5. Although the exhibits contain sealable source code, each exhibit also contains publicly-available information, such as marketing materials or descriptions from the company website. If Defendants wish to file an amended motion that identifies *specific* portions of exhibits A-1-I containing sealable information, and the specific reasons why such portions should be sealed, it must do so by December 10, 2015.

### B. Plaintiff's Administrative Motion to Seal its Opposition to Defendants' Motion to Strike Infringement Contentions

On June 1, 2015, Plaintiff filed an administrative motion to file under seal portions of its opposition to Defendants' renewed motion to strike infringement contentions and portions of the attached exhibits. Dkt. No. 146.

In its motion to seal, Plaintiff states that it seeks to file the documents under seal because they "contain information that Defendants have designated as "'Highly Confidential – Attorneys' Eyes Only' or 'Highly Confidential – Attorneys' Eyes Only – Source Code.'" *Id.* at 2. On June 5, 2015, in accordance with Civil Local Rule 79-5(e), Defendants filed a declaration in support of Plaintiff's motion to seal. Dkt. No. 154. In that declaration, Defendants confirm that the

documents Plaintiff identified "contain highly confidential source code or information that Proofpoint has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* at 1.

Defendants confirm that Plaintiff's Opposition at 1:24; 3:13-15; 8:2-5; 17:5-7; 20:3-4, 15-17, the attached declaration of Aakash Jariwala ("Jariwala declaration") at 1:14-15; 1:18-2:20, redacted portions at page 7 of Exhibit 1 to the Jariwala declaration, and Exhibits 2-6 to the Jariwala declaration, contain references to highly confidential source code that "reveal[] the identification, organization, and operation of Proofpoint's proprietary products." Dkt. No. 154 at 2. Exhibit 1 is an e-mail chain between Plaintiff and Defendants' counsels; the proposed redacted portion of page 7 includes references to source code directories and confidential technical information. Dkt. No. 146-1 at 2. And exhibits 2-6 are examples of Defendants' source code directories. *Id.* Defendants also confirm that Plaintiff's opposition at 4:4-16, 20-27; 5:1-6, 9-12; 7:25-27; 8:1-2 and Exhibit 9 to the Jariwala declaration reference the deposition of Dave Cline and contain information related to the "identification, organization, and operation of Proofpoint's proprietary products." Dkt. No. 154 at 2.

Defendants further confirm that Plaintiff's opposition at 7:16-17, 20-21; 8:9-20, 22; 9:1-26; 10:13-22, 26-27; 11:11-5, 7-12[1], contains references to Plaintiff's supplemental infringement contentions that include "Proofpoint's source code directories and screenshot images of Proofpoint's confidential documentation." *Id*.

Finally, Defendants confirm that Finjan's opposition at 11:10-12, the Jariwala declaration at 3:5-6 and 3:9, as well as the entirety of Exhibits 12-14 of the Jariwala declaration, contain confidential information that could place Defendants at a competitive disadvantage. *Id.* at 2-3. Exhibits 12-14 are internal documents containing technical product manuals and internal product presentations. Dkt. No. 146-1 at 2. Defendants confirm that all of these items were produced in accordance with the operative protective order, Dkt. No. 96, and that if made publicly available, its competitors could

---

[1] Although Plaintiff identifies page 11, line 6 of its opposition as containing confidential sealable information, Dkt. No. 146-1 at 1, the redacted copy of Plaintiff's opposition does not redact line 6, Dkt. No. 146-4 at 11. Because the sentence does not have sealable information, the Court relies on the redacted copy.

4

use the information to recreate its products.  Dkt. No. 154 at 2-3.

Under the more lenient good cause standard, the Court concludes Plaintiff's request, and Defendants' declaration in support thereof, establishes specific reasons for each of the requested portions to be sealed and that the request is narrowly tailored.  Accordingly, the Court **GRANTS** Plaintiff's motion to seal its opposition to Defendants' motion to strike infringement contentions and attached exhibits.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's administrative motion to seal is **GRANTED**.  Dkt. No. 146.  Defendants' administrative motion to seal its renewed motion to strike Plaintiff's infringement contentions and exhibits attached in support is **GRANTED** in part and **DENIED** in part, Dkt. No. 144, and Defendants' administrative motion to seal portions of its reply is **GRANTED**, Dkt. No. 156.

If Defendants choose to file an amended motion to seal and/or declarations in support of such motion, identifying specific portions of Exhibits A-1-I it seeks to seal so as to comply with Local Rule 79-5's "narrowly tailored" requirement, they shall do so by December 10, 2015.  The Court directs the parties to review and strictly comply with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: 12/4/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge