UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROOFPOINT, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 195 |

Plaintiff Finjan, Inc. filed this patent infringement action against Defendants Proofpoint, Inc. and Armorize Technologies, Inc, alleging infringement of eight patents: Patent Nos. 6,154,844 ("the '844 Patent"), 7,058,822 ("the '822 Patent"), 7,647,633 ("the '633 Patent"), 7,975,305 ("the '305 Patent"), 8,141,154 ("the '154 Patent"), 7,613,918 ("the '918 Patent"), 8,079,086 ("the '086 Patent"), and 8,225,408 ("the '408 Patent").

Pending before the Court is Plaintiff's motion to strike twenty invalidity theories in Defendants final election of prior art on the basis that these theories were not in Defendants' preliminary election. Dkt. No. 195. Having read and considered the parties' arguments and evidence, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**I.     BACKGROUND**

Pursuant to Patent Local Rules 3-1 and 3-3, Plaintiff served its disclosure of asserted claims and infringement contentions on April 17, 2014 and Defendants served their invalidity contentions on June 9, 2014.

On November 14, 2014, the Court's scheduling ordered identified dates for narrowing of the issues. Dkt. No. 98. As required by that order, Plaintiff timely filed its preliminary election of asserted claims, identifying forty claims from the subset of claims it had previously identified in

its infringement contentions. In response, Defendants timely served their preliminary election of asserted prior art, identifying anticipation and obviousness combination theories. The order also required Defendants to serve a final election of asserted prior art, identifying the references it would present at trial from the subset of references previously identified in the preliminary election. *Id.*

On February 5, 2015, Defendants filed a motion to strike Plaintiff's infringement contentions as deficient under the local rules. Dkt. No. 118. The Court granted the motion in part and gave Plaintiff leave to amend its infringement patent contentions by April 23, 2015. Dkt. No. 138. The Court noted that "[t]o the extent Finjan wishes to amend its contentions to add products beyond those specifically identified in its initial infringement contentions, or if it wishes to re-allege claims under the doctrine of equivalents or for willful infringement, it must comply with Patent Local Rule 3-6." Dkt. No. 138 at 20. The Court also granted the stipulated request for Defendants to supplement their invalidity contentions by June 8, 2015 to the extent Plaintiff's amended infringement contentions provided new or different interpretations of the asserted claims. Dkt. No. 141. On April 23, Plaintiff timely served its amended infringement contentions, Dkt. No. 199, and on June 8, Defendants served supplemental invalidity contentions. Dkt. No. 199-6, Ex. E.

On June 30, 2015, Defendants served an amended preliminary election of asserted prior art. Dkt. No. 195-1, Ex 4. Plaintiff served its final election of asserted claims, reducing the number of claims from forty to twenty-four claims on September 9, 2015, Dkt. No. 195-1, Ex. 7, and Defendants served their final election of prior art on September 23, 2015. Dkt. No. 195-1, Ex. 9.

Plaintiff has moved to strike twenty invalidity theories in Defendants' final election on grounds that they were not included in Defendants' preliminary election. Dkt. No. 195.

## II.   LEGAL STANDARD

The Northern District of California's Patent Local Rules require both parties to provide early identification of their infringement and invalidity theories. *See* Patent L.R. 3-1, 3-3. Once served, the contentions constitute the universe of the parties' respective theories, and those

1  contentions may be amended only by court order and upon a showing of good cause.  Patent L.R.
2  3-6; *see MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL
3  690161, at *1 (N.D. Cal. Feb. 21, 2014) ("Any invalidity theories not disclosed pursuant to Local
4  Rule 3-3 are barred, accordingly, from presentation at trial (whether through expert opinion
5  testimony or otherwise).").  The purpose of these disclosures is "to require parties to crystallize
6  their theories of the case early in the litigation and to adhere to those theories once they have been
7  disclosed," *Atmel Corp. v. Info. Storage Devices Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at
8  *2 (N.D. Cal. Nov. 5, 1998), so as to "further the goal of full, timely discovery and provide all
9  parties with adequate notice of and information with which to litigate their cases," *Genentech, Inc.*
10 *v. Trustees of Univ. of Pa.*, No. C 10-2037 LHK PSG, 2012 WL 424985, at *2 (N.D. Cal. Feb. 9,
11 2012) (citation and internal quotation marks omitted).  A district court has wide discretion in
12 enforcing the Patent Local Rules.  *SanDisk Corp. v. Memorex Prods., Inc.,* 415 F.3d 1278, 1292
13 (Fed. Cir. 2005).

## III.  DISCUSSION

15   Plaintiff argues that Defendants improperly served an amended preliminary election with
16 new references and different obviousness combinations more than six months after the Court's
17 deadline to serve its preliminary election.  Dkt. No. 195 at 3.  It contends that the amended
18 election was improper because Defendants failed to seek leave from the Court and because the
19 stipulated order permitting Defendants to supplement their invalidity contentions did not include
20 permission to amend their preliminary election.

21   The Court agrees.  Defendants violated the Court's scheduling order and Patent Local Rule
22 3-6.  Before amending invalidity contentions, a party must make a timely showing of good cause
23 and seek permission from the Court.  Patent L.R. 3-6.  Defendants did not seek permission from
24 the Court before amending their preliminary election; notwithstanding Defendants' disregard for
25 the rules, they also have failed to belatedly establish good cause.  Instead, Defendants argue that
26 the stipulated order allowing Defendants to amend their invalidity contentions naturally
27 incorporated the right to amend their preliminary election.  This contention is unavailing.  The
28 stipulated order was narrowly tailored and explicitly permitted amendment of the invalidity

contentions "to the extent that Finjan's amended infringement contentions provide[d] new or different interpretations of the asserted claims." Dkt. No. 141. The order did not mention Defendants' preliminary election and did not include implied or explicit permission to amend the preliminary election of prior art. Defendants also have failed to establish how the new references of prior art are justified given the Plaintiff's amended infringement contentions. Defendants broadly contend that because Plaintiff's supplemental infringement contentions expanded Plaintiff's infringement theories, Defendants were "forced" to reexamine their preliminary election. Dkt. No. 199 at 4-5. Even if Defendants' contentions are correct, this would not excuse Defendants' failure to seek leave from the Court. Accordingly, Defendants amended preliminary election was improper; in evaluating Plaintiff's motion to strike, the Court only considers Defendants' preliminary election as compared to the final election of asserted prior art.

Defendants cite several cases supporting their contention that they were not required to identify the exact obviousness combinations leading up to the final election. *See Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (affirming defendant's obviousness combinations, although defendant had not identified specific combinations and the disclosed prior art references could result in billions of possible combinations); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *28 (N.D. Cal. Feb. 20, 2015) ("Courts in this district have held that Rule 3-3(b) does not always require the accused infringer to spell out in exact detail every particular combination it intends to assert."); *see also Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008).

On the one hand, these decisions do not specifically address the facts of the present case. The invalidity contentions in *Avago* and *Keithley* were displayed as a list of several references that could be combined to show billions of possible obviousness combinations. The decisions found that the grouping methods were permissible under the local rules, because the "theory of obviousness [was] the same for each and every possible combinations of the two groups." *Avago*, 2007 WL 951818, at *4; *see Keithley*, 553 F. Supp. 2d at 1150. Moreover, the plaintiff in each case disputed the adequacy of the invalidity contentions and whether the contentions complied

4

with Patent Local Rule 3-3.  In contrast, here, Defendants did not allege a long list of references, but rather limited their invalidity contentions to specific combinations.  There also is no indication, and Defendants do not argue, that each of Defendants' obviousness combinations relies on the same theory of obviousness.  Moreover, Plaintiff does not appear to contest Defendants' compliance with the local rule; Plaintiff's brief is narrowly focused on whether Defendants followed the scheduling order.

As for *Fujifilm*, that decision concerned the expert's use of obviousness combinations that, while not identified in the supplemental invalidity contentions, were included in the defendant's court-ordered reduction of its invalidity contentions.  The court held that it was "reasonable to infer [from defendant's reduction] that [defendant] intended to assert obviousness on the basis of the same previously disclosed combinations, just without Hollenberg." *Fujifilm*, 2015 WL 757575, at *29.  In other words, the exact obviousness combination possibilities were still clear to the plaintiff, even if no longer explicit.  *See id.*  The same cannot be said about Defendant's obviousness combinations.  For example, Defendants' dropped two previously-listed references (Chu and Necula Publication) for the '086 Patent to arrive at the combination in its final election: "Abadi, Isaak, Ji, Necula, ThunderBYTE."

On the other hand, Plaintiff does not cite any cases to show that the obviousness combination between the preliminary election and the final election must be exactly the same.  The local rules merely require a defendant to include "an identification of any combinations of prior art showing obviousness," but do not speak to the possibility of changes between a preliminary and final election.  Plaintiff's attempt to distinguish Defendants' cases and to argue that the exact obviousness combinations are required is unpersuasive.  Plaintiff relies on the scheduling order, arguing it requires "greater specificity" in this case.  *See* Dkt. Nos. 98, 195 at 9 & n.3, 203 at 7-8.  But, the order's plain language merely requires that Defendants' final election include prior art from the "subset of *references* previously identified" in the preliminary election.  Dkt. No. 98 (emphasis added).  It does not speak to the obviousness combinations.  Moreover, the Court does not read the scheduling order's footnote two as requiring exact obviousness combinations.  Rather, per the order's plain language, Defendants only were required to choose

5

from the prior art references previously identified. Given the case law presented and that the local rule does not require a defendant to identify the same obviousness combinations from its preliminary election to its final election, the Court does not strike obviousness combinations on the basis that the specific combinations in the final election were not exactly the same as those in the preliminary election.

That being said, Defendants have largely failed to follow the scheduling order's requirement that Defendants final election use previously identified prior art references. For instance, the '822 and '633 Patents list prior art 'Jensen' in the final election, even though 'Jensen' was not identified in the preliminary election. It is insufficient that Defendants identified 'Jensen' as relevant prior art for other patents. *See* Patent L.R. 3-3(c) (requiring "chart[s] identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found"); *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *5 (N.D. Cal. Aug. 20, 2014) (striking invalidity theories on the basis that defendant's reference to prior art was a new invalidity theory where defendant had only listed the reference as relevant to a different patent); *Life Techs. Corp. v. Biosearch Techs., Inc*., No. C 12-00852 WHA, 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012); *MediaTek*, 2014 WL 690161, at *4. Accordingly, the Court strikes all anticipation and obviousness combination theories in Defendants' final election that include prior art references not previously identified in the preliminary election.

For the aforementioned reasons, the Court strikes the following theories in Defendants' final election[1]:

| Patent | Anticipation | Obviousness Combination |
|---|---|---|
| '305 patent | ▪ Kolawa | ▪ Chandani, Li, Kolawa, Huang, Viega |
| '633 patent | -- | ▪ Ji, Golan, Rubin, Jensen, Liu<br>▪ Trend Micro, Golan, Rubin, Jensen, Liu |

---

[1] To the extent Plaintiff requests sanctions beyond striking of the invalidity contentions, the request is denied for failure to comply with Civil Local Rule 7-8.

| | | |
|---|---|---|
| '408 patent | <ul><li>Chandnani</li><li>Li</li></ul> | <ul><li>Chandani, Li, Kolawa, Huang, Viega</li></ul> |
| '086 patent | <ul><li>Islam</li></ul> | <ul><li>Islam, Ji, Necula, ThunderBYTE</li></ul> |
| '844 patent | <ul><li>Islam</li></ul> | <ul><li>Islam, Ji, Necula, ThunderBYTE</li></ul> |
| '822 Patent | -- | <ul><li>Ji, Golan, Rubin, Jensen, Liu</li><li>Trend Micro, Golan, Rubin, Jensen, Liu</li></ul> |
| '154 Patent | <ul><li>Chess</li></ul> | <ul><li>Chess, Kennedy, Lalonde, Pham</li><li>Ross, Kennedy, Lalonde, Pham</li></ul> |

**IT IS SO ORDERED.**

Dated:

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge