QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jennifer A. Kash (Bar No. 203679)
  jenniferkash@quinnemanuel.com
  Sean Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Iman Lordgooei (Bar No. 251320)
  imanlordgooei@quinnemanuel.com
  Sam Stake (Bar No. 257916)
  samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Defendants PROOFPOINT, INC. and
ARMORIZE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC., <br><br> Defendants. | Case No. 3:13-CV-05808-HSG <br><br> **PROOFPOINT INC. AND ARMORIZE TECHNOLOGIES, INC.'S OPPOSITION TO PLAINTIFF FINJAN, INC.'S MOTION TO REQUIRE DEFENDANTS TO CONFORM TO THE COURT'S NOVEMBER 14, 2014 CASE MANAGEMENT ORDER AND TO STRIKE THEORIES NOT DISCLOSED IN INVALIDITY CONTENTIONS** |

Finjan requests the Court strike certain invalidity theories offered by Proofpoint's invalidity expert, Dr. Michael Franz, under 35 U.S.C. §§ 101, 103, and 112.  Earlier today, the Court entered an order on Finjan's Motion To Strike Invalidity Contentions.  *See* Dkt. No. 271.  After the Court's Order, there remains the following obviousness combinations in Proofpoint's Final Election of Asserted Prior Art, each of which Dr. Franz also asserts in his report:

- For U.S. Patent No. 6,154,844 ("'844 patent"), the obviousness combination of U.S. Pat. No. 6,253,370 ("Abadi"), U.S. Pat. No. 5,983,348 ("Ji"), U.S. Patent No. 6,128,774 ("Necula"), ThunderBYTE Anti-Virus Utilities system as disclosed in "ThunderBYTE Anti-Virus Utilities USER MANUAL" and other publications ("ThunderBYTE"), U.S. Pat. No. 6,622,247 ("Isaak");

- For U.S. Patent No. 7,613,918 ("'918 patent"), the obviousness combination of U.S. Pat. No. 7,587,755 ("Kramer"), U.S. Pat. No. 7,752,242 ("Satish"), U.S. Pat. No. 7,694,328 ("Joshi"), Hagimont Jensen "Protection Wrappers: A Simple and Portable Sandbox for Untrusted Applications" ("Jensen"), U.S. Pub. No. 2004/0006706 ("Erlingsson"), Trend Micro's InterScan AppletTrap system as disclosed in Trend Micro's "InterScan AppletTrap: Eliminates Malicious Code" and other publications ("Trend Micro"); and

- For the '918 patent, the obviousness combination of U.S. Pat. No. 7,797,727 ("Miller"), Satish, Joshi, Kramer, Jensen, Erlingsson, Trend Micro.

At the scheduled December 9, 2015 Case Management Conference, Proofpoint intends to seek clarification on the impact of this Court's Order on Dr. Franz's expert report.  In particular, in his report, Dr. Franz offers obviousness opinions for the asserted patents consisting of subsets of those references in the final election that were struck.  These combinations render the asserted patents obvious, even without the references struck by the Court's Order.  Proofpoint intends to seek clarification as to Dr. Franz's latitude to testify as to these combinations.

Finjan has interpreted the Court's Narrowing Order (Dkt. No. 98) in a manner that unduly constrains his role as an expert in providing independent opinions on invalidity.  It is a well-settled rule in this District that experts may expound on obviousness and anticipatory references identified in a party's contentions.  *See Largan Precision Co, Ltd. v. Genius Elec. Optical Co.,* No. 13-CV-02502-JD, 2014 WL 6882275, at *7 (N.D. Cal. Dec. 5, 2014) ("To the extent Dr. Barbastathis now presents additional explanation as to why the language cited in the invalidity contentions, in his opinion,

1 renders obvious the claimed TTL range, that is consistent with the fact that expert reports are meant to
2 provide more detail than contentions.); s*ee also Digital Reg of Texas, LLC v. Adobe Systems
3 Incorporated,* No. CV 12–01971–CW (KAW), 2014 WL 1653131, at * 5 (N.D. Cal. Apr. 24, 2014)
4 ("In patent litigation, expert reports are expected to provide more information than is contained in
5 infringement contentions."). Finjan alleges, however, that each obviousness combination, or theory of
6 invalidity, limits Dr. Franz solely to use of each reference in that combination to show a claim
7 limitation is present. Mot. at 6 (referring to a combination "A + B + C + D"). Finjan's approach
8 would limit Dr. Franz from, for instance, relying on references in the alternative (for instance, A + B +
9 C or D). Finjan's approach would also prohibit Dr. Franz from primarily relying on a subset of such
10 references while relying on remaining references for background purposes, knowledge of person of
11 ordinary skill, or motivation to combine (for instance, A + B, with C and D showing a motivation to
12 combine A +B). *See Graham v. John Deere Co. of Kansas City*, 86 S.Ct. 684 (1966) ("Under § 103,
13 the scope and content of the prior art are to be determined"). These opinions also appear in Dr. Franz's
14 report and, if permitted, he intends to present these at trial. For example, Dr. Franz opines that Miller
15 alone or in combination with Kramer and Trend Micro render the patent obvious—a subset of the third
16 obviousness combination listed above, and a theory of which Finjan had adequate notice. This is
17 precisely the overly restrictive interpretation of the "combinations" requirement of the Narrowing
18 Order Judge Freeman counseled against in footnote 2 of Dkt. No. 98, which states "an obviousness
19 combination refers to a theory of invalidity and may contain additional references to support that
20 theory."

21 Furthermore, Finjan's Section 101 and Section 112 arguments do not comport with this
22 District's case law. "Rule 3–3(d) governs invalidity contentions based upon 35 U.S.C. § 112(1) and
23 requires that a party alleging such invalidity contentions provide '[a]ny grounds of invalidity based on
24 . . . enablement or written description.'" *MediaTek Inc. v. Freescale Semiconductor, Inc.,* No.
25 11-CV-5341 YGR, 2014 WL 690161, at *6 (N.D. Cal. Feb. 21, 2014) (quoting Patent L.R.
26 3-3(d)). However, "the disclosure standard for invalidity contentions based upon enablement and

written description is lower than that required for a claim of obviousness" and need only "give the other party enough notice that it can engage in full, timely discovery and litigate its case." *Medimmune, LLC v. PDL Biopharma, INC.*, No. C 08-5590 JF (HRL), 2010 WL 760443, at *3 (N.D. Cal. Jan. 7, 2011); *see also MediaTek*, 2014 WL 690161, at *6. This is a low threshhold to meet. *See Medimmune*, 2010 WL 760443, at *4 ("While PDL claims that the disclosure leaves many important questions unanswered, the Court concludes that the disclosure nonetheless meets the requirements of the local rules."); *Genentech, Inc. v. Trs. of Univ. of Pennsylvania*, No. C 10-2037 LHK (PSG), 2012 WL 424985, at *2 (N.D. Cal. Feb. 9, 2012) (finding disclosure "more than sufficient" to support an expert's discussion of invalidity based on section 112). Other than generalized references to Proofpoint's supplemental invalidity contentions, Finjan does not contend it lacked proper notice of Dr. Franz's opinions regarding subject matter patentability, indefiniteness, or written description support of the asserted patents. Finjan has not even attempted to identify how Proofpoint's disclosure of Section 101 and 112 theories in its supplemental invalidity contentions differs from the opinions in Dr. Franz's report. Instead, Finjan states that these contentions lack sufficient disclosure. Finjan's challenges to Dr. Franz's Section 101 and 112 theories are unpersuasive for multiple reasons.

First, the use of exemplary claims did not limit Proofpoint to only those claims for its contentions that Finjan's patents are invalid for failure to claim patentable subject matter Section 101. Proofpoint generally reserved its rights to assert claims as invalid under Section 101 (Ex. A at 6), and noted that Finjan's patents failed the tests for patent eligibility "at least" as it relates to certain exemplary claims (Ex. A at 40-42). A simple comparison of Proofpoint's invalidity contentions with Dr. Franz's report show that this Section 101 theory was properly disclosed. *Compare* Ex. A at 40-41, *with* Jariwala Decl., Ex. 1 at 98-99. Finjan cannot show how the differences in scope between claims 17 and 35 of the U.S. Patent No. 8,079,086 ("'086 patent") are such that it was (as it admits) on notice for Section 101 purposes on the latter but not the former. *Compare* '086 patent claim 17 with claim 35. The same goes for the '305 and '408 patent, both of which were discussed in detail in Proofpoint's supplemental invalidity contentions and alleged to be invalid Section 101. *See* Ex. A at 40, 42.

Second, Proofpoint's supplemental invalidity contentions properly notified Finjan that Proofpoint considered the terms "first rule set" and "suspicious computer operations" which appear in asserted claims of the '844 and '086 patents, respectively, to be invalid under Section 112. For example, Proofpoint identified "first rule set" as lacking support in the written description of Finjan's '844 patent. Ex. A at 51. In addition, Proofpoint identified "suspicious computer operations" as being indefinite or not adequately supported by the specification (as part of larger phrases) in three separate places in its invalidity contentions. Ex. A at 47, 63-64.

Finally, Proofpoint's invalidity contentions put Finjan on notice that the claim terms in question pursuant to 35 U.S.C. § 112. For example, both of the limitations Finjan cites for claim 1 of '305 Patent (Mot. at 4) were clearly identified as lacking adequate support in the specification. Ex. A at 63. Furthermore, limitations of claim 24 of '086 Patent were also identified in Proofpoint's invalidity contentions lacking adequate support in the specification. Ex. A at 63-64. Therefore, Finjan was on notice that these terms lacked written description support and that Proofpoint would make that assertion in this litigation.

For the foregoing reasons, Proofpoint respectfully requests the Court deny Finjan's Motion to Strike.

Dated:  December 4, 2015

Respectfully submitted,

By: */s/ Jennifer A. Kash*
Jennifer A. Kash (Bar No. 203679)
Sean Pak (Bar No. 219032)
Iman Lordgooei (Bar No. 251320)
Sam Stake (Bar No. 257916)
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone: (415) 875 6600
Facsimile: (415) 875 6700
jenniferkash@quinnemanuel.com
seanpak@quinnemanuel.com
imanlordgooei@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Defendants*
PROOFPOINT, INC. AND ARMORIZE TECHNOLOGIES, INC.