PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
HANNAH LEE (State Bar No. 253197)
hlee@kramerlevin.com
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FINJAN, INC.,

Plaintiff,

v.

PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC.,

Defendants.

Case No.: 13-cv-05808-HSG

**PLAINTIFF FINJAN, INC.'S REPLY IN SUPPORT OF ITS MOTION TO REQUIRE DEFENDANTS TO CONFORM TO THE COURT'S NOVEMBER 14, 2014 CASE MANAGEMENT ORDER AND STRIKE THEORIES NOT DISCLOSED IN INVALIDITY CONTENTIONS**

Date: December 17, 2015
Time: 2:00 p.m.
Dept.: Courtroom 15, 18th Floor
Judge: Hon. Haywood S. Gilliam, Jr.

## I. INTRODUCTION

Proofpoint, Inc. and Armorize Technologies, Inc. ("Defendants") have exceeded the number of obviousness combinations permitted by the Court's Order on Joint Motion for Entry of Case Schedule and Proposals for Narrowing Issues ("Narrowing Order"). The purpose of the Narrowing Order was to identify and narrow the validity issues based on references to be presented at trial to "no more than" one or two obviousness combinations per Patent-in-Suit. Because the Court struck Defendants' election of references for obviousness combinations for U.S. Patent Nos. 7,058,822 (the "'822 Patent"), 7,647,633 (the "'633 Patent"), 7,975,305 (the "'305 Patent"), 8,141,154 (the "'154 Patent"), and 8,225,408 (the "'408 Patent"), this motion is now directed to the number of obviousness combinations Defendants have for U.S. Patent Nos. 6,154,844 (the "'844 Patent"), 7,613,918 (the "'918 Patent"), and 8,079,086 (the "'086 Patent").[1] *See* Dkt. No. 271. Defendants' continued refusal, in their opposition and after the close of expert discovery, to identify the specific one or two obviousness combinations for the '844, '918 and '086 Patents smacks of gamesmanship. Dr. Franz's November 18th testimony that he contemplates even more obviousness combinations than those disclosed in his report further underscores this issue. At this point, Finjan should know the specific one or two obviousness combinations that Defendants will present at trial for these patents.

Finally, Defendants do not dispute that they did not disclose in their Supplemental Invalidity Contentions the identified patent eligibility, written description, and indefiniteness theories Finjan identified in its Opening Motion in their expert report. Pursuant to Patent Local Rule 3-3(d), Defendants were required to describe "any grounds" for these theories for "any of the asserted claims." Because Defendants failed to identify, much less provide the grounds for such theories, in their Supplemental Invalidity Contentions, they should be stricken from the case.

---

[1] Defendants indicated in their Opposition that they will seek clarification of the Court's Order on the Motion to Strike. Opp. at 1; Dkt No. 271. Finjan will address Defendants' arguments if and when they are raised.

## II. ARGUMENT

### A. Defendants Have Exceeded the Permissible Number of Obviousness Combinations

Defendants violated the Court's Narrowing Order when they identified more than the one or two obviousness combinations per Patent-in-Suit with their expert. According to the Narrowing Order, Defendants were permitted to elect no more than "three anticipatory and one obviousness combination" or "two anticipatory and two obviousness combinations," narrowing Defendants' invalidity case to a manageable number of invalidity claims for trial. Dkt. No. 98 at 3. After expert discovery closed, Defendants refuse to unequivocally identify the one or two obviousness combinations (of the myriad of combinations that their expert disclosed) that they are pursuing.

Defendants' expert disclosures for the '918 Patent demonstrates the problem. Defendants claim that they have two "obviousness combinations" for the '918 Patent in which they list in two bullet points a set of references in their opposition brief. Dkt. No. 273 ("Opp.") at 1, lines 9-14. Defendants have actually, however, identified the following seven distinct obviousness combinations:

1. Kramer in combination with one skilled in the art;
2. Kramer in combination with Satish, Joshi, Jensen, Erlingsson, and AppletTrap;
3. Kramer and Miller in combination with each other;
4. Kramer in combination with Miller and AppletTrap;
5. Miller in combination with one skilled in the art;
6. Miller in combination with Satish, Joshi, Jensen, Erlingsson, and AppletTrap; and
7. Miller in combination with Kramer and AppletTrap.

*See* Dkt. No. 235-4, Declaration of Aakash Jariwala in Support of Motion, Ex. 1 at ¶¶ 842-844 (Dr. Franz Report). Identification of a set of references in a single bullet point does not mean that you have a single obviousness combination if Defendants can do any number of combinations of those references. This is further highlighted by Defendants' claim that the following represents a *single* obviousness combination: "<u>A + B + C + D</u>", "<u>A + B + C *or* D</u>" and "<u>A + B, with C and D showing a motivation to combine A +B</u>." Opp. at 2 (emphasis added). This example lists four different

obviousness combinations because Defendants have different proofs for each of these four combinations. As can be seen from the seven obviousness combinations for the '918 Patent and this example, each combination will depend upon what references are combined, what knowledge of one skilled in the art is used for a combination and what references are being used to demonstrate a motivation to combine such references.

Defendants' expert, Dr. Franz, could not identify during deposition the one or two obviousness combinations that Defendants will use at trial. Rather, he admitted that his expert report contained multiple obviousness combinations and that "there might be additional ones." Declaration of Aakash Jariwala in Support of Finjan's Reply filed herewith ("Jariwala Reply Decl."), Ex. A, Franz Tr. at 24:20-24. Thus, Defendants have obfuscated the one or two obviousness combinations that they intend to present at trial, undermining the purpose of the Narrowing Order.

**B. The Purpose of the Narrowing Order Was To Narrow the Issues for Trial and Defendants Do Not Have Any Case Law To Support Their Position**

Defendants' interpretation of the Narrowing Order is nonsensical. Their argument rests on the claim that, even though the Court's Narrowing Order required identification of "no more than" one or two obviousness combinations in Defendants' final election of prior art, the Court did not intend to limit the number of different combinations that could be possibly asserted at trial based on the prior art identified. In other words, Defendants can split a set of references that Defendants claim is a single obviousness combination into three, four, or even more different obviousness combinations. This is contrary to the Narrowing Order's purpose of requiring identification of narrowed issues that the parties will present at trial. Dkt. No. 98 at 3.

Furthermore, Defendants' reliance on footnote 2 of the Narrowing Order is inappropriate. This footnote states that "an obviousness combination refers to a theory of invalidity and may contain additional references to support that theory." Opp. at 2 *citing* Dkt. No. 98 at 3 n.2. This means that a single obviousness combination can include more than one reference. This does not indicate that multiple combinations from a set of references is to be considered a single obviousness combination.

Contrary to Defendants' claims, this Motion presents a distinct issue from Finjan's Motion to Strike (Dkt. No. 195) because it is directed to the number of obviousness combinations permitted. Finjan's Motion to Strike, on the other hand, was directed to the identification of specific references Defendants could use based on its preliminary and final election of prior art, not the number of obviousness combinations permitted. *See* Dkt. No. 195 at 1 ("Finjan seeks an order striking from this action specific references and invalidity theories set forth . . . that were not disclosed according to the schedule set by the Court."); *see also* Dkt. No. 271 at 1 ("Pending before the Court is Plaintiff's motion to strike twenty invalidity theories . . . on the basis that these theories were not in Defendants' preliminary election."). Here, Finjan is not asking Defendants to limit the references they can select from; rather, Defendants need to identify the specific one or two "obviousness combinations" from those references that they intend to assert at trial.

Finally, the cases Defendants cited are inapplicable because they relate to whether invalidity theories were properly disclosed, as opposed to whether a party conforms to a Court's limit on the number of obviousness combinations for trial pursuant to a Court order. *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2014 WL 6882275, at *7 (N.D. Cal. Dec. 5, 2014); *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2014 WL 1653131, at *5 (N.D. Cal. Apr. 24, 2014). For these reasons, Finjan respectfully requests its Motion be granted.

### C. Defendants' 35 U.S.C. §§ 101 and 112 Defenses Were Not Included in Their Supplemental Invalidity Contentions

It is undisputed that Defendants raised defenses related to 35 U.S.C. § 101 ("Section 101"), indefiniteness, and written descriptions in their expert report that were not in their Supplemental Invalidity Contentions. Defendants' reliance on *Medimmune* and *Genentech* is misplaced because the accused infringers in those cases were being challenged with regard to the statements already disclosed in their invalidity contentions. *Medimmune, LLC v. PDL Biopharma, INC.*, No. C 08-5590 JF (HRL), 2010 WL 760443, at *2-3 (N.D. Cal. Mar. 4, 2010); *Genentech, Inc. v. Trs. Of Univ. of Pennsylvania*, No. C 10-2037 LHK (PSG), 2012 WL 424985, at *2 (N.D. Cal. Feb. 9, 2012). Here, there are no

statements or disclosures regarding these defenses in Defendants' Supplemental Invalidity Contentions.

With respect to Defendants' Section 101 arguments, Defendants do not dispute that their Supplemental Invalidity Contentions do not assert patent eligibility with respect to the claims Finjan identified in its Motion. Dkt. No. 236 ("Motion") at 4; Opp. at 3. Patent Local Rules require Defendants' Supplemental Invalidity Contentions to contain "[a]ny grounds of invalidity based on 35 U.S.C. § 101" of any of the asserted claims. Patent Local Rule 3-3(d). Defendants argue that because they disclosed similar claims as being patent ineligible pursuant to Section 101, they were "exemplary claims" that should have put Finjan on notice that the unlisted claims were also patent ineligible. Opp. at 3. First, Defendants' Supplemental Invalidity Contentions never stated that they were merely identifying "exemplary claims" for their Section 101 challenge – that is new language Defendants created for its opposition. Further, Defendants identified some of the Asserted Claims in their Supplemental Invalidity Contentions for its Section 101 challenge and not others, indicating that the Section 101 challenge was intended for specific claims. At no point in their Opposition do Defendants connect these newly minted "exemplary claims" to the claims Finjan identified in its Motion. Motion at 4. As such, Finjan did not have notice of these defenses and should not be required to speculate that Defendants would challenge these claims on the same basis. Further, while there may be similarities between patent claims, this does not mean that the claims are the same. Certainly, Defendants would not agree (and Finjan would not suggest) that based on similarities between the claims, that Defendants automatically infringe all the claims for the same reason that they infringe an "exemplary claim."

For Defendants' indefiniteness arguments, the elements challenged were not identified in Defendants' Supplemental Invalidity Contentions. Defendants argue that they properly disclosed these limitations in their Supplemental Invalidity Contentions. Opp. at 4. However, Defendants' citations do not support their argument. In the case of "first rule set," Defendants' citations are directed to identification of elements for written description, not indefiniteness. Further, Defendants do not dispute that "suspicious computer operations" was not identified for Claim 17. Instead, Defendants argue that "suspicious computer operations" was included as part of a broader term. *Id.* However, the

broader term is listed as "a list of suspicious computer operations," demonstrating that the term at issue was "a list," not the "suspicious computer operations." As such, Defendants did not properly identify "suspicious computer operations" as a basis for indefiniteness in their Supplemental Invalidity Contentions.

For Defendants' written description arguments, Defendants do not dispute that they failed to identify the elements for the '305 and '086 Patents identified in Finjan's Motion. Opp. at 4. Rather, Defendants cite to the portion of their Supplemental Invalidity Contentions where they were required to identify claim elements as "means-plus-function" elements pursuant to 35 U.S.C. § 112(6), not written description which is pursuant a different section of the statute, namely 35 U.S.C. § 112(1). Opp. at 4. There was no reason for Finjan to understand that an assertion in Defendants' Supplemental Invalidity Contentions pursuant to 35 U.S.C. § 112(6) in compliance with Patent Local Rule 3-3(c) was also intended to be a disclosure for these claim elements pursuant to 35 U.S.C. § 112(1) in compliance of Patent Local Rule 3-3(d). The different disclosure requirements set forth in the Patent Local Rules and differences in the legal principles between means-plus function elements and written description simply do not amount to putting Finjan on notice of Defendants' written description claims that they introduced for the first time in their expert report.

## III. CONCLUSION

For the foregoing reasons, and those provided in Finjan's Opening Brief, Finjan respectfully requests that the Court grant Finjan's Motion.

Respectfully submitted,

Dated: December 7, 2015

By: */s/ James Hannah*

Paul J. Andre
Lisa Kobialka
James Hannah
Hannah Lee
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
hlee@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.