# EXHIBIT A

Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 2 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                1

```
 1            IN THE UNITED STATES DISTRICT COURT

 2           FOR THE NORTH DISTRICT OF CALIFORNIA

 3                   SAN FRANCISCO DIVISION

 4
     FINJAN, INC.,
 5
          Plaintiff,
 6
     v.                            Case No. 3:13-CV-005808-HSG
 7
     PROOFPOINT, INC. AND ARMORIZE
 8   TECHNOLOGIES, INC.,

 9        Defendants.
10   _____

11

12       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

13              PURSUANT TO PROTECTIVE ORDER

14                VIDEOTAPED DEPOSITION OF

15                   MICHAEL FRANZ, Ph.D.

16

17                   November 18, 2015

18                       9:35 A.M.

19

20

21        50 California Street, 22nd Floor

22             San Francisco, California

23

24    REPORTED BY:  INGRID SKOROBOHATY, CSR NO. 11669

25                  Job No. J0244511
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 3 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                    16

```
 1      Q.   And going back to my question, what do you
 2   mean by "under Finjan's interpretation"?
 3      A.   So I believe that Finjan's interpretation of
 4   the individual claim terms is broader than my own.
 5      Q.   And do you provide a -- a different
 6   limitation-by-limitation analysis under each
 7   interpretation?
 8      A.   I do not.
 9      Q.   So the exhibits -- those Exhibits A and F,
10   those are under which interpretation of the claims?
11      A.   They're actually -- as I said, they're
12   actually under Finjan's interpretation, which is the
13   broader one.
14      Q.   So you do not have a limitation-by-limitation
15   analysis under your own interpretation of the asserted
16   claims, correct?
17      A.   I have not distinguished between the two.
18      Q.   What do you mean, "not distinguished between
19   the two"?
20      A.   So, you know, since -- since both Islam --
21   and -- and Abadi actually, you know, have every --
22   disclose every element, you know, even under the broader
23   terms, that is the -- that's what I'm showing in the --
24   in the exhibit.
25      Q.   So just to be clear, you -- all of the
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 4 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                  17

```
 1  exhibits from A1 to H3 are under Finjan's interpretation
 2  of the asserted claims and not under your interpretation
 3  of the asserted claims?
 4       A.   You're saying all the exhibits for this
 5  patent, or for all of them?
 6       Q.   For all the patents asserted in this case.  I
 7  believe it's Exhibits A1 to H3.
 8       A.   Yes, I -- yes.
 9       Q.   Please direct your attention -- sorry.  Strike
10  that.
11            What are your obviousness theories for the
12  '844 and '086 patents?
13       A.   That -- written it down -- down there so
14  that -- you know, so Islam, alone and in combination
15  with a lot of these -- a lot of these combinations,
16  makes the -- each of these patents obvious, and also
17  Abadi, alone and in combination with these, makes these
18  asserted claims obvious.
19       Q.   Are you referring to paragraph 274 of your
20  report, or 273 in your report?
21       A.   273 and 274, yes.
22       Q.   So is it fair to say that one of your
23  obviousness theories is Islam alone renders the asserted
24  claims of the '844 and '086 patent obvious?
25       A.   Well, if it anticipates the asserted claim,
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 5 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                          18

```
 1  then it also, obviously, makes them obvious.
 2       Q.   Is it also fair to say that Islam, in
 3  combination with Ji, Necula and Abadi and Thunderbyte,
 4  renders the asserted claims of the '844 and '086
 5  obvious?
 6       A.   Correct.
 7       Q.   And another obviousness theory is that Islam
 8  and Abadi alone renders the '844 and '086 patent
 9  obvious, correct?
10       A.   Well, if Islam alone anticipates and Abadi
11  alone anticipates and renders obvious, then, obviously,
12  in combination, they would also.
13       Q.   And another obviousness theory is that Islam,
14  in combination with Ji and Abadi, renders the '844 and
15  8 -- '086 patents obvious?
16       A.   Yeah.
17            So, you know, as I said, Islam and Abadi both,
18  by themselves -- and there's actually a lot of prior
19  art, so, you know, if you want to add more for color,
20  then, you know, there are actually many pieces of -- of
21  prior art that also have important elements that -- that
22  appear in these -- these asserted claims.
23       Q.   Is it also fair to say that another
24  obviousness theory is that Abadi, in combination with
25  Ji, Necula, Isaak, and Thunderbyte?
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 6 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                      19

```
 1        A.    I -- that's what I've written there, yes.
 2        Q.    Finally, another combination is that Abadi, in
 3   combination with Ji and Islam, renders the '844 and '086
 4   patents obvious?
 5        A.    Yes.
 6        Q.    Is there any obviousness theories that -- that
 7   I did not identify?
 8        A.    Well, if you look at my -- my appendix, you
 9   know, I've actually, for -- for each claim term, put a
10   whole list of matching prior art, and if -- you know, if
11   you just look at -- there will be other combinations
12   that also would -- would show obviousness, but if
13   it's -- it's a combinatorial explosion, so I haven't
14   actually listed all combinations; because, as I said,
15   you know, Islam alone and Abadi alone already do the
16   job.
17        Q.    What do you mean by "a combinatorial
18   explosion"?
19        A.    Well, there will be other -- you know, you
20   have claim terms and you have prior art that -- that
21   matches these claim terms.  So, you know, you -- you
22   could cover these claim terms probably using other
23   combinations because there's so much prior art.
24        Q.    Can you point me to these other obviousness
25   theories in your report?  I believe you said table -- is
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 7 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                    20

```
 1  it Table A or --
 2       A.   So the -- the -- the -- the Exhibit -- yeah --
 3  A1, A2, F1, and F2 are the two tables that show the
 4  obviousness elements.
 5       Q.   So is it fair to say for your -- strike that.
 6            So is it fair to say that you have at least
 7  eight obviousness theories for the '844 and '086 patents
 8  stated here in your report in 273 and 274?
 9            MR. HAMSTRA:  Objection to the extent it calls
10  for a legal conclusion.
11            THE WITNESS:  I don't see where you get eight
12  from.
13  BY MR. LEE:
14       Q.   I believe you said, for example, the first one
15  is Islam alone is -- is one of your theories and then
16  also Islam in combination with Ji and Necula and Abadi
17  and Thunderbyte?
18       A.   So you mean each bullet is one theory, because
19  there are ten bullets, not eight.  That's why I'm
20  asking.
21       Q.   All right.  Ten bullets.  All right.
22            Is it -- is it fair to say that there's --
23  you're relying on ten obviousness theories for the '844
24  and '086 patents?
25       A.   Yeah, so these are the combinations that I've
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 8 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                     24

```
 1   is another obviousness theory.
 2              And the final one is Miller alone or in
 3   combination with Kramer and AppletTrap?
 4              MR. HAMSTRA:  Objection to the extent it calls
 5   for a legal conclusion.
 6              THE WITNESS:  I'm saying, earlier in this
 7   report, that Kramer and Miller each anticipate, and
 8   then, obviously, that makes them -- they also each
 9   alone, you know, render the -- the asserted claims
10   obvious, and then these other additional cited
11   references again add color to -- you know, yes.
12   BY MR. LEE:
13       Q.   So is it fair to say that 842 lists at least
14   one, two, three, four -- five obviousness theories?
15              MR. HAMSTRA:  Objection to the extent it calls
16   for a legal conclusion.
17              THE WITNESS:  So I provided a table that
18   summarizes all the -- the elements of obviousness, yes.
19   BY MR. LEE:
20       Q.   Are -- are you saying there's -- there's more
21   than these -- these five obviousness theories listed in
22   paragraph 842 for the '918 patent?
23       A.   So these are specific ones that I've thought
24   through.  There might be additional ones.
25       Q.   And those are in a -- those are in a -- a
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 9 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only   November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                    26

```
 1   actually detailed in -- in the table, but these are
 2   combinations that show obviousness.
 3   BY MR. LEE:
 4       Q.   You have at least five different obviousness
 5   theories listed here, right, in paragraph --
 6       A.   I'm showing five --
 7            MR. HAMSTRA:   Same objection.
 8            THE WITNESS:   -- I'm showing five different
 9   combinations, yes.
10   BY MR. LEE:
11       Q.   And you're -- just to be clear, you're saying
12   the exhibits have more obviousness theories, correct?
13       A.   The appendices show all the elements, and I'm
14   not sure, right now, if there might be additional
15   combinations.  I haven't worked those through, but, you
16   know, since we have two main references that actually
17   alone show this, then, you know, this is just
18   combinatory theory, but if you have something that does
19   alone, then -- and several other elements, there might
20   be more combinations.
21       Q.   Any other combinations come to mind?
22       A.   I -- as I said, I haven't worked it -- these
23   are combinations I've actually worked through.
24       Q.   And just to be clear, these combinations are
25   the basis for your obviousness opinion, correct?
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 10 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only   November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                    27

```
 1        A.   Correct.
 2        Q.   And that goes for the other patents in this
 3   case as well, the -- the various combinations are the
 4   basis for your obviousness opinion, correct?
 5        A.   Well --
 6             MR. HAMSTRA:  Objection:  Vague.
 7             THE WITNESS:  -- I mean, each combination
 8   alone already shows obviousness.
 9   BY MR. LEE:
10        Q.   So there is other combinations as well also
11   show obviousness in your report, right?
12             MR. HAMSTRA:  Objection:  Vague.
13             MR. LEE:  So --
14             THE WITNESS:  Okay.
15   BY MR. LEE:
16        Q.   I just want to make sure, like, the -- the
17   combinations that we went through, each of these
18   combinations are supporting your obviousness opinion in
19   this case, correct?
20             MR. HAMSTRA:  Objection:  Compound, lacks
21   foundation.
22             THE WITNESS:  Each combination does support --
23   you know, is additional support, yes.
24   BY MR. LEE:
25        Q.   And there is multiple combinations, correct --
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 11 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                  32

```
 1   question again?
 2   BY MR. LEE:
 3       Q.   Sure.
 4            So I just want to make, like, when you say --
 5   okay.
 6            One of your obviousness theories is the
 7   combination of Abadi, Ji, Necula, Isaak, and
 8   Thunderbyte, so that's five prior-art references.
 9       A.   Yes.
10            MR. HAMSTRA:  Objection:  Misstates the
11   document.
12   BY MR. LEE:
13       Q.   When you say you're relying on this
14   combination, you're not saying you're -- you're relying
15   on every single prior reference, right?  You're not
16   relying on just, say, two or three of these?
17            MR. HAMSTRA:  Objection:  Misstates the
18   document.
19   BY MR. LEE:
20       Q.   Does that make sense?
21       A.   So -- so what I'm saying is that all of the
22   inventive concepts in the patent are present in the
23   union of these prior-art references.
24       Q.   I'm just trying to understand if there's more
25   combinations other than the five prior-art references
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 12 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                              33

```
 1  you identified.
 2          You know, so are you saying that one
 3  obviousness theory is the combination of Abadi, Ji,
 4  Necula, Thunderbyte, and Isaak, but within this
 5  combination, you're also saying that Abadi and Ji is
 6  another obviousness theory?
 7          MR. HAMSTRA:  Objection:  Vague, misstates
 8  report.
 9          THE WITNESS:  That's what I'm saying in the
10  report, yes.
11  BY MR. LEE:
12      Q.  Are there any differences between the prior
13  art and the claims at issue in the '844 and '086
14  patents?
15          MR. HAMSTRA:  Objection:  Vague.
16          THE WITNESS:  Difference in the -- between the
17  prior art and the --
18  BY MR. LEE:
19      Q.  In the, yeah, claimed invention.
20          Here, maybe if it helps, I'll direct your
21  attention to -- to page 86 of your report?
22          Do you see the heading "Differences between
23  the claimed invention and the prior art"?
24          Do you see that section?
25      A.  Yes, I see that.
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 13 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                  219

```
 1            I, MICHAEL FRANZ, Ph.D., do hereby declare
 2   under penalty of perjury that I have read the foregoing
 3   transcript; that I have made any corrections as appear
 4   noted, in ink, initialed by me, or attached hereto; that
 5   my testimony as contained herein, as corrected, is true
 6   and correct.
 7            EXECUTED this_____ day of_____,
 8   20_____, at _____, _____.
                       (City)                  (State)
 9
10
11
12               _____
                     MICHAEL FRANZ, Ph.D.
13
14
15
16
17
18
19
20
21
22
23
24
25
```



Case 4:13-cv-05808-HSG   Document 274-2   Filed 12/07/15   Page 14 of 14

MICHAEL FRANZ, PH.D.  Highly Confidential - Attys' Eyes Only    November 18, 2015
FINJAN, INC vs. PROOFPOINT, INC                                                    220

```
 1                    REPORTER'S CERTIFICATION

 2

 3           I, INGRID SKOROBOHATY, a Certified Shorthand

 4   Reporter, hereby certify that the witness in the

 5   foregoing deposition was by me duly sworn to tell the

 6   truth, the whole truth and nothing but the truth in the

 7   within-entitled cause;

 8           That said deposition was taken down in

 9   shorthand by me, a disinterested person, at the time and

10   place therein stated, and that the testimony of the said

11   witness was thereafter reduced to typewriting, by

12   computer, under my direction and supervision;

13           I further certify that I am not of counsel or

14   attorney for either or any of the parties to the said

15   deposition, nor in any way interested in the event of

16   this cause, and that I am not related to any of the

17   parties thereto.

18

19           DATED:  December 1, 2015

20

21

22           INGRID SKOROBOHATY, C.S.R. No. 11669
```

