PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Counsel for Plaintiff*
FINJAN, INC.

JENNIFER A KASH (Bar No. 203679)
jenniferkash@quinnemanuel.com
SEAN PAK (Bar No. 219032)
seanpak@quinnemanuel.com
IMAN LORDGOOEI (Bar No. 251320)
imanlordgooei@quinnemanuel.com
SAM STAKE (Bar No. 257916)
samstake@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendants*
PROOFPOINT, INC. and ARMORIZE
TECHNOLOGIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROOFPOINT, INC. and ARMORIZE TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No.: 13-CV-05808-HSG<br><br>**JOINT STATEMENT REGARDING THE IMPACT OF THE CLAIM CONSTRUCTION ORDER ON THE PARTIES' DISPOSITIVE MOTION BRIEFING**<br><br>Judge:    Hon. Haywood S. Gilliam<br>Date:     December 9, 2015, 2 pm |

The parties submit the following pursuant to the Court's December 4, 2015 Order requesting that the parties "file a joint statement of three pages or less by December 7, 2015 indicating whether there are outstanding issues that impact the parties' dispositive motion briefing in light of the Claim Construction Order," and whether the parties "are ready to proceed with the December 17, 2015 hearing" or "whether they seek leave to withdraw their motions for summary judgment."

**Finjan**:

Finjan is ready to proceed with the hearing on December 17, 2015 and does not find it necessary to withdraw its summary judgment motions in light of the Court's Claim Construction Order. Rather than comply with the Court's simple request, Proofpoint takes the opportunity once again to try to delay this case and reargue its Motion to Stay, as well as request another round of motion practice.

As set forth in Finjan's Opposition to Proofpoint's Motion to Stay, Proofpoint's attempts to delay this litigation is not in good faith and violates previous stipulations between the parties. For these reasons, and the reasons set forth in Finjan's Opposition to Proofpoint's Motion to Stay, Proofpoint's request to delay trial should be ignored.

Proofpoint argues that it should be allowed to re-brief its summary judgment of the '822 and '633 Patents because of the Court's construction of "mobile protection code" and "information destination" even though the Court's construction has no bearing on the arguments Proofpoint presents in its briefing. It its Motion for Summary Judgment, Proofpoint argues that its products do not infringe the "mobile protection code" limitation because they do not monitor or intercept potentially malicious operations. The Court has adopted this same language in its Claim Construction Order, and as such this construction is not a basis for re-briefing. With regard to the "information destination" term, Proofpoint does not challenge that its products meet this limitation even under its own construction of the term which is narrower than the Court's construction. As such, the Court's construction has no impact on the arguments Proofpoint raises in its Motion for Summary Judgment and its request for re-briefing should be denied.

Proofpoint also takes the opportunity, which Finjan submits is inappropriate based on the Court's directive, to further argue its Motion to Strike. Proofpoint's argument should be rejected

1

because Finjan properly set forth its infringement theories in its contentions and these were the same theories Finjan's experts used in their expert reports. Finjan's proper disclosure is inapposite to Proofpoint's election of prior art because Proofpoint failed to seek leave to amend its election of prior art. Accordingly, Proofpoint's argument regarding its Motion to Strike should be dismissed for these reasons, and the reasons set forth in Finjan's Opposition to Proofpoint's Motion to Strike.

Based on the foregoing, Finjan submits that there are no outstanding issues that impact the parties' dispositive motion briefing and that the parties should be directed to proceed with the December 17, 2015 hearing. Moreover, due to the extraordinary number of motions filed in this case, Finjan submits that no further motions be filed until motions in limine are filed in accordance with the Court's pretrial guidelines.

**Proofpoint**:

Proofpoint submits that the parties should be given the option to re-brief their respective summary judgment motions in view of the Court's Claim Construction Order (Dkt. 267). The Claim Construction Order impacts Proofpoint's summary judgment arguments, and Proofpoint believes that its motion must be re-briefed. As one example, Proofpoint moved for summary judgment of no infringement of the '633 and '822 Patents, including specifically on the "mobile protection code" limitations and limitations relating to the communication of mobile protection code to an "information-destination." Dkt. 226-18 at 13-16. The Court arrived at constructions of those terms different from either parties' proposed constructions. Dkt. 267 at 3-9, 23. The parties therefore did not brief those issues under the currently operative constructions and must re-brief those issues.

In addition, the Court recently issued an order (Dkt. 271) granting in part Finjan's motion to strike (Dkt. 195) various references or combinations of references from Proofpoint's election of prior art. Based on the Court's approach to Finjan's motion to strike, Proofpoint believes that the Court will strike the new infringement theories identified in Proofpoooint's motion to strike new infringement theories, including many that are currently subject to Proofpoint's summary judgment motion. *See* Dkt. 208-4 at 3 (discussing new infringement theories relating to the '086 Patent, the '918 Patent, and the '822 and '633 patents, several of which are subject to Proofpoint's motion for summary judgment).

2

JOINT STATEMENT REGARDING THE IMPACT OF                              Case No.: 13-CV-05808-HSG
THE CLAIM CONSTRUCTION ORDER ON THE PARTIES' DISPOSITIVE MOTION BRIEFING

Finjan's late disclosure of these theories, for which Proofpoint had insufficient notice, has prejudiced Proofpoint in that Proofpoint was prevented from identifying claim terms relevant to these theories for construction, and was unable to seek leave to identify new prior art indicating that the functionality Finjan is now accusing is present in the prior art.

Because Proofpoint's motion for summary judgment should be re-briefed, and because Proofpoint submits that its motion to strike will dispose of many of the theories on which Proofpoint also moved for summary judgment, judicial economy demands that Proofpoint's motion to strike be addressed before Proofpoint's motion for summary judgment.  Otherwise, the Court may rule on Proofpoint's motion for summary judgment that it does not infringe under infringement theories that are likely to be stricken from the case.  Proofpoint suggests its motion to strike be heard on December 17, 2015, and that a new round of summary judgment briefing be scheduled based on the issuance of the Court's order on Proofpoint's motion to strike.[1]  Proofpoint's motion for summary judgment could be heard on the date currently set for the Final Pretrial Conference, namely February 23, 2015.  The final pretrial conference and trial would then be re-scheduled at the Court's convenience.

In addition, Proofpoint requests that the Court set a schedule for *Daubert* motions.  Proofpoint will be prepared to discuss scheduling at the further case management conference on December 9, 2015 at 2:00 p.m. (Dkt. 218).

---

[1] Proofpoint sets forth additional grounds for extending the schedule in its motion for stay.  Dkt. 210, 266.

3

JOINT STATEMENT REGARDING THE IMPACT OF                                   Case No.: 13-CV-05808-HSG
THE CLAIM CONSTRUCTION ORDER ON THE PARTIES' DISPOSITIVE MOTION BRIEFING

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated:  December 7, 2015 | By:  /s/ Sam Stake |

Jennifer A Kash (Bar No. 203679)
Sean Pak (Bar No. 219032)
Iman Lordgooei (Bar No. 251320)
Sam Stake (Bar No. 257916)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
jenniferkash@quinnemanuel.com
seanpak@quinnemanuel.com
imanlordgooei@quinnemanuel.com
samstake@quinnemanuel.com

*Counsel for Defendants*
PROOFPOINT, INC. and ARMORIZE
TECHNOLOGIES, INC.

Respectfully submitted,

Dated:  December 7, 2015

By:  /s/ James Hannah

Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237978)
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Counsel for Plaintiff*
FINJAN, INC.

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from James Hannah.

*/s/ Sam Stake*
_____
Sam Stake

4