UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PROOFPOINT, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING DEFENDANTS' AMENDED ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EXHIBITS TO RENEWED MOTION TO STRIKE INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 278 |

Defendants filed an amended administrative motion to file under seal in conjunction with its renewed motion to strike the infringement contentions. Dkt. No. 278. No opposition to the motion to seal was filed, and the time to do so has passed.

**I.    LEGAL STANDARD**

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for

its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks omitted).

Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*. The party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to non-dispositive motions are not subject to the strong presumption of access. See *Kamakana*, 447 F.3d at 1179-80. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of the Federal Rules of Civil Procedure Rule 26(c). *Id.* (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.  DISCUSSION

On May 18, 2015, Defendants filed an administrative motion to file under seal portions of its renewed motion to strike Plaintiff's supplemental infringement contentions and attached exhibits A-1-I. Dkt. No. 144. The Court denied without prejudice Defendants' request to seal exhibits A-1-I because the request was not narrowly tailored to only sealable information, as required by Civil Local Rule 79-5. The Court permitted Defendants to file an amended motion that identified specific portions of the exhibits containing sealable information, and the specific reasons why such portions should be sealed.

On December 10, 2015, Defendants filed an amended administrative motion to file under seal the highlighted portions of Exhibits A-1-H-5 to its renewed motion to strike Plaintiff's infringement contentions; Defendants contend these documents disclose Defendants' source code

directories and confidential information regarding the operation of its products.  The Court has reviewed Defendants' renewed request and concludes that under the more lenient good cause standard, Defendants have established specific reasons for the requested portions to be sealed and that the request is narrowly tailored.  Accordingly, the Court **GRANTS** Defendants' motion to seal the highlighted portions of Exhibits A-1-H-5.

### III. CONCLUSION

For the foregoing reasons, Defendant's administrative motion to seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: 12/16/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge