UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PROOFPOINT, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-05808-HSG<br><br>**ORDER DENYING DEFENDANTS' RENEWED MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 149 |

Plaintiff Finjan, Inc. filed the instant lawsuit on December 16, 2013, alleging that numerous products sold by Proofpoint, Inc. and Armorize Technologies, Inc. ("Defendants") infringe eight patents involving software technologies for behavior-based internet security. *See* Dkt. No. 1.  As required under the Patent Local Rules, Plaintiff served its infringement contentions on April 17, 2014.  On April 2, 2015, the Court granted Defendants' motion to strike those contentions, in part, and granted leave, in part, for Plaintiff to amend its infringement contentions by April 23, 2015.  Dkt. Nos. 118, 138.

Pending before the Court is Defendants' renewed motion to strike Plaintiff's amended infringement contentions.  Dkt. No. 149.  The Court has read and considered the arguments and evidence offered by the parties, both in their written submissions to the Court and at the hearing held on July 9, 2015.  For the reasons explained below, the Court **DENIES** Defendants' motion.

I.  **LEGAL STANDARD**

Patent Local Rule 3-1 provides a "streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in its absence." *FusionArc, Inc. v. Solidus Networks, Inc.*, 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) (quoting *Network Caching Tech., LLC v. Novell Inc.*, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002)).  The Rule "require[s] parties to crystallize their theories of the case early in litigation and to adhere to

those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). This early disclosure "provide[s] structure to discovery and enable[s] the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Creagri, Inc. v. Pinnaclife Inc., LLC*, 2012 WL 5389775, at *2 (N.D. Cal. Nov. 2, 2012) (citation omitted). The Rule requires that

> infringement contentions present 'each claim of each patent in suit that is allegedly infringed by each opposing party' and identify for each asserted claim 'each accused apparatus, product, device, process, method, act or instrumentality ('Accused Instrumentality') . . . of which the party is aware.' Pursuant to subsection (c), the infringement contentions also must contain 'a 'chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality.'

*Infineon Techs. v. Volterra Semiconductor*, No. C 11-06239 MMC DMR, 2013 WL 322570, at *3 (N.D. Cal. Jan. 28, 2013) (citations omitted). For infringement contentions to satisfy the Local Rule, "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products . . . reverse engineering or its equivalent are required." *Network Caching*, 2002 WL 32126128 at *5; *InterTrust Tech. Corp. v. Microsoft Corp.*, 2003 WL 23120174, at *3 (N.D. Cal. Dec. 1, 2003) ("The purpose of Patent Local Rule 3-1, however, is in fact to be nit picky, to require a plaintiff to crystalize its theory of the case and patent claims."); *Bender v. Maxim Integrated Prods.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) ("[P]laintiff bears the burden of providing infringement contentions that specify the location of every claim element within the accused products."). The party claiming infringement is required to include in its infringement contentions "all facts known to it, including those discovered in [its] pre-filing inquiry." *Renesas Tech. Corp. v. Nanya Tech. Corp.*, 2004 WL 2600466, at *2 (N.D. Cal. Nov. 10, 2004).

"[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant [as to] why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (citation omitted) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). While the patent rules do not "require the disclosure of

specific evidence nor do they require a plaintiff to prove its infringement case, . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *DCG Sys. v. Checkpoint Techs., LLC*, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012); *see also Shared Memory Graphics*, 812 F. Supp. 2d at 1025 (stating that patent holder "must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction").

## II.   DISCUSSION

The parties dispute whether Plaintiff was required to provide pinpoint citations to source code in its infringement contentions. Defendants contend that the amended infringement contentions only list source code directories, failing to explain how the source codes support the infringement contentions or where the claim limitations are located within the directories. Dkt. No. 144 at 5-6. Defendants request that the Court strike the infringement contentions with respect to the citations to Defendants' source code, or, in the alternative, preclude Plaintiff from relying on specific source code evidence to support its patent infringement allegations. Plaintiff contends that its amended contentions sufficiently place Defendants on notice of Plaintiff's infringement theories and that pinpoint citations to source code are not required in this District. Dkt. No. 147 at 6, 18.

Defendants cite several cases in support of their proposition that, once a defendant has provided reasonable access to its source code, Patent Local Rule 3-1 requires a party asserting infringement of a software patent to provide pinpoint citations to the allegedly infringing source code of the accused products. Dkt. No. 144 at 8 (citing *Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. 12-cv-01971-CW (KAW), 2013 WL 3361241, at *4 (N.D. Cal. Jul. 3, 2013); *Vasudevan Software Inc. v. IBM Corp.*, No. 09-cv-05897-RS (HRL), 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011); *Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. 10-cv-2037-LHK (PSG), 2010 U.S. Dist. LEXIS 142450, at *7 (N.D. Cal. Dec. 13, 2010); *see also Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010)). Plaintiff asserts that no such requirement exists so long as a plaintiff has sufficiently identified its theory of infringement through other means. Dkt. No.

1  149 at 18-19 (citing *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-cv-02243-JST, 2014 WL
2  709865, at *16 (N.D. Cal. Feb. 23, 2014); *Oracle Am., Inc. v. Google, Inc.*, No. 10-cv-3561, 2011
3  WL 4479305, at *3-4 (N. D. Cal. Sept. 26, 2011)).

4        As an initial matter, the Court notes that the cases cited by Defendants do not clearly
5  support their purported requirement.  For example, the district's court decision in *Vasudevan*
6  concerned the plaintiff's alleged failure to respond to an interrogatory response specifically calling
7  for pinpoint citations to source code.  *See Vasudevan*, 2011 WL 940263 at *6.  But pinpoint
8  citations are not an inherent requirement of Patent Local Rule 3-1.  Similarly, while the decision in
9  *Big Baboon* discussed the Northern District's Patent Local Rule 3-1, that decision concerned a
10 response to an interrogatory propounded in an action before the Central District of California,
11 which is not governed by this District's Patent Local Rules.  *See* 723 F. Supp. 2d at 1225-26; *see*
12 *also Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2015 WL 5012679, at *3 (N.D. Cal.
13 Aug. 24, 2015) (rejecting plaintiff's argument that pinpoint citations were not required under local
14 rules as not relevant, where defendant had served an interrogatory requesting pinpoint citations to
15 source code).  *Genentech* is also inapt, as its passing reference to a patentee's obligations in
16 software cases had nothing to do with the subject of the decision—a patent for a breast cancer
17 drug.  2010 U.S. Dist. LEXIS 142450, at *7.  Finally, while *Digital Reg of Tex.* comes the closest
18 to articulating Defendants' proposed requirement, that decision is silent concerning whether
19 *pinpoint* source code citations are required.  Instead, the Court merely ordered the patentee to
20 amend its infringement contentions because, having had access to the defendant's source code for
21 eight months, it "should be able to amend its ICs to clearly articulate how each of [the
22 defendant's] particular products infringe on [its] respective patents."  *Digital Reg of Tex.*, 2013
23 WL 3361241, at *4.

24       Plaintiff's authority is more helpful.  In *Adobe Systems*, the defendant moved to strike a
25 theory advanced in plaintiff's expert report as unsupported by its infringement contentions because
26 those contentions did not identify the source code supporting the theory.  2014 WL 709865 at *16.
27 The court rejected this argument, holding that plaintiff's contentions adequately disclosed its
28 theory of infringement because they identified "the MediaReader functionality as meeting the

4

1 queues limitations of the '658 patent." *Id*. *Adobe Systems* reasoned that, having disclosed the
2 functionality at issue, "Adobe was not required to list every bit of WMS source code that supports
3 it." *Id*. Defendants attempt to distinguish this case from *Adobe Systems* on the ground that
4 Plaintiff has not identified *any* source code. Dkt. No. 157 at 7. But given that *Adobe System*'s
5 analysis turned on the disclosure of the identified functionality (not the source code), it is not clear
6 why Defendants' claimed distinction would make any difference.

7 Having reviewed both the text of Rule 3-1 and the relevant case law, the Court finds that
8 pinpoint citations to source code are not a *per se* requirement in patent cases involving software.
9 Although pinpoint citations to source code are one way of meeting Rule 3-1(c)'s requirement to
10 identify specifically where each limitation of each asserted claim is found within a software
11 patent, the Court has not been presented with any authority holding that pinpoint citations are the
12 *only* way to meet its requirements. The rule's purpose is to provide notice of the patentee's theory
13 of infringement, not to provide the evidence supporting that theory. *DCG Sys.*, 2012 WL 1309161
14 at *2; *see also Oracle Am.*, 2011 WL 4479305, at *3 (the rule does not require identification of
15 "every evidentiary item of proof showing that the accused element did in fact practice the
16 limitation").

17 Here, the amended infringement contentions include separate charts for each accused
18 instrumentality identifying Plaintiff's infringement theories on a claim-by-claim, element-by-
19 element basis. Dkt. No. 278, Exs. A-1-H-5. Local Rule 3-1 requires that Plaintiff articulate with
20 specificity its infringement contentions such that Defendants have reasonable notice. Plaintiff
21 chose to include citations to source code directories rather than source code files, and at this stage
22 that is enough. Because the rule does not require identification of every evidentiary item of proof,
23 the Court denies Defendants' motion. As the Court discussed with Plaintiff's counsel at the
24 hearing, Plaintiff will be held strictly to the four corners of the theories disclosed in the
25 contentions.

26 Defendants alternatively request that the Court preclude Plaintiff from amending the
27 infringement contentions at a later time to include source code citations from the source code
28 directories. Under Patent Local Rule 3-6, Plaintiff can amend its infringement contentions "only

by order of the Court upon a timely showing of good cause." The Court need not decide this issue now, and will consider any motion for leave if and when it is made.

### III. CONCLUSION

For the aforementioned reasons, Defendants' renewed motion to strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: 12/16/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge