UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PROOFPOINT, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REQUIRE DEFENDANTS TO CONFORM TO COURT'S 11/14/2014 CASE MANAGEMENT ORDER AND STRIKE THEORIES NOT DISCLOSED IN INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 236 |

Pending before the Court is Plaintiff's Motion to Require Defendants to Conform to the Court's November 14, 2014 Case Management Order and Strike Theories Not Disclosed in the Invalidity Contentions, Dkt. No. 236.

Given that the parties are familiar with the factual and procedural background of this action, the Court refers the unfamiliar reader to the Court's earlier orders, *see* Dkt. Nos. 138, 271, and repeats facts here only as necessary.

## I. LEGAL STANDARD

"The Northern District of California's Patent Local Rules exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *1 (N.D. Cal. Aug. 20, 2014) (internal quotation marks omitted). "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.*

Patent Local Rule 3-3 requires that a defendant serve invalidity contentions that contain:

    (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. . . .

    (b) Whether each item of prior art anticipates each asserted claim or

renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claim

A district court has wide discretion in enforcing the Patent Local Rules. *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005).

## II. ANALYSIS

Plaintiff makes two arguments. First, it contends that Defendants exceeded the permitted number of theories in their expert report, construing the Court's scheduling order, Dkt. No. 98, as limiting Defendants' obviousness combinations to the specific combinations per patent that Defendants explicitly identified in their Preliminary and Final Election. The Court agrees and provides the following guidance.

1. The Court's scheduling order, Dkt. No. 98, governs the references Defendants present at trial as well as the references and theories that Defendants' experts present. This specifically includes the scheduling order's limitation on the *number* of asserted references.

2. The Court concludes that a subset of an obviousness combination constitutes a different combination. That is to say, obviousness combination A+B+C+D is not the same as the combination A+B. At this late stage in the litigation, Defendants are limited to the *exact* combinations of references identified in their *final* election:

| Patent | Obviousness Combinations |
|---|---|
| '844 Patent | Abadi, Ji, Necula, ThunderBYTE, and Isaak |
| '086 Patent | Abadi, Isaak, Ji, Necula, ThunderBTYE |
| '918 Patent | Kramer, Satish, Joshi, Jensen, Erlingsson, Trend Micro |
| '918 Patent | Miller, Satish, Joshi, Kramer, Jensen, Erlingsson, Trend Micro |

Mixing and matching references from a broad "menu," as Defendants suggest they seek to do, would not advance the scheduling order's goal of narrowing the issues before trial to a manageable number of specific obviousness combinations of which both parties have explicit

2

notice. *Cf.* Defendants' Opposition, Dkt. No. 273, at 2 (criticizing Plaintiff's position because it "would limit [Defendants' expert] from . . . relying on references in the alternative (for instance, A + B + C or D)"). Nor would it advance the Patent Local Rules' purpose of increasing efficiency and streamlining the litigation process. *See generally Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2013 WL 5587559, at *4 (N.D. Cal. Oct. 10, 2013) (rejecting defendant's prior art references limitation proposal as "not limited enough," after plaintiff contended the proposed limit was "effectively meaningless for purposes of streamlining the litigation"). Defendants' generic assertion that precluding them from relying on some number of as-yet-unidentified permutations would "unduly constrain [the expert's] role as an expert in providing independent opinions on validity," Dkt. No. 273. at 1, is not well taken: there is no prejudice, let alone undue prejudice, that results from providing fair notice in advance of trial regarding the theories Defendants *actually plan to present*. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1310-13 (Fed. Cir. 2011) (upholding district court's claim limitation procedure where plaintiff had initially asserted 1,975 claims and "merely asserted 'the generalized notion that 64 was too few [claims]'" (alteration in original); "[t]hat sort of global claim of impropriety is unpersuasive"). No purpose other than obfuscation would be served by a refusal at this late date to identify and be limited to specific theories as required by the Court's scheduling order.

The Court has broad discretion to limit the scope of trial in a patent case in order to keep a complex case manageable for the jury. *Id.* at 1313; *see also Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 900 (Fed. Cir. 2011) (unpublished) (affirming district court's reduction of 629 claims in 11 patents to 15 claims total). If Defendants claim they would be prejudiced at trial if they are precluded from asserting some additional subset of the references identified in the final election, Defendants must identify, and seek leave to assert, those *specific* subsets. The Court will closely evaluate the reasonableness of any such request with regard to whether it is consistent with the goal of narrowing the parties' trial preparation and presentation to a reasonable number of clearly-delineated, clearly-noticed theories that present unique issues of invalidity. The Court emphasizes that any request to add a specific subset of a remaining obviousness combination must be supported by good cause and a detailed explanation for its need. *See In re Katz*, 639 F.3d at

3

1312-13; *Thought*, 2013 WL 5587559, at *4 (ordering defendants to file a narrowed final election of prior art and permitting defendants to seek relief from these limits upon a showing of good cause). Such identification, if any, must be filed by January 4, 2016 and not exceed 10 pages.

Second, Plaintiff contends that Defendants' expert report includes patent eligibility and indefiniteness theories that were not included in Defendants' supplemental invalidity contentions submitted on June 8, 2015. Dkt. No. 273-2, Ex. A. It requests that the Court preclude Defendants' expert from asserting new theories under 35 U.S.C. §§ 101, 112(1), 112(2). Dkt. No. 236 at 6-7.

Defendants contend that its use of exemplary claims should not limit Defendants to only those claims. Dkt. No. 273 at 3. It contends that it "generally reserved its right to assert claims as invalid under Section 101."[1] *Id.* The Court disagrees. The efficacy of the Patent Local Rule 3-3(d) —requiring invalidity contentions to identify "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims"—would be a nullity if parties could address it with a broad reservation. Such a general disclaimer would be contrary to the local rule's requirement that parties crystallize their theories early in the litigation.

The Court agrees that Defendants' supplemental invalidity contentions did not identify the following theories:

**35 U.S.C. § 101, Patentable Subject Matter:**

| The '305 Patent | Claims 2 and 5 |
|---|---|
| The '086 Patent | Claims 17 and 24 |
| The '408 Patent | Claims 9 and 21 |

**35 U.S.C. § 112(2), Indefiniteness:**

| The '844 Patent | "first rule set" (Claims 15 and 16) |
|---|---|

---

[1] *See* Dkt. No. 273, Ex. A at 5-6 ("Defendants also reserve the right to challenge any of the claim terms herein under 35 U.S.C. § 112, including by arguing that they are indefinite, not supported by the written description, not enabled, or fail to disclose the best mode contemplated by the inventor(s). Accordingly, nothing stated herein shall be construed as a waiver of any argument available under 35 U.S.C. §§ 101, 102, and 112.").

4

| | |
|---|---|
| The '086 Patent | "suspicious computer operations" (Claims 17 and 24) |

**35 U.S.C. § 112(2), Written Enablement:**

| | |
|---|---|
| The '305 Patent | "a rule-based content scanner that communicates with said database of parser and analyzer rules, operatively coupled with said network interface, for scanning incoming content received by said network interface to recognize the presence of potential computer exploits therewithin" (Claim 1)<br><br>"a network traffic probe, operatively coupled to said network interface and to said rule-based content scanner, for selectively diverting incoming content from its intended destination to said rule-based content scanner" (Claim 1) |
| The '086 Patent | "a Downloadable scanner coupled with said received for deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable" (Claim 24)<br><br>"a transmitter coupled with said receiver and with said Downloadable scanner, for transmitting the Downloadable and a representation of the Downloadable security profile data to a destination computer" (Claim 24) |

Defendants' arguments to the contrary are unavailing. Defendants argue that Plaintiff "cannot show the differences in scope between claims 17 and 35 of the ['086 Patent] are such that it was (as admits) on notice for Section 101 purposes on the latter but not the former." Dkt. No. 273 at 3. But regardless of any alleged similarity between Claims 17 and 35, Defendants may not at this late stage assert a previously undisclosed claim on the basis of its similarity to a disclosed claim. Likewise, it is not enough that Defendants identified "first rule set" under elements for written description or that they identified "suspicious computer operations" as parts of larger phrases. Finally, that Defendants disclosed theories under § 112(6) does not constitute a disclosure under § 112(2).

Per the local rules, Defendants have the burden to list any grounds for invalidity on the basis of §§ 101, 112(1), or 112(2) early in the litigation so as to provide structure to discovery and to allow the parties to move efficiently toward the eventual resolution of their dispute. Because

5

Defendants failed to previously disclose these theories, the Court strikes them from the expert report and precludes the expert from relying on them in trial.

**IT IS SO ORDERED.**

Dated: 12/23/2015

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge