UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>PROOFPOINT, INC., et al.,<br><br>  Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 208, 244, 260 |

The parties filed three administrative motions to file under seal in conjunction with Defendants' motion to strike portions of Finjan's expert reports. Dkt. Nos. 208, 244, 260. No oppositions to the motions to seal were filed, and the time to do so has passed.

## I.   LEGAL STANDARD

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks

omitted).

Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Civil Local Rule 79-5 further supplements the compelling reasons standard. The party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

## II. DISCUSSION

Because the motion to strike infringement theories from the expert reports is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the following motions to seal.

### A. Defendants' Administrative Motions to Seal its Motion to Strike Portions of Expert Reports and Exhibits in Support Thereof

On November 11, 2015, Defendants filed an administrative motion to file under seal portions of its motion to strike the expert reports, the entirety of attached Exhibits D, F, G, H, K, L, M, N, O, P, Q, R, S, T, U, and V, as well as portions of attached Exhibits I and J. Dkt. No. 208. The administrative motion covers information that both Plaintiff and Defendants have designated as sealable information and includes supplemental infringement contentions and expert reports, which refer to technical and proprietary information.

The Court **GRANTS** Defendants' request to file under seal portions of its motion to strike

2

as well as Exhibits F, G, H, S, T, U, and V.  The Court finds that the request is narrowly tailored and that there are compelling reasons to seal confidential, sealable information, including source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report, and related correspondence.  Dkt. No. 208 at 3-4; Dkt. No. 208-1 at 1-2; s*ee Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding access to court records has been denied when it includes "sources of business information that might harm a litigant's competitive standing."); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology and internal business operations" and "descriptions of Defendant's proprietary technology").

The Court **DENIES** Defendants' motion as to Exhibits K, L, M, N, O, P, Q, and R., for failure to narrowly tailor the request to only sealable information.  Although certain parts of the infringement contentions may be sealable, the contentions also contain publicly-available information, such as descriptions from the company website.  If Defendants wish to file an amended motion that identifies *specific* portions of these exhibits containing sealable information, and the specific reasons why such portions should be sealed, they must do so within two days of this order.

The Court **DENIES** Defendants' motion to seal information that Plaintiff designated as confidential.  Defendants highlighted portions of page 7 of Exhibit I, portions of page 7 of Exhibit J, and the entirety of Exhibit D as containing information Plaintiff designated as "Highly Confidential - Attorneys' Eyes Only."  Plaintiff has failed to file a declaration within four days of the filing of the motion seal, as required by Civil Local Rule 79-5(e)(1).  Pursuant to Civil Local Rule 79-5(e)(2), Defendants may file an unredacted version of the document in the public record no earlier than four days and no later than ten days after the date of this Order.  The Court will be unable to consider the highlighted portions on page 7 of Exhibit I and page 7 of Exhibit J, as well as the entirety of Exhibit D, unless Defendants timely file an unredacted version.

### B.     Plaintiff's Administrative Motion to File Under Seal

On November 25, 2015, Plaintiff filed a motion to file under seal portions of its opposition to the motion to strike, a redacted portion on page 7 of Exhibit 1 to the Declaration of James Hannah, as well as several attached exhibits to the Hannah Declaration. Dkt. No. 244. Plaintiff has identified these documents as containing information that Defendants designated as "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only - Source Code." *Id.* at 1. In accordance with the local rules, Defendants filed a declaration in support of Plaintiff's motion to seal on November 30, 2015. Dkt. No. 256.

In that declaration, Defendants confirm that nearly all of the documents Plaintiff identified contain highly confidential information. The Court finds that Defendants have presented compelling reasons to grant Plaintiff's motion. Defendants agree that the excerpted depositions in Exhibits 4, 7, 12, 13, 16, 22, and 29 of the Hannah Declaration reference confidential Proofpoint business and technical information, including the technical operation of Defendants' products, confidential considerations in the decision to acquire Armorize and Armorize technology, Proofpoint's confidential financial information, and confidential contracts and agreements. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (holding that discussions of Adobe's proprietary technological information, licensing agreements, and trade secrets were sealable information).

Defendants' declaration also confirms the following. The highlighted portions of Plaintiff's opposition to the motion to strike, as well as Exhibits 5, 6, 8, and 9, refer to Defendants' strategic business considerations and confidential business information regarding sales, the company's confidential financial information, information regarding licensing, and potential acquisition of businesses and technologies. *See id.* at *1-2. Exhibits 10, 11, 12, and 14 are confidential agreements entered into by Proofpoint which disclose confidential contractual terms, fee structures, and agreements. *See id.* The remaining highlighted portions of Plaintiff's opposition motion, as well as attached Exhibits 1, 12, 15, 17, 18, 21, 23, 24, 26, 27, and 28, contain information regarding the operation of the products, source code, and internal engineering wiki documents. *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623,

at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3 (N.D. Cal. Mar. 10, 2010) (granting the motion to seal where documents contained "highly technical portions of Mr. Brandt's report that would do little to aid the public's understanding of the judicial process, but have the potential to cause significant harm to NetApp's competitive and financial position within its industry").

In its declaration in support, Defendants do not seek to seal Exhibit 30 and the highlighted portion at page 23, line 16 of Plaintiff's opposition.  Furthermore, the Court finds that the request to seal Exhibit 26 is not narrowly tailored as it includes information from publicly available sources.

Accordingly, the Court **GRANTS** Plaintiff's motion to seal its opposition to Defendants' motion to strike and attached exhibits, except that the Court **DENIES** the motion to file under seal Exhibit 30; line 16, page 23 of Plaintiff's opposition; and Exhibit 26.  Within two days of this order, Plaintiff should file an unredacted Exhibit 30 as well as a version of its opposition that does not redact line 16 on page 23.  If Plaintiff wishes to file an amended motion to seal Exhibit 26, it must identify *specific* portions of the exhibit containing sealable information, and the specific reasons why such portions should be sealed, and it must do so within two days of this order.

### C. Defendants' Administrative Motion to File Under Seal Defendants' Reply in Support of Motion to Strike Plaintiff's Expert Reports and Exhibits Thereto

On December 2, 2015, Defendants filed an administrative motion to file under seal the entirety of its reply to the motion to strike the expert reports, as well as attached Exhibits W, X, and Y.  Dkt. No. 260.

The Court **DENIES** Defendants' request to seal the entirety of its reply.  Although the Court agrees that the reply incorporates and discusses sealed exhibits, Defendants must satisfy the local rules' requirement that a request to seal be narrowly tailored to only the confidential information.  If Defendants wish to file an amended reply that identifies *specific* portions containing sealable information, and the specific reasons why such portions should be sealed, they must do so by within two days of this order.

The Court **GRANTS** Defendants' request to file under seal portions of expert reports, Exhibits W and X, and a deposition excerpt, Exhibit Y. The Court is persuaded by Defendants' assertion that the documents include sealable information (such as confidential information about product operation and source code), and that disclosure of such information could cause Defendants significant competitive harm. There is a compelling reason to seal such information and the request is narrowly tailored to sealable information.

### III. CONCLUSION

For the foregoing reasons, Defendants' administrative motion to file under seal the motion to strike portions of expert reports and attached exhibits is **GRANTED IN PART AND DENIED IN PART,** Dkt. No. 208. Plaintiff's administrative motion to file under seal its opposition and attached exhibits is **GRANTED IN PART AND DENIED IN PART**, Dkt. No. 244. And Defendants' administrative motion to file the reply and attached exhibits under seal is **GRANTED IN PART AND DENIED IN PART**, Dkt. No. 260.

**IT IS SO ORDERED.**

Dated: 2/9/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge