UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>PROOFPOINT, INC., et al.,<br><br>            Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING AMENDED ADMINSTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 299, 301 |

      Plaintiff and Defendants have filed amended administrative motions to file under seal in conjunction with Defendants' motion to strike portions of Plaintiff's expert report. Dkt. Nos. 299, 301. No opposition to the motion to seal was filed, and the time to do so has passed

**I.    LEGAL STANDARD**

      Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these

1  interests, if the court decides to seal certain judicial records, it must base its decision on a compelling
2  reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at
3  1179 (internal quotation marks omitted).
4      Records attached to motions that are only "tangentially related to the merits of a case" are not
5  subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092,
6  1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good
7  cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9. The "good cause"
8  standard requires a "particularized showing" that "specific prejudice or harm will result" if the
9  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–
10  11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of
11  harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus.,*
12  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).
13      Civil Local Rule 79-5 further supplements the compelling reasons standard. The party seeking
14  to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof,
15  are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The
16  request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

## II.   DISCUSSION

18  Plaintiff renews its request to file under seal portions of Exhibit 26 to Plaintiff's opposition
19  to Defendants' motion to strike. Having reviewed the amended request, the Court finds that the
20  redacted portions of Exhibit 26 are narrowly tailored to sealable information, including source
21  code directories and information relating to the operation of Defendants' products. Accordingly,
22  the Court **GRANTS** Plaintiff's amended request to seal portions of Exhibit 26, Dkt. No. 299.
23  Defendants also renew their request to file under seal portions of the reply brief and
24  Exhibits K, L, M, N, O, P, Q, and R attached to the motion to strike. Having reviewed the
25  Defendants' amended request, the Court finds that redacted portions of the exhibits and reply brief
26  are narrowly tailored to sealable information, including source code directories as well as
27  confidential information relating to product operations. Defendants state that they would suffer
28  significant competitive harm if such information were disclosed. Accordingly, the Court

1  **GRANTS** Defendants' renewed request to file under seal, Dkt. No. 301.

2  **IT IS SO ORDERED.**

3  Dated: 2/16/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge