UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

            Plaintiff,

     v.

PROOFPOINT, INC., et al.,

            Defendants.

Case No.  13-cv-05808-HSG

**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 308, 311, 320, 322, 328, 331

The parties filed six administrative motions to file under seal in conjunction with the parties' motions for summary judgment.  Dkt. Nos.  308, 311, 320, 322, 328, 331.  No oppositions to the motions to seal were filed, and the time to do so has passed.

## I.    LEGAL STANDARD

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id*.  "[A] 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted).  The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* at 1179 (internal quotation marks omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

Civil Local Rule 79-5 further supplements the compelling reasons standard. The party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .The request must be narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

## II.   DISCUSSION

### A.   Plaintiff's Motion for Summary Judgment

#### 1.   Plaintiff's Administrative Motion to File Under Seal in Conjunction with its Summary Judgment Motion

On February 22, 2016, Plaintiff filed an administrative motion to file under seal portions of its motion for summary judgment; exhibits 6-12, 15-20, 24-30, 32, 35, 37-42 to the Declaration of Paul Andre; and exhibit 21 in its entirety.  Dkt. No. 308.  The administrative motion covers information that Defendants designated as "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Attorneys' Eyes Only - Source Code."  In accordance with the local rules, Defendants filed a declaration in support of Plaintiff's motion to seal on February 26, 2016.  Dkt. No. 317.

The Court finds that Plaintiff's motion is narrowly tailored to confidential business and financial information and details regarding the technical operation of Proofpoint's products (including references to source code, internal engineering 'wiki' documents, and other technical documents).  *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (holding that discussions of Adobe's proprietary technological information, licensing agreements, and trade secrets were sealable information); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret.").  The Court concludes there are compelling reasons to file portions of the summary judgment motion and exhibits 6-12, 15-20, 24-30, 32, 35, 37-42 under seal.

Although Plaintiff also moved to file exhibits 21 and 40 under seal, the Court denies Plaintiff's motion as to these exhibits as Defendants do not contend that exhibits 21 and 40 contain confidential sealable information.  *See* Dkt. No. 317 at 3.  If Plaintiff would like the Court to

consider exhibits 21 and 40, Plaintiff should file unredacted versions of these exhibits within four days of the date of this order.

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.  Dkt. No. 308.

### 2. Defendants' Administrative Motion to File Under Seal in Conjunction with its Opposition to Plaintiff's Motion for Summary Judgment

On March 7, 2016, Defendants moved to file under seal portions of its opposition to Plaintiff's summary judgment motion and attached exhibits H, J, K, L, M, N, P, Q, and R.  Dkt. No. 322.  Defendants contend that these documents disclose confidential information about the operation of Defendants' products, including technical information and source code in the expert reports, deposition testimony, and internal company documents.  Dkt. No. 322.  The documents reveal the identification, organization, and operation of Defendants' proprietary products, and could assist competitors in recreating features of Defendants' products.  The Court finds that there is a compelling reason to file this information under seal, as its disclosure could result in competitive harm.  Accordingly, the Court **GRANTS** Defendants' motion as to the highlighted portions of the opposition brief, and exhibits H, J, K, L, M, N, P, Q, and R.  *See Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3-5 (N.D. Cal. Mar. 10, 2010).

Additionally, Defendants seek to seal exhibit Z only because it contains information Plaintiff designated as confidential.  Dkt. No. 322 at 2.  The Court **DENIES** Defendants' motion to file exhibit Z under seal.  Plaintiff has failed to file a declaration within four days of the filing of the motion to seal, as required by Civil Local Rule 79-5(e)(1).  Pursuant to Civil Local Rule 79-5(e)(2), Defendants may file an unredacted version of the document in the public record no earlier than four days and no later than ten days after the date of this Order.  The Court will be unable to consider exhibit Z unless Defendants timely file an unredacted version.

### 3. Plaintiff's Administrative Motion to File Under Seal in Conjunction with its Reply

On March 14, 2016, Plaintiff filed an administrative motion to file under seal portions of its reply brief as well as attached exhibits 1-4, 6, 8-9.  Dkt. No. 328.  Plaintiff contends that these

3

documents contain information Defendants designated as confidential.  In accordance with the local rules, Defendants filed a declaration in support on March 18, 2016.  Dkt. No. 333.

Defendants' declaration confirmed that highlighted portions of the reply brief, as well as exhibits 1-4 in their entirety, contain confidential information and that Plaintiff's request is narrowly tailored.  *Id.* The Court finds that the documents reference source code, diagrams, technical information, and internal engineering documents related to Defendants' products, and that there is a compelling reason to file such information under seal.  With respect to exhibit 6, the Court grants Defendants' request to tailor the redaction to the specific confidential information located on pages 127 and 255.  *See* Dkt. No. 333 at 1; Dkt. No. 334.  Moreover, Defendants do not contend that exhibits 8 and 9 contain confidential information; accordingly, Plaintiff's motion as to these exhibits is denied.  Should Plaintiff want the Court to consider exhibits 8 and 9, Plaintiff must file an unredacted version with four days of this order.

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.  Dkt. No. 328.

### B.      Defendants' Motion for Summary Judgment

#### 1.      Defendants' Administrative Motion to File Under Seal in Conjunction with its Summary Judgment Motion

On February 22, 2016, Defendants filed an administrative motion to file under seal portions of its summary judgment motion and attached exhibits A, B, D, E, F, G, O, R, T, X, BB, DD, and HH.  Dkt. No. 311.  The Court **GRANTS** Defendants' motion, finding it is narrowly tailored to sealable information, including product source code, the technical operation and schematics of the products, and financial information relating to prices, customers, and forecasts.

Defendants additionally seek to seal highlighted portions of pages 14 and 23-24 of its motion as well as exhibits V, Y, and AA because Plaintiff has designated them as confidential.  Dkt. No. 311 at 2; Dkt. No. 311-1 at 2.  On February 26, 2016, Plaintiff filed a declaration in support of exhibit AA only, *see* Dkt. No. 318.  Accordingly, the Court **DENIES** Defendants motion to file under seal exhibits V and Y, as well as portions of pages 14 and 23-24 of the summary judgment motion.  Should Defendants want the Court to consider exhibits V and Y,

United States District Court
Northern District of California

Defendants should file unredacted copies within four days of this order.  Additionally, Defendants should file a copy of its summary judgment motion that does not redact the relevant portions of page 14 and pages 23-24.  With respect to exhibit AA, the Court **GRANTS** Plaintiff's request to file the more narrowly tailored version of exhibit AA, which redacts only the sealable information as opposed to the entire document, *see* Dkt. No. 318.

### 2.    Plaintiff's Administrative Motion to File Under Seal in Conjunction with its Opposition to Defendants' Summary Judgment Motion

On March 7, 2016, Plaintiff filed an administrative motion to file under seal portions of its opposition to Defendants' summary judgment motion, portions of exhibit 9, and exhibits 10-15, 19-22, 24-28, and 39 to the Hannah Declaration.  Dkt. No. 320.

Exhibit 9 contains excerpts from the deposition of Finjan's President and CEO Phil Hartstein.  The Court finds that the redaction is narrowly tailored to confidential, sealable information as required by the local rules.  Accordingly, the Court **GRANTS** the motion as to exhibit 9.

The redacted portions of the opposition, as well as exhibits 10-15, 19-22, 24-28, and 39 to the Hannah Declaration, contain information Defendants designated as "Highly Confidential-Attorneys' Eyes Only."  Dkt. No. 320-1 at 2.  On March 11, 2016, Defendants filed a declaration in support of Plaintiff's administrative motion to file under seal.  Dkt. No. 326.  Defendants' declaration confirmed that the highlighted portions of the opposition as well as exhibits 10-12, 14-15, 19-22, 25-28 contained sealable information, such as strategic business considerations and confidential business information about the decision to acquire Armorize and Armorize technology, analyses of other businesses and their effect on Defendants' business strategy, and information on the types of technology Defendants wanted to acquire and integrate into products. With respect to exhibits 13 and 24, Defendants' agree that the exhibits contain confidential information, but request that both exhibits be further tailored to only the sealable information. Specifically, the redactions on exhibit 13 should be tailored to the highlighted portions on pages 61, 96, and 159, and the redactions on exhibit 24 should be tailored to the highlighted portions on page 127.  The Court agrees that these specific portions contain confidential information and that

there are compelling reasons to file them under seal.  Thus, the Court **GRANTS** the administrative

motion to file under seal, including the more narrowly tailored versions of exhibits 13 and 24.

   **3.**      **Defendants' Administrative Motion to File Under Seal in Conjunction
               with its Reply to Plaintiff's Opposition**

   On March 14, 2016, Defendants filed an administrative motion to file under seal portions

of their reply brief, portions of the Hamstra Declaration, as well as attached exhibits PP, TT, and

WW.  Dkt. No. 331-1.  Having reviewed these documents, the Court finds that they contain

confidential information and that the request is narrowly tailored to the sealable information.  The

documents contain information regarding the operation of Defendants' products, including

technical information and source code.  If such information were disclosed, there could be a risk

that competitors would reproduce or recreate features of Defendants' products.  *See Nixon v.

Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978) (recognizing that access to judicial records

may be denied where it "might harm a litigant's competitive standing").  Because there is a

compelling reason to seal the specific portions of the reply brief and Hamstra Declaration, as well

as the three attached exhibits, the Court **GRANTS** Defendants' motion to file under seal.  Dkt.

No. 331.

## III.   CONCLUSION

   For the foregoing reasons, the parties' administrative motions to file under seal are

**GRANTED IN PART** and **DENIED IN PART**.

   **IT IS SO ORDERED.**

Dated:  4/6/2016


_____
HAYWOOD S. GILLIAM, JR.
United States District Judge