UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>PROOFPOINT, INC., et al.,<br><br>        Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 310, 312<br><br>[Redacted Version of Order Filed Under Seal] |

This action arises from eight patents granted to Plaintiff Finjan, Inc., all of which involve software technologies concerning behavior-based internet security. Plaintiff filed the instant lawsuit on December 16, 2013, alleging that numerous products sold by Defendants Proofpoint, Inc. and Armorize Technologies, Inc. infringe eight patents: Patent Nos. 6,154,844 ("the '844 Patent"), 7,058,822 ("the '822 Patent"), 7,647,633 ("the '633 Patent"), 7,975,305 ("the '305 Patent"), 8,141,154 ("the '154 Patent"), 7,613,918 ("the '918 Patent"), 8,079,086 ("the '086 Patent"), and 8,225,408 ("the '408 Patent"). The Court issued a claim construction order on December 4, 2016, Dkt. No. 267.

Pending before the Court are Plaintiff and Defendants' motions for summary judgment, Dkt. Nos. 310, 312. The motions are appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b). Having read and considered the parties' arguments and the evidence submitted, the Court GRANTS IN PART and DENIES IN PART each party's summary judgment motion.

I.  **LEGAL STANDARD**

A motion for summary judgment should be granted where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party has the initial burden of informing the Court of the

basis for the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Id.* at 323.

If the moving party meets its initial burden, the burden shifts to the non-moving party to present facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 324. The Court must view the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Summary judgment is not appropriate if the nonmoving party presents evidence from which a reasonable jury could resolve the disputed issue of material fact in the nonmovant's favor. *Anderson*, 477 U.S. at 248. Nonetheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Infringement is a question of fact. *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1376 (Fed. Cir. 2004). The patent holder has the burden to prove that each accused product "includes every limitation of [an asserted] claim." *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 397 (Fed. Cir. 1994). The Court can resolve the issue on summary judgment only if "no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Id.* at 1376; *see TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed. Cir. 2002) ("[A]ll of the elements of the claim, as correctly construed, must be present in the accused system."). "Any deviation from the claim precludes" a finding of literal infringement. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001). The absence from the accused product of one limitation in the claim means that, as a matter of law, there is no literal infringement of that claim. *Frank's Casing Crew*, 389 F.3d at 1376.

With respect to invalidity, "a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

1 "Alternatively, a moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Id*. "In determining whether a genuine issue of material fact exists, the court views the evidence in the light most favorable to the nonmoving party and resolves all doubts in its favor." *Id.*

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's motion focuses on five of the eight patents-in-suit. Plaintiff seeks a summary judgment of infringement as to two patents (the '844 and '086 Patents), contending there are no material issues of fact. As to the other three patents (the '918, '154 and '305 Patents), Plaintiff argues Defendants do not have evidence to support invalidity.

### A. Literal Infringement

#### 1. Claims 1 and 15 of the '844 Patent

Plaintiff argues it is entitled to summary judgment of infringement as to claims 1 and 15 of the '844 Patent. Claims 1 and 15 of the '844 Patent include limitations requiring the inspector to link "the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients." '844 Patent at 11:18-21, 11:66-12:2. There are issues of disputed fact as to this limitation that preclude summary judgment.

Defendants argue that Proofpoint does not infringe this claim limitation because the "linking" alleged is not done "before a web server makes the Downloadable available to web clients," Dkt. No. 323 at 8-12. On the other hand, Plaintiff contends that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 310, Ex. 39. The parties further dispute the limitation's reference to "web clients"— ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ Dkt. No. 323 at 11; *see* Dkt. No. 329 at 4 ▮▮▮▮▮▮ ▮▮ Additionally, the parties dispute when the downloadable becomes "available." *Compare* Dkt. No. 323 at 11-12 ▮▮▮▮▮▮▮▮▮▮▮▮, *with* Dkt. No. 310 at 17 ▮▮▮▮▮▮

3

1  ▮▮▮

2  ▮▮▮ These are factual questions of infringement that a finder of fact must resolve. *See*

3  *PPG Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998). Therefore, summary

4  judgment is DENIED.

### 2. Claim 24 of the '086 Patent

6  Claim 24 of the '086 patent describes "transmitting the Downloadable and a representation

7  of the Downloadable security profile data to a destination computer, via a transport protocol

8  transmission." '086 Patent at 22:17-20. Plaintiff contends that the HackAlert product satisfies

9  this claim as it transmits "the Downloadable in the form of snippets, as well as a security profile

10 for the Downloadable, to a destination computer via an API return call." Dkt. No. 310 at 19

11 (citing Dkt. No. 310, Ex. 39 ¶ 1007). However, there are disputes of material fact as to this claim

12 limitation. The parties dispute ▮▮▮

13 ▮▮▮ *Compare* Dkt. No. 322-6, Ex. J ¶ 441 ▮▮▮

14 ▮▮▮

15 ▮▮▮ *with* Dkt. No. 329, Ex. 3, ¶ 908 ▮▮▮

16 ▮▮▮ The parties also dispute

17 whether ▮▮▮

18 ▮▮▮. *See* Dkt. No. 323 at 16; Dkt. No. 322-6, Ex. J ¶ 442-43; Dkt. No. 329 at 8. In

19 light of these disputed issues of material fact, the Court cannot grant summary judgment of

20 infringement as to claim 24 of the '086 Patent, and Plaintiff's motion as to that patent is DENIED.

### B. Anticipation

22 Invalidity by anticipation requires that the four corners of a single prior art reference

23 disclose each and every limitation of the claimed invention, such that a person of ordinary skill in

24 the art could practice the invention without undue experimentation. *Schering Corp. v. Geneva*

25 *Pharmas.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003); *Advanced Display Sys., Inc. v. Kent State Univ.*,

26 212 F.3d 1272, 1282 (Fed. Cir. 2000). A prior art reference may, however, anticipate "without

27 disclosing a feature of the claimed invention if that missing characteristic is necessarily present, or

28 inherent, in the single anticipating reference." *SmithKline Beecham Corp. v. Apotex Corp.*, 403

United States District Court
Northern District of California

F.3d 1331, 1343 (Fed. Cir. 2005); *see In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (holding that inherent anticipation requires more than mere probability or possibility that the missing descriptive materials are present in the prior art); *see also Cont'l Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1268 (Fed. Cir. 1991).

Finjan seeks summary judgment of no anticipation, alleging that Defendants failed to address each element of an alleged prior art reference or to establish anticipation through inherency.

### 1. Claims 32 and 42 of the '844 Patent

A triable issue of fact exists as to whether U.S. Patent No. 6,253,370 ("Abadi") anticipates claims 32 and 42 of the '844 Patent. Plaintiff contends that Defendants cannot meet their burden under the clear and convincing standard because Defendants' reliance on Abadi as the only anticipation reference is insufficient to disclose every element of the claims as required. *See* Dkt. No. 310 at 21 (citing Dkt. No. 310, Ex. 21). Defendants respond that what Plaintiff refers to as conclusory statements are in fact the result of a typographical error. *See* Dkt. No. 323 at 19 ("For limitation 32D, Dr. Franz erroneously referred back to limitation 32D itself, an inadvertent circular reference.").

The Court finds that this issue cannot be resolved on summary judgment. Viewing the evidence in the light most favorable to Defendants and resolving all doubts in their favor, Defendants have proffered clear and convincing evidence of anticipation as to the essential element related to "determining whether to trust" a Downloadable security profile in claims 32 and 42. A reasonable jury could invalidate those claims if it credits Defendants' evidence. Because there is a factual dispute as to the existence of a typographical error, and the underlying issue of whether the claims are anticipated, the Court DENIES Plaintiff's motion as to claims 32 and 42 of the '844 Patent.

### 2. The '154 Patent

Plaintiff moves for summary judgment as to claims 1 and 4 of the '154 Patent, arguing that U.S. Publication No. 2007/0113282 ("Ross") does not disclose elements related to the "call to a first function" for these claims. Dkt. No. 310 at 21. Plaintiff primarily relies on the Patent Trial

and Appeal Board's rejection of a similar anticipation argument in a request for *inter partes review*. The Court finds that Defendants have identified a factual dispute as to the anticipation contention: namely, whether Ross discloses that the client's script processing engine receives "content including a call to a first function" over a network or whether Ross is limited to situations where the content (including the call to first function) is not received over a network. Viewing the evidence in the light most favorable to Defendants, as it must at this stage, the Court finds Defendants have produced clear and convincing evidence upon which a reasonable jury could make an invalidity finding if it credits Defendants' evidence. The Court DENIES summary judgment as to claims 1 and 4 of the '154 Patent.

### 3. Anticipation by Inherency

Plaintiff argues that no asserted prior art reference inherently discloses any element of the '844, '918, and '305 Patents. Plaintiff contends that Defendants failed to show that each element is "necessarily present" in each reference. The Court addresses each element below.

First, Plaintiff argues that Defendants have not produced clear and convincing evidence that "Abadi inherently disclosed 'memory for first rule set' from claims 15 and 16" of the '844 Patent. The Court finds, however, that Defendants have produced facts that, if credited, establish clear and convincing evidence to the contrary. Dr. Franz indicated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 310, Ex. 21, Ex. A-1 at 9. Although his report and deposition testimony do not expressly include the words "necessarily present," Dr. Franz indicated that the "memory was inherently disclosed by Abadi." Dkt. No. 310, Ex. 45 at 172. Construing the evidence in Defendants' favor, the Court concludes that a reasonable jury could invalidate the patent based on the expert's testimony and report by recognizing the "memory storing the first rule set" limitation in the prior art. The Court DENIES summary judgment as to this contention.

Second, Plaintiff argues that Defendants have not produced clear and convincing evidence that Abadi inherently discloses JavaScript for claim 7 of the '844 Patent. But, Dr. Franz testified that in Abadi the phrase "source code can be written in any programming language" "necessarily includes a Javascript." Dkt. No. 310, Ex. 45 at 59 (confirming that he is "relying on an inherent

1  anticipation for disclosing Javascript"). Dr. Franz's testimony raises a factual dispute as to
2  whether a person of ordinary skill in the art would understand that the JavaScript is implicitly
3  disclosed and necessary. *See Helifix Ltd. v. Blok–Lok, Ltd.*, 208 F.3d 1339, 1347 (Fed. Cir. 2000).
4  Viewing the evidence in the light most favorable to Defendants and making all inferences in their
5  favor, the Court finds that clear and convincing evidence upon which a rational trier of fact could
6  find invalidity has been produced. Therefore, the Court DENIES summary judgment as to this
7  anticipation theory.

8  Third, contrary to Plaintiff's contention, Defendants do not argue that Kramer inherently
9  discloses "security context generator" from claim 12 of the '918 Patent. *See* Dkt. No. 323 at 23
10 ("Dr. Franz did not testify that it was inherent, only that it did not have a name."). Given that
11 Defendants do not argue anticipation by inherency, and rather limit their argument to anticipation
12 directly, *see* Dkt. No. 310, Ex. 45 at 137 (testifying that he "believes" the "security-context
13 generator is necessarily included"), the Court GRANTS summary judgment in Plaintiff's favor
14 specifically as to an anticipation by inherency theory for claim 12 of the '918 Patent.

15 Fourth, Plaintiff contends that Defendants failed to produce clear and convincing evidence
16 that U.S. Patent No. 7,636,945 ("Chandanani") inherently discloses "patterns of types of tokens"
17 from claims 1, 2, 5 and 13 of the '305 Patent. Dr. Franz's report states that "patterns of types of
18 tokens" is necessarily inherent to the following: █████████████████████████████
19 ████████████████████████████████████████████ Dkt. No. 310, Ex. 21, Ex.
20 E-1 at 8; Dr. Franz's deposition further confirms this interpretation. Viewing the evidence in the
21 light most favorable to Defendants and making all inferences in their favor, the Court finds that
22 the expert's report and testimony, if credited, set forth sufficient facts to satisfy the clear and
23 convincing evidence standard. Accordingly, this anticipation theory survives summary judgment,
24 and Plaintiff's motion is DENIED.

25 **C.  Obviousness**

26 Section 103(a) forbids issuance of a patent when "the differences between the subject
27 matter sought to be patented and the prior art are such that the subject matter as a whole would
28 have been obvious at the time the invention was made to a person having ordinary skill in the art

7

to which said subject matter pertains." 35 U.S.C. § 103(a). Although obviousness is a question of law, the question is premised on the following underlying factual questions: "(1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art; and (4) secondary evidence of non-obviousness." *Seiko Epson Corp. v. Coretronic Corp.*, No. C 06-6946 MHP, 2010 WL 4916424, at *4 (N.D. Cal. Nov. 23, 2010) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007)). The relevant question is "whether the combination was obvious to a person with ordinary skill in the art." *KSR*, 550 U.S. at 420.

The Court finds that summary judgment as to the four remaining obviousness combinations is not appropriate as there are material disputes as to the underlying facts with respect to each claim. *See*, *e.g.*, Dkt. No. 322-15, Ex. Z at ¶ 327 ("[T]o someone of ordinary skill in the art it would have been obvious by combining Abadi and Islam to reproduce the same system disclosed in the '844 patent, using not merely an equivalent mechanism for establishing a 'link'. . . but reproducing the exact same linking mechanism disclosed in the specification of the '844 patent."); Dkt. No. 323-14, Ex. S (providing a limitation-by-limitation analysis for Abadi and the '844 Patent); Dkt. No. 323-15, Ex. T (providing obviousness disclosures for the '844 and '086 Patents). The expert's opinions disclose underlying factual discrepancies between the prior art and the claims at issue, and under these circumstances, the ultimate determination of obviousness will depend on resolution of these factual disputes at trial. Because the combinations, when viewed in the light most favorable to the nonmovant, could support findings of obviousness under the clear and convincing evidence standard, the Court DENIES Plaintiff's motion.[1]

**III.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants move for summary judgment as to all asserted claims. Dkt. No. 314.

**A. Proofpoint Enterprise Protection ("PEP")**

Defendants contend that the Court should grant summary judgment, holding that the

---

[1] The Court reminds the parties that expert opinions at trial will be limited to those that were properly and fully disclosed under Rule 26 and the Patent Local Rules. All previously undisclosed opinions will be excluded or stricken.

8

1   Enterprise Protection product does not infringe the '822, '844, '633, '305, and '408 Patents.
2   Defendants argue that Plaintiff has improperly conflated PEP with TAP, and that Plaintiff
3   mistakenly accuses features of the TAP product, not PEP, when arguing infringement of these
4   patents.  Dkt. No. 314 at 2-3.  The Court finds there are disputes of material fact as to the
5   relationships between PEP and TAP and between PEP and Proofpoint Protection Server ("PPS").
6   *Compare* Dkt. No. 312, Ex. 11 ¶ 97-99 ███████████████████████████████
7   ███████████████ *with* Dkt. No. 311, Ex. A at 98 ████████████████████
8   ███████████████████████████  The resolution of these factual disputes is not
9   appropriate at summary judgment.  Therefore, Defendants' motion as to the PEP product is
10  DENIED.

   **B.     The '822 and '633 Patents**

12  Defendants seek summary judgment of noninfringement as to the '822 and '633 Patents.
13  Defendants' motion relies on the premise that the Court struck all of Plaintiff's theories as to the
14  "mobile protection code" in claim 9 for the '822 Patent and claims 8, 12, and 14 for the '633
15  Patent.  Dkt. No. 314 at 4.
16  The Court rejects Defendants' argument.  First, contrary to Defendants' characterization,
17  the Court only struck two specific theories for these patents: (1) ███████████████
18  ██████████████ and (2) ████████████████████████████
19  ████████████████████████████████████████████████
20  ████  Dkt. No. 305 at 11.  Second, in reference to the latter theory, the Court further rejects
21  Defendants' assertion (in a footnote in their reply) that the Court's previous order, Dkt. No. 305,
22  "struck this theory generally."  Defendants' contention is especially inaccurate in light of the fact
23  that Defendants expressly limited their motion to strike to claim 9 and claim 8 of the '822 and
24  '633 Patents, respectively.  *See* Dkt. No. 208-4 at 22.  Because Defendants have offered no
25  evidence to support their argument that summary judgment is appropriate as to the '822 and '633
26  Patents, Defendants' motion is DENIED.

   **C.     The '305 Patent**

28  The parties dispute whether the accused products use rules that describe exploits in terms

9

of "patterns of types of tokens." *See* Dkt. No. 314 at 6-8. Although Defendants contend that Dr. Mitzenmacher failed to identify any rules describing computer exploits as "patterns of types of tokens," the Court disagrees. *See*, e.g., Dkt. No. 321, Ex. 12 at ¶¶ 269-70

The expert report specifically identifies rules and patterns of types of tokens. Although Defendants contend the expert's characterization does not constitute "patterns of type of tokens," the Court finds that this is a factual dispute that is not appropriately resolved at this stage. The Court DENIES summary judgment of noninfringement as to the '305 Patent.

### D. The '408 Patent

Defendants are not entitled to summary judgment of noninfringement for the '408 Patent. Defendants argue that "Proofpoint's products do not dynamically detect exploits by scanning a parse tree, let alone doing so while dynamically building the parse tree." Dkt. No. 314 at 8 (emphasis omitted). The Court finds that there is conflicting expert testimony as to Defendants' noninfringement contention. Dr. Mitzenmacher discusses both elements—dynamically detecting exploits and dynamically building a parse tree—in his report. *See*, *e.g.*, Dkt. No. 321, Ex. 12 ¶ 1782



*id.* at ¶ 2445

Although Defendants disagree with the expert's characterization, contending that the identified allegations do not literally satisfy the claim language, such factual disputes are inappropriate for resolution at summary judgment. Because Plaintiff's expert has raised issues of material fact that could allow a reasonable jury to find infringement of the '408 Patent, the Court DENIES Defendants' motion.

### E. The '844 Patent

Defendants are not entitled to summary judgment of noninfringement of the '844 Patent.

1  Defendants contest Plaintiff's interpretation of the patent's claim limitation, contending that the
2  interpretation is contrary to its plain meaning and the intrinsic evidence. The limitation requires
3  that a Downloadable security profile link to a Downloadable "before [a/the] web server makes the
4  Downloadable available to web clients." Dkt. No. 314 at 10. Defendants contend that once the
5  Downloadable is "available for download, it is available to web clients, and anything that happens
6  after" that does not fall within the claim limitation. *Id.*

As detailed *supra* in the Court's analysis of Plaintiff's summary judgment motion, there is a factual dispute regarding ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Although Plaintiff contends there is only one "logical interpretation" and Defendants argue there is no genuine dispute on ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■, the Court disagrees, and finds these to be disputed issues of material fact. Accordingly, Defendants' motion is DENIED.

### F. The '086 Patent

Defendants are not entitled to summary judgment of noninfringement of claims 17 and 24 of the '086 Patent. The claims describe a system comprising "a transmitter . . . for transmitting the Downloadable and a representation of the Downloadable security profile data to a destination computer, via a transport protocol transmission," '086 Patent at 21:57-59, 22:16-20. Construing the Plaintiff's expert testimony in the light most favorable to Plaintiff, the Court finds disputed issues of material fact as to the claims' limitations, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ These issues preclude summary judgment. Defendants' motion is DENIED.

### G. The '918 Patent

Defendants contend summary judgment is appropriate as to the '918 Patent because Plaintiff has not identified "an executable wrapper code (CODE-B)," as required by claims 12 and 21. The Court agrees.

Plaintiff argues that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *See* Dkt. No. 321 at 17; Dkt. No. 311-9, Ex. F ¶ 2176. In support of its argument that CODE-B need not be executable, Plaintiff cites the specification: CODE-B "is

United States District Court
Northern District of California

1   used to wrap CODE-A therewithin." *See* Dkt. No. 321 at 17.  Plaintiff's citation, however, omits
2   the rest of the sentence, which expressly identifies CODE-B as *executable*.  *See* '918 Patent at
3   7:58-60 ("At step 240 the gateway computer *prepares a predetermined wrapper executable file,*
4   *designated CODE-B*, which is used to wrap CODE-A therewithin." (emphasis added)).  The Court
5   also rejects Plaintiff's contention that "CODE-B as an executable is only one preferred
6   embodiment, not a requirement." Dkt. No. 321 at 17 (emphasis omitted).  The relevant claims at a
7   minimum require CODE-B to be executable.  *See*, *e.g.*, '918 Patent, 12:51-56 ("[A] code packager
8   . . . for packaging (i) information about the computer account . . . and (ii) CODE-A, with (iii)
9   *executable wrapper code ('CODE-B')*, into a combined code ('CODE-C')" (emphasis added).
10  Plaintiff's alternative argument also fails, as nothing Plaintiff identifies in the expert reports
11  sustains its contention ▮▮▮▮▮ executable. *See* Dkt. No. 320-10, Ex. 11 ¶ 2176
12  ▮▮▮▮▮
13  ▮▮▮▮▮ *see also* Dkt. No. 320-8 Ex. 10, 100:8-
14  102:11, 128:6-18.
15      The unambiguous claim language coupled with Plaintiff's failure to set forth any evidence
16  showing that the ▮▮▮▮▮ supports summary judgment in Defendants' favor.
17  Accordingly, the Court GRANTS Defendants' motion as to the '918 Patent.

18      **H.   The '154 Patent**
19      Defendants are entitled to summary judgment of noninfringement of the '154 Patent.  The
20  Court previously struck Plaintiff's infringement theories for the '154 Patent for failure to properly
21  disclose the theories under the local rules.  *See* Dkt. No. 305 at 4-5 (striking from the expert report
22  the theories ▮▮▮▮▮ ).  The Court
23  also struck ▮▮▮▮▮ for the '154 Patent
24  for failure to specifically identify these products under the local rules.  *Id.* at 2-4.  The Court now
25  finds that Plaintiff has failed to identify specific facts to support an infringement theory against the
26  remaining accused product, HackAlert.
27      Plaintiff cites paragraphs 1077-79, 1081-86, and 1242-58 from Dr. Mitzemacher's report
28  to satisfy the limitations of claims 1 and 4 of the '154 Patent.  *See* Dkt. No. 321 at 18-19; *see* Dkt.

No. 321-3, Ex. 12. Although these paragraphs identify several examples of content, first function, and second function, the paragraphs do not address the other elements of claims 1 and 4. For instance, there is no discussion of a transmitter "transmitting the input to the security computer for inspection, when the first function is invoked." *See* '154 Patent at 17:39-41. Similarly, the cited paragraphs do not identify "a receiver for receiving an indicator from the security computer whether it is safe to invoke the second function with the input." *See id.* at 17:42-44.

Plaintiff's failure to identify specific facts supporting every element of claims 1 and 4 is fatal to its infringement claim. *See Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1382 (Fed. Cir. 2000) ("[A]n accused product literally infringes if *every limitation* recited in the claim appears in the accused product." (emphasis added)). Therefore, the Court GRANTS summary judgment as to noninfringement of the '154 Patent.

## I. The Claimed Invention Dates of the '844, '633, and '822 Patents

Defendants contend that Plaintiff is not entitled to an invention date before its alleged reduction to practice for the '844, '633, and '822 Patents.

### 1. The '844 Patent

Plaintiff contends that the '844 Patent was conceived on November 8, 1996 and reduced to practice on December 22, 1997. Dkt. No. 313-24 at 5. Defendants contend that Plaintiff is collaterally estopped from arguing that the '844 Patent is entitled to an invention date before December 22, 1997. Defendants rely on the November 20, 2015 order in *Finjan v. Blue Coat Systems, Inc.*, which held that the "presumptive invention date of the '844 patent is its filing date," December 22, 1997, as Plaintiff had not met its burden to show that the '844 Patent has a priority date of November 8, 1996. *See* Dkt. No. 313-25, Ex. FF.

Collateral estoppel requires that "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (internal quotation marks omitted); *see also In re Katz Interactive Call Processing Patent Litig.*, No. 07-ML-01816-C RGK,

2010 WL 8759131, at *4 (C.D. Cal. Jan. 29, 2010) ("The application of collateral estoppel is not an issue unique to patent law. Thus, the law of the regional circuit applies.").

All four requirements are met here. There is no question that Plaintiff was a party in the previous action, that the issue was actually litigated, and that Plaintiff had a "full and fair opportunity to litigate." *See* Dkt. No., 313-25, Ex. FF at 2. Plaintiff's argument that collateral estoppel does not apply because the priority date determination in *Blue Coat Systems* was not essential to the final judgment lacks merit. It is of no consequence that the determination did not affect the jury's validity finding, given that the determination was made following a bench trial at which the priority date for the '844 Patent was one of five issues decided. The parties filed briefs, and elicited testimony from witnesses at trial. The Court issued seventeen findings of fact related to the priority date, and concluded that Plaintiff "failed to show that it was diligent in reducing to practice the invention of the '844 Patent." *Id.* at 4-6. Moreover, the Court's final judgment explicitly relied on the bench trial determination. *See* Dkt. No. 332, Ex. UU.

Based on this evidence, the Court GRANTS Defendants' summary judgment motion, finding that Plaintiff is precluded from arguing an earlier date applies.

### 2. The '633 and '822 Patents

Defendants move for summary judgment as to the invention dates for the '633 and '822 Patents. Plaintiff alleges diligence between the alleged conception, January 29, 1997, and when it was reduced to practice, May 17, 2000. Dkt. No. 313-24 at 5-6. Plaintiffs have identified disputed material facts regarding conception and diligence for these patents, identifying expert testimony as well as testimony from other inventors as evidence of diligence. *See* Dkt. No. 321-31 at 33-34. Accordingly, Defendants' motion as to the invention date of these patents is DENIED.

### J. The '633 Patent: Anticipation

Defendants contend that once the Court assigns the proper invention date to the '633 Patent, "there is no dispute of material fact that Ji . . . anticipates claim 14." Because the Court denies Defendants' motion as to the '633 Patent's invention date, it DENIES Defendants' motion as to anticipation as well.

14

### K. The '086 Patent: Priority Date

The '086 Patent states that it is a continuation of U.S. Patent No. 7,613,926, ("the '926 Patent"), which is a continuation of U.S. Patent No. 7,058,822, which is continuation-in-part of U.S. Patent No. 6,804,780, which is a continuation of application No. 08/964,388 (now U.S. Patent No. No. 6,092,194, or the '194 Patent) filed on November 6, 1997.  *See* '086 Patent. Defendants contend that the '086 Patent is not entitled to claim priority to the November 1997 date for the '388 application, because the '388 application does not include any reference to the "transport protocol transmission" elements of claims 17 and 24 of the '086 Patent.

Plaintiff relies on a recent United States Patent & Trademark Office decision which, according to Plaintiff, rejects Defendants' argument.  That decision held that the '926 Patent claims priority to the '388 application, and includes a similar limitation requiring transmission to a destination computer via "a transport protocol transmission."  *See* Dkt. No. 321, Ex. 39 at 3-11. The Court finds that the relationship between the patents is a question of fact inappropriate for summary judgment.  Defendants' motion as to the '086 Patent's priority date is DENIED.

### L. Plaintiff's Cross Motion for Summary Judgment

The Court DENIES Plaintiff's cross motion for summary judgment for failure to comply with the Court's standing order: "Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court and must show good cause."

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** each party's motion for summary judgment.  In light of this order, the Court also DENIES as moot the parties' first set of dispositive motions, Dkt. Nos. 223, 228, as well as all related administrative motions to file under seal, Dkt. Nos. 221, 226, 242, 250, 257, 262.

**IT IS SO ORDERED.**

Dated:  4/12/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge