UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>PROOFPOINT, INC., et al.,<br><br>       Defendants. | Case No. 13-cv-05808-HSG<br><br>**ORDER DIRECTING FURTHER BRIEFING REGARDING JOINT PRETRIAL STATEMENT**<br><br>Re: Dkt. No. 430 |

On May 11, 2016, Plaintiff Finjan, Inc. ("Plaintiff") and Defendants Proofpoint, Inc. and Armorize Technologies, Inc. (together, "Defendants") filed their proposed joint pretrial statement and order. Dkt. No. 430 ("JPTS"). Defendants raise two issues in the filing which require further briefing before the final pretrial conference.

First, Defendants argue that "Finjan has [not] preserved for trial any infringement allegations based on any claims of the '822 patent as to any accused product, and claims 8 and 12 of the '633 patent as to any accused product." *Id.* at 3. Defendants provide no explanation why that is true. For that reason, Defendants are **DIRECTED** to file a 1-2 page statement with the Court by 5:00 p.m. on May 17, 2016, explaining the factual basis and legal argument supporting this position. Plaintiff may file a 1-2 page response by 5:00 p.m. on May 18th.

Second, Defendants now suggest that there is an unresolved claim construction issue:

> "Defendants maintain their position, as set forth in their summary judgment briefing, that the 'before a web server makes the Downloadable available to web clients' limitation of the '844 patent must mean that the Downloadable has been published to the Internet by a web server and is thereby accessible to any web client. Defendants do not believe there is infringement under any reasonable construction of these terms, and disagree with Plaintiff's position in its summary judgment briefing that imports extraneous limitations into the claim language 'web clients' by attempting to

> limit the phrase to only an 'end user.' Accordingly, a fundamental dispute exists between the parties as to the meaning of claim terms, which is not a factual issue for the jury to decide. Defendants expressly reserve the right to appeal these claim construction issues arising out of the summary judgment briefing and the Court's summary judgment order."

*Id.* Because Defendants contend there is an unresolved claim construction issue regarding the claim language "web clients" in the '844 patent, as set forth above, the parties are **DIRECTED** to file simultaneous claim construction briefs of no more than 7 pages regarding this issue by 5:00 p.m. on May 20, 2016, so that the Court can resolve the issue in advance of trial. Neither party may file a response to the other side's brief: the matter will be taken under submission once the simultaneous briefs are filed. The Court anticipates that this issue can be resolved without a hearing; if a hearing will be held, the Court will schedule it after reviewing the parties' briefs.

**IT IS SO ORDERED.**

Dated: 5/16/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge